**JELLISON LAW OFFICES, PLLC**
2020 North Central Avenue
Suite 670
Phoenix, Arizona 85004
Telephone: (602) 772-5520
Facsimile: (602) 772-5509
E-mail: jim@jellisonlaw.com
JAMES M. JELLISON, ESQ. #012763

Attorney for Defendants City of Casa Grande, Pinal County, Paul Babeu, Francisco and Jane Doe Lujan, Kent and Jane Doe Horn, David and Jane Doe Engstrom, Mark and Jane Doe McCabe, Jacob Robinson, C. Western, Michael and Jane Doe Wilson, Garric and Jane Doe Berry, Christopher and Jane Doe Lapre, Sgt. Gragg and Jane Doe Gragg, Rory Skedel, JJ and Jane Doe Ybarra

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James W. Denby, *et. al.*, | Case No.: 2017-00119-SPL |
| Plaintiffs, | **DEFENDANT PAUL BABEU'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| vs. | |
| City of Casa Grande, et. al., | |
| Defendants. | |

Defendant Paul Babeu, through undersigned counsel, hereby submits his Reply in support of his Motion to Dismiss Plaintiffs' First Amended Complaint (the "Complaint"). Ultimately, Plaintiffs' Complaint fails to allege underlying fact allegations that former Sheriff Babeu violated Plaintiffs' constitutional rights, much less facts showing a violation of clearly-established constitutional law. Because of this, former Sheriff Babeu is entitled to qualified immunity. Additionally, Plaintiffs' Response makes no argument, whatsoever, that the Complaint contains facts supporting an "official capacity" claim as to former Sheriff Babeu.

A complaint must contain sufficient factual matter, which, if accepted as true, states a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Facial plausibility exists if the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557 (2007)). The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.,* (*quoting Twombly,* 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

Plaintiffs' Response does not challenge this standard of review. Indeed, Plaintiffs rely heavily on *Starr v. Baca,* 652 F.3d 1202 (9th Cir. 2011) which states the following:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations *of underlying facts* to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to requite the opposing party to be subjected to the expense of discovery and continued litigation.

*Id*. at 1216 (emphasis added). The facts in *Starr* are helpful to the analysis here. In *Starr,* the court addressed whether a complaint stated a constitutional claim against former Los Angeles County Sheriff Lee Baca arising from the alleged assault of a jail inmate by other inmates. In that case, the court found adequate a complaint that contained sixteen (16) separate allegations showing Sheriff Baca's knowledge of unconstitutional conditions in the L.A. County jail, including his knowledge of the constitutionally culpable actions of his subordinates, coupled

with his inaction in response to his knowledge of specific instances of constitutional violations that had occurred. Id., at 1209-1212

Plaintiffs' allegations in this case as to former Sheriff Babeu are a far-cry from the fact allegations noted in Starr.

"Liability under §1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List,* 880 F.2d 1040, 1043, 1045 (9th Cir. 1989). A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. *Id.* (there must be the supervisor's "knowledge of and failure to prevent the alleged constitutional violations by their subordinates"). Plaintiffs' Complaint contains no such allegations of underlying fact supporting constitutional culpability on the part of former Sheriff Babeu.

First and foremost, Plaintiffs' Complaint contains no allegations of personal participation by former Sheriff Babeu in the warrant execution which is the subject of the Complaint. (*See,* Doc. 31). Instead, Plaintiffs rely on Sheriff Babeu's supervisory status to generally allege his responsibilities to supervise and train Sheriff's Deputies. (Doc. 31, ¶¶ 18, 172-174). This does nothing to state a claim as §1983 liability cannot be based on *respondeat superior*. *Monell v. New York City Dept. of Soc. Serv.,* 436 U.S. 658, 691 (1978). Plaintiffs next rely on a conclusory allegation that "Pinal County" has a policy or practice of refraining from the discipline of deputies committing excessive force or other civil rights violations. (Doc. 31, ¶¶ 164). This allegation says nothing of former Sheriff Babeu, and even as to the County is not supported by any "underlying" allegation of fact supporting the existence of any such policy or practice. Finally, Plaintiffs rely on an entirely conclusory allegation that former Sheriff Babeu,

3

along with several other named Defendants, failed to adequately train and supervise subordinates. (Doc. 31, ¶¶ 179-180). This conclusory allegation, likewise, finds no support from any underlying allegation of fact. Without sufficient allegations that former Sheriff Babeu, himself, violated the Plaintiffs' constitutional rights, or acted in contravention to clearly-established constitutional law, he is entitled to qualified immunity.

Plaintiffs wrongly assert they are entitled to discovery to ascertain facts supporting their claims. Not only is this a concession to the absence of actual facts to support their claims, but is contrary with the Supreme Court's edict in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "Rule 8 ... does not unlock the doors for a plaintiff armed with nothing more than conclusions." *Id*. at 674. Additionally, former Sheriff Babeu's entitlement to qualified immunity trumps the notion that Plaintiffs should simply be allowed to pursue their claims in discovery. Unless a plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery. *Mitchell v. Forsyth,* 472 U.S. 511 (1985). Indeed, one purpose of qualified immunity is to spare public officials from the demands of litigation, including discovery. *See, Ashcroft v. Iqbal,* 556 U.S. at 674; *Siegert v. Gilley,* 500 U.S. 226, 232 (1991); *Anderson v. Creighton,* 483 U.S. 635 (1987).

Plaintiffs' Response says nothing that can save their Complaint from its infirmities. Former Sheriff Babeu is entitled to qualified immunity in his individual capacity, and Plaintiffs make no argument that he may be retained as a Defendant in his official capacity.

/////

DATED this 21st day of August, 2017.

JELLISON LAW OFFICES, PLLC

s/James M. Jellison
James M. Jellison
*Attorney for Defendant Paul Babeu*

I hereby certify that on August 21, 2017
I electronically transmitted the attached document
to the Clerk's Office using the
CM/ECF System for filing.

Robert T. Mills
Sean A. Woods
Mills + Woods Law PLLC
5055 North 12th Street
Suite 101
Phoenix, AZ 85014
*Attorneys for Plaintiffs*

s/Kasey M. Rivera