**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James W. Denby et al., | No. CV-17-00119-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| City of Casa Grande, et al., | |
| Defendants. | |

Plaintiffs James W. Denby and Wilma J. Logston resided at 116 West 10th Street in Casa Grande, Arizona (hereinafter, "the residence").[1] On December 17, 2014, the Casa Grande Police Department ("CGPD") responded to a domestic disturbance down the block from Plaintiffs' residence, involving Abram Ochoa. After determining that Ochoa was inside the residence, the CGPD attempted to communicate with him through a loud speaker PA system. The officers declined Plaintiff Denby's son's and Ochoa's girlfriend's offers to assist with convincing Ochoa to leave the residence voluntarily. Within minutes of arriving at the residence, the CGPD requested the assistance of the Pinal County Regional SWAT ("SWAT"). While establishing a perimeter around the residence, CGPD Officer Engstrom reported seeing movement under a tarp covering a car in the backyard, but did not investigate it further.

---

[1] The material facts discussed here are construed in the light most favorable to Plaintiffs. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Upon arrival, the SWAT team used an armored vehicle known as a "Bearcat" to drive over a chain link fence and into the front of the residence, breaking the windows and front door. Upon execution of a search warrant, a medium robot was deployed into the home. When further attempts to communicate with Ochoa were unsuccessful, SWAT utilized pepper spray and tear gas canisters, and a noise flash divisionary device ("flash-bang devices") in an attempt to force Ochoa from the residence. A second robot deployed into the home was unable to locate Ochoa.

SWAT utilized two additional flash-bang devices to assist their entrance into the residence. During the search of the residence, SWAT team members destroyed furniture, windows, toilets, televisions, artwork, and antiques. After Ochoa was not found inside the residence, SWAT and CGPD decided to search the remainder of the residence's property. Ochoa was found hiding underneath the tarp covering a car in the backyard—the same tarp that Officer Engstrom had reported movement under five hours earlier, but failed to investigate.

In their Amended Complaint (Doc. 31), Plaintiffs bring several claims against the City of Casa Grande, Pinal County, and several officers of both the CGPD and the Pinal County Sheriff's Office including: excessive force in violation of the Fourth Amendment (Count I); taking without just compensation in violation of the Fifth Amendment (Count II); failure to properly supervise and failure to train (Count III); municipal liability for violation of constitutional rights (Count IV); and failure to train and supervise (Count V). (Doc. 31.) Counts I, III, and V are brought against the City, County, and individual Defendant officers, while Counts II and IV are brought against only the City and County.

City and County Defendants have moved to dismiss the Amended Complaint for two reasons: (1) all Defendants named in their individual capacities are entitled to qualified immunity, and (2) Plaintiff has failed to state a claim against the City and County. (Doc. 51.) Defendant Paul Babeu has filed his own motion to dismiss which incorporates the aforementioned motion (Doc. 51), and includes additional arguments specific to him as the former Pinal County Sheriff. (Doc. 58.)

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court may dismiss a complaint for failure to state a claim under Federal Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, and (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacificia Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). Facial plausibility requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). Although a complaint "does not need detailed factual allegations," a plaintiff must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.*

To determine whether a government official is entitled qualified immunity, a court must consider: (1) whether the official violated the plaintiff's constitutional rights; and (2) whether the right was clearly established at the time of the incident. *Morales v. Fry*, 873 F.3d 817, 821 (9th Cir. 2017) (citing *al-Kidd*, 563 U.S. at 731). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *al-Kidd*, 563 U.S. at 741 (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). While a case directly on point is not required, "existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* Clearly established law should not be defined at a "high

level of generality." *Id.* at 742.

The applicability of qualified immunity should be determined at the earliest possible stage in the litigation. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). Yet, deciding a motion to dismiss on qualified immunity grounds "puts the Court in the difficult position of deciding 'far-reaching constitutional questions on a non-existent factual record.'" *Hernandez v. Ryan*, No. CV-09-2683-PHX-DGC, 2010 WL 4537975, at * 2 (D. Ariz. Nov. 3, 2010) (citing *Kwai Fun Wong*, 373 F.3d 952, 957 (9th Cir. 2004)). Such is the case here. Plaintiffs pleaded approximately 130 factual allegations in their Amended Complaint (Doc. 31); the Court finds that resolution of Defendants' qualified immunity claims requires further factual development. Because it is not apparent on the face of the Amended Complaint, the Court cannot dismiss any claims solely on the basis of qualified immunity at this time. *See Groten v. California*, 251 F.3d 855, 851 (9th Cir. 2001).

Turning to the sufficiency of the factual allegations in Plaintiffs' Amended Complaint, the Court finds that while it is indeed plausible that Defendants violated Plaintiffs' constitutional rights, Plaintiffs' claims are not sufficiently tied to the factual allegations pleaded in the Amended Complaint. Because Plaintiffs must "raise a right to relieve above the speculative level," formulaic recitations of the elements of the cause of action and legal conclusions couched as factual allegations will not suffice. *Twombly*, 550 U.S. at 555. Moreover, Plaintiffs "may not lump the defendants together under a team theory effort of liability but must base each defendant's liability on his own conduct." *Markham v. Pima Cty.*, No. CV-16-134-TUC-JAS, 2017 WL 4676591, at *5 (D. Ariz. Aug. 22, 2017) (citing *Chuman v. Wright*, 76 F.3d 292, 295 (9th Cir. 1996)). In this respect, if Plaintiffs choose to file a Second Amended Complaint, Plaintiffs must allege sufficient facts that make it plausible that *each* individual Defendant is liable for each constitutional violation alleged.

Count II of the Amended Complaint alleges that Defendants City of Casa Grande and Pinal County violated the Fifth and Fourteenth Amendments because "the property of Plaintiffs was taken for public use without compensation and Plaintiffs were deprived of

their property without due process of law." (Doc. 31 at 18.) The Takings Clause of the Fifth Amendment provides, "[N]or shall private property be taken for public use, without just compensation," U.S. Const. amend. V, and is made applicable to the States through the Fourteenth Amendment. *Murr v. Wisconsin*, 137 S. Ct. 1933, 1942 (2017) (internal citations omitted). Defendants have moved to dismiss Count II because it "is unsustainable as a matter of law." (Doc. 51 at 16.) "[T]he Takings Clause does not apply when property is retained or damaged as the result of the government's exercise of its authority pursuant to some power other than the power of eminent domain." *AmeriSource Corp. v. United States*, 525 F.3d 1149, 1154 (Fed. Cir. 2008); *see also Young v. Cty. of Hawaii*, 578 F. App'x 728, 729 (9th Cir. 2014) (finding no violation of Takings Clause because plaintiff's property was seized pursuant to valid search warrant). Defendants' motion to dismiss Count II is granted.

In Count III of the Amended Complaint, Plaintiffs allege that none of the individual Defendants took affirmative steps to intervene to protect Plaintiffs' constitutional rights. Because Plaintiffs have failed to allege that (1) each individual Defendant was aware that the other individual Defendants were violating Plaintiffs' constitutional rights, and (2) that each individual Defendant had a reasonable opportunity to prevent the harm, Plaintiffs fail to state a claim for failure to intervene. *Davis v. Schiro*, No. CV-07-2167-PHX-SMM, 2008 WL 490622, at *3 (D. Ariz. Feb. 20, 2008) (internal citation omitted).

Count IV of Plaintiffs' Amended Complaint alleges that Defendants Casa Grande and Pinal County are liable for the actions of its employees because each had policies, procedures, customs, and practices by which neither entity would (1) investigate alleged civil rights violations, and (2) discipline officers for such incidents. (Doc. 31 at 20.) Further, Plaintiffs allege as follows:

> The acts or omissions of Defendants, and each of them, as alleged herein regarding the use of excessive force were either: (1) caused by inadequate and arbitrary training, supervision, or discipline of officers by the City of Casa

5

>Grande and County of Pinal; (2) caused by deliberate indifference of the City of Casa Grande and County of Pinal; (3) consistent with, and done pursuant to, a custom or *de facto* policy of the City of Casa [sic] and County of Pinal; or, (4) ratified by final decision makers of the City of Casa Grande and County of Pinal.

(Doc. 31 at 20.) Such recitations of each theory of municipal liability are inadequate to survive a motion to dismiss. *Twombly*, 550 U.S. at 555. This conclusion is equally applicable to Count V of Plaintiff's Amended Complaint for failure to train and supervise because Plaintiff has failed to allege: (1) that Casa Grande and Pinal County is deliberately indifferent to the constitutional rights of citizens, and (2) that each individual against whom the claim is brought "was deliberately indifferent to the need to train subordinates, and the lack of training actually caused the constitutional harm or deprivation of rights." *Flores v. Cty. of L.A.*, 758 F.3d 1154, 1158-59 (9th Cir. 2014). Devoid of any factual allegations allowing the Court to reasonably infer that Defendants are liable for these claims, Plaintiffs have failed to state a claim under both Counts IV and V. Accordingly,

**IT IS ORDERED** that City and County Defendants' Motion to Dismiss (Doc. 51) is **denied in part** as to claims of qualified immunity and **granted in part** as to Counts I, III, IV, V, and VI are **dismissed without prejudice** and Count II is **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that Defendant Paul Babeu's Motion to Dismiss (Doc. 58) is **denied in part** as to his claim of qualified immunity in his individual capacity and **granted in part** as to his claim of qualified immunity in his official capacity.

**IT IS FURTHER ORDERED** that the parties' Joint Motion to Stay (Doc. 78) is **denied as moot**.

**IT IS FURTHER ORDERED** that Plaintiffs may file a Second Amended Complaint no later than **April 17, 2018**.

**IT IS FURTHER ORDERED** that if Plaintiffs do not file a Second Amended

Complaint by April 17, 2018, this action will be dismissed without further notice.

Dated this 31st day of March, 2018.

_____
Honorable Steven P. Logan
United States District Judge