**JELLISON LAW OFFICES, PLLC**
3101 North Central Avenue
Suite 870
Phoenix, Arizona 85012
Telephone: (602) 772-5520
Facsimile: (602) 772-5509
E-mail: jim@jellisonlaw.com
JAMES M. JELLISON, ESQ. #012763

Attorney for Defendants City of Casa Grande, Pinal County, Paul Babeu, Francisco and Jane Doe Lujan, Kent and Jane Doe Horn, David and Jane Doe Engstrom, Mark and Jane Doe McCabe, Jacob Robinson, C. Western, Michael and Jane Doe Wilson, Garric and Jane Doe Berry, Christopher and Jane Doe Lapre, Sgt. Gragg and Jane Doe Gragg, Rory Skedel, JJ and Jane Doe Ybarra (collectively, the "City and County Defendants")

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James W. Denby, *et. al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>City of Casa Grande, *et. al.*,<br><br>Defendants. | Case No.: 2017-0119-SPL<br><br>**DEFENDANTS' REPONSE TO PLAINTIFFS' MOTION TO DENY OR STAY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [doc. 95]** |

The City and County Defendants, through undersigned counsel, respond to Plaintiffs' Motion To Deny Or Stay Defendants' Motion For Summary Judgment by requesting said Motion be denied. At the outset, it is worth noting that on June 27, 2018, Defendants filed a motion to extend the deadline to file dispositive motions (Doc. 89), which Plaintiffs remained silent on until *after* the deadline arrived. When this Court did not move the dispositive motions deadline, Defendants filed their Rule 56 Motion prior to the deadline. (Doc. 91). That this Court chose not to extend the dispositive motions deadline was a signal to Defendants that the Court, consistent with the language of its Case Management Order and previous rulings, intends to hold the parties, strictly, to existing deadlines. That signal was, or should have been, equally apparent to Plaintiffs - and equally heeded by them.

### I. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT CANNOT BE DENIED AND IS NOT PREMATURE UNDER THE COURT'S EXISTING CASE MANAGEMENT ORDER.

Plaintiffs' Motion asks that Defendants' Motion For Summary Judgment be stayed, or denied. The Motion for Summary Judgment cannot be flat-out denied, and its filing pursuant to the Case Management Order renders it anything but premature.

#### A. Rule 56 Does Not Allow For The Summary Denial Of A Conforming Motion For Summary Judgment.

"A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." *Soremekun v. Thrifty Payless, Inc.,* 509 F.3d 978, 984 (9th Cir. 2007). "When the moving party has carried its burden under Rule 56(a) its opponent must do more than simply show that there is some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a *genuine issue for trial.*" *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 586–87 (1986); *see also, Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48 (1986).

Here, Defendants met their burden of informing the Court of the legal and evidentiary basis supporting summary judgment. Instead of coming forward with specific facts showing any genuine issue for trial, Plaintiff instead request a perfunctory denial, or stay, of Defendants' Motion. Since Defendants met their Rule 56 burden of proof, and Plaintiffs failed to respond as required by Rule 56, Defendants' well-taken, and well-supported Motion cannot be denied.

#### B. Defendants' Timely Filed Motion For Summary Judgment Is Not Premature Under The Court's Case Management Order.

There is no rule dictating the timing of a summary judgment motion. *See, e.g., Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of the Ft. Peck Reservation,* 323 F.3d 767, 773 (9th Cir. 2003) (early filed summary judgment motion is

permissible). Defendants' Motion for Summary Judgment, however, cannot reasonably be labelled as "premature."

On July 18, 2017, this Court entered its Rule 16 Case Management Order. (Doc. 60). The Court provided the Parties with approximately nine (9) months to complete discovery, setting the discovery deadline at May 4, 2018. (Doc. 60, p. 2, lls. 7-8; p. 3, lls. 7-9). If the Parties encountered disputes related to discovery, a process was provided for resolution. (Doc. 60, p. 3, lls. 10-19). The Court also made clear that absent extraordinary circumstances, it would "not entertain fact discovery disputes after the deadline for completion of fact discovery . . ." (*Id.*). As for dispositive motions, the Court provided nearly a year for their filing, setting a deadline of July 6, 2018. (Doc. 60, p. 3, lls. 21-22). The Court also warned the Parties that an opposing party's failure to "serve and file the required answering memoranda …may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." (Doc. 60, p. 4, lls. 12-16).[1]

Finally, the Parties were advised the Court "intends to enforce the deadlines" and the parties "should plan their litigation activities accordingly." (Doc. 60, p. 5, lls. 12-14).

Here, Defendants filed their Motion For Summary Judgment after the discovery deadline was closed, and three days prior to the dispositive motions deadline contained in the Case Management Order.

## II. PLAINTIFFS HAVE FAILED TO SHOW GOOD CAUSE FOR A MODIFICATION OF THE DISCOVERY SCHEDULE.

In is original Case Management Order, this Court set the deadline for completion of discovery for May 4, 2018. (Doc. 60). That date has passed, and Plaintiffs' Motion seeks

---

[1] Defendants' well-supported Motion for Summary Judgment can, and should be, summarily granted pursuant to this Court's Case Management Order, and LRCiv. 56.1.

3

additional discovery after the close of the deadline. Accordingly, Plaintiffs' Motion contains an inherent Rule 16 request to modify the existing schedule.

Plaintiffs' Motion does not mention the fact that the discovery deadline has long passed. When a *de facto* request to modify the court-imposed scheduled is made, this Court determines whether the requesting party has demonstrated "good cause" to modify the Case Management Order under Fed.R.Civ.P. 16(b). Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreation, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (*quoting* Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment)). "[C]arelessness is not compatible with the finding of diligence and offers no reason for a grant of relief." *Id.* This decisional framework is consistent with the admonition in the Court's Case Management Order that "[e]ven if all parties stipulate to an extension, the Court will not extend the deadlines absent good cause to do so." (Doc. 60, p. 5, lls. 12-18).

Plaintiffs' Motion does nothing to explain why they did not seek discovery or to show this Court's schedule could not reasonably be met, other than to say "zero discovery[2] has taken place due to the pending Rule 12(b)(6) motion . . ." (Doc. 95, p. 4, lls. 1-3).[3] This

---

[2] This allegation is not correct. On August 17, 2017, the Parties exchanged Rule 26(a) initial disclosure statements. On November 22, 2017, a First Request For Production of Documents and Non-Uniform Interrogatories was served on Plaintiffs, with their response submitted on January 3, 2018. Also on January 3, 2018, Plaintiffs served their First Supplemental Disclosure Statement, with Defendants' First Supplemental following on March 16, 2018.

[3] Plaintiffs also claim, "Defendants are attempting to improperly deprive the Plaintiffs of their ability to conduct discovery and ultimately a trial of the disputed factual issues in this matter." (Doc. 95, p. 4, lls. 3-5). Plaintiffs, however, offer nothing to show how Defendants have improperly deprived Plaintiffs of their ability to conduct discovery. Indeed, if Plaintiffs thought their ability to engage in discovery was being improperly hampered by Defendants,

rationale for delaying discovery that has been considered, and rejected, by this Court *on several different occasions.* On June 12, 2017, Defendants filed their Motion to Suspend discovery and other pre-trial tasks pending a ruling on qualified immunity. (Doc. 48). On June 13, 2017, this Court denied the request. (Doc. 49). On February 1, 2018, the Parties filed a Joint Stipulated Motion For Stay Of Discovery Pending The Resolution Of Both Motions To Dismiss. (Doc. 78). On March 31, 2018, this Court denied the Stipulated Motion as moot. (Doc. 80, p. 6, lls. 24-25). On May 11, 2018, in response to a Defendants' Motion For Clarification (Doc. 84), this Court filed its Order that "[t]he deadlines in the Court's Case Management Order remain in effect." (Doc. 85).

Discovery is now closed and the motion for summary judgment has been filed in accordance with this Court's scheduling order. (Docs. 60, 91). Plaintiffs have been provided ample "opportunity" to pursue discovery as they saw fit, and like Defendants, chose to limit discovery. This, however, does not satisfy the good cause standard for modifying the Case Management Order, whether the request is coming from Plaintiffs, or Defendants. *Johnson, supra.*

---

they could have raised a discovery dispute with the Court. (Doc. 60, p. 3 lls. 10-19). No such dispute was raised prior to the close of discovery. While it is clear that, throughout this litigation, both sides have maintained discovery should be halted pending a determination of qualified immunity, this Court has steadfastly disagreed with that position and kept the original case deadlines intact. Even then, Defendants have never operated on the assumption that an existing deadline, not otherwise moved or extended by the Court, could simply be ignored and pushed-off to a later date. If Plaintiffs operated under that assumption, they did so against the plain language of the Case Management Order. (Doc. 60, p. 5, lls. 12-18). Even if Plaintiffs agreed with the idea of informally delaying discovery until a qualified immunity ruling, this Court denied qualified immunity, while simultaneously denying a request to stay discovery deadlines. (Doc. 80). At that point, Plaintiffs still did not pursue discovery from Defendants.

It is not only Rule 16 that is in play. Rule 56(d) contains its own standard for relieving a party from its obligation to respond to a Rule 56 motion based on a claim that further discovery is desired. For the following reasons, Plaintiffs' Motion fails to meet the requirements of Rule 56(d).

### III. PLAINTIFFS HAVE FAILED TO MEET THE REQUIREMENTS OF RULE 56(d) TO JUSTIFY AN EXTENSION TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.

Although Plaintiffs do not expressly claim relief under Fed.R.Civ.P. 56(d),[4] they make 56(d) arguments and cite 56(d) cases. Even if this Court considers Plaintiffs' Motion as one brought pursuant to 56(d), it must be denied.

Rule 56(d) provides "a device for litigants to avoid summary judgment when they *have not had sufficient time* to develop affirmative evidence." *U.S. v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002) (emphasis added). A party seeking additional discovery under Rule 56(d) must "explain what further discovery would reveal that is 'essential to justify [its] opposition' to the motion[ ] for summary judgment." *Program Eng'g, Inc. v. Triangle Publ'ns, Inc.*, 634 F.2d 1188, 1194 (9th Cir. 1980) (first alteration in original). Accordingly, to justify a continuance, Plaintiffs were required to show: "(1) [they have] set forth in affidavit form *the specific facts* [they] hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr. Inc. v. Fed. Home Loan Mortg. Corp.,* 525 F.3d 822, 827 (9th Cir. 2008) (emphasis added). Failure to comply with these requirements is a proper ground for denying relief. *Kitsap Physicians,* 314 F.3d at 1000; *Weinberg v. Whatcom County,* 241 F.3d 746, 751 (9th Cir. 2001).

---

[4] Formerly Rule 56(f).

In considering the sufficiency of the request, and supporting affidavit, courts in the Ninth Circuit consider such things as (1) whether the movant had sufficient opportunity to conduct discovery, *see Qualls By and Through Qualls v. Blue Cross of Calif., Inc.,* 22 F.3d 839, 844 (9th Cir. 1994); whether the movant was diligent, *see Pfingston v. Ronan Eng'g Co.,* 284 F.3d 999, 1005 (9th Cir. 2002); *see also, Bank of Am. v. Pengwin*, 175 F.3d 1109, 1118 (9th Cir. 1999); whether the information sought is based on mere speculation, *see Nordstrom, Inc. v. Chubb & Son, Inc.,* 54 F.3d 1424, 1436–37 (9th Cir. 1995); *see also, State of Cal., ex. rel. Cal. Dep't of Toxic Substances Control v. Campbell,* 138 F.3d 772, 779–80 (9th Cir. 1998); and whether allowing additional discovery would preclude summary judgment, *see Michelman v. Lincoln Nat. Life Ins. Co.,* 685 F.3d 887, 892 (9th Cir. 2012).

Plaintiffs have shown none of the things necessary for Rule 56(d) relief. Plaintiffs did not set forth, in affidavit form, *the specific facts* they hoped to elicit from further discovery; that the facts sought exist; and the sought-after facts are essential to oppose summary judgment on the bases offered by each Defendant.  The Ninth Circuit is clear that a district court properly denies a Rule 56(d) motion where the moving party fails to meet its burden in this way. *See, Carter v. Dawson,* 670 Fed.Appx. 524 (9th Cir. 2016) (district court properly denied Rule 56(d) motion where moving party failed to identify specific facts to be obtained in discovery that would preclude summary judgment); *Reed v. Biddulph*, 669 Fed.Appx. 374, 375 (9th Cir. 2016) (Reed failed to identify specific facts to be obtained in discovery that would have precluded summary judgment); *Qualls By & Through Qualls*, 22 F.3d at 844 (setting forth standard of review; district court properly denied Rule 56(f) - now Rule 56(d) - motion where additional requested discovery would not have precluded summary judgment); *Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir. 1998) (Rule 56(f) - now 56(d) -

motion properly denied where "appellants failed to identify facts, either discovered or likely to be discovered," that would preclude summary judgment).

Additionally, in cases, like this, where the moving party had the "opportunity" to do discovery but chose not to pursue it, Rule 56(d) relief was properly denied. *Alanis v. Nelson*, 561 Fed.Appx. 595, 597 (9th Cir. 2014) (Rule 56(d) relief denied where, even though discovery had been stayed for a period of time, the moving party failed to pursue discovery in the following five-month period); *Long v. Playboy Enterprises Int'l, Inc*., 565 Fed.Appx. 646, 648 (9th Cir. 2014) (failure to do discovery with opportunity over several months is sufficient reason to deny further discovery); *Martinez v. Columbia Sportswear USA Corp.*, 553 F. App'x 760, 761 (9th Cir. 2014) (plaintiff denied Rule 56(d) relief where plaintiff was aware summary judgment motions filing was upcoming, the motions were filed nine months after suit was filed, and plaintiff had not pursued even basic discovery).

The cases cited by Plaintiffs are inapposite, as all involve situations where the Rule 56 motion is brought early in the case, and before discovery has even commenced. *See, 1443 Chapin St., LP v. PNC Bank, Nat'l Ass'n.,* 258 F.R.D. 186, 187-88 (D.D.C. 2009) (additional discovery provided where Rule 12(b) and Rule 56 motions filed simultaneously, and before discovery had commenced); *Bynum v. Dist. of Columbia,* 215 F.R.D. 1, 2 (D.D.C. 2003) ("[t]he Court concludes that it would be premature to consider a motion for summary judgment when the discovery process, *which has apparently not even commenced*, might yield additional facts that would guide the Court's decision as to the merits of plaintiffs' strip search claims. *Once discovery has ended, the parties may elect to submit summary judgment motions, at their discretion*.") (emphasis added); *Lewis v. Fed. Reserve Bank of Atlanta-New Orleans Branch,* 2004 WL 2035006, *4 (E.D. La. 2004) (Rule 12(b) and Rule 56 motions filed simultaneously, and discovery had not commenced); *Milligan v. Clinton,* 266 F.R.D. 17,

18 (D.D.C. 2010) (additional time for discovery allowed where Rule 12(b) motion converted to Rule 56 motion before any discovery could take place).

The facts here are different than all of these cases because, here, Plaintiffs had "adequate time for discovery." *See Celotex v. Catrett,* 477 U.S. 317, 322 (1986). Discovery here ran for an entire nine (9) month period and, during that time, this Court never suggested that the case deadlines could, or would, be freely moved.

## IV.  ADHERENCE TO THE DISPOSITIVE MOTIONS DEADLINES, AND RESPONSE TIMES, DOES NOT CONTRADICT FED.R.CIV.P. 1

While Fed.R.Civ.P. 1 provides for "just, speedy, and inexpensive" determinations of cases in federal court, there is no bright-line rule that prevents a party from filing an early Rule 56 motion, or filing a Rule 56 motion simultaneously with a Rule 12(b) motion. *Burlington N. Santa Fe R.R. Co.,* 323 F.3d at 773. While Plaintiffs make a point that a case will resolve in a "just, speedy, and inexpensive" manner if finally determined on a Rule 12(b) motion, before discovery or any Rule 56 motion is filed, Fed.R.Civ.P. 1, itself, does not prevent this Court from entering a Case Management Order that includes discovery and dispositive motions deadlines being observed while the Rule 12(b) motion is pending. Indeed, Defendants requested in June 2017 that discovery should be delayed pending the outcome of Rule 12(b) motions. This Court rejected Defendants' argument and denied the request. Plaintiffs' argument here is simply a re-packaging of the same rejected argument, albeit on flimsier grounds.

## V.  CONCLUSION.

Defendants' observed the deadline imposed by this Court and filed a timely Rule 56 Motion. Plaintiffs failed to timely respond to Defendants' Rule 56 Motion, inviting a summary disposition of Defendants' Motion pursuant to LRCiv. 7.2, and this Court's Case Management Order. (Doc. 60, p. 4, lls. 12-16). Plaintiffs' Motion to stay, or deny, a ruling on the Rule 56

Motion on the basis that further discovery should be allowed cannot be granted here, as Plaintiffs have failed to show "good cause" under Rule 16 to modify the case deadlines, or to meet the requirements for Rule 56(d) relief.

DATED this 14th day of August, 2018.

JELLISON LAW OFFICES, P.L.L.C.

s/James M. Jellison
James M. Jellison
*Attorney for the City and County Defendants*

I hereby certify that on August 14, 2018
I electronically transmitted the attached document
to the Clerk's Office using the
CM/ECF System for filing.

Robert T. Mills
Sean A. Woods
Mills + Woods Law PLLC
5055 North 12th Street
Suite 101
Phoenix, AZ 85014
*Attorneys for Plaintiffs*

s/Kasey M. Rivera

10