Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
Jordan C. Wolff (Arizona Bar #034110)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona, 85014
Telephone (480) 999-4556
docket@millsandwoods.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| James W. Denby, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> City of Casa Grande, et al., <br><br> Defendants. | Case No.: 2:17-CV-00119-SPL <br><br> **REPLY IN SUPPORT OF MOTION TO DENY OR DEFER DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** <br><br> (Assigned to the Honorable Steven P. Logan) |

Plaintiffs, James Denby, Elizabeth Torres, and Wilma Logston (collectively referred to as the "Plaintiffs"), by and through undersigned counsel, hereby submit their Reply in Support of their Motion to Deny or Defer Defendants' Motion for Summary Judgment ("Motion to Stay").

The Defendants' Motion for Summary Judgment should be denied as it is premature because there is a pending Rule 12(b)(6) motion to dismiss before the Court that addresses the same issues presented in Defendants' Motion for Summary Judgment. Additionally, Defendants have not filed an Answer to Plaintiffs' Second Amended Complaint ("SAC"), and thereby, Plaintiffs have not yet begun, let alone completed discovery. Therefore, Plaintiffs are unable to present facts at this time essential to justify their Opposition to Defendants' Motion for Summary Judgment.

This motion is supported by the following Memorandum of Points and Authorities.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On June 19, 2017, Defendants Casa Grande, Pinal County, Lujan, Horn, Engstrom, McCabe, Robinson, Western, Wilson, Berry, Lapre, Gregg, Skedel, and Ybarra (collectively referred to as the "Defendants") filed a motion to dismiss the First Amended Complaint ("FAC") based on qualified immunity (Doc. 51). On July 10, 2017, Defendant Babeu filed a motion to dismiss the FAC based on qualified immunity. (Doc. 58). Subsequently, due to the amount of time the two motions to dismiss were pending before the Court, on February 1, 2018, Plaintiffs and Defendants filed their Joint Stipulated Motion for a Stay of Discovery Pending Both Motions to Dismiss ("Joint Stipulated Motion.) (Doc. 78). In the Stipulated Motion, Plaintiffs and Defendants agreed that the Court should stay discovery in this case until the issue of qualified immunity was resolved. (*Id.* at 2:22-23). On March 31, 2018, the Court denied the Joint Stipulated Motion, not on the merits, but because the issue was moot as the Court required time to rule on both pending motions to dismiss. (Doc. 80).

In its March 31, 2018 Order, the Court ordered that "Plaintiffs may file a Second Amended Complaint no later than April 17, 2018." *(Id.).* Plaintiffs filed their SAC on April 17, 2018. (Doc. 82). Subsequently, Defendants filed their Motion to Dismiss SAC ("12(b)(6) Motion") on May 1, 2018, which like their previous motions to dismiss, was largely based on a qualified immunity argument. (Doc. 83). Plaintiffs filed their Response to the 12(b)(6) Motion on May 15, 2018, and Defendants filed their Reply on May 18, 2018 (Docs. 86, 87). Defendants' 12(b)(6) Motion is still pending as no ruling has been entered by this Court. Despite the pending 12(b)(6) Motion, Defendants filed a Motion for Summary Judgment on July 3, 2018, and have still not answered the SAC. (Doc. 91). Defendants acknowledged in their Motion for Summary Judgment that the claims and parties addressed in the Motion for Summary Judgment are substantially similar to those in the 12(b)(6) Motion, and thus, may be moot depending on the Court's pending ruling. (Doc. 91 at n.2).

2

Plaintiffs were scheduled to respond to Defendants' Motion for Summary Judgment on August 2, 2018, but instead filed a Motion to Stay due to the pending 12(b)(6) Motion. (Doc. 95). Plaintiffs respectfully ask this Court to either deny Defendants' Motion for Summary Judgment or defer Plaintiffs' Response pending a ruling on the 12(b)(6) Motion, Defendants filing an answer to the SAC, and after Plaintiffs have an opportunity to conduct proper discovery.

## II.   LEGAL ARGUMENT

### A.   This Court Should Stay Plaintiffs' Response to Defendants' Motion for Summary Judgment Until the Threshold Issue of Immunity Is Resolved and Necessary Discovery is Conducted

Defendants have completely changed their position since the Joint Stipulated Motion, in which ***they agreed*** that "[a] stay of discovery pending the resolution of the motions to dismiss will promote the objective of Fed. R. Civ. P. 1 and protect both the Plaintiffs and Defendants from undue burden or expense that will be incurred if discovery is not stayed." (Doc. 78 at 2:14-17). Fed. R. Civ. P. 26(c) and (d) authorize the Court to enter protective orders governing the scope, sequence, and timing of discovery, including "to protect a party... from... undue burden or expense." Courts are entitled to *sua sponte* grant such orders for good cause shown. *McCoy v. Sw. Airlines Co.*, Inc., 211 F.R.D. 381, 385 (C.D. Cal. 2002); *see also* Fed. R. Civ. P. 6(b)(1).

In addition, the Court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the matters on its docket with economy of time and effort for itself, for counsel, and for litigants." *Gen. Steel Dom. Sales, LLC v. Steelwise, LLC*, No. 07-cv-01 145-DME-KMT, 2008 WL 5101341, at *2 (D. Colo. Nov. 26, 2008) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)); *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 51 S. Ct. 304 (1931).

The Ninth Circuit has authorized the exercise of such discretion to stay all discovery when a motion to dismiss presents questions of law for which factual discovery is neither necessary nor appropriate. *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984); *Jarvis v.*

*Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (discovery stay order proper pending motion to dismiss where fact discovery not necessary to address the motion).

The Supreme Court has held that until the threshold issue of immunity is resolved, discovery should not proceed. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Anderson v. Creighton*, 483 U.S. 635, 646 n. 6 (1987) (denial of discovery is appropriate on qualified immunity issue where actions alleged by plaintiff are such that a reasonable officer could have believed they were lawful). *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (recognizing that "even such pretrial matters as discovery are to be avoided if possible" before resolution of qualified immunity).

Defendants have filed a 12(b)(6) Motion and a Motion for Summary Judgment, both of which raised the issue of qualified immunity (*See* Docs. 83 and 91). In addition to the Supreme Court authority holding discovery should not proceed until immunity is resolved, requiring the Parties to engage in costly discovery while the two motions are pending would be contrary to Fed. R. Civ. P. 1; *see also Harlow*, 457 U.S. at 818.

### 1. **Plaintiffs Have Shown Good Cause for an Extension of the Discovery Deadline**

Plaintiffs, in their Motion to Stay, demonstrated sufficient good cause for an extension of the discovery deadline. This Court has the ability to change the "pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotations omitted). Further, "***the focus of the inquiry is upon the moving party's reasons for seeking modification***." *Id.* (citing *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D.Me. 1985)) (emphasis added).

Defendants also cite *Johnson* to support their allegation that Plaintiffs have not shown good cause, but the facts of that case are quite different from this case. The *Johnson* court held that the plaintiff failed to demonstrate good cause when he filed a belated motion to amend a complaint. *Id.* The court further found that the plaintiff had acted carelessly because he did not pay attention to discovery responses which would have given him the information he needed to timely amend his complaint. *Id.* Here, Plaintiffs have not acted

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85004
480.999.4556

carelessly. Plaintiffs have met the Court-ordered deadlines for filing the FAC and SAC. (*See* Docs. 11, 31, 80, 82). Plaintiffs along with Defendants filed a Joint Stipulated Motion to stay discovery pending the ruling of motions to dismiss for failure to state a claim. (Doc. 78).

Pursuant to *Johnson*, this Court must focus on Plaintiffs' reasons for seeking a discovery deadline extension. *Id.* Plaintiffs have provided several reasons why they were unable to reasonably complete discovery before the Court ordered deadline—Plaintiffs do not know what parties and claims will remain once the 12(b)(6) Motion is decided and Plaintiffs do not know what facts Defendants disagree with because they ***never answered any complaint in this matter.***

Despite both Plaintiffs and Defendants previously agreeing to stipulate a stay of discovery, Defendants claim that Plaintiffs have not explained why Plaintiffs did not seek discovery. (Docs. 78, 96). Additionally, as explained in Plaintiffs' Motion to Stay, Plaintiffs have not been able engage in discovery because of the pending 12(b)(6) Motion. (Doc. 95 at 3:27-4:11).

**B.  Defendants' Motion for Summary Judgment is Premature Because of the Pending 12(b)(6) Motion and Defendants' Failure to Answer the SAC**

District courts in Arizona have held "that a motion for summary judgment is premature" when a defendant has not answered the complaint and discovery has not been conducted. *Holliman v. United States*, 22 F. Supp. 2d 1111, 1111–12 (D. Ariz. 1998).

Defendants' Motion for Summary Judgment is premature and at the very least, Plaintiffs should not be required to respond until: the 12(b)(6) Motion has been decided, Defendants have answered the SAC, and Plaintiffs have received adequate time to conduct necessary discovery. Defendants repeatedly attempt to distract from the purpose of Plaintiff's Motion to Stay and address arguments that Plaintiffs did not make. (*See* Doc. 96 at 3:17-18; 4:16-18; 4-5, n.3; 5:1-9:6.) In their Response, Defendants claim that their Motion for Summary Judgment is timely because it came before the Court-ordered deadline for dispositive motions. (*See* Doc. 96). Simply because the Motion for Summary

5

Judgment was filed on time does not mean that it is not premature. Plaintiffs are not arguing that Defendants missed any sort of deadline. They are simply stating they do not have the necessary information to respond to the Motion for Summary Judgment because there is a pending 12(b)(6) Motion and Defendants have not yet responded to the SAC. Further, Defendants cite to *Burlington N. Santa Fe R.R. Co.,* in which the court held that motions for summary judgment are permissible when filed early in litigation. (*See* Doc. 96 at 2:24-3:2). However, the *Burlington N. Santa Fe R.R. Co.* court stated:

> Where, however, a summary judgment motion is filed so early in the litigation, ***before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely***. See *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir.2001) ("Although Rule 56(f) facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the non-moving party has not had the opportunity to discover information that is essential to its opposition.' ") (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986));*see also Berkeley v. Home Ins. Co.*, 68 F.3d 1409, 1414 (D.C.Cir.1995) (describing "the usual generous approach toward granting Rule 56(f) motions"); *Wichita Falls Office Assoc. v. Banc One Corp.*, 978 F.2d 915, 919 n. 4 (5th Cir.1992) (Rule 56(f)-based "continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence" (internal quotation marks and citation omitted)); *Sames v. Gable*, 732 F.2d 49, 52 (3d Cir.1984) (same).
> …
> Further, where, as in the present litigation, no discovery whatsoever has taken place, the party making a ***Rule 56(f) motion cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid.***

323 F.3d 767, 774 (9th Cir. 2003) (emphasis added).

Here, Plaintiffs have not had a realistic opportunity to conduct discovery because there have been pending motions to dismiss based on qualified immunity for nearly ten (10) months of this litigation. (*See* Docs 51, 58, 80, 83). As explained herein, Plaintiffs did

not request Rule 56(d) relief because they are simply arguing that Defendants' Motion for Summary Judgment is premature. (*See* Doc. 95)

Defendants also cite a Supreme Court case that states the opponent to a motion for summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Plaintiffs have been unable to conduct the necessary discovery to show the specific facts that prove there is a genuine issue for trial because they do not know what facts Defendants deny, nor do they know which parties and claims this Court will allow to remain following its decision on the 12(b)(6) Motion.

As explained herein, Plaintiffs have not conducted any discovery under Fed. R. Civ. P. Rules 30-36 and 45 in this case because there are parties and claims pending before the Court due to the unresolved 12(b)(6) Motion. Plaintiffs have been unable to conduct depositions and other methods of discovery, when they have no way of knowing which parties will remain parties to this litigation. It would be completely unreasonable and a waste of both time and expense to conduct extensive discovery when certain parties and claims may be dismissed when this Court rules on the 12(b)(6) Motion. Further, because Defendants have neither answered the FAC nor the SAC, Plaintiffs are left scratching their heads at what factual issues are at dispute in this litigation. Plaintiffs cannot be expected to guess what factual allegations Defendants take issue with.

Confusingly, Defendants also discuss discovery disputes in their Response. (Doc. 96 at 3:3-14; n.3). Defendants quote this Court's Rule 16 Case Management Order, which states that the Court would "not entertain fact discovery disputes after the deadline for completion of fact discovery. (*See id.*; doc. 60). Again, Defendants attempt to distract from the purpose of Plaintiffs' Motion to Stay. Plaintiffs are not claiming there is a discovery dispute. Plaintiffs are simply claiming the response to Defendants Motion for Summary

7

Judgment should be stayed because they have not been able to reasonably conduct discovery because of the pending 12(b)(6) Motion and the lack of an answer to the SAC.

### 1. **Plaintiffs Moved the Court to Stay Their Response to Defendants Motion for Summary Judgment Because it is Premature**

Plaintiffs did not move the Court for Rule 56(d) relief because their argument is that Defendants' Motion for Summary Judgment is premature due to the pending 12(b)(6) Motion and the subsequent lack of discovery in this case. However, should the Court rule that Defendants' Motion for Summary Judgment is not premature, this Court should grant Rule 56(d) relief because additional discovery is necessary for Plaintiffs to respond to the Motion for Summary Judgment Plaintiffs will move the Court asking for 56(d) relief. Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order

Fed. R. Civ. P. 56(d).

Fed. R. Civ. R. 56(d) *allows* for the court to deny a party's request for relief if they fail to submit an affidavit along with their request for relief, but it does not ***require*** the court to deny a party's request for relief. The "general principle" behind Fed. R. Civ. P. 56(d) "is that summary judgment should be refused where a nonmoving party has not had the opportunity to discover information that is essential to [its] opposition." *Chavez v. County of Bernalillo*, 3 F. Supp. 3d 936, 968 (D.N.M. 2014). Due to the purpose of Rule 56(d) being a safeguard, it "should be applied with a spirit of liberality to prevent injustice to the party facing summary judgment." *Gofron v. Picsel Techs., Inc.,* 804 F. Supp. 2d 1030, 1036 (N.D. Cal. 2011); *see also Burlington n. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation* 323 F.3d 767, 773 (9th Cir. 2009).

Numerous district courts have found requests for continuances proper even when Rule 56(d) had not been formally complied with, so long as the party requesting relief had

8

acted with diligence and in good faith. *See e.g. Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244-45 (4th Cir. 2002) (Plaintiff met the general principle behind Fed. R. Civ. P. 56(f), which is now 56(d), by putting the court on notice of the reasons why summary judgment was premature, even though no affidavit was filed) (citing *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94 (2d Cir. 2000); *Farmer v. Brennan*, 81 F.3d 1444, 1449-50 (7th Cir. 1996); *Dean v. Barber*, 951 F.2d 1210, 1214 n.3 (11th Cir. 1992)); *see also First Chicago Int'l v. United Exch. Co., Ltd.*, 836 F.2d 1375, 1380–81 (D.C. Cir. 1988) (holding that granting summary judgment because plaintiff failed to file the required affidavit was improper because pending discovery requests were sufficient to show the court that further discovery was necessary); *Cowan v. J.C. Penney Co., Inc.*, 790 F.2d 1529, 1531–32 (11th Cir. 1986) (affidavit unnecessary when party properly informs the court that discovery is still outstanding); *Sames v. Gable*, 732 F.2d 49, 51 (3d Cir. 1984) (holding that opposing motions and outstanding discovery requests were sufficient to alert the court of the need for further discovery and served as the functional equivalent of an affidavit).

Defendants cite to *Alanis v. Nelson*, *Long v. Playboy Enterprises Intern., Inc.*, and *Martinez v. Columbia Sportswear USA Corp.*; however, none of these cases support Defendants' argument that the Motion for Summary Judgment is not premature. (Doc. 96 at 3-13). In *Alanis* v. *Nelson*, there were two motions for summary judgment filed. 561 Fed. Appx. 595, 597 (9th Cir. 2014). While the first motion was pending, the court granted a bankruptcy stay of discovery, but then revoked the stay when it found that the party's bankruptcy petition was filed in bad faith. *Id.* Here, unlike *Alanis*, this Court has not granted a stay of discovery because the Joint Stipulated Motion was denied as moot and Plaintiff's Motion to Stay has yet to be ruled on. (Docs. 80, 95). Also, unlike *Alanis*, Defendants have filed three (3) different motions to dismiss for failure to state a claim based on qualified immunity. (*See* Docs. 51, 58, 83).

In *Long v. Playboy Enterprises Intern., Inc.*, like *Alanis*, there was not a 12(b)(6) motion filed, but rather, a motion for summary judgment. 565 Fed. Appx. 646, 648 (9th Cir. 2014). The non-moving party wanted to conduct further discovery to authenticate

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85004
480.999.4556

9

discovery it had already received. *Id.* The court held that the non-moving party had several months in which it could have pursued further discovery, but because it did not, it failed to act diligently. *Id.* Here, Plaintiffs are arguing that they have been unable to conduct the necessary discovery because there are claims and parties pending before this Court due to the pending 12(b)(6) Motion. While Defendants contend that Plaintiffs have not acted diligently, in the Joint Stipulated Motion ***both parties*** acknowledged that discovery should be stayed when there are pending motions to dismiss. The Joint Stipulated Motion shows that Plaintiffs have acted diligently in this case and that Defendants' argument is disingenuous.

Defendants also cite *Martinez v. Columbia Sportswear USA Corp.*, where the court held that because ***the non-moving party was given notice that a motion for summary judgment would be filed five (5) months*** prior to its filing, that the party had not acted diligently in its pursuit of discovery. 553 Fed. Appx. 760, 761 (9th Cir. 2014). In this case, instead of attempting to stay discovery as they did with the Joint Stipulated Motion in February 2018, Defendants filed their Motion for Summary Judgment without any notice to Plaintiffs.

Plaintiffs did not move the Court for Rule 56(d) relief because they argue in their Motion to Stay that Defendants' Motion for Summary Judgment is premature due to the pending 12(b)(6) Motion; the lack of discovery in this case; and, Defendants' failure to answer the SAC. If this Court finds that Defendants' Motion for Summary Judgment is not premature, Plaintiffs respectfully request that this Court grant Rule 56(d) relief.

### C. **Defendants' Motion for Summary Judgment Addresses the Same Issues as Their 12(b)(6) Motion**

Defendants admit in their Motion for Summary Judgment that "some or all claims, or parties, addressed in this Motion may become dismissed before the need to rule on this Motion." (Doc. 91 at n.2). This is because Defendants' make the same arguments in their Motion for Summary Judgment that they made in their 12(b)(6) Motion. In fact, the motions are almost identical, many sections even contain identical wording. (*See* Docs. 83, 91). The only tangible difference in the two motions is that Defendants plug in different

10

words to meet the different standards because one is a 12(b)(6) Motion and the other is a Motion for Summary Judgment. (*See* docs. 83, 91).

In both motions, Defendants argue that Count I of the SAC, regarding excessive force against property, is not proper. (Doc. 83 at 6:3-7:15; Doc. 91 at 6:15-8:4). Also, in both motions, Defendants argue verbatim that Count II of the SAC, regarding failure to intervene, does not set out the required underlying constitutional violation. (Doc. 83 at 7:16-8:4; Doc. 91 at 8:5-19). The next argument in both of Defendants motions, regarding Count II of the SAC and failure to train and failure to supervise is also the same. (Doc. 83 at 8:5-9:4; Doc. 91 at 8:20-9:17). Moreover, in both the 12(b)(6) Motion and the Motion for Summary Judgment, Defendants make the argument that all Defendants should be entitled to qualified immunity. (Doc. 83 at 9:5-16:4; Doc. 91 at 9:18-16:25). In the final argument of both motions, Defendants argue that "Plaintiffs fail to state constitutional claims as to the governmental entity defendants." (Doc. 83 at 16:5-18:12; Doc. 91 at 17:1-18:9).

Due to the undeniable similarities in both motions, Plaintiffs respectfully request this Court deny Defendants' Motion for Summary Judgment and solely focus on the 12(b)(6) Motion. In the alternative, Plaintiffs request that this Court defer Plaintiffs' response to the Motion for Summary Judgment until the 12(b)(6) Motion has been decided and Plaintiffs have had a chance to conduct reasonable discovery.

**D. Requiring Plaintiffs to Respond to Defendants' Motion for Summary Judgment Prior to a Decision on the 12(b)(6) Motion Would Not Ensure a Just, Speedy, or Inexpensive Action**

The Ninth Circuit remarked that "[p]rocedure 'is a means to an end, not an end in itself—the handmaid rather than the mistress' of justice.'" *Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1253, 1254–55 (9th Cir. 2010) quoting Charles E. Clark, *History, Systems and Functions of Pleading,* 11 Va. L.Rev. 517, 542 (1925). Pursuant to Fed. R. Civ. P. Rule 1, the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." It would be unjust to force Plaintiffs to respond to Defendants' Motion for

Summary Judgment without knowing what parties and claims will remain after a decision is made on the 12(b)(6) Motion. It is the very opposite of administering the Federal Rules of Civil Procedure in a ways that ensures inexpensive action if Plaintiffs are punished for not conducting expensive discovery while the 12(b)(6) Motion is pending.

Defendants admit in their Response that they believe "discovery should be delayed pending the outcome of Rule 12(b) motions" and requested a suspension of discovery in June 2017. (Doc. 96 at 9:17-20). Defendants accuse Plaintiffs of "re-packaging" Defendants' rejected argument. (*Id.*) However, the circumstances were completely different when this Court rejected Defendants' first request for a stay of discovery. Defendants had not even filed a motion to dismiss, they only anticipated they would. (Doc. 48). Defendants were asking the Court to suspend the Joint Rule 26(f) Case Management Report and Joint Proposed Rule 16 Case Management Order until their anticipated motion to dismiss was ruled on. (*Id.*) This Court denied that request because Defendants waited five (5) months after removing the case to federal court to ask the Court for relief. (Doc. 49). As mentioned previously, Defendants and Plaintiffs also filed a Joint Stipulated Motion to stay discovery in which they agreed that it would contradict Fed. R. Civ. P. 1 to conduct discovery when motions to dismiss based on qualified immunity are pending before this Court. (Doc. 78).

Defendants once again cite to *Burlington N. Santa Fe R.R. Co.* to support their argument that motions for summary judgment are allowed in the early stages of litigation. (Doc. 96 at 9:10-12). This further shows that Defendants are trying to distract from the arguments Plaintiff made in their Motion to Stay. Plaintiffs argue Defendants' Motion for Summary Judgment is premature and that it would be unrealistic, unreasonable, and contrary to the Fed. R. Civ. P. to require Plaintiffs to conduct discovery when claims and parties are pending before the Court. Additionally, without an answer to either amended complaints, Plaintiffs do not know what allegations Defendants are contesting. Defendants' fully briefed 12(b)(6) Motion challenges the legal sufficiency of Plaintiff's SAC. Requiring

Plaintiffs to respond to the Motion for Summary Judgment prior to a ruling on this Motion would contradict Fed. R. Civ. P. 1.

## III.   CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion for Summary Judgment or defer Plaintiffs' Response to Defendants' Motion for Summary until the Court has ruled on the pending Rule 12(b)(6) motion, Defendants have filed an answer to the SAC, and Plaintiffs have an opportunity to conduct discovery to present facts to justify their opposition.

**RESPECTFULLY SUBMITTED** this 21st day of August 2018.

**MILLS + WOODS LAW, PLLC**

By    /s/ Sean A. Woods
     Sean A. Woods
     Robert T. Mills
     Jordan C. Wolff
     5055 N. 12th Street, Suite 101
     Phoenix, AZ 85014
     *Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2018, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

James M. Jellison
Jellison Law Offices, PLLC
3101 North Central Avenue, Suite 870
Phoenix, AZ 85012
*Attorney for Attorney for Defendants City of Casa Grande, Pinal County, Paul Babeu, Francisco Lujan, Kent Horn, David Engstrom, Mark McCabe, Jacob Robinson, C. Western, Michael Wilson, Garric Berry, Jane Doe Berry, Christopher Lapre, Sgt. Gragg, and Rory Skedel*

    /s/ Jordan C. Wolff

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85004
480.999.4556