Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
Jordan C. Wolff (Arizona Bar #034110)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona, 85014
Telephone (480) 999-4556
docket@millsandwoods.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James W. Denby, et al.,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>City of Casa Grande, et al.,<br><br>　　　　　Defendants. | Case No.: 2:17-CV-00119-SPL<br><br>**MOTION TO DENY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNTIL DISCOVERY IS CONDUCTED PURSUANT TO RULE 56(d) FEDERAL RULES OF CIVIL PROCEDURE**<br><br>(Assigned to the Honorable Steven P. Logan) |

This matter arises from the unreasonable and destructive force used by Defendants in executing a search warrant for Abram Ochoa at the Denby house (the "Property") on December 17, 2014. As a result of the Defendants' actions, Plaintiffs filed a lawsuit asserting various claims, including claims arising under 42 U.S.C. § 1983. Plaintiff filed an amended complaint on April 6, 2017. Defendants filed Motions to Dismiss on June 19, 2017 and July 10, 2017. Docs. 51 & 58.

In its Case Management Order, this Court granted the parties approximately nine months (or until **May 4, 2018**) to complete written discovery and depositions. Doc. 60. For over eight months of that time, Defendants' Motion to Dismiss was pending before this Court.

In its Order on the Motion to Dismiss **dated March 31, 2018**, this Court ruled that Defendants in the case were not entitled to qualified immunity. Doc. 80 ("…*resolution of*

*Defendants' qualified immunity claims requires further factual development*.) The Court then dismissed all of Plaintiffs' claims with leave to amend the Complaint as to Counts I, III, IV, V, and VI.

Plaintiffs filed the Second Amended Complaint on April 17, 2018. The Defendants immediately sought to, again, dismiss the defendants on the basis of qualified immunity. This, despite the fact that there had been no "factual development" as the Court had required. The Defendants' (second) Motion to Dismiss has been fully briefed and pending before the Court since May 18, 2018. See Docs. 83, 86, and 87.

Both parties were obviously aware of the tight discovery deadlines and in fact filed a Joint Stipulated Motion to Stay Discovery pending the resolution of the Motion(s) to Dismiss in February 2018. Doc. 78. However, *the Court did not rule on the joint motion until after the deadline for written discovery had passed*. Doc. 85, dated May 11, 2018.

Based on this timeline, there was absolutely no reasonable manner in which Plaintiffs could conduct discovery because there was no operative complaint until April 17, 2018 when the Second Amended Complaint was filed. Because there is (another) Motion to Dismiss pending, Plaintiffs still aren't sure which parties/claims it would be conducting discovery on.

Plaintiffs do have documentary evidence that demonstrates that Defendants used objectively unreasonable force when executing the search warrant. But pursuant to Rule 56(d) Fed. R. Civ. P., Plaintiffs are entitled to conduct additional discovery as to factual information that the officers were aware of at the time of the incident in order to address Defendants' claim that they are all entitled to qualified immunity.

Plaintiffs' Response is supported by the following Memorandum of Points and Authorities, Plaintiffs' Controverting Statement of Facts, Plaintiffs' Separate Statement of Facts, the attached affidavit from attorney Jordan Wolff which is incorporated by reference, and the Court's entire file in this matter.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTUAL BACKGROUND

On December 17, 2014, after responding to a domestic disturbance call officers from the Casa Grande Police Department followed Abram Ochoa to the Denby home, located at 116 W 10th Street, Casa Grande Arizona (the "Property.") Defendants' Separate Statement of Facts ("SSOF") ¶5. Officers believed that Ochoa was in the Property and began setting up a perimeter. SSOF ¶¶ 6, 10. At approximately 3:30 p.m. the Casa Grande Police Department contacted the Pinal County Sheriff's Office requesting the SWAT team to go to the Property to assist. SSOF ¶ 17. At some point, the decision was made to breach the windows on the west side of the Property in order to place a "throw phone" that would be used to establish communication with Ochoa. SSOF ¶ 39. The bearcat was also used to push open the front door using a front mounted ram. SSOF ¶ 44. Corporal Lujan drove the "bearcat" to drive over a chain link fence and breach two windows in order to introduce the "throw phone." SSOF ¶ 40. Ochoa did not respond to the placement of the phone and he did not come out of the home. SSOF ¶ 43. The SWAT team deployed a robot into the Property to allow for visual observation of the interior of the Property. However, the robot malfunctioned, and Ochoa was not located. SSOF ¶ 47. The SWAT team introduced "chemical munitions" to the Property to get Ochoa to exit the Property. ¶ 49. Sergeant Lapre then shot 22 canisters of OC and CO into the Property. SSOF ¶ 52. Despite the use of such quantities of chemical munitions into a small home, Ochoa did not respond. SSOF ¶¶ 56, 58. Another robot was sent into the Property but its battery failed. SSOF ¶ 63. SWAT team developed a plan to go into the Property. SSOF ¶¶ 64, 65. Sergeant Skedel deployed two noise flash diversionary devices into the Property. SSOF ¶¶ 66, 67. SWAT team entered the Property but Ochoa was not inside. SSOF ¶¶ 68, 70. When SWAT entered the Property, they ransacked the home and destroyed Plaintiffs' personal property. Plaintiffs' Statement of Facts ("PSOF") ¶ 1. The Property was uninhabitable due to the destruction and incredible amounts of chemicals that were used. Plaintiffs had to stay at hotels for several months afterward. PSOF ¶ 2. Plaintiffs lived in the hotel and incurred significant

costs in terms of laundry, groceries, and other items because their home was destroyed and was not habitable. PSOF ¶ 3. When the SWAT team entered the Property, they destroyed Plaintiffs' record collection, tools, computers, and other valuable personal property that was not reasonably necessary to the search for Ochoa. PSOF ¶ 4.

## II. RELEVANT PROCEDURAL BACKGROUND

Plaintiffs filed their First Amended Complaint on April 6, 2017. Doc. 31. Defendants filed their Motions to Dismiss on June 19, 2017 and July 10, 2017. Docs. 51 & 58. Defendants' Motions to Dismiss were fully briefed by August 21, 2017. See Docs. 59, 61, 63, and 71.

While the parties were briefing the Motions to Dismiss, this Court entered its Case Management Order on July 18, 2017. Doc. 60. The Case Management Order required the parties to participate if good faith settlement discussions by January 12, 2018, complete expert reports by February 2, 2018, and complete all expert depositions and written discovery by May 4, 2018.

By February 1, 2018, this Court had not yet ruled on the pending Motions to Dismiss, so the parties filed a Joint Stipulation to Stay Discovery pending resolution of Both Motions to Dismiss. Doc. 78.

On March 31, 2018, this Court entered its Order dismissing Plaintiffs' Count 2 with prejudice and dismissed Plaintiffs' remaining counts without prejudice. Doc. 80. As to the Defendants' request for qualified immunity, the Court ruled:

> "the Court finds that **resolution of Defendants' qualified immunity claims requires further factual development**. Because it is not apparent on the face of the Amended Complaint, the Court cannot dismiss any claims solely on the basis of qualified immunity at this time. *See Groten v. California*, 251 F.3d 855, 851 (9th Cir. 2001)."

*Order*, Doc. 80 at p. 4:9-11 (emphasis added).

Plaintiff immediately filed a Second Amended Complaint on April 17, 2018.[1] Doc. 82. Defendants filed another Motion to Dismiss on May 1, 2018. Doc. 83. ***Three days later, the Case Management Deadline for expert depositions and written discovery passed without the parties having any idea which defendants and claims would potentially be dismissed.*** See Doc. 60 at p.2. Briefing for Defendants' second Motion to Dismiss was completed on May 18, 2018. Docs. 86 & 87.

On June 27, 2018, with the Motion to Dismiss still pending, Defendants requested an extension of time to file dispositive motions. Doc. 89. Without a ruling, the Defendants filed a Motion for Summary Judgment that restated the arguments made in their pending Motion to Dismiss. Doc. 90.

On August 2, 2018, Plaintiffs filed a Motion to Stay the Motion for Summary Judgment (Doc. 95) citing the fact that discovery had not been completed because there have always been pending motions to dismiss in this case and that conducting discovery in earnest would violate the purpose of Rule 1 Fed. R. Civ. P. to construe and administer the Rules of Civil Procedure to secure "just, speedy, and inexpensive determination" of the claims. On January 22, 2019, the Court denied Plaintiffs' Motion to Stay and ordered a Response by February 15, 2019.

Today, Defendants' fully briefed Motion to Dismiss is still pending. Plaintiff is unsure which defendants and claims, if any, would be dismissed pursuant to the Motion to Dismiss. The Motion to Dismiss addresses squarely the same issues presented in Defendants' Motion for Summary Judgment. Further, Defendants have yet to answer the SAC. (*See* doc. 82.) Therefore, Plaintiffs respectfully request the Court deny Defendants' Motion for Summary Judgment permitting Plaintiffs have an opportunity to conduct discovery on any defendants who remain in the case subject to the Motion to Dismiss. *See* Fed. R. Civ. P. 56 Advisory Committee's note (2010) ("Although the rule allows a motion

---

[1] The Second Amended Complaint was filed just *eighteen days* before the close of the discovery window. The second Motion to Dismiss, which is still pending, was filed *four days* before the close of the discovery window.

for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the non-movant has had time to file a responsive pleading.").

### III. LEGAL ARGUMENT
#### a. Discovery Should Not Commence While A Motion To Dismiss Is Pending

It is undisputed that the Defendants have had, throughout the entire litigation, pending motions to dismiss. *Supra*. It is also undisputed that the pending Motion to Dismiss could potentially dismiss all parties and claims. The Supreme Court has held that until the threshold issue of immunity is resolved, discovery should not proceed. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Anderson v. Creighton,* 483 U.S. 635, 646 n. 6 (1987) (denial of discovery is appropriate on qualified immunity issue where actions alleged by plaintiff are such that a reasonable officer could have believed they were lawful). *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985) (recognizing that "even such pretrial matters as discovery are to be avoided if possible" before resolution of qualified immunity). Locally, the Ninth Circuit has authorized the exercise of such discretion to stay all discovery when a motion to dismiss presents questions of law for which factual discovery is neither necessary nor appropriate. *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (discovery stay order proper pending motion to dismiss where fact discovery not necessary to address the motion).

District Courts are loath to consider motions for summary judgment where there has been no opportunity to conduct discovery necessary to establish facts not in dispute. This is so because summary judgment is proper only after the non-moving party has been given "adequate time for discovery." *1443 Chapin St., LP v. PNC Bank, Nat'l Ass'n*, 258 F.R.D. 186, 187 (D.D.C. 2009) (internal quotation marks omitted); *Bynum v. District of Columbia,* 215 F.R.D. 1, 2 (D.D.C. 2003) (summary judgment rejected because "'it would be premature... when the discovery process, which has not even commenced, might yield additional facts that might guide the Court's decision as to the merits of plaintiff's strip search claims.'") *quoting Bynum v. District of Columbia*, 215 F.R.D. 1, 4, (D.D.C. 2003)); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986) (summary judgment is proper only "as long as the plaintiff has had a full opportunity to conduct discovery"); *see also*

6

*Lewis v. Fed. Reserve Bank of Atlanta-New Orleans Branch,* 2004 WL 2035006, at *4 (E.D. La. Sept. 10, 2004) (summarily denying summary judgment, ***even though movant produced affidavits in support***, because Rule 56 "presupposes that a party opposing the motion for summary judgment has had an adequate time for discovery of evidence of contradictory facts... [s]ummary judgment is not appropriate until after the plaintiff has had a fair opportunity for discovery of information essential to its opposition to defendant's motion.") (*citing Willis v. Roche Biomedical Lab., Inc.*, 61 F.3d 313 (5th Cir. 1995) and *Celotex v. Catrett*, 477 U.S. 317, 322 (1986) (summary judgment consideration appropriate only after "adequate time for discovery.").

Unsurprisingly, Defendants have taken opposite positions regarding discovery in this case. First, Defendants sought a stay of discovery because it would plainly contradict Fed. R. Civ. P. 1 to conduct discovery when their motions to dismiss based on qualified immunity are pending before this Court. Doc. 78. Now, Defendants hang their hat on the fact that discovery is closed under the Case Management Order, suggesting that Plaintiffs should not be permitted to conduct any discovery on the Second Amended Complaint. Of course, the Second Amended Complaint was filed less than three weeks before the close of discovery. This is hardly "adequate time for discovery." Because the Motion to Dismiss is still pending, Plaintiff still doesn't know which parties or claims, if any, would be dismissed upon resolution of the Motion to Dismiss. Plaintiffs are obviously prejudiced because they don't fully know which parties to seek discovery from.

      **b. Requiring Plaintiffs to Respond to Defendants' Motion for Summary Judgment Before the Court Rules on the Pending Motion to Dismiss Contradicts the Federal Rules of Civil Procedure**

Fed. R. Civ. P. 1 sets forth the scope and purpose of the Federal Rules of Civil Procedure and provides the following: "These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed and administered to secure the ***just, speedy, and inexpensive*** determination of every action and proceeding." (Emphasis added). Additionally, the purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery. *Rutman Wine Co. v. E & J*

7

*Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (citations omitted). The Ninth Circuit has held that:

> "[I]f the allegations of the complaint fail to establish the requisite elements of the cause of action, our requiring costly and time consuming discovery and trial work would represent an abdication of our judicial responsibility." It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery.

*Id.* at 738 (quoting *Havoco of America, Ltd. v. Shell Oil Co.*, 626 F.2d 549, 553 (7th Cir.1980).

Requiring Plaintiffs to respond to the Motion is at odds with the just, speedy, and inexpensive determination of every action and proceeding. Fed. R. Civ. P. 1. Further, as explained herein, Defendants' Motion to Dismiss has challenge the legal sufficiency of Plaintiffs' SAC. Defendants also acknowledged that the Motion is essentially a duplicate to their motion to dismiss (Doc. 91, n. 2). Given that the motion to dismiss is fully briefed, requiring the Plaintiffs' to engage in time consuming and costly discovery to respond to Defendants' Motion for Summary Judgment prior to the Court ruling on the Motion to Dismiss would directly conflict with Fed. R. Civ. P. 1 and "would represent an abdication of [the Court's] judicial responsibility." *Rutman Wine Co.,* 829 F.2d 738 (citation omitted).

### IV. Plaintiffs Are Entitled to Discovery Pursuant to Rule 56(d) In Order To Prove That Defendants Are Not Entitled To Qualified Immunity

In order for Plaintiffs to respond to Defendants' Motion for Summary Judgment on the issues of qualified immunity, Plaintiffs will need to 1) know the parties who are remaining in the case; and 2) conduct discovery to challenge assertions made in their respective affidavits supporting the Motion for Summary Judgment. As explained above, the (second) Motion to Dismiss is still pending. Plaintiff is unsure which Defendants are still in the case.

However, in order to respond to the Motion for Summary Judgment pursuant to this Court's Order (Doc. 100), Plaintiff will need to conduct discovery as to the knowledge of the officers before and during the incident and understand how they came to know that

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85004
480.999.4556

information since the affidavits of the individual officers are frequently rote recitation of the prior affidavits. Plaintiff will also need to conduct discovery related to the various policies discussed in the affidavits.

**a. Qualified Immunity Standard**

To determine whether an officer is shielded by qualified immunity, a court must consider two questions. The first is, taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If a constitutional violation occurred, a court must further inquire whether the right was clearly established.

For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful ... but it is to say that in the light of pre-existing law the unlawfulness must be apparent. *Hope v. Pelzer*, 536 U.S. 730, 739, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (citing *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)) (internal citations omitted). “In order to find that the law was clearly established ... we need not find a prior case with identical, or even ‘materially similar’ facts. Our task is to determine whether the preexisting law provided the defendants with ‘fair warning’ that their conduct was unlawful.” *Flores v. Morgan Hill Unified Sch. Dist*., 324 F.3d 1130, 1136–37 (9th Cir.2003) (citing *Hope*, 536 U.S. at 740, 122 S.Ct. 2508). Thus, the specific, alleged conduct in this case need not have been previously and explicitly deemed unconstitutional, but existing case law must have made it clear. *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1065 (9th Cir. 2006).

In determining whether the law put a defendant on notice, a court does "not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *al-Kidd,* 131 S.Ct. at 2083. The court must "survey the legal landscape," including "all available decisional law" if there is no binding precedent. *Trevino v. Gates,* 99 F.3d 911, 917 (9th Cir. 1996) (internal quotation marks omitted). "A public official is not entitled to qualified immunity when the contours of the allegedly violated right were sufficiently clear that a reasonable official would understand

that what he [was] doing violate[d] that right." *Osolinski v. Kane*, 92 F.3d 934, 936 (9th Cir.1996) (alterations in the original) (internal quotations omitted).

### b. Use Of Battering Rams Is Objectively Unreasonable And This Court Should Permit Discovery Related To The Officers' Knowledge of Facts At The Time Of The Siege

In *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), the Supreme Court held that "a free citizen's claim that law enforcement officials used excessive force in the course of making an arrest, an investigatory stop, or other 'seizure' of his person" is "properly analyzed under the Fourth Amendment's 'objective reasonableness' standard." *Id*. at 388, 109 S.Ct. at 1867-68. The Court set forth a non-exhaustive list of factors to be considered in evaluating whether the force used to effect a particular seizure is reasonable: we must pay careful attention to (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and (3) whether the suspect actively resists detention or attempts to escape. *Id*. (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9, 105 S.Ct. 1694, 1699-1700, 85 L.Ed.2d 1 (1985)). In *Alexander v. City and County of San Francisco*, 29 F.3d 1355 (9th Cir.1994), the Ninth Circuit explained the essence of the Graham objective reasonableness analysis which is "the force which was applied must be balanced against the need for that force: it is the need for force which is at the heart of the Graham factors." *Id*. at 1367.

In *Liston v. County of Riverside*, 120 F.3d 965 (9th Cir., 1997), the Ninth Circuit reversed the District Court's granting of qualified immunity for officers who used a battering ram to enter a property and were also alleged to have used excessive force when they ransacked the home, destroying personal property inside. In doing so, the Ninth Circuit ruled, "It is for the finder of fact to determine the reasonableness of the force used in this case, and that can be done only upon a fully developed record."

The Defendants admit that they used the "bearcat" vehicle to roll over Plaintiffs' chain link fence, breach two windows and break into the front door. SSOF ¶¶ 39, 40, 44. Depending upon the facts of the case, use of a battering ram – or worse yet, a vehicle outfitted with a battering ram – can constitute unreasonable and unconstitutional force. Moreover, the nature of the damages as demonstrated by the images from the Denby home

after the incident constitute issues of fact as to the amount of force used by the SWAT team when they arrived.

As explained above, the Plaintiffs have never had a reasonable opportunity to conduct discovery since the Second Amended Complaint was filed eighteen days before the close of discovery. In order to respond to Defendants' Motion for Summary Judgment, the Plaintiffs must be afforded a chance to conduct discovery as to the objective reasonableness of the officers' actions – separate from the self-serving statements included in their individual affidavits.

### c. Excessive Destruction Of Plaintiffs' Property Is Objectively Unreasonable And This Court Should Permit Discovery Related To The Officers' Knowledge of Facts At The Time Of The Entry Into The Property

"We have held that "officers executing a search warrant occasionally `must damage property in order to perform their duty.' " *Liston*, 120 F.3d at 979 (quoting *Dalia v. United States*, 441 U.S. 238, 258 (1979)). Therefore, the destruction of property during a search does not necessarily violate the Fourth Amendment. *United States v. Becker*, 929 F.2d 442, 446 (9th Cir. 1991). Rather, "only unnecessarily destructive behavior, beyond that necessary to execute a warrant effectively, violates the Fourth Amendment." *Mena v. City of Simi Valley*, 226 F.3d 1031 (9th Cir., 2000) quoting *Liston*, 120 F.3d at 979; see also *Becker*, 929 F.2d at 446.

In *Mena*, 226 F.3d 1031 (9th Cir., 2000), the Ninth Circuit affirmed the denial of qualified immunity for officers who, according to Plaintiffs, callously and needlessly ransacked the Mena's home and destroyed their property – much like is alleged in this case.

Depending upon the facts of the case, use of twenty-two canisters of chemical munitions and the destruction of a Plaintiffs' property can constitute unreasonable and unconstitutional force. The images from the Denby home as well as the documents demonstrating that Denby's home was uninhabitable after the incident constitute issues of fact as to the amount of force used by the SWAT team when they arrived. PSOF ¶¶ 2 - 5. It can also be considered to be objectively unreasonable and unconstitutional level of force to use so many gas canisters when the first batch of chemical munitions did not achieve a result. SSOF ¶¶ 52, 56, 58.

Of course, the Plaintiffs have not had a reasonable opportunity to conduct discovery as to the actions of the officers while in the home. Plaintiffs have a clear idea that the officers ransacked the home and destroyed property because they have pictures of the total

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85004
480.999.4556

destruction. See Exhibit 2. As to specific allegations against specific officers, the Ninth Circuit has, in some circumstances, denied summary judgment even though plaintiffs could not state with certainty which officers had violated their rights. *Liston,* 120 F.3d 965, 981 (9th Cir., 1997). See also *Rutherford v. City of Berkeley*, 780 F.2d 1444, 1448 (9th Cir.1986) (holding in police brutality case that a jury could reasonably conclude that three officer defendants "were participants in punching or kicking" plaintiff, even though defendants denied assaulting plaintiff and plaintiff could not state that specific defendants punched or kicked him). Given that the Second Amended Complaint was filed only eighteen days before the close of discovery, Plaintiff did not have a fair or reasonable opportunity to conduct discovery as to the reasonableness of the officers' actions and explaining how the Plaintiffs' property was destroyed. Plaintiff is entitled to conduct discovery once the Motion to Dismiss is resolved.

### d. Discovery That Would Be Sought

As explained in detail above, Plaintiffs have not been able to reasonably pursue discovery because at all times there have been pending motions to dismiss. and are thus unable to produce facts to oppose the Defendants' Motion for Summary Judgment. Pursuant to Rule 56(d) Fed. R. Civ. P., Plaintiffs have attached a declaration from attorney Jordan Wolff explaining the nature and type of discovery that will allow Plaintiffs to fully respond to the Defendants' Motion for Summary Judgment on qualified immunity. Mr. Wolff's declaration is included as Exhibit 1.

### V. Plaintiffs Are Entitled to Discovery Pursuant to Rule 56(d) In Order To Prove That The Governmental Entity Defendants Have Unconstitutional Policies, Practices, and Procedures

Because Plaintiffs have not had a reasonable opportunity to conduct discovery in this case, the Plaintiffs have been unable to review Casa Grande and Pinal County's various policies regarding the use of force. Likewise, Plaintiff has not been able to conduct discovery as to history of other investigations, incidents of arrest, or SWAT team operations necessary to refute the self-serving statements contained in the individual officers' affidavits. Exhibit 1 contains an affidavit that explains in detail the nature and type of discovery that Plaintiffs would undertake to demonstrate that there are triable issues of fact as to Plaintiffs' unconstitutional policies, practices, and customs claims as well as Casa Grande and Pinal County's failure to train their agents and employees.

## VI.   CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion for Summary Judgment or defer Plaintiffs' Response to Defendants' Motion for Summary until the Court has ruled on the pending Rule 12(b)(6) motion and permitted Plaintiff to conduct discovery as to Defendants' claim that they are entitled to qualified immunity.

**RESPECTFULLY SUBMITTED** this 15th day of February 2019.

**MILLS + WOODS LAW, PLLC**
By    /s/ Sean A. Woods
    Sean A. Woods
    Robert T. Mills
    Jordan C. Wolff
    5055 N. 12th Street, Suite 101
    Phoenix, AZ 85014
    *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2019, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

James M. Jellison
Sims Murray Jellison, LTD.
3101 North Central Avenue, Suite 870
Phoenix, AZ 85012
*Attorney for Attorney for Defendants City of Casa Grande, Pinal County, Paul Babeu, Francisco Lujan, Kent Horn, David Engstrom, Mark McCabe, Jacob Robinson, C. Western, Michael Wilson, Garric Berry, Jane Doe Berry, Christopher Lapre, Sgt. Gragg, and Rory Skedel*

_____/s/ Jordan C. Wolff_____