IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James W. Denby, et al.,<br><br>             Plaintiffs,<br><br>vs.<br><br>City of Casa Grande, et al.,<br><br>             Defendants. | No. CV-17-00119-PHX-SPL<br><br>**RULE 16**<br>**CASE MANAGEMENT ORDER** |

The parties have met and prepared a Joint Rule 26(f) Case Management Report and a Joint Proposed Rule 16 Case Management Order. On the basis of the parties' submissions, and the Court's considered assessment of the time necessary to complete discovery and all pretrial submissions,

**IT IS ORDERED**:

**I.   Governing Rules and Preliminary Order**

Both counsel and *pro se* litigants must abide by the Local Rules of Civil Procedure ("LRCiv" or "Local Rules"), Rules of Practice of the U.S. District Court for the District of Arizona, and the Federal Rules of Civil Procedure.

The Preliminary Order and its Attachments issued in this case are incorporated by reference and remain in effect. To any extent the Preliminary Order differs from this Order, this Order shall govern.

**II.   Joining Parties and Amending Pleadings**

The deadline for joining parties, amending pleadings, and filing supplemental

pleadings is **December 31, 2021**.

Any motion for leave to amend or notice of amendment must be filed in accordance with Rule 15.1 of the Local Rules of Civil Procedure. Any motion or notice that does not comply with the local and federal rules may be stricken by the Court.

**III.    Discovery**

**Discovery Deadline**: Following service of Rule 26 Disclosures, broader discovery under Federal Rules of Civil Procedure 26, 30, 31, 33, 34, 36, and 45 may commence. All discovery must be completed on or before **March 15, 2022**.[1]

**Written Discovery Limitations**: Each side may propound up to 25 interrogatories, including subparts. The parties are also limited to 25 requests for production of documents, including subparts, and 25 requests for admissions, including subparts. All interrogatories, requests for production of documents, and requests for admissions shall be served at least **forty-five (45) days** before the discovery deadline.[2]

Responses to discovery requests must be stated with specificity; general or boilerplate objections are not permitted. If a party objects to providing relevant information, including an objection that providing the required information would involve disproportionate expense or burden, it must provide particularized information regarding the nature of the objection and its basis, and fairly describe the information being withheld. Where a party limits its response on the basis of privilege or work product, a privilege log is required unless the Court orders otherwise.

**Fact Depositions**: All depositions shall be scheduled to commence at least **five (5) working days** prior to the discovery deadline. A deposition commenced five (5) days prior

---

[1] This supersedes the "30 days before trial" disclosure deadline. *See* Fed. R. Civ. P. 26(a)(3). The discovery deadline concludes the time to propound discovery, the time to answer all propounded discovery, the time to supplement disclosures and discovery, the time for discovery by subpoena, the time for the Court to resolve all discovery disputes, *and the time to complete any final discovery necessitated by the Court's ruling on any discovery disputes*.

[2] The parties may mutually agree in writing, without Court approval, to increase the discovery limitations or extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure. Such agreed-upon increases or extensions, however, shall not alter or extend the discovery deadlines set forth in this Order.

to the deadline may continue up until the deadline, as necessary. Depositions shall be limited to seven hours each as provided in Rule 30(d)(1) of the Federal Rules of Civil Procedure.

**Expert Disclosures**: Plaintiffs shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **May 15, 2022**. Defendants shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **June 15, 2022**. Rebuttal expert disclosures, if any, shall be made no later than **July 15, 2022**. Rebuttal experts shall be limited to responding to opinions stated by initial experts. Absent truly extraordinary circumstances, parties will not be permitted to supplement their expert reports after these dates.

**Expert Depositions**: Expert depositions shall be completed no later than **August 15, 2022**. Expert depositions shall be scheduled to commence at least **five (5) working days** before the deadline.

**Discovery Disputes**: Discovery disputes are *strongly discouraged*. Parties shall *not* present any discovery dispute without first seeking to resolve the matter through personal consultation and sincere effort as required by LRCiv 7.2(j). In the event the parties cannot reach a resolution, they may jointly request assistance by contacting the Court to request a hearing on the dispute; the parties shall not file written discovery motions without leave of Court. The Court will seek to resolve the dispute during the hearing, and may enter appropriate orders on the basis of the hearing or may order written briefing. If the Court orders written submissions, the parties shall include a statement certifying that counsel could not satisfactorily resolve the matter after personal consultation and sincere efforts to do so in accordance with Local Rule 7.2(j).

Absent extraordinary circumstances, the Court will *not* entertain fact discovery disputes after the deadline for completion of fact discovery, and will *not* entertain expert discovery disputes after the deadline for completion of expert discovery.

**Protective Orders:** As a general practice, this Court does not approve or adopt

blanket, umbrella protective orders or confidentiality agreements, even when stipulated to by the parties. Further, the fact that the parties have designated materials or information as confidential pursuant to an agreement or stipulation does not mean that the Court will order that the filings containing such information be placed under seal. In the event discovery mandates disclosure of specific, harmful, confidential material, the Court will entertain a request for a protective order at that time if it is tailored to protect the particular interests at hand in accordance with Rule 26(c) of the Federal Rules of Civil Procedure. Any party wishing to seal a record or document and shield it from public view must prove why the interest in secrecy outweighs the presumption of public access to judicial records and documents.

### IV.   Motions

**Dispositive Motion Deadline**: Dispositive motions shall be filed no later than **October 1, 2022**. The Court emphasizes that it has a strict policy that, absent extraordinary circumstances, the dispositive motion deadline will not be extended beyond the two-year anniversary of the date of commencement of an action, and the proposed deadlines should be devised cautiously.

**Pre-Motion Conferral**: Any motion made pursuant to Federal Rule of Civil Procedure 12 is discouraged if the challenged defect in the pleading can be cured by filing an amended pleading. In accordance with LRCiv 12.1(c), the Court therefore requires: (1) *conferral* – the movant must confer with the opposing party prior to filing a motion to dismiss for failure to state a claim or counterclaim pursuant to Rule 12(b)(6), or a motion for judgment on the pleadings on a claim or counterclaim pursuant to Rule 12(c), to determine whether such motion can be avoided; and (2) *certification* – the movant must *attach* a certificate of conferral, certifying that it notified the opposing party of the issues asserted in its motion (in person, by telephone, or in writing), and that the parties conferred but were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party. Any motion lacking an attached compliant certificate may be summarily stricken by the Court.

The parties must also confer prior to filing any motion pursuant to Federal Rule of Civil Procedure 56. In doing so, the parties shall exchange a two-page statement describing any anticipated motion for summary judgment and response, identifying the issues and claims on which summary judgment will be sought and the basis for the motions and response. The purpose of conferral should be aimed at streamlining the issues in dispute, and dispensing of statements of fact. A certificate of conferral must be *attached* to any motion for summary judgment. Any motion lacking an attached compliant certificate may be summarily stricken by the Court.

**Motion Limitations**: No party shall file more than one motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure without leave of Court.

**Statements of Fact**: Statements of Fact ("SOF") required by Local Rule 56.1 shall not exceed ten (10) pages in length, exclusive of exhibits. Electronic copies of SOF shall be emailed to the opposing party and to chambers in Microsoft Word® format at Logan_Chambers@azd.uscourts.gov. Any Controverting SOF, as set forth in Local Rule 56.1(b), shall include the entirety of the SOF in each responsive paragraph. Additional SOF shall continue in numerical sequence.

V.     **Settlement Discussions**

All parties and their counsel shall meet in person and engage in good faith settlement talks no later than **November 5, 2022**. Upon completion of such settlement talks, and in no event later than **five (5) working days** after the deadline for settlement talks, the parties shall file with the Court a joint report on settlement talks executed by or on behalf of all counsel. The report shall inform the Court that good faith settlement talks have been held and shall report on the outcome of such talks.  The parties shall indicate whether assistance from the Court is needed in seeking settlement of the case. The parties shall promptly notify the Court at any time when settlement is reached during the course of this litigation.

The parties are reminded that they may request to refer this action to a magistrate judge pursuant to LRCiv 83.10 for the purpose of holding a settlement conference (mediation), minitrial, summary jury trial, early neutral evaluation, or other form of dispute

resolution. Alternative dispute resolution, however, shall not be used as a reason to delay the processing of this case.

## VI. Final Pretrial Conference

If no dispositive motions are pending before the Court after the dispositive motion deadline has passed, the parties shall jointly file and serve a "Notice of Readiness for Final Pretrial Conference" within **seven (7) days** of the dispositive motion deadline. If a dispositive motion is pending before the Court following the dispositive motion deadline, the parties shall jointly file and serve a "Notice of Readiness for Final Pretrial Conference" within **seven (7) days** of the resolution of the dispositive motion. Following the filing of the Notice, the Court will issue an Order Setting Final Pretrial Conference that: (1) sets deadlines for briefing motions in limine; (2) includes a form for the completion of the parties' joint proposed Final Pretrial Order; and (3) otherwise instructs the parties concerning their duties in preparing for the Final Pretrial Conference. A firm trial date will be set at the Final Pretrial Conference.

## VII. Additional Guidelines

**Communication with the Court:** As a general matter, all communications with the Court should be made on the record. Telephone calls regarding routine administrative matters in civil cases may be directed to chambers at (602) 322-7550. No member of chambers staff will provide the parties with legal advice concerning any matter.

Any inquiry regarding the status of any motion or other matter that has been under advisement for more than one hundred and eighty (180) days must be filed in the manner set forth in LRCiv 7.2(n).

**Emergencies and Expedited Consideration:** Any party desiring expedited consideration of a motion or other matter pending before the Court may make such a request by filing a separate *Notice for Expedited Consideration* which sets forth the grounds warranting accelerated resolution of the related filing and identifies the dates of the imminent events pertinent to the request. Such requests should not be made as a matter of course nor should be made by merely noting it below the title of the related filing.

Requests presented to the Court in this manner will not be considered.

**Oral Argument and Evidentiary Hearings**: This Court does not have a preset schedule for setting oral arguments and evidentiary hearings. The Court will schedule oral arguments and evidentiary hearings when warranted and advise the parties accordingly. Any party desiring oral argument should request it by noting it below the title of the related filing, *see* LRCiv 7.2(f); such requests should be made in instances where it would assist the resolution of the motion, and not merely made as a matter of course. Any party desiring an evidentiary hearing should request it in the body of its filing. Separate motions or requests for oral argument or evidentiary hearings are subject to being stricken or may be modified on the docket to a notice.

**PDF Text Searchable Format**: All electronic filings must be filed in a PDF text searchable format in accordance with LRCiv 7.1(c).

**Copies:** A paper copy of any document exceeding ten (10) pages in length shall be submitted to chambers promptly following its electronic filing. Paper copies of documents which are too large for stapling must be submitted in a three-ring binder. Electronic copies of proposed orders or findings shall be emailed to chambers in Microsoft Word® format at Logan_Chambers@azd.uscourts.gov.

**Font**: All memoranda filed with the Court must comply with Local Rule of Civil Procedure 7.1(b) requiring 13 point font in text and footnotes.

**Citations**: Citations in support of any assertion in the text shall be included in the text, not in footnotes.

**VIII.   Final Advisals**

**Noncompliance**: The parties are specifically admonished that failure to prosecute, to comply with court orders, or to comply with the local and federal rules may result in dismissal of all or part of this case, imposition of sanctions, or summary disposition of matters pending before the Court. *See* Fed. R. Civ. P. 41; LRCiv 7.2 ("[i]f a motion does not conform in all substantial respects with the requirements of [the Local Rules], or if the opposing party does not serve and file the required answering memoranda… such

noncompliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily").

**Deadline Extensions:** *The parties are advised that the Court intends to enforce the deadlines and guidelines set forth in this Order, and they should plan their litigation activities accordingly.* Even if all parties stipulate to an extension, the Court will not extend the deadlines absent good cause to do so. As a general matter, the pendency of settlement discussions or the desire to schedule mediation does not constitute good cause.

Dated this 26th day of October, 2021.

Honorable Steven P. Logan
United States District Judge