Sean A. Woods (Arizona Bar #028930)
Robert T. Mills (Arizona Bar #018853)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| James W. Denby; *et al.*, <br> Plaintiffs, <br> vs. <br> City of Casa Grande; *et al.*, <br> Defendants. | Case No.: 2:17-CV-00119-SPL <br><br> **PLAINTIFFS' FIRST MOTION IN LIMINE REGARDING OCHOA'S CRIMINAL RECORDS** <br><br> (Assigned to the Hon. Steven P. Logan) |

Through counsel undersigned, Plaintiffs hereby move that Defendants' Proposed Exhibit Nos. 117-139 ("Exs. 117-139") (*see* Defendants' Exhibit List in the concurrently-filed Joint Proposed Final Pretrial Order at 34-35), and the information contained therein, be excluded from being offered as evidence, or being referenced, at trial. Exs. 117-139 are prior criminal records of Abram Ochoa, the subject of the search warrant.

Exs. 117-139 should be excluded because there is no evidence that the Individual Defendants and their fellow officers were provided copies of these documents or the information therein at the time of the Incident. In determining whether officers are entitled to qualified immunity in excessive force cases, "[t]he reasonableness of [their] particular use of force must be judged from the perspective of *a reasonable officer on the scene*, rather than with the 20/20 vision of hindsight." *Liston v. County of Riverside*, 120 F.3d

965, 976 (9th Cir. 1997) (emphasis added) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).  It stands to reason that any evidence that by law is irrelevant to the issue of the officers' qualified immunity for their use of force is also irrelevant to the issue of the officers' liability for that use of force.  Any evidence that the officers at the scene were not aware of at the time of the Incident must be excluded.

That is the case with Exs. 117-139.  Officers at the scene of the Incident, which occurred in 2014, did not have these documents in their hands nor did they know anything other than what was in the search warrant or what they can testify to. The record supports this fact, as except for one outstanding warrant for failure to appear, the officers' search warrant affidavit ("**Exhibit 1**") contains absolutely no mention of Ochoa's criminal history or violence potential or anything else.  If the officers were aware of anything else from Ochoa's criminal history that would be pertinent to a search warrant, such as history of violence, at the time of the Incident, they would have included it in the warrant affidavit as additional support for apprehending him.  Conversely, if they *were* aware of any of Ochoa's criminal history at the time yet *still* decided not to include it in the affidavit, they obviously did not feel it was relevant to his apprehension. Accordingly, the information in Exs. 117-139 is irrelevant *whether or not* Defendants were aware of any of it at the time.

Even if Exs. 117-139 have some relevance, however small (and they have none), they should still be excluded under the Federal Rules of Evidence.  Pursuant thereto, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.

2

R. Evid. 403. Furthermore, many of these exhibits are so remote in time from the date of the incident that they would only serve to add to the confusion, and prejudice Plaintiffs. Defendants proposed Ex. 117 is a booking record from 9/15/2001. Ex. 118 is a Pinal County report from 01/25/2003 for a suicide attempt. Ex. 119 is a booking from 2/23/2004 for a probation violation. Ex. 120 is a booking for a failure to appear probation violation from 12/29/2004. Ex. 121 is a booking for simple assault from 10/10/2005. Ex. 122 is a booking for assault on 8/13/2008. Ex. 123 is a booking for a warrant arrest on 10/31/2008. Ex. 124 is for obstructing justice and failure to appear on 06/28/2009. Ex. 125 is booking for drug paraphernalia on 9/23/2009. Ex. 126 is a booking for failure to appear on 8/10/2010. Ex. 127 is a booking for failure to appear, theft, and possession of a weapon on 10/26/2010. Ex. 128 is a booking for criminal trespassing on 2/2/2011. Ex. 129 is a jail record wherein Ochoa feared for *his* life because of a threat from another inmate on 1/28/2011. Ex. 130 is a summons for arrest on 3/18/ 2011. Ex. 131 is a failure to appear booking on 5/6/2013. Ex. 132 is a booking for drug related charges on 1/10/2014. Ex. 133 is a bond violation for the charges in Ex. 132 on 7/25/2014. Ex. 134 is a jail incident wherein Ochoa exited his cell at the wrong time on 7/2/2014. Ex. 135 is the arrest record in this case. Ex. 136 is a Pinal County incident report in this case. Ex. 137 is the CGPD warrant arrest record in this case. Ex. 138 is an incident following this case wherein Ochoa requested protective custody on December 18, 2014. Ex. 139 is an incarceration record for Ochoa. All of these documents lack foundation. There are no witnesses listed for trial that can establish foundation, and the majority of these are non-violent issues or are so remote in time, they could not have been known at the time of the incident in this case.

To the extent, if any, that Exs. 117-139 constitute relevant evidence, their probative value is substantially outweighed by the danger that they will cause unfair prejudice and confusion of the issues. Being exposed to Ochoa's criminal history is substantially likely to cause the jury to be unfairly prejudiced against him – and Plaintiffs, as Ochoa will likely be a witness at trial. Moreover, it is substantially likely to cause confusion of the issues. The pertinent issue is whether or not Defendants used, or failed to intervene to stop the use of, unconstitutionally unreasonable or unnecessary force against Plaintiffs' property – not Ochoa's criminal history. When weighed against its minimal (if at all) relevance, the substantial likelihood of prejudice and confusion strongly tilts in favor of exclusion.

For all the foregoing reasons, the Court should exclude Exs. 117-139, and the information contained therein, from being offered as evidence, or being referenced, at trial.

**RESPECTFULLY SUBMITTED** this 13th day of June 2025.

**MILLS + WOODS LAW, PLLC**

By  */s/ Sean A. Woods*
       Sean A. Woods
       Robert T. Mills
       5055 North 12th Street, Suite 101
       Phoenix, AZ 85014
       *Attorneys for Plaintiffs*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2025, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

James M. Jellison, Esq.
jim@jellisonlaw.com
**JELLISON LAW OFFICES, PLLC**
admin@jellisonlaw.com
18801 N Thompson Peak Parkway, Ste. D235
Scottsdale, AZ 85255
*Attorneys for Defendants David and Jane Doe Engstrom, Jacob H. Robinson, Christopher and Jane Doe Lapre, Sgt. Gragg and Jane Doe Gragg, and Rory Skedel*

        /s/ Ben Dangerfield