Sean A. Woods (Arizona Bar #028930)
Robert T. Mills (Arizona Bar #018853)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| James W. Denby; *et al.*, | Case No.: 2:17-CV-00119-SPL |
|---|---|
| Plaintiffs, | **PLAINTIFFS' SECOND MOTION IN LIMINE REGARDING INSURANCE** |
| vs. | |
| City of Casa Grande; *et al.*, | |
| Defendants. | (Assigned to the Hon. Steven P. Logan) |

Through counsel undersigned, Plaintiffs hereby move that discussions about and evidence regarding or depicting insurance, including insurance information, coverage, the fact that any parties were or were not covered by insurance, any witnesses or documents created by insurance or insurance, any documents or evidence presented in US District Court Case Number 2:17-CV-2648-PHX-SMB titled James W. Denby v. American Family Insurance (the "AMFAM Case"), policy limits, previous settlement amounts for any claims against an insurance company, and the name of any insurer or insurance company.

First, any insurance settlement or settlement by way of lawsuit against an insurer or insurance company is precluded by the collateral source rule and under Fed. R. Evid. 403, will lead to confusion, prejudice, and a waste of this Court's and Jury's time in an already anticipated three (3) week trial. Additionally, presentation of any evidence of insurance coverage by either party, the policy limits, and names of any insurer or insurance company will do the same and should be excluded during the trial of this matter. Under Fed. R. Evid.

Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

403, the Court has the power to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Many Circuit Courts follow federal collateral source rules and apply them to § 1983 actions. The collateral source rule "allows a plaintiff to seek full recovery from a tortfeasor even though an independent source has compensated the plaintiff in full or in part of the loss." *Green v. Denver & Rio Grande W. R. R. Co.*, 59 F.3d 1029, 1032 (10th Cir. 1995). The rule provides that a "wrongdoer is not entitled to have damages, for which he is liable, reduced by proof that the plaintiff has received or will receive compensation or indemnity for the loss from an independent collateral source." G*ibbs M. Smith, Inc. v. U.S. Fid. & Guar. Co.*, 949 P.2d 337, 345 (Utah 1997). The Seventh Circuit, in *Perry v. Larson*, 794 F.2d 279 (7th Cir. 1986) applied the federal collateral source rule to a § 1983 action. The prevailing plaintiff in *Perry* was a deputy sheriff who had been wrongfully discharged for his political activities. On appeal, the defendant requested that the damage award be reduced by the amount of unemployment compensation the plaintiff received following his discharge. The court expressly found the collateral source rule to be applicable to § 1983. Looking to federal common law, the court noted that "[t]he purpose of the collateral source rule is not to prevent the plaintiff from being overcompensated, but rather to prevent the tortfeasor from paying twice."[1]

Other Circuits' decisions are informative and persuasive on this issue. It is established law that this Court must follow Ninth Circuit and Arizona law when determining the applicability of the collateral source rule in this case. *In re Air Crash Disaster Near Cerritos*, Cal. on Aug. 31, 1986, 982 F.2d 1271, 1277 (9th Cir. 1992) ("A

---

[1] The Perry Court cited the following in support: *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1969), and *NLRB v. Gullett Gin Co.*, 340 U.S. 361 (1951), for the applicability of the federal common law collateral source rule to § 1983 actions. *Perry*, 794 F.2d at 286.

federal court applies state law in matters involving the collateral source rule."). *Udd v. City of Phoenix*, No. CV-18-01616-PHX-DWL (D. Ariz. Mar 30, 2020). However, a review of the cases discussed herein from other Circuits show that application of the collateral source rule is proper in § 1983 cases.

Arizona follows the Collateral Source Rule in tort cases. The collateral source rule in Arizona states that if an outside source not connected to the tortfeasor makes payment to or confers benefits on an injured party, these benefits and payments cannot be credited against the tortfeasor's liability. *Lopez v. Safeway Stores, Inc.*, 212 Ariz. 198, 129 P.3d 487 (App. 2006). In other words, compensation from a collateral source does not reduce the amount of damages that a tortfeasor owes the injured party. *Hall v. Olague,* 119 Ariz. 69, 579 P.2d 575 (App. 1978). Because this Court follows Arizona law regarding collateral source, and therefore must exclude any evidence of settlement amounts received by Plaintiff from a source other than Defendants, it follows that introduction of ***any*** evidence of insurance held by, maintained, or otherwise by Plaintiff should be excluded because it would lead to complete confusion of the jury, would be highly prejudicial to Plaintiff, and would needlessly expand the proceedings that are already lengthy – at a proposed three (3) weeks for trial – especially when insurance payments are not introduced into evidence.

Accordingly, the following witnesses and exhibits should be excluded from trial:

1. Witnesses offered in the Final Joint Pretrial Order that are solely insurance related and created by or for insurance or related parties or part of the AMFAM Case: Keith Passig, Angie Passig, Joe Rezzonico, J. Logan Perrill, James F. O'Toole, Tracy Herbert, Greg Zimmerman, Mark E. Orr, Charles Bushman, Merle Favinger, Michele A. Bogdon, John Sweet.

2. Exhibits listed in the Final Joint Pretrial Order that are solely insurance related and created by or for insurance or related parties or part of the AMFAM Case: 15, 17, 20, 25, 26, 81, 82, 83, 84, 85, 87, 89, 143, 144, 145.

3. Exhibits without redactions for insurance reasons including: 13, 14, 16, 24, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162

**RESPECTFULLY SUBMITTED** this 13th day of June 2025.

**MILLS + WOODS LAW, PLLC**

By  */s/ Sean A. Woods*
Sean A. Woods
Robert T. Mills
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2025, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

James M. Jellison, Esq.
jim@jellisonlaw.com
**JELLISON LAW OFFICES, PLLC**
admin@jellisonlaw.com
18801 N Thompson Peak Parkway, Ste. D235
Scottsdale, AZ 85255
*Attorneys for Defendants David and Jane Doe Engstrom, Jacob H. Robinson, Christopher and Jane Doe Lapre, Sgt. Gragg and Jane Doe Gragg, and Rory Skedel*

   */s/ Ben Dangerfield*

4