Sean A. Woods (Arizona Bar #028930)
Robert T. Mills (Arizona Bar #018853)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| James W. Denby; *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>City of Casa Grande; *et al.*,<br><br>　　　　　　Defendants. | Case No.: 2:17-CV-00119-SPL<br><br>**PLAINTIFFS' THIRD MOTION IN LIMINE REGARDING HOMEOWNERSHIP**<br><br>(Assigned to the Hon. Steven P. Logan) |

Through counsel undersigned, Plaintiffs hereby move that any motion, argument, discussion regarding, questioning at trial regarding, or evidence regarding the standing or of Plaintiff James Denby related to home ownership or recorded deeds be prohibited at trial for the following reasons: this is an issue of law that is out of the purview of the jury; that Plaintiff is the recorded owner of the deed for the property as of December 15, 2015 and was in rightful possession of the property, had full control of the property on the day of the incident in this case, December 17, 2014, and held and maintained the insurance policy on the property; that Defendants have assented to and/or waived Plaintiff James Denby's standing through the voluminous motion practice, appeals, and discovery throughout the 3,101 days that this case has been pending so far; Plaintiff James Denby owned all of the personal property at issue; and, that even barring the preceding arguments, a simple amendment can be made to the complaint that is not prejudicial to any party.

Standing is an issue of law. *Palmdale Hills Prop., LLC v. Lehman Commercial Paper, Inc. (In re Palmdale Hills Prop., LLC)*, 654 F.3d 868, 872 (9th Cir. 2011). Federal courts "are required sua sponte to examine jurisdictional issues such as **standing,**" *Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002)) (quoting *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999)). It is undisputed that Plaintiff had full and unlimited rights to possess, use and enjoy the residence on the date Defendants destroyed it and into the unlimited future. He not only enjoyed the benefits, but also bore the burdens of ownership. Plaintiff paid the taxes. He was the named insured on the homeowner's insurance policy and paid all the premiums. He took care of all the maintenance and repairs on the property. The law is clear that even a mere tenant has a valuable interest in the leased property and can bring an action to recover for damage thereto. In *Thomas v. Goudreault*, 163 Ariz. 159, 786 P.2d 1010 (App. 1989) the Arizona Court of Appeals held that a tenant could recover damages for emotional distress from a landlord who failed to properly maintain and repair the leased property.

This Court can also find Denby has third-party standing – the technical legal title owners were Denby's sister, Elisabeth Torres, and his mother. Plaintiff's mother is now deceased. Ms. Torres will testify that it was the family's intent that Plaintiff own the residence and that his omission from the deed was an oversight. "A litigant is granted third-party standing because the tribunal recognizes that her interests are aligned with those of the party whose rights are at issue and that the litigant has a sufficiently close connection to that party to assert claims on that party's behalf. *See Coal. of Clergy, Lawyers, & Professors v. Bush,* 310 F.3d 1153, 1166 n. 1 (9th Cir.2002) (Berzon, J., concurring) ("[T]hird-party standing recognizes a wide range of relationships in which the third-parties' interests are sufficiently aligned with the interests of the rights-holder that standing is appropriate."); *Gulf Island-IV, Inc. v. Blue Streak-Gulf Is Ops,* 24 F.3d 743, 747 (5th Cir.1994); *Harris v. Evans,* 20 F.3d 1118, 1124-25 (11th Cir.1994) (en

banc) ("Courts have repeatedly emphasized that the key to third-party standing analysis is whether the interests of the litigant and the third party are properly aligned...."); *Canfield Aviation, Inc. v. Nat'l Transp. Safety Bd.,* 854 F.2d 745, 748 (5th Cir.1988); *cf. Newdow,* 542 U.S. at 15, 124 S.Ct. 2301; *Craig,* 429 U.S. at 195, 97 S.Ct. 451." *Pony v. County of Los Angeles*, 433 F.3d 1138, 1147-48 (9th Cir. 2006).

Defendants raise this issue at the eleventh hour at the final pretrial order stage. This case has been subject to dispositive motions and appeals - none of which never raised an argument or evidence regarding the homeownership of James Denby or lack thereof.[1]

As of today, the case has been pending for 3,101 days. Defendants did not even Answer the Complaint until 1,743 days into this litigation. Defendants filed four motions to dismiss, three motions for summary judgment, and four appeals. The first two consolidated appeals lasted 366 days between appeal and mandate. The second appeal lasted 425 days between appeal and mandate. The final appeal lasted 718 days between the April 28, 2023 appeal and mandate. Defendants are proposing that they will be filing a writ of certiorari. Not once have Defendants raised any standing issue related to James Denby. Defendants have never disputed the homeownership of James Denby in statements of facts, motions, or oral arguments. It should be well-established or law of the case that Jim is in reality and for purposes of this litigation, the owner of the property. Additionally, it is undisputed that Denby owned all the personal property at issue in this case.

Barring all previous arguments, a simple amendment can resolve any of these issues. Ms. Torres was an original named plaintiff in this lawsuit. Her claims were dismissed

---

[1] 161216 – Complaint filed in State of Arizona, Maricopa County Superior Court; 170117 – Doc 001 – Removal to District Court; 170619 – Doc 051 – Motion to Dismiss; 170710 - Doc 058 – Motion to Dismiss; 180501 – Doc 083 – Motion to Dismiss; 180703 – Doc 091 – Motion for Summary Judgment; 190414 – Doc 107 – Notice of Interlocutory appeal; 190429 – Doc 112 – Notice of Interlocutory appeal; 190726 – Doc 121 – Second Motion for Summary Judgment; 200414 – Doc 127 – Mandate; 200528 – Doc 129 – Motion to Dismiss; 200702 – Doc 137 – Interlocutory Appeal; 210831 – Doc 142 – Mandate; 210924 – Doc 148 – Answer; 221031 – Doc 201 – Motion for Summary Judgment; 230428 – Doc 219 – Notice of Appeal; 250415 – Doc 229 – Mandate.

*without prejudice* in this Court's March 29, 2019 Order, Doc. 106. She quitclaimed all her interest in the property to Plaintiff. She can be made an additional named Plaintiff again by means of a simple amendment to the Complaint with no prejudice to any party.

For the reasons set forth herein, Plaintiff respectfully requests that this Court grant Plaintiff's Motion in Limine Regarding Homeownership.

**RESPECTFULLY SUBMITTED** this 13th day of June 2025.

         **MILLS + WOODS LAW, PLLC**

        By */s/ Sean A. Woods*
          Sean A. Woods
          Robert T. Mills
          5055 North 12th Street, Suite 101
          Phoenix, AZ 85014
          *Attorneys for Plaintiffs*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2025, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

James M. Jellison, Esq.
jim@jellisonlaw.com
**JELLISON LAW OFFICES, PLLC**
admin@jellisonlaw.com
18801 N Thompson Peak Parkway, Ste. D235
Scottsdale, AZ 85255
*Attorneys for Defendants David and Jane Doe Engstrom, Jacob H. Robinson, Christopher and Jane Doe Lapre, Sgt. Gragg and Jane Doe Gragg, and Rory Skedel*

  /s/ Ben Dangerfield