Sean A. Woods (Arizona Bar #028930)
Robert T. Mills (Arizona Bar #018853)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| James W. Denby; *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>City of Casa Grande; *et al.*,<br><br>　　　　　　　Defendants. | Case No.: 2:17-CV-00119-SPL<br><br>**JOINT PROPOSED VOIR DIRE**<br><br>(Assigned to the Hon. Steven P. Logan) |

**CIVIL VOIR DIRE QUESTIONS**

1. Statement of the Case

    a.    Have any of you read or heard anything about this case from any source whatsoever?

    b.    Given this brief description of the facts, is there anything about this case that would cause you to believe that you could not consider the evidence fairly and impartially according to the law?

2. Plaintiff(s)

    a. Plaintiff and Plaintiff's Counsel please stand.

    b. The Plaintiff in this case is Name. Plaintiff is represented by Firm.

c. Do any of you know these individuals on any basis, social, professional or otherwise?

d. Do any of you know any of the employees in counsel's office on any basis, social, professional or otherwise?

e. (If Plaintiff is a business) Have any of you ever had a business or employment relationship of any kind with Plaintiff?

3. Defendant(s)

a. Defendant and Defendant's Counsel please stand.

b. The Defendant in this case is Name. Defendant is represented by Firm.

c. Do any of you know these individuals on any basis, social, professional or otherwise?

d. Do any of you know any of the employees in counsel's office on any basis, social, professional or otherwise?

e. (If Defendant is a business) Have any of you ever had a business or employment relationship of any kind with Defendant?

4. Jurors

a. Did anyone among this jury panel know each other, or work together or serve on jury panels together before assembling here today?

5. Time Qualify & Hardship

a. I expect to conduct trial on these dates and times:

b. Would the length of the trial create an undue hardship for any of you?

    c.    Does anyone have any problem with vision, hearing, or anything that would cause you to have difficulty from observing and sitting for long periods of time?

    d.    Do any of you have any other physical difficulty, health problems, or home problems that might interfere with your ability to serve as a juror in this case?

6. Witnesses and Third Parties

    a.    During the trial of this case, witnesses may be called to testify on behalf of the parties. Do any of you know or have you ever heard of any of these people?

James W. Denby
Peggy Huff
William Denby
Jon Passey
Mark R. Hafkey
Benjamyn Marks
Tim Tipton
Joanna Wilson
Abram Ochoa
David Engstrom
Christopher Lapre
Brian Gragg
Rory Skedel
Jacob H. Robinson
Keith Passig
Joe Rezzonico
Nathan Auvenshine
Ross Frazier
Adela Castillo
J. Logan Perrill
James F. O'Toole
Tracy Herbert
Elizabeth Torres
Garric Berry
Christopher Fox
Kent Horn

3

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

Francisco Lujan
Mark McCabe
JJ Ybarra
Brian Walsh
Christopher Western
Michael Wilson
Greg Zimmerman
Mark Lamb
Paul Babeu
Merle C. Favinger
John Koester
Jared Rowell
David Spiegel
Wade Sticht
Mark E. Orr
Michele A. Bogdon
John Sweet

    b.    Do any of you know or have you ever heard of any of these people?

    c.    (If response is yes) Would your knowledge or experience with any of these parties or organizations affect your ability to serve fairly and impartially in this case?

7. Prior Litigation & Relevant Past

    a.    Have any of you or members of your family been a party or witness in any litigation (excluding domestic relations, traffic, or probate)?

8. Legal Knowledge and Application

    a.    This is a civil case which is to be decided by the preponderance of the evidence. This is different from a criminal case where the government has to prove its case beyond a reasonable doubt. Does anyone have a problem applying a lower burden of proof than used in a criminal case?

    b.    Do any of you or any of the members of your family have any legal training?

    c.    I will instruct you on the law at the conclusion of the case. If selected as a juror, you will take an oath to follow the law. Do any of you think you would have trouble following the law if you disagree with it?

    d.    If selected as a juror, would any of you have trouble rendering a verdict based solely on the evidence presented during the trial, setting aside any personal beliefs, opinions, or biases you might have?

    e.    Do any of you have strong feelings either for or against a party who brings a lawsuit?

9. Easel Questions

    a.    Starting with Juror Number One, please stand and answer the questions.

        (1) Juror number

        (2) The general location of your residence

        (3) Length of time at current residence

        (4) Education after high school, if any. State your major

        (5) Marital status

        (6) Number of children. Ages of children if under 18

        (7) Employment

            Yourself – current job and types of jobs throughout lifetime

            Spouse – current job and types of jobs throughout lifetime

        (8) Prior jury service – civil or criminal

10. Final Questions

    a.    Does anyone have any other reason whatsoever that they believe will preclude him or her from serving as a fair and impartial juror in this case?

    b.    Counsel for Plaintiff, do you have any further questions at this time?[1]

    c.    Counsel for Defendant, do you have any further questions at this time?

11. Private Questions

    a.    If a juror wishes to answer a question privately, he or she will be requested, by number, to remain in the courtroom during recess.

12. Parties' Additional Voir Dire

1.    Plaintiff proposed additional VOIR DIRE questions

    a.  (*) Does anyone work for a law enforcement organization or have a family member or close friend who is employed by a law enforcement organization?

    b.  (*) Has anyone been arrested or had a family member or close friend arrested by a law enforcement officer that did not result in a prosecution or litigation?

    ***Defendants' Objection***: This matter does not include the arrest, prosecution, or other government-initiated litigation of the parties and, therefore, does not provide information reasonably calculated to uncover information relevant to the jurors' qualifications to decide the facts of this case. Additionally, the term "close friend" is ambiguous and the actions related to friends is too remote to provide information reasonably calculated to uncover information relevant to the jurors' qualifications to decide the facts of this case.

    c.  (*) Has anyone had their or had a family member's or close friend's property, vehicle, or body searched by a law enforcement officer?

    ***Defendants' Objection***: This matter does not include the vehicle or bodily search of a party and, therefore, does not provide information reasonably

---

[1] At this stage, the parties may only ask follow-up questions to the responses generated by the jurors. In other words, counsel may not propound new questions to the entire panel (e.g., "do any of you" or "has anyone…"). If there are new questions to be addressed that not were previously submitted to the Court, the parties may request permission by sidebar.

calculated to uncover information relevant to the jurors' qualifications to decide the facts of this case. The above question should be limited a property search. Additionally, the term "close friend" is ambiguous and the actions related to friends is too remote to provide information reasonably calculated to uncover information relevant to the jurors' qualifications to decide the facts of this case.

    d. (*) Has anyone been in a situation or had a family member or close friend report a situation wherein you or they believed their constitutional rights were violated?

       ***Defendants' Objection***: This question is vague as to "constitutional rights [that] were violated and  , therefore, does not provide information reasonably calculated to uncover information relevant to the jurors' qualifications to decide the facts of this case. Additionally, the term "close friend" is ambiguous and the actions related to friends is too remote to provide information reasonably calculated to uncover information relevant to the jurors' qualifications to decide the facts of this case.

    e. (*) Has anyone, your family member, or close friend had to make a claim against a governmental agency?

    f. (*) Do you believe that law enforcement officers should be completely immune from liability for any actions performed in the line of duty?

       ***Defendants' Objection***: The juror does not decide issues of immunity from liability and, therefore, the question does not provide information reasonably calculated to uncover information relevant to the jurors' qualifications to decide the facts of this case.

2. Defendants' proposed supplemental voir dire :

    a. (*) Has anyone here, or any of your family members, ever had their property searched by police?

    b. (*) Does anyone here hold strong opinions about law enforcement officers that you believe would affect your ability to be fair and impartial?

    c. (*) Have you or any member of your family made a complaint against any law enforcement officer.

    d. (*) Has anybody here called the police for assistance?

    e. (*) Is there anyone here who is against a police officer's use of force under any circumstances?

7

*Plaintiff's Objection*: An officer's use of force "under any circumstances" is not at issue in this case. The question is confusing and does not provide information reasonably calculated to uncover information relevant to the jurors' qualifications to decide the facts of this case.

f.  (*) Is there anyone here who has strong feelings, one way or the other, about the use of SWAT (also known as Special Weapons and Tactics) by police agencies when dealing with suspects who are believed to be dangerous?

*Plaintiff's Objection*: This question is too vague and lacking in information to be reasonably calculated to uncover information relevant to the jurors' qualifications to decide the facts of this case. It does not adequately define circumstances in which SWAT is deployed. The phrase "when dealing with suspects who are believed to be dangerous" is vague and overly broad.

**RESPECTFULLY SUBMITTED** this 13th day of June 2025.

**MILLS + WOODS LAW, PLLC**

By  */s/ Sean A. Woods*
　　Sean A. Woods
　　Robert T. Mills
　　5055 North 12th Street, Suite 101
　　Phoenix, AZ 85014
　　*Attorneys for Plaintiffs*

**JELLISON LAW OFFICES, PLLC**

By  */s/ James M. Jellison (w/ permission)*
　　James M. Jellison
　　18801 N Thompson Peak Parkway
　　Ste. D235
　　Scottsdale, AZ 85255
　　*Attorneys for Defendants David and Jane Doe Engstrom, Jacob H. Robinson, Christopher and Jane Doe Lapre, Sgt. Gragg and Jane Doe Gragg, and Rory Skedel*

# CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2025, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

James M. Jellison, Esq.
jim@jellisonlaw.com
**JELLISON LAW OFFICES, PLLC**
admin@jellisonlaw.com
18801 N Thompson Peak Parkway, Ste. D235
Scottsdale, AZ 85255
*Attorneys for Defendants David and Jane Doe Engstrom, Jacob H. Robinson, Christopher and Jane Doe Lapre, Sgt. Gragg and Jane Doe Gragg, and Rory Skedel*

        /s/ Ben Dangerfield