# PLAINTIFFS' PROPOSED VERDICT FORM
# FOURTH AMENDMENT
# UNREASONABLE SEARCH AND SEIZURE

With respect to Plaintiff's claim that Defendant David Engstrom violated Plaintiffs **Fourth Amendment Rights – Unreasonable Search and Seizure**, we the jury, duly empaneled and sworn in the above-entitled action, unanimously find in favor of: (mark one line)

James Denby       _____

David Engstrom    _____

[If you find in favor of James Denby, please continue on this page.  If you did not find in favor of James Denby, please go to the next page].

We, the jury, do hereby find James Denby's compensatory damages to be: $_____. [If only nominal damages are awarded, they cannot exceed $1.00].

We, the jury, do hereby find punitive damages to be appropriate on this claim and award punitive damages against this Defendant on his claim in the amount of: $_____. [If no punitive damages are awarded, leave blank].

By: _____
Presiding Juror Number

Date: _____

**DEFENDANTS' OBJECTION:**
**The law of the case, as detailed by the Ninth Circuit at DktEntry 40 is that Denby has two remaining claims: "(1) that Defendants violated his Fourth and Fourteenth Amendment rights by using *unnecessary force* when executing a search warrant *resulting in the destruction of property*, and (2) that Defendant violated his constitutional rights because they had an opportunity to intercede to stop the *destruction of his property*, but failed to do so."  DktEntry 40, pg. 2 (emphasis added). Plaintiff's proposed verdict forms, and his jury instructions on the case elements, seek**

**to expand this case beyond what the Ninth Circuit has recognized it to be – a case of Fourth Amendment excessive force resulting in property destruction and failure to intercede to stop the destruction of property. Accordingly, Defendants offer verdict forms that focus on the remaining claims as recognized by the Ninth Circuit Court of Appeals. The failure to intercede claims can be addressed by Defendants' verdict forms in the context of deciding whether each individual Defendant engaged in conduct that resulted in the Fourth Amendment unreasonable destruction of property.**

# PLAINTIFFS' PROPOSED VERDICT FORM
# FOURTH AMENDMENT
# UNREASONABLE SEARCH AND SEIZURE

With respect to Plaintiff's claim that Defendant Rory Skedel violated Plaintiffs **Fourth Amendment Rights – Unreasonable Search and Seizure**, we the jury, duly empaneled and sworn in the above-entitled action, unanimously find in favor of: (mark one line)

    James Denby              _____

    David Engstrom       _____

[If you find in favor of James Denby, please continue on this page. If you did not find in favor of James Denby, please go to the next page].

We, the jury, do hereby find James Denby's compensatory damages to be: $_____. [If only nominal damages are awarded, they cannot exceed $1.00].

We, the jury, do hereby find punitive damages to be appropriate on this claim and award punitive damages against this Defendant on his claim in the amount of: $_____. [If no punitive damages are awarded, leave blank].

By: _____
     Presiding Juror Number

Date: _____

**DEFENDANTS' OBJECTION:**
**The law of the case, as detailed by the Ninth Circuit at DktEntry 40 is that Denby has two remaining claims: "(1) that Defendants violated his Fourth and Fourteenth Amendment rights by using *unnecessary force* when executing a search warrant *resulting in the destruction of property*, and (2) that Defendant violated his constitutional rights because they had an opportunity to intercede to stop the *destruction of his property*, but failed to do so." DktEntry 40, pg. 2 (emphasis added). Plaintiff's proposed verdict forms, and his jury instructions on the case elements, seek**

**to expand this case beyond what the Ninth Circuit has recognized it to be – a case of Fourth Amendment excessive force resulting in property destruction and failure to intercede to stop the destruction of property. Accordingly, Defendants offer verdict forms that focus on the remaining claims as recognized by the Ninth Circuit Court of Appeals. The failure to intercede claims can be addressed by Defendants' verdict forms in the context of deciding whether each individual Defendant engaged in conduct that resulted in the Fourth Amendment unreasonable destruction of property.**

# PLAINTIFFS' PROPOSED VERDICT FORM
# FOURTH AMENDMENT
# UNREASONABLE SEARCH AND SEIZURE

With respect to Plaintiff's claim that Defendant Christopher Lapre violated Plaintiffs **Fourth Amendment Rights – Unreasonable Search and Seizure**, we the jury, duly empaneled and sworn in the above-entitled action, unanimously find in favor of: (mark one line)

James Denby        _____

David Engstrom    _____

[If you find in favor of James Denby, please continue on this page. If you did not find in favor of James Denby, please go to the next page].

We, the jury, do hereby find James Denby's compensatory damages to be: $_____. [If only nominal damages are awarded, they cannot exceed $1.00].

We, the jury, do hereby find punitive damages to be appropriate on this claim and award punitive damages against this Defendant on his claim in the amount of: $_____. [If no punitive damages are awarded, leave blank].

By: _____
Presiding Juror Number

Date: _____

**DEFENDANTS' OBJECTION:**
**The law of the case, as detailed by the Ninth Circuit at DktEntry 40 is that Denby has two remaining claims: "(1) that Defendants violated his Fourth and Fourteenth Amendment rights by using *unnecessary force* when executing a search warrant *resulting in the destruction of property*, and (2) that Defendant violated his constitutional rights because they had an opportunity to intercede to stop the *destruction of his property*, but failed to do so." DktEntry 40, pg. 2 (emphasis added). Plaintiff's proposed verdict forms, and his jury instructions on the case elements, seek**

**to expand this case beyond what the Ninth Circuit has recognized it to be – a case of Fourth Amendment excessive force resulting in property destruction and failure to intercede to stop the destruction of property.   Accordingly, Defendants offer verdict forms that focus on the remaining claims as recognized by the Ninth Circuit Court of Appeals.   The failure to intercede claims can be addressed by Defendants' verdict forms in the context of deciding whether each individual Defendant engaged in conduct that resulted in the Fourth Amendment unreasonable destruction of property.**

# PLAINTIFFS' PROPOSED VERDICT FORM
# FOURTH AMENDMENT
# UNREASONABLE SEARCH AND SEIZURE

With respect to Plaintiff's claim that Defendant Brian Gragg violated Plaintiffs **Fourth Amendment Rights – Unreasonable Search and Seizure**, we the jury, duly empaneled and sworn in the above-entitled action, unanimously find in favor of: (mark one line)

James Denby           _____

David Engstrom       _____

[If you find in favor of James Denby, please continue on this page.  If you did not find in favor of James Denby, please go to the next page].

We, the jury, do hereby find James Denby's compensatory damages to be: $_____. [If only nominal damages are awarded, they cannot exceed $1.00].

We, the jury, do hereby find punitive damages to be appropriate on this claim and award punitive damages against this Defendant on his claim in the amount of: $_____. [If no punitive damages are awarded, leave blank].

By: _____
     Presiding Juror Number

Date: _____

**DEFENDANTS' OBJECTION:**
**The law of the case, as detailed by the Ninth Circuit at DktEntry 40 is that Denby has two remaining claims: "(1) that Defendants violated his Fourth and Fourteenth Amendment rights by using *unnecessary force* when executing a search warrant *resulting in the destruction of property*, and (2) that Defendant violated his constitutional rights because they had an opportunity to intercede to stop the *destruction of his property*, but failed to do so."  DktEntry 40, pg. 2 (emphasis added). Plaintiff's proposed verdict forms, and his jury instructions on the case elements, seek**

**to expand this case beyond what the Ninth Circuit has recognized it to be – a case of Fourth Amendment excessive force resulting in property destruction and failure to intercede to stop the destruction of property. Accordingly, Defendants offer verdict forms that focus on the remaining claims as recognized by the Ninth Circuit Court of Appeals. The failure to intercede claims can be addressed by Defendants' verdict forms in the context of deciding whether each individual Defendant engaged in conduct that resulted in the Fourth Amendment unreasonable destruction of property.**

# PLAINTIFFS' PROPOSED VERDICT FORM
# FOURTH AMENDMENT
# UNREASONABLE SEARCH AND SEIZURE

With respect to Plaintiff's claim that Defendant Jacob H. Robinson violated Plaintiffs **Fourth Amendment Rights – Unreasonable Search and Seizure**, we the jury, duly empaneled and sworn in the above-entitled action, unanimously find in favor of: (mark one line)

    James Denby          _____

    David Engstrom      _____

[If you find in favor of James Denby, please continue on this page. If you did not find in favor of James Denby, please go to the next page].

We, the jury, do hereby find James Denby's compensatory damages to be: $_____. [If only nominal damages are awarded, they cannot exceed $1.00].

We, the jury, do hereby find punitive damages to be appropriate on this claim and award punitive damages against this Defendant on his claim in the amount of: $_____. [If no punitive damages are awarded, leave blank].

By: _____
      Presiding Juror Number

Date: _____

**DEFENDANTS' OBJECTION:**
**The law of the case, as detailed by the Ninth Circuit at DktEntry 40 is that Denby has two remaining claims: "(1) that Defendants violated his Fourth and Fourteenth Amendment rights by using *unnecessary force* when executing a search warrant *resulting in the destruction of property*, and (2) that Defendant violated his constitutional rights because they had an opportunity to intercede to stop the *destruction of his property*, but failed to do so." DktEntry 40, pg. 2 (emphasis added). Plaintiff's proposed verdict forms, and his jury instructions on the case elements, seek**

**to expand this case beyond what the Ninth Circuit has recognized it to be – a case of Fourth Amendment excessive force resulting in property destruction and failure to intercede to stop the destruction of property. Accordingly, Defendants offer verdict forms that focus on the remaining claims as recognized by the Ninth Circuit Court of Appeals. The failure to intercede claims can be addressed by Defendants' verdict forms in the context of deciding whether each individual Defendant engaged in conduct that resulted in the Fourth Amendment unreasonable destruction of property.**

# DEFENDANTS' PROPOSED VERDICT FORM
# FOURTH AMENDMENT
# EXCESSIVE FORCE IN SEARCH OF PROPERTY

With respect to Plaintiff's claim that Defendant David Engstrom violated the **Fourth Amendment – Excessive Force In Search of Property**, we the jury, duly empaneled and sworn in the above-entitled action, unanimously find in favor of: (mark one line)

James Denby                   _____

David Engstrom              _____

[If you find in favor of James Denby, please continue on this page.  If you did not find in favor of James Denby, please go to the next page].

We, the jury, do hereby find James Denby's compensatory damages to be: $_____.  [If only nominal damages are awarded, they cannot exceed $1.00].

We, the jury, do hereby find punitive damages to be appropriate on this claim and award punitive damages against this Defendant on his claim in the amount of: $_____.  [If no punitive damages are awarded, leave blank].[1]

By: _____
    Presiding Juror Number

Date: _____

**PLAINTIFFS OBJECTION:**
**The claim in this case is for unreasonable search and seizure. While excessive force is a consideration, the necessity for the actions or the unreasonableness of the actions taken by Defendants is the question for the jury.**

---

[1] By inserting a punitive damages option on the verdict forms, Defendants do not concede that the facts of this case will support a punitive damages instruction, or that punitive damages are appropriate for the final verdict form.

# DEFENDANTS' PROPOSED VERDICT FORM
# FOURTH AMENDMENT
# EXCESSIVE FORCE IN SEARCH OF PROPERTY

With respect to Plaintiff's claim that Defendant Brian Gragg violated the **Fourth Amendment – Excessive Force In Search of Property**, we the jury, duly empaneled and sworn in the above-entitled action, unanimously find in favor of: (mark one line)

James Denby          _____

Brian Gragg          _____

[If you find in favor of James Denby, please continue on this page. If you did not find in favor of James Denby, please go to the next page].

We, the jury, do hereby find James Denby's compensatory damages to be: $_____. [If only nominal damages are awarded, they cannot exceed $1.00].

We, the jury, do hereby find punitive damages to be appropriate on this claim and award punitive damages against this Defendant on his claim in the amount of: $_____. [If no punitive damages are awarded, leave blank].

By: _____
    Presiding Juror Number

Date: _____

**PLAINTIFFS OBJECTION:**
**The claim in this case is for unreasonable search and seizure. While excessive force is a consideration, the necessity for the actions or the unreasonableness of the actions taken by Defendants is the question for the jury.**

# DEFENDANTS' PROPOSED VERDICT FORM
# FOURTH AMENDMENT
## EXCESSIVE FORCE IN SEARCH OF PROPERTY

With respect to Plaintiff's claim that Defendant Christopher Lapre violated the **Fourth Amendment – Excessive Force In Search of Property**, we the jury, duly empaneled and sworn in the above-entitled action, unanimously find in favor of: (mark one line)

James Denby           _____

Christopher Lapre     _____

[If you find in favor of James Denby, please continue on this page.  If you did not find in favor of James Denby, please go to the next page].

We, the jury, do hereby find James Denby's compensatory damages to be: $_____. [If only nominal damages are awarded, they cannot exceed $1.00].

We, the jury, do hereby find punitive damages to be appropriate on this claim and award punitive damages against this Defendant on his claim in the amount of: $_____. [If no punitive damages are awarded, leave blank].

By: _____
Presiding Juror Number

Date: _____

**PLAINTIFFS OBJECTION:**
**The claim in this case is for unreasonable search and seizure. While excessive force is a consideration, the necessity for the actions or the unreasonableness of the actions taken by Defendants is the question for the jury.**

# DEFENDANTS' PROPOSED VERDICT FORM
# FOURTH AMENDMENT
# EXCESSIVE FORCE IN SEARCH OF PROPERTY

With respect to Plaintiff's claim that Defendant Jacob Robinson violated the **Fourth Amendment – Excessive Force In Search of Property**, we the jury, duly empaneled and sworn in the above-entitled action, unanimously finds in favor of: (mark one line)

James Denby          _____

Jacob Robinson       _____

[If you find in favor of James Denby, please continue on this page. If you did not find in favor of James Denby, please go to the next page].

We, the jury, do hereby find James Denby's compensatory damages to be: $_____. [If only nominal damages are awarded, they cannot exceed $1.00].

We, the jury, do hereby find punitive damages to be appropriate on this claim and award punitive damages against this Defendant on his claim in the amount of: $_____. [If no punitive damages are awarded, leave blank].

By: _____
    Presiding Juror Number

Date: _____

**PLAINTIFFS OBJECTION:**
**The claim in this case is for unreasonable search and seizure. While excessive force is a consideration, the necessity for the actions or the unreasonableness of the actions taken by Defendants is the question for the jury.**

# DEFENDANTS' PROPOSED VERDICT FORM
# FOURTH AMENDMENT
# EXCESSIVE FORCE IN SEARCH OF PROPERTY

With respect to Plaintiff's claim that Defendant Rory Skedel violated the **Fourth Amendment – Excessive Force In Search of Property**, we the jury, duly empaneled and sworn in the above-entitled action, unanimously find in favor of: (mark one line)

James Denby          _____

Rory Skedel          _____

[If you find in favor of James Denby, please continue on this page.  If you did not find in favor of James Denby, please go to the next page].

We, the jury, do hereby find James Denby's compensatory damages to be: $_____. [If only nominal damages are awarded, they cannot exceed $1.00].

We, the jury, do hereby find punitive damages to be appropriate on this claim and award punitive damages against this Defendant on his claim in the amount of: $_____. [If no punitive damages are awarded, leave blank].

By: _____
     Presiding Juror Number

Date: _____

**PLAINTIFFS OBJECTION:**
**The claim in this case is for unreasonable search and seizure. While excessive force is a consideration, the necessity for the actions or the unreasonableness of the actions taken by Defendants is the question for the jury.**