**2JELLISON LAW OFFICES, PLLC**
18801 North Thompson Peak Parkway
Suite D-235
Scottsdale, Arizona 85255
Telephone: 480.659.4244
JAMES M. JELLISON, ESQ., #012763
E: jim@jellisonlaw.com
E: admin@jellisonlaw.com
  *Counsel for Defendants David and Jane Doe Engstrom, Jacob H. Robinson, Christopher and Jane Doe Lapre, Sgt. Gragg and Jane Doe Gragg, Rory Skedel (collectively the "Defendants")*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE STATE OF ARIZONA**

| | |
|---|---|
| James W. Denby,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>City of Casa Grande, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. CV-17-00119-PHX-SPL<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST MOTION IN LIMINE REGARDING OCHOA'S CRIMINAL RECORDS**<br><br>[Doc. 238] |

　　　　Defendants David and Jane Doe Engstrom, Jacob H. Robinson, Christopher and Jane Doe Lapre, Sgt. Gragg and Jane Doe Gragg, Rory Skedel (the "Defendants"), by and through counsel undersigned, hereby submit their Response to Plaintiff's First Motion in Limine regarding Ochoa's Criminal Records (Doc. 238) by opposing said Motion and requesting that it be denied.

　　　　LRCiv. 7.2(l) provides that "[n]o opposed motion in limine will be *considered* or *decided* unless moving counsel certifies therein that the movant has in good faith conferred or attempted to confer with the opposing party or counsel in an effort to resolve disputed evidentiary issues that are the subject of the motion." (emphasis added). In *Ortiz v. Fluor Enters. Inc.*, No. CV-17-00325-TUC-JAS, 2020 WL 13460842, at *10 (D. Ariz. Nov. 30,

2020), this court held that "the parties must confer prior to the filing of a motion in limine to determine whether it can be avoided . . . [m]otions in limine must be accompanied by a notice of certification of conferral." LRCiv. 7.2(l) is mandatory in its language. No opposed motion in limine "will be *considered* or *decided*" absent a conferral or attempt to confer "in an effort to resolve disputed evidentiary issues that are the subject of the motion." Parties are to be familiar with, and follow, this Court's Local Rules. *See Leffers v. Amazon, Inc.*, No. CV-20-00974-PHX-DGC, 2020 WL 8834780, at *1 (D. Ariz. June 10, 2020) (explaining that even pro se litigants must follow the Local Rules) (citations omitted);[1] *see also, Freeman v. United States*, No. CV-15-08293-PCT-SPL, 2017 WL 6415381, at *1 (D. Ariz. Apr. 28, 2017) ("[t]he district court also has the inherent power to dismiss a case for failure to prosecute, for failure to comply with court orders, or for failure to follow the local rules).

Here, Plaintiff's Motion in Limine Re: Ochoa's Criminal Records contains no certification that the mandatory LRCiv. 7.2(l) conferral occurred, or was attempted. This is because no conferral occurred, or was attempted, despite the fact that the parties were actively communicating over the various joint documents required for submittal in anticipation of the July 8, 2025 final pretrial conference.[2]

A "motion in limine" is a pretrial request that certain inadmissible evidence not be referred to or offered at trial. *See* Black's Law Dictionary (10th ed. 2014) (defining a "motion in limine" as a "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial"); *Wilshire Ins. Co. v. Yager*, 348 F. Supp. 3d 931, 943 (D. Ariz. 2018), aff'd, 816 F. App'x 224 (9th Cir. 2020). "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant

---

[1] The Local Rules are available in the Clerk's office and online at http://www.azd.uscourts.gov/local-rules.

[2] Indeed, Defendants played by the Local Rules and, in the absence of a conferral over evidentiary issues submit to a contemplated motion in limine, did not file an LRCiv. 7.2(l) motion. Parties following the rules should not be penalized at the expense of those that do not.

to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 40 n.4 (1984). Motions in limine "allow parties to resolve evidentiary disputes ahead of trial, without first having to present potentially prejudicial evidence in front of a jury." *Brodit v. Cabra*, 350 F.3d 985, 1004–05 (9th Cir. 2003) (citations omitted). Generally, motions in limine that seek exclusion of broad and unspecific categories of evidence are disfavored. *See Sperberg v. Goodyear Tire and Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Moreover, "[a] motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 (9th Cir. 2013), aff'd, 135 S. Ct. 907, 190 L. Ed. 2d 800 (2015) (citing *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 968 (9th Cir. 2001)).

The requirements of LRCiv. 7.2(l) demanding conferral are not mere "window dressing," but provide the opportunity for the parties to navigate the above principles in light of the subject matter of the particular motion in limine. Indeed, had Plaintiff engaged in the conferral process regarding the motion in limine regarding Ochoa's past criminal history, the process would have allowed the parties to discuss such central issues as 1) what each law enforcement witness knew about Ochoa's history and whether it came from the identified exhibits or some other source; 2) which law enforcement witnesses are actually familiar with the Ochoa criminal history exhibits; 3) the relevance of the criminal history to establish Ochoa as an immediate threat and/or flight risk; or 4) whether the exhibits are useful to refresh recollection. The fact is, Plaintiff did not take a single deposition of any Pinal County, Casa Grande, or Regional SWAT member during discovery. Plaintiff has no idea what Ochoa criminal records were available to any particular law enforcement witness, and simply because the search warrant affiant may not have included Ochoa's past criminal history in as much detail as others were aware of, does not merit the exclusion of 28 exhibits. Accordingly, Plaintiff simply seeks the sweeping exclusion of large amounts of evidence before the trial begins, before witnesses start to testify, and asks this Court to do so when the Plaintiff lacks the information to know what each law enforcement official

knew about Ochoa, and what the source of that knowledge was – all of this, of course, in complete violation of LRCiv. 7.2(l) which requires a conferral before this court can even *consider,* much less *decide,* the motion in limine.

      For the foregoing reasons, the Court should deny Plaintiff's Motion in Limine to exclude records related to Ochoa's criminal history.

      RESPECTFULLY SUBMITTED this 20th day of June, 2025.

                             JELLISON LAW OFFICES, PLLC

                             s/ *James M. Jellison*
                              James M. Jellison, Esq.
                              *Counsel for Defendants*

**CERTIFICATE OF FILING & SERVICE**

I hereby certify that on June 20, 2025. I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing with service on the following registrants, or by mail if not a registrant:

Sean A. Woods, Esq.
Robert T. Mills, Esq.
MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
T: 480.999.4556
E: docket@millsandwoods.com
E: swoods@millsandwoods.com
   *Counsel for Plaintiff*

By: s/ *Rebecca L. Craft*

5