**JELLISON LAW OFFICES, PLLC**
18801 North Thompson Peak Parkway
Suite D-235
Scottsdale, Arizona 85255
Telephone: 480.659.4244
JAMES M. JELLISON, ESQ., #012763
E: jim@jellisonlaw.com
E: admin@jellisonlaw.com
  *Counsel for Defendants David and Jane Doe Engstrom, Jacob H. Robinson, Christopher and Jane Doe Lapre, Sgt. Gragg and Jane Doe Gragg, Rory Skedel (collectively the "Defendants")*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE STATE OF ARIZONA**

| | |
|---|---|
| James W. Denby, | Case No. CV-17-00119-PHX-SPL |
| Plaintiff, | **DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND MOTION IN LIMINE REGARDING INSURANCE** |
| v. | |
| City of Casa Grande, et al., | [Doc. 239] |
| Defendants. | |

Defendants David and Jane Doe Engstrom, Jacob H. Robinson, Christopher and Jane Doe Lapre, Sgt. Gragg and Jane Doe Gragg, Rory Skedel (the "Defendants"), by and through counsel undersigned, hereby submit their Response to Plaintiff's Second Motion in Limine regarding Insurance (Doc. 239) by opposing said Motion and requesting that it be denied.

LRCiv. 7.2(l) provides that "[n]o opposed motion in limine will be *considered* or *decided* unless moving counsel certifies therein that the movant has in good faith conferred or attempted to confer with the opposing party or counsel in an effort to resolve disputed evidentiary issues that are the subject of the motion." (emphasis added). In *Ortiz v. Fluor Enters. Inc.*, No. CV-17-00325-TUC-JAS, 2020 WL 13460842, at *10 (D. Ariz. Nov. 30, 2020), this court held that "the parties must confer prior to the filing of a motion in limine

to determine whether it can be avoided . . . [m]otions in limine must be accompanied by a notice of certification of conferral." LRCiv. 7.2(l) is mandatory in its language. No opposed motion in limine "will be *considered* or *decided*" absent a conferral or attempt to confer "in an effort to resolve disputed evidentiary issues that are the subject of the motion." Parties are to be familiar with, and follow, this Court's Local Rules. *See Leffers v. Amazon, Inc.*, No. CV-20-00974-PHX-DGC, 2020 WL 8834780, at *1 (D. Ariz. June 10, 2020) (explaining that even pro se litigants must follow the Local Rules) (citations omitted);[1] *see also, Freeman v. United States*, No. CV-15-08293-PCT-SPL, 2017 WL 6415381, at *1 (D. Ariz. Apr. 28, 2017) ("[t]he district court also has the inherent power to dismiss a case for failure to prosecute, for failure to comply with court orders, or for failure to follow the local rules).

Here, Plaintiff's Motion in Limine Re: Insurance contains no certification that the mandatory LRCiv. 7.2(l) conferral occurred, or was attempted. This is because no conferral occurred, or was attempted, despite the fact that the parties were actively communicating over the various joint documents required for submittal in anticipation of the July 8, 2025 final pretrial conference.[2]

A "motion in limine" is a pretrial request that certain inadmissible evidence not be referred to or offered at trial. *See* Black's Law Dictionary (10th ed. 2014) (defining a "motion in limine" as a "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial"); *Wilshire Ins. Co. v. Yager*, 348 F. Supp. 3d 931, 943 (D. Ariz. 2018), aff'd, 816 F. App'x 224 (9th Cir. 2020). "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United*

---

[1] The Local Rules are available in the Clerk's office and online at http://www.azd.uscourts.gov/local-rules.

[2] Indeed, Defendants played by the Local Rules and, in the absence of a conferral over evidentiary issues for a contemplated motion in limine, did not file an LRCiv. 7.2(l) motion. Parties following the rules should not be penalized over those that do not.

*States*, 469 U.S. 38, 40 n.4 (1984). Motions in limine "allow parties to resolve evidentiary disputes ahead of trial, without first having to present potentially prejudicial evidence in front of a jury." *Brodit v. Cabra*, 350 F.3d 985, 1004–05 (9th Cir. 2003) (citations omitted). Generally, motions in limine that seek exclusion of broad and unspecific categories of evidence are disfavored. *See Sperberg v. Goodyear Tire and Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Moreover, "[a] motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 (9th Cir. 2013), aff'd, 135 S. Ct. 907, 190 L. Ed. 2d 800 (2015) (citing *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 968 (9th Cir. 2001)).

The requirements of LRCiv. 7.2(l) demanding conferral are not mere "window dressing," but provide the opportunity for the parties to navigate the above principles in light of the subject matter of the particular motion in limine. Indeed, had Plaintiff engaged in the conferral process regarding the motion in limine regarding insurance, the process would have allowed the parties to discuss such central issues as 1) whether the collateral rule issue applies to insurance payments where Defendants' purpose is to show that Plaintiff could have repaired his residence in 2015 instead of now seeking a complete replacement home; 2) whether any issue of insurance payments to Plaintiff can be dealt with through a special jury instruction; and 3) whether the jury is entitled to know that Plaintiff hired a contractor to remediate the alleged damage to his home, and then failed to pay the contractor for the work because he decided to sue his carrier and the current Defendants for money to build a new home instead. Additionally, instead of laser-focused requests to exclude certain evidence, Plaintiff generally seeks the wholesale exclusion of 12 witnesses and 36 exhibits because, although related to early remediation efforts that Plaintiff rejected (despite his duty to reasonably mitigate his damages), *may* bear some connection to his insurance dispute. Even as to this last point, a conferral may have resulted in a solution to that perceived problem.

For the foregoing reasons, the Court should deny Plaintiffs' Second Motion in

Limine Regarding Insurance.

    RESPECTFULLY SUBMITTED this 20th day of June, 2025.

                                          JELLISON LAW OFFICES, PLLC

                                          s/ *James M. Jellison*
                                            James M. Jellison, Esq.
                                            *Counsel for Defendants*

## CERTIFICATE OF FILING & SERVICE

I hereby certify that on June 20, 2025. I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing with service on the following registrants, or by mail if not a registrant:

Sean A. Woods, Esq.
Robert T. Mills, Esq.
MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
T: 480.999.4556
E: docket@millsandwoods.com
E: swoods@millsandwoods.com
 *Counsel for Plaintiff*


By: s/ *Rebecca L. Craft*