**JELLISON LAW OFFICES, PLLC**
18801 North Thompson Peak Parkway
Suite D-235
Scottsdale, Arizona 85255
Telephone: 480.659.4244
JAMES M. JELLISON, ESQ., #012763
E: jim@jellisonlaw.com
E: admin@jellisonlaw.com
  *Counsel for Defendants David and Jane Doe Engstrom, Jacob H. Robinson, Christopher and Jane Doe Lapre, Sgt. Gragg and Jane Doe Gragg, Rory Skedel (collectively the "Defendants")*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE STATE OF ARIZONA

| | |
|---|---|
| James W. Denby, | Case No. CV-17-00119-PHX-SPL |
| Plaintiff, | **DEFENDANTS' RESPONSE TO PLAINTIFF'S THIRD MOTION IN LIMINE REGARDING HOMEOWNERSHIP** |
| v. | |
| City of Casa Grande, et al., | [Doc. 240] |
| Defendants. | |

Defendants David and Jane Doe Engstrom, Jacob H. Robinson, Christopher and Jane Doe Lapre, Sgt. Gragg and Jane Doe Gragg, Rory Skedel (the "Defendants"), by and through counsel undersigned, hereby submit their Response to Plaintiff's Third Motion in Limine regarding Homeownership (Doc. 240) by opposing said Motion and requesting that it be denied.

LRCiv. 7.2(l) provides that "[n]o opposed motion in limine will be *considered* or *decided* unless moving counsel certifies therein that the movant has in good faith conferred or attempted to confer with the opposing party or counsel in an effort to resolve disputed evidentiary issues that are the subject of the motion." (emphasis added).  In *Ortiz v. Fluor Enters. Inc.*, No. CV-17-00325-TUC-JAS, 2020 WL 13460842, at *10 (D. Ariz. Nov. 30,

2020), this court held that "the parties must confer prior to the filing of a motion in limine to determine whether it can be avoided . . . [m]otions in limine must be accompanied by a notice of certification of conferral." LRCiv. 7.2(l) is mandatory in its language.  No opposed motion in limine "will be *considered* or *decided*" absent a conferral or attempt to confer "in an effort to resolve disputed evidentiary issues that are the subject of the motion."   Parties are to be familiar with, and follow, this Court's Local Rules.  *See Leffers v. Amazon, Inc.*, No. CV-20-00974-PHX-DGC, 2020 WL 8834780, at *1 (D. Ariz. June 10, 2020) (explaining that even pro se litigants must follow the Local Rules) (citations omitted);[1] *see also, Freeman v. United States*, No. CV-15-08293-PCT-SPL, 2017 WL 6415381, at *1 (D. Ariz. Apr. 28, 2017) ("[t]he district court also has the inherent power to dismiss a case for failure to prosecute, for failure to comply with court orders, or for failure to follow the local rules).

Here, Plaintiff's Motion in Limine Re: Homeownership contains no certification that the mandatory LRCiv. 7.2(l) conferral occurred, or was attempted.  This is because no conferral occurred, or was attempted, despite the fact that the parties were actively communicating over the various joint documents required for submittal in anticipation of the July 8, 2025 final pretrial conference.[2]

A "motion in limine" is a pretrial request that certain inadmissible evidence not be referred to or offered at trial.  *See* Black's Law Dictionary (10th ed. 2014) (defining a "motion in limine" as a "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial"); *Wilshire Ins. Co. v. Yager*, 348 F. Supp. 3d 931, 943 (D. Ariz. 2018), aff'd, 816 F. App'x 224 (9th Cir. 2020).  "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant

---

[1] The Local Rules are available in the Clerk's office and online at http://www.azd.uscourts.gov/local-rules.

[2] Indeed, Defendants played by the Local Rules and, in the absence of a conferral over evidentiary issues for a contemplated motion in limine, did not file an LRCiv. 7.2(l) motion.  Parties following the rules should not be penalized over those that do not.

2

to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 40 n.4 (1984). Motions in limine "allow parties to resolve evidentiary disputes ahead of trial, without first having to present potentially prejudicial evidence in front of a jury." *Brodit v. Cabra*, 350 F.3d 985, 1004–05 (9th Cir. 2003) (citations omitted). Generally, motions in limine that seek exclusion of broad and unspecific categories of evidence are disfavored. *See Sperberg v. Goodyear Tire and Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Moreover, "[a] motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 (9th Cir. 2013), aff'd, 135 S. Ct. 907, 190 L. Ed. 2d 800 (2015) (citing *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 968 (9th Cir. 2001)).

The requirements of LRCiv. 7.2(l) demanding conferral are not mere "window dressing," but provide the opportunity for the parties to navigate the above principles in light of the subject matter of the particular motion in limine. Indeed, had Plaintiff engaged in the conferral process regarding the motion in limine regarding Plaintiff's lack of homeowner status, the process would have allowed the parties to discuss such central issues as 1) Defendants' identification of Plaintiff's lack of standing in the Answer (Doc. 148, pg. 4, ¶ 13) as an affirmative defense;  2) that standing is necessary because "Fourth Amendment rights are personal and may not be asserted vicariously." *Cutler v. Nanos*, 546 F. Supp. 3d 856, 864 (D. Ariz. 2021), aff'd, No. 21-16250, 2022 WL 1769784 (9th Cir. June 1, 2022); 3) that in discovery and in the proposed pretrial order *both sides* identified exhibits regarding title and ownership; 4) that no identified exhibits shows Plaintiff Denby was paying homeowner's insurance premiums; 5) that no exhibits show Plaintiff's ownership of the subject residence at the time of alleged injury; 6) that the exhibits actually show non-parties Torres and Logston were the owners with standing in December, 2014,  and, consequently, 7) the proposed pretrial order specifically identifies homeownership and,

thus, standing, as an issue for the trial proceedings (Doc. 237-1, pg. 4, Issue 3).[3]

Contrary to Plaintiff's assertion, this issue was not interjected at the "eleventh hour," and the fact that Plaintiff suggests that the standing issue may be cured by inserting Torres into the case, at the eleventh hour, as a party-plaintiff shows that standing is a live issue for the jury. On that last point, however, Torres was dismissed by this Court as a party-plaintiff in this Court's Order at Doc. 106, pg. 7, lls. 13-16. Although this Court granted Plaintiff leave to amend the complaint to show Torres' standing, Plaintiff declined to do so. Doc. 106, pg. 7, ll. 28 – pg. 8, ll. 1. Plaintiff's Motion in Limine is an evidentiary motion, and not a vehicle to justify inserting a party who was dismissed over 6 years ago as a last-ditch effort to save Plaintiff Denby on a standing issue that may be dispositive to the jury on the remaining Fourth Amendment claim. Plaintiff's generalized motion in limine to exclude evidence showing Plaintiff's lack of standing, even if there had been a proper conferral, is a motion for relief that goes beyond specific issues of evidentiary admissibility.

For the foregoing reasons, the Court should deny Plaintiff's Third Motion in Limine regarding Homeownership.

RESPECTFULLY SUBMITTED this 20th day of June, 2025.

JELLISON LAW OFFICES, PLLC

s/ *James M. Jellison*
James M. Jellison, Esq.
*Counsel for Defendants*

---

[3] Indeed, Plaintiff's Motion in Limine 3 admits that Denby was omitted from the deed but that the omission was allegedly "an oversight." (Doc. 240, pg. 2, lls. 18-20). This is not a basis for the in limine exclusion of evidence, but is a factual assertion the jury can either accept or reject.

4

## CERTIFICATE OF FILING & SERVICE

I hereby certify that on June 20, 2025. I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing with service on the following registrants, or by mail if not a registrant:

Sean A. Woods, Esq.
Robert T. Mills, Esq.
MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
T: 480.999.4556
E: docket@millsandwoods.com
E: swoods@millsandwoods.com
  *Counsel for Plaintiff*


By: s/ *Rebecca L. Craft*