Sean A. Woods (Arizona Bar #028930)
Robert T. Mills (Arizona Bar #018853)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| James W. Denby; *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>City of Casa Grande; *et al.*,<br><br>　　　　　　Defendants. | Case No.: 2:17-CV-00119-SPL<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>(Assigned to the Hon. Steven P. Logan) |

Through counsel undersigned and pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and Rule 15(a) of the Local Rules of Civil Procedure, Plaintiff James W. Denby ("Plaintiff" or "Jim") respectfully moves for permission to amend the operative Second Amended Complaint, in order to file a Third Amended Complaint in the form of the document attached as "**Exhibit 1**" hereto.

Plaintiff requests leave to amend in order to add his sister Elizabeth J. Torres ("Elizabeth") back into this action as a plaintiff. The Proposed Third Amended Complaint (the "TAC") truthfully alleges that Elizabeth, along with her mother Wilma Logston, now deceased, were the named grantees listed on the deed of the residence at issue in this case (the "Residence") at the time of Defendants' siege and destruction of that residence. *See* Ex. 1 ¶ 15. Thus, she has standing to assert claims against Defendants for the damage

thereto. *See Soldal v. Cook Cnty.*, 506 U.S. 56, 61 (1992) ("A 'seizure' of property, we have explained, occurs when 'there is some meaningful interference with an individual's possessory interests in that property.'").

Elizabeth was already a named plaintiff in the original Complaint, Notice of Removal, Ex. A at 1, ECF No. 1-1, as well as in the First Amended Complaint, 1st Am. Compl. at 1, ECF No. 31, and the operative Second Amended Complaint, 2nd Am. Compl. at 1, ECF No. 82. She was dismissed from the Second Amended Complaint merely because it did not sufficiently allege facts establishing her standing. Order 7:13-16, ECF No. 106. However, the dismissal was without prejudice. *Id.* 10:16-17. The TAC now resolves the issue with the Second Amended Complaint that previously prompted Elizabeth's dismissal. *See* **Ex. 1** ¶¶ 13-15.

Plaintiff did not seek to amend to add Elizabeth back in as a plaintiff at an earlier time for legitimate reasons. First, because he reasonably believed at the time she was dismissed, and still contends, that he has sufficient standing on his own to bring claims for Defendants' damage to the Residence. After all, it is undisputed that Jim had full and unlimited rights to possess, use and enjoy the Residence on the date Defendants destroyed it, and into the unlimited future. He not only enjoyed the benefits, but also bore the burdens, of ownership. Jim paid the property taxes on the Residence. He was the named insured on the homeowner's insurance policy covering the Residence at the time of the incident, and he paid all the premiums. *See* copy of Homeowner's Insurance Policy attached as "**Exhibit 2**" hereto, at 1. He took care of all the maintenance and repairs on the property. Even a tenant has an interest in the leased property sufficient to bring an action

2

for damage thereto. *Thomas v. Goudreault*, 163 Ariz. 159, 786 P.2d 1010 (Ariz. App. 1989).

If not first-party standing, Jim has at least third-party standing to bring claims for damage to the Residence proper. "A litigant is granted third-party standing because the tribunal recognizes that her interests are aligned with those of the party whose rights are at issue and that the litigant has a sufficiently close connection to that party to assert claims on that party's behalf." *See Coal. of Clergy, Lawyers, & Professors v. Bush*, 310 F.3d 1153, 1166 n.1 (9th Cir. 2002) (Berzon, J., concurring) ("[T]hird-party standing recognizes a wide range of relationships in which the third-parties' interests are sufficiently aligned with the interests of the rights-holder that standing is appropriate."); *Gulf Island-IV, Inc. v. Blue Streak-Gulf Is Ops*, 24 F.3d 743, 747 (5th Cir. 1994); *Harris v. Evans*, 20 F.3d 1118, 1124-25 (11th Cir. 1994) (en banc) ("Courts have repeatedly emphasized that the key to third-party standing analysis is whether the interests of the litigant and the third party are properly aligned...."); *Canfield Aviation, Inc. v. Nat'l Transp. Safety Bd.*, 854 F.2d 745, 748 (5th Cir.1988); *cf. Newdow*, 542 U.S. at 15, 124 S.Ct. 2301; *Craig*, 429 U.S. at 195, 97 S.Ct. 451; *Pony v. County of Los Angeles*, 433 F.3d 1138, 1147-48 (9th Cir. 2006).

Though Elizabeth and her and Jim's (now deceased) mother were the individuals named on the deed to the Residence, Elizabeth will testify that it was her and their mother's understanding and intention at the time that Jim was the sole owner, *see* **Ex. 1 ¶ 16**, and that his omission from the deed was a mere oversight. True to this understanding and intention, on December 16, 2015 Elizabeth and her mother executed a quitclaim deed to Jim as sole owner of the Residence. **Ex. 1 ¶¶ 17-18**. Though that deed was later declared

Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

3

to be invalid, Elizabeth and her mother properly corrected it on July 10, 2017. *See* **Ex. 1** ¶¶ 19-20. However, due to an inadvertent oversight, the corrected deed failed to amend the date of the change in back to December 2014, the time of the incident. *See* **Ex. 1** ¶ 20.

Accordingly, for all the reasons set forth above, Plaintiff reasonably believed at the time of Elizabeth's dismissal, and still contends, that he has sufficient standing on his own to bring claims for damage to the Residence. Thus, he reasonably believed she did not need to be added back in as a plaintiff until now.

Plaintiff also did not seek to reinstitute Elizabeth as a plaintiff at an earlier time because throughout the nearly ten-year history of this action, and not until recently at the pretrial briefing stage, did Defendants ever raise the issue of Jim's lack of ownership of the Residence at the time of the incident. That is despite the fact that during the lengthy pendency of this action Defendants filed four motions to dismiss, three motions for summary judgment, four appeals, and now one petition for Writ of Certiorari to the Supreme Court. The central issue raised in those motions, briefs, and petition was and is qualified immunity, an issue which would have been unnecessary to raise if Jim did not have standing to begin with. Yet not once have Defendants raised any standing issue related to Jim. Moreover, Defendants have never disputed the homeownership status of Jim in statements of facts, motions, or oral arguments.

In light of the above, until Defendants raised it recently at the pretrial briefing stage, throughout this litigation Jim had ample and reasonable grounds to believe that his standing to recover for Defendants' damage to the Residence was not, and would not be, a contested issue in this case. Though as set forth above he still contends he has such standing on his

4

own, he now seeks to re-add Elizabeth out of an abundance of caution and in the interests of justice.

Rule 15(a)(2) provides that prior to trial, leave to amend "shall be freely given when justice so requires."  "The Ninth Circuit has noted that 'Rule 15's policy of favoring amendments should be applied with *extreme liberality*.'"  *Muir v. L3Harris Techs., Inc.*, No. CV-19-05887-PHX-DGC, at *2 (D. Ariz. Jul 23, 2020) (emphasis added) (quoting *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987)).  Absent "bad faith, undue delay, prejudice to the opposing party, and/or futility," a motion to amend is proper.  *See Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987)).  "Generally, this determination should be performed with *all inferences in favor of granting the motion*."  *Id.* (emphasis added) (citing *DCD Programs*, 833 F.2d at 186).

"As [the Ninth] circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight."  *Id.* (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir.1987).  "Prejudice is the 'touchstone of the inquiry under rule 15(a).'"  *Id.* (quoting *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir.2001)) (first citing *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir.1973); and then citing *DCD Programs*, 833 F.2d at 186-87).  "Absent prejudice, or a <u>strong</u> showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."  *Id.* (underline added) (italics in original) (citing *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir.1997)).

5

There is no prejudice to Defendants from Elizabeth rejoining this action as a plaintiff. No new discovery is needed, Elizabeth was previously a plaintiff, and the legal theory under which she is added is not complex. And even if some discovery were necessary, which it is not[1], trial is still seven and a half months away.

With regard to delay, mere delay alone is not sufficient to justify denial of leave to amend – the delay must be "undue." *See Griggs*, 170 F.3d at 880. Here, as set forth above, Jim has not unduly delayed seeking this amendment. He did not previously request such leave because he reasonably believed it was unnecessary, due to the factual circumstances of the case and Defendants' failure to contest his standing. He seeks to rejoin Elizabeth as a plaintiff now only because at the pretrial briefing stage Defendants, for the first time in this lengthy action, raised the issue of his standing vis-à-vis his lack of technical ownership of the Residence at the time of the incident.

Because "delay alone provides an insufficient ground for denying leave to amend," a court should not deny leave on the ground of undue delay unless the proposed amendment also "substantially complicate[s] and delay[s] the case . . . ." *See Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1319-20 (9th Cir. 1984). As set forth above, the TAC simply adds a previously-dismissed plaintiff on a straightforward and simple legal and factual basis, and would not delay the case. For all the above reasons, Plaintiff has not unduly delayed seeking this amendment.

In the interest of justice and a judgment on the merits, this Court should freely permit Elizabeth, co-owner of the Residence at the time of the incident, to rejoin this action as a

---

[1] Defendants did not even depose Plaintiff James Denby in this matter.

6

plaintiff, a determination it must make "with *extreme liberality*,'" see *Muir*, No. CV-19-05887-PHX-DGC, at *2 (emphasis added) (quoting *Eldridge*, 832 F.2d at 1135), and with "all inferences in favor of granting th[is] motion," *Griggs*, 170 F.3d at 880. Moreover, there is no prejudice to Defendants, which "is the 'touchstone of the inquiry under rule 15(a).'" *Griggs*, 170 F.3d at 881 (quoting *Lone Star Ladies*, 238 F.3d at 368). Finally, Plaintiff has not unduly delayed seeking leave to amend, as he does so now out of caution and only after Defendants raised the issue of his standing due to his lack of ownership of the Residence at the time of Defendants' siege of and damage to it. In the final analysis, "amendment should be permitted unless it will not save the complaint or the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories." *Id.* (citing *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998)). As set forth above, neither of those is the case. The Court should grant leave to amend as requested.

**RESPECTFULLY SUBMITTED** this 8th day of August 2025.

**MILLS + WOODS LAW, PLLC**

By  */s/ Sean A. Woods*
Sean A. Woods
Robert T. Mills
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
*Attorneys for Plaintiffs*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2025, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

James M. Jellison, Esq.
jim@jellisonlaw.com
rebecca@jellisonlaw.com
**JELLISON LAW OFFICES, PLLC**
admin@jellisonlaw.com
18801 N Thompson Peak Parkway, Ste. D235
Scottsdale, AZ 85255
*Attorneys for Defendants David and Jane Doe Engstrom, Jacob H. Robinson, Christopher and Jane Doe Lapre, Sgt. Gragg and Jane Doe Gragg, and Rory Skedel*

    /s/ Ben Dangerfield

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

8