**JELLISON LAW OFFICES, PLLC**
18801 North Thompson Peak Parkway
Suite D-235
Scottsdale, Arizona 85255
Telephone: 480.659.4244
JAMES M. JELLISON, ESQ., #012763
E: jim@jellisonlaw.com
E: admin@jellisonlaw.com
  *Counsel for Defendants David and Jane Doe Engstrom, Jacob H. Robinson, Christopher and Jane Doe Lapre, Sgt. Gragg and Jane Doe Gragg, Rory Skedel (collectively the "Defendants")*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE STATE OF ARIZONA**

| | |
|---|---|
| James W. Denby, | Case No. 2:17-cv-00119-PHX-SPL |
| Plaintiff, | **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT [Doc. 249]** |
| v. | |
| City of Casa Grande, et al., | |
| Defendants. | |

Defendants David and Jane Doe Engstrom, Jacob H. Robinson, Christopher and Jane Doe Lapre, Sgt. Gragg and Jane Doe Gragg, Rory Skedel (the "Defendants"), by and through counsel undersigned, hereby submit their Response in Opposition to Plaintiff's Motion for Leave to Amend Complaint.

**I.    INTRODUCTION**

On March 29, 2019, this Court filed its Order dismissing Plaintiff Elizabeth Torres based on her failure to plead plausible facts supporting standing. (Doc.106, pg. 6 of 11, ll. 24 – pg. 7 of 11, ll. 16).[1]   The Court's Order states, in pertinent part:

---

[1] On May 1, 2018, Defendants had filed a Motion to Dismiss Second Amended Complaint arguing, in part, that Plaintiff Elizabeth J. Torres pled no facts plausibly demonstrating Torres' standing to bring suit in this case. (Doc. 83, pg. 4 of 19, nt. 2).  Plaintiffs responded,

> The only fact alleged as to Elizabeth Torres in the Second Amended Complaint is that she is a resident of Maricopa County, Arizona. (Doc. 82 at ¶ 6). Without more, Plaintiffs have failed to satisfy the Article III standing requirements. Accordingly, Plaintiff Elizabeth Torres will be dismissed for lack of standing.

Even then, the Court's dismissal was *without* prejudice, with the Court granting leave for Plaintiffs to file a Third Amended Complaint ***no later than April 12, 2019***. (Doc. 106, pg. 10, lls. 14-20). Plaintiffs – including Torres – never filed a Third Amended Complaint, much less one by the April 12, 2019 Court deadline. On October 26, 2021, this Court entered a Rule 16 Case Management Order setting ***December 31, 2021 as the deadline for amending pleadings***. (Doc. 151). No motion for leave to amend the complaint was filed on or before December 31, 2021.

Now, nearly nine years after the original Complaint was filed, six years after this Court's deadline to file a Third Amended Complaint, and nearly four years after the final deadline to seek amendment of the pleadings has passed, Plaintiff James Denby seeks to re-insert Ms. Torres as a Party-Plaintiff. In doing so, he cites only to Fed.R.Civ.P. 15's liberal amendment standard, bypassing the more stringent requirements under Rule 16(b)(4) to show good cause for the extension of a court-ordered deadline, or under Rule 16(e) modifying the Final Pretrial Order which "controls the course of the action" and may be modified "only to prevent manifest injustice."

Facts available to demonstrate Ms. Torres's standing have been in the Plaintiff's exclusive possession since this action was commenced in 2016, when this Court granted leave to amend the Complaint with an April 12, 2019 deadline, and by the time of the final pleading amendment deadline of December 31, 2021 had come and gone. Plaintiff Denby does not mention Rule 16(b)(4), or argue there is good cause to extend deadlines necessary to authorize a Third Amended Complaint. Plaintiff Denby does not mention Rule 16(e), or argue *he* is exposed to some manifest injustice if Ms. Torres is not added as a party after this Court has already adopted the Final Pretrial Order. Even as to his sole basis to seek an

---

but made no argument in support of Torres' standing. (Doc. 86).

2

extraordinarily late amended complaint, Plaintiff Denby's arguments fall flat, even under the liberal amendment standard observed under Rule 15.

Granting this motion would prejudice Defendants by adding a former party for whom no discovery was done,[2] who did not participate in pre-trial motions, the interlocutory appeals, or this Court's final pretrial conference. Adding a new party at this stage disrupts the trial schedule, and cannot be accomplished without the need to allow Defendants the due process under this Court's rules to plan and accomplish new discovery, consider new defenses and arguments, and raises defenses that can be resolved under Rule 12(b) and/or Rule 56. The Final Pretrial Order - an Order that "controls the course of the action" leading up to the scheduled trial – will need to go through a wholesale revision after discovery, motions, and possible interlocutory appeals have taken place. Based on the extreme untimeliness of the request and the complete absence of a legal basis for it to be granted, Plaintiff Denby's motion for leave to amend should be denied.

## II. BACKGROUND MATERIAL TO THIS RESPONSE

This case was first filed in December, 2016. Plaintiff James W. Denby, his sister, Elizabeth Torres, and his mother, Wilma Logston, were all named in the original and First and Second Amended Complaints. (Docs. 1-1, 31, 82). On May 1, 2018, the City and County Defendants moved to dismiss the Second Amended Complaint, including dismissal of Plaintiff Torres based on insufficient allegations to plausibly show standing, and, thus, this Court's jurisdiction over Torres' alleged claims. (Doc. 83, pg. 4). Plaintiffs made no argument in support of Ms. Torres' standing. (Doc. 86). On March 29, 2019, this Court dismissed Ms. Torres from the Second Amended Complaint for lack of standing, without prejudice, and granted leave to file a Third Amended Complaint with an April 12, 2019. (Doc. 106, pgs. 6-7, 10). That date came and went, without Plaintiffs offering any Third

---

[2] Indeed, while Denby's deposition was taken in a case arising under the same facts and is relied upon by Defendants in this case, Torres' deposition was never taken. It would have been had she remained as a party.

3

Amended Complaint.[3]

On September 24, 2021, the remaining Defendants - Skedel, Lapre, Gragg, Engstrom, and Robinson – filed their Answer to Second Amended Complaint, raising lack of standing. (Doc. 148, pg. 4). With Torres dismissed due to lack of standing two and a half years earlier, the defenses in the Answer would apply to remaining Plaintiffs Denby and Logston.

An interlocutory appeal followed, with a Case Management Order lodged on October 26, 2021 which, among other things, imposed a December 31, 2021 deadline for amending pleadings. This date, too, came and went without Plaintiffs seeking leave to file a Third Amended Complaint. Discovery, additional motions, and another interlocutory appeal proceeded – all without Torres as a party-plaintiff.

On July 8, 2025, this Court adopted the parties' Final Pretrial Order, which did not add any new parties, yet clearly raised Denby's standing as a case issue. (Doc. 247).

Plaintiff Denby's August 8, 2025 Motion for Leave to Amend the Complaint (to file a Third Amended Complaint) comes over six years after this Court imposed a deadline to file a Third Amended Complaint, and nearly four years from the deadline imposed to seek amendment of pleadings. It is also a month after the Final Pretrial Order was adopted by this Court. There's no claim of new evidence, or unexpectedly changed circumstances. Instead, Plaintiff says he's filing now "out of an abundance of caution" because Defendants raised standing issues in pretrial briefing. (Doc. 249). However, Defendants raised lack of standing in its Answer to the Second Amended Complaint – again, four years ago. As to Torres, this Court dismissed her, and provided an opportunity to amend in 2019. That opportunity was ignored.

While Plaintiff Denby's proposed amended complaint seeks to "clean-up" the

---

[3] Plaintiff Denby's Motion leaves out the fact that this Court provided for a Third Amended Complaint to be filed over six years ago, and that Plaintiff declined that option – allowing litigation to proceed for six years without Torres' participation. (Doc. 249, pg. 2, lls. 5-14). Since the same counsel represented Torres at the time of her dismissal, it is a fair presumption that Torres was also consulted by counsel, and declined to stay in the case.

4

complaint as to dismissed parties and claims, the main focus of the proposed Third Amended Complaint is to provide additional fact allegations in an effort to bring Elizabeth Torres back into the case over six (6) years after she was dismissed for lack of plausibly pled standing.[4] (Doc. 249-2, pgs. 6-7).  As a result of her March 29, 2019 dismissal, Torres was not a party during the discovery, motions, appeal, or pre-trial phases of this case after her dismissal.  Accordingly, Defendants have not made any discovery on Ms. Torres' claims, documents, or evidence since she was dismissed, and did not file additional motions regarding Torres.  Defendants have not been allowed to test the newly alleged facts as to Torres through discovery. Allowing Ms. Torres back as a party-plaintiff now would mean reopening discovery, changing witness and exhibit lists, and re-litigating dispositive issues the Court has either already addressed as to Denby; or did not address because Torres was not a party after Spring, 2019.

### III.    ARGUMENT

Federal Rule of Civil Procedure 15(a) sets a liberal amendment policy.  However, this Court need not analyze Rule 15 because Plaintiff has made no argument on the core issues of Fed.R.Civ.P. 16(b)(4) "good cause," or Rule 16(e) "manifest injustice."

#### A. Plaintiff Denby's Motion Fails to Address Rule 16(b)(4)

Fed.R.Civ.P. 16 applies when the Court has imposed case deadlines, and the relief a party seeks must be preceded by an extension of a case deadline.  Fed. R. Civ. P. 15(a)(2); *Acosta v. Austin Elec. Servs. LLC*, 325 F.R.D. 325, 328 (D. Ariz. 2018); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992) (stating that after the date specified in the scheduling order has passed, the party must first satisfy the requirements of FRCP 16, and then must demonstrate amendment is proper under FRCP 15).  This Court's specific deadline to file a Third Amended Complaint to address Ms. Torres' lack of standing, has passed.  This Court's deadline to amend pleadings has also

---

[4] As the Court noted in its dismissal order, the failure to plead facts plausibly demonstrating standing was not *de minimis*, but rather, was a core Article III jurisdictional issue.

5

passed.

Fed.R.Civ.P 16(b) provides that deadlines established in a case management order may "be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4) ("[a] schedule may be modified only for good cause and with the judge's consent"); see *Johnson*, 975 F.2d at 608. The Fed.R.Civ.P. 16 "good cause" standard primarily considers the diligence of the party seeking the amendment. *Johnson*, 975 F.2d at 609; *Morgal v. Maricopa Cty. Bd. of Sup'rs*, 284 F.R.D. 452, 460 (D. Ariz. 2012). The "good cause" standard for amending a Rule 16 scheduling order is satisfied only where the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, *id.*, (citing Fed. R. Civ. P. 16, Advisory Comm. Notes (1983 Am.)). Due diligence may be shown by a movant demonstrating (1) that it was diligent in assisting in the creation of a workable Rule 16 order; (2) that its noncompliance with a Rule 16 deadline occurred, notwithstanding diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that it was diligent in seeking amendment of the Rule 16 order once it became apparent that the movant could not comply with the order. *See also Gilbert MH, LLC v. Gilbert Fam. Hosp., LLC*, No. CV-18-04046-PHX-SPL, 2020 WL 2559802, at *2 (D. Ariz. May 19, 2020), citing *Morgal, supra*.

Plaintiff Denby's Motion does not even mention Rule 16(b)(4), and Plaintiff neither argues Rule 16 "good cause," nor seeks this Court's consent to extend or modify any of the prior deadlines. Plaintiff's failure to raise "good cause," in his motion is fatal to his request. Any attempt at resurrecting a Rule 16(b) argument in a reply should be rejected. A "district court need not consider arguments raised for the first time in a reply brief." *TBS Props. LLC v. United States*, No. CV-20-00195-PHX-DWL, 2022 WL 783040, at *10 (D. Ariz. Mar. 15, 2022), citing *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007); *see also* S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 56, at 170-71 (2021) ("Moving parties are expected to put all of their arguments ... in the opening brief ... [and] aren't supposed to include new arguments ... in their reply briefs."

**B. Plaintiff Denby's Motion Fails to Address Rule 16(e)**

In addition to Fed.R.Civ.P. 16(b)(4), Plaintiff must overcome the more significant hurdle under Fed.R.Civ.P. 16(e) to show "manifest injustice." That Rule provides as follows:

> The court may hold a final pretrial conference to formulate a trial plan, including a plan to facilitate the admission of evidence. The conference must be held as close to the start of trial as is reasonable, and must be attended by at least one attorney who will conduct the trial for each party and by any unrepresented party. The court may modify the order issued after a final pretrial conference *only to prevent manifest injustice.*

Fed. R. Civ. P. 16(e) (emphasis added). Ms. Torres was not a party to the final pretrial conference held in this case, Plaintiff Denby's counsel did not represent non-party Torres at the conference, and no argument is made that "manifest injustice" applies to the only remaining Plaintiff – Denby. The high threshold in Rule 16(e) and its focus on the moving party helps accomplish a primary purpose of Rule 16. The rule was substantially revised in 1983 to improve trials "by sharpening the preparation and presentation of cases, tending to eliminate trial surprise[.]" Fed. R. Civ. P. 16, Advisory Comm. Notes (1983 Am.). The broad case-management powers conferred by Rule 16 enable trial judges to narrow issues and assist the parties in completing discovery. The final pretrial conference then is used "to formulate a trial plan, including a plan to facilitate the admission of evidence." Fed. R. Civ. P. 16(e). Rule 16 orders as a general matter "should not be changed lightly," but "[i]n the case of the final pretrial order, a more stringent standard is called for [by] the words 'to prevent manifest injustice.'" Fed. R. Civ. P. 16(e), Advisory Comm. Notes (1983 Am.). Accordingly, some reasons that might provide solid ground for "manifest injustice" include such things as "[a] critical witness unexpectedly becomes unavailable for trial, leaving the moving party unable to prove part of his or her claim or defense. Or an unexpected development at trial will result in manifest injustice to the moving party unless an exhibit not listed in the final pretrial order is admitted." *McBroom v. Ethicon, Inc.*, 341 F.R.D. 40, 43 (D. Ariz. 2022).

As with Rule 16(b)(4), Plaintiff Denby's Motion does not mention Rule 16(e), and Plaintiff makes no argument on Rule 16(e) "manifest injustice." Plaintiff's failure to raise "manifest injustice," in his motion is fatal to his request. Any attempt at resurrecting a Rule 16(e) argument in a reply should be rejected. A "district court need not consider arguments raised for the first time in a reply brief." *TBS Props. LLC, supra.; see also* S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 56, at 170-71 (2021) ("Moving parties are expected to put all of their arguments ... in the opening brief ... [and] aren't supposed to include new arguments ... in their reply briefs.")

### C. This Court Need Not Decide Plaintiff Denby's Motion Under Rule 15, but, if it Does, Plaintiff Does Not Meet the Rule 15 Standard

In *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir.1992), the Ninth Circuit held that Rule 15(a) did not apply, because the party in *Johnson* had failed to file his motion to join additional parties within the period of time set in the district court's scheduling order. *Id.* at 607–08. Put simply, the party could not appeal to the liberal amendment procedures afforded by Rule 15; his tardy motion had to satisfy the *more stringent* "good cause" showing required under Rule 16. *Johnson* recognizes that in those situations a court may decline to consider Rule 15 where Rule 16 has not been met. As discussed above, Plaintiff Denby makes no argument for "good cause" under Rule 16(b), or "manifest injustice" under Rule 16(e). Accordingly, this case, like *Johnson,* is one where this Court can sidestep a Rule 15 analysis entirely because Plaintiff made no effort to argue Rule 16 issues. *See also, U.S. v. Dang,* 488 F.3d 1135, 1142-43 (9th Cir. 2007) (it was within the Court's discretion to deny a motion for leave to amend filed after the applicable amendment deadline where Plaintiffs failed to establish good cause).

Because Plaintiff Denby's sole basis for requesting leave to amend is Rule 15(a) and its counterpart under LRCiv. 15.1, Defendants will focus on that Rule in the event this Court overlooks Plaintiff's failure to cite, or argue, "good cause" or "manifest injustice."

Rule 15(a) is very liberal and leave to amend "shall be freely given when justice so requires." *See Bowles v. Reade,* 198 F.3d 752, 757 (9th Cir. 1999). But a district court need

8

not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; (4) is futile; or (5) the moving party has been afforded an opportunity to previously amend. *Id.* at 758; *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014); *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1387 (9th Cir.1990).[5] Plaintiff Denby's Motion prejudices the Defendants, is sought in bad faith, results in undue delay, and is brought under circumstances where this Court, long ago, gave Plaintiff the opportunity to file an amended complaint curing the very issue Plaintiff now raises.

We take the Rule 15(a) elements in order.

The factors do not weigh equally; rather, prejudice receives the greatest weight. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)); *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research,* 401 U.S. 321, 330–31 (1971)). The prejudice to Defendants based on Plaintiff's post-Eleventh-Hour attempt to bring in a new party is obvious. First, Torres was not involved in the Final Pretrial Conference, or in assembling the Proposed Pretrial Order which this Court adopted, and, consequently, no issues involving a claim by Torres, or defenses to any claims by Torres were addressed. If Torres were added now, so too would the Pretrial Order need to be changed, discovery re-opened, and a reasonable and meaningful period of time allowed for the Defendants, and the Court, to consider appropriate motions. A claim brought by Torres at this stage may not even pass muster under the statutes of limitation. Moreover, some discovery is permanently lost. Plaintiff Denby asserts that his mother, Logston, had an "understanding and intention at the time that Jim was the sole owner." (Doc. 249, pg. 3, lls. 21-24). That is a new assertion and,

---

[5] Although Plaintiff cites to Rule 15(a)'s foundational elements, he does so at the end of his Motion, and then argues Defendants are not prejudiced based on nothing but his own conclusory speculation, or that the delay was not "undue" because he had earlier believed adding Ms. Torres into the litigation was "unnecessary." (Doc. 249, pgs. 5-7). Of course, as to the latter, that should have been Ms. Torres' decision, not Denby's.

9

unfortunately, Ms. Logston's death was noticed on March 22, 2022, 7 days after discovery had closed. (Doc. 151, pg. 2 of 8). Defendants have permanently lost any opportunity to test the new fact allegations regarding Ms. Logston's alleged "understanding." A Third Amended Complaint would replace, and supersede all prior versions, starting the case anew in all respects. Placing such a burden on Defendants at this late stage is inherently unfair and prejudicial. Indeed, Plaintiff Denby offers no authority where a court has excused such an egregious delay under circumstances where there are no new, developed facts. Holding to the contrary, in *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798–99 (9th Cir. 1991), the Ninth Circuit affirmed the denial of leave to amend based on undue delay. Texaco did not move to amend until eight months after the district court granted summary judgment against it, and nearly two years after filing the initial complaint. Texaco waited until after discovery was over, and just four and a half months before the trial date, before moving to amend its complaint. Based on the Texaco's timing in seeking amendment, the Court found that the non-moving party "would have been unreasonably prejudiced by the addition of numerous new claims so close to trial, regardless of Texaco's argument that they were 'implicit' in the previously pleaded claims." *Id.*

Second is bad faith. Bad faith constitutes valid reason to deny amendment to pleadings. *Savoy v. White*, 139 F.R.D. 265 (D. Mass. 1991). Although delay alone is an insufficient basis to deny a motion to amend if there is no prejudice to the opposing party, the length of delay between the last pleading and the amendment sought is a factor in considering bad faith or dilatory motive. *American Society For The Prevention of Cruelty To Animals v. Ringling Brothers and Barnum & Bailey Circus*, 244 F.R.D. 49 (D.D.C. 2007), on reconsideration in 246 F.R.D. 39. In *Aloe Vera of Am., Inc. v. United States*, 233 F.R.D. 532, 535–36 (D. Ariz. 2005), this Court found bad faith where the amendment was sought five years after the case was brought, upon facts plaintiffs were aware of from the beginning, and where key depositions had already been completed. There was no reason why plaintiffs could not have sought the same amendment earlier and, by waiting so long, gained an unfair litigation advantage. Here, Plaintiff's desire to amend is more

tactical than substantive. There is no reason why Plaintiff Denby (and Torres) could not have submitted the same Third Amended Complaint by the April 12, 2019 deadline. (Doc. 106, pgs. 6-7, 10). Plaintiff Denby, and his counsel, now seek to add Ms. Torres based on a standing issue which has been raised since the Defendants' Answer, and was already raised and decided as to Torres before the Answer. In other words, the "light bulb" seems to have finally went off that Plaintiff Denby was not the owner of the property on December 17, 2014, and that he may have either no standing, or limited standing, regarding the remaining claims and alleged damages. During April 2019, however, Plaintiff Denby, Torres, and their counsel, made a tactical choice to entirely exclude Ms. Torres from the case. In fact, Plaintiff Denby admits as much in his Motion (Doc. 249), noting that no amended complaint was offered "because [Denby] reasonably believed at the time [Torres] was dismissed, and still contends, that he has sufficient standing on his own to bring claims for Defendants' [alleged] damage to the Residence." (Doc. 249, pg. 2, lls. 15-26). Yet, Denby goes on to argue a newly-minted theory – not contained in the Final Pretrial Order – that if not having direct standing, he has "third-party standing." (Doc. 249, pg. 3, lls. 3-20). He concludes, however, by noting that the residence, as a matter of fact, was not effectively deeded to him until July 10, 2017. (Doc. 249, pg. 3, ll. 21 – pg. 4, ll. 4). Contrary to his arguments, standing was raised as to Torres by Motion (Doc. 83); in the Answer to the Second Amended Complaint (Doc. 148); and the deed documents exchanged during discovery focused entirely on the issue of ownership.[6] Only now, that his claim is in apparent jeopardy, does he seek to include Ms. Torres. And, in doing so, concocts a bogus argument that he had no idea "standing" was an issue. Doing so nine years after this case was filed, over five years since being given the opportunity to amend his complaint, and nearly four years from the final opportunity to move for amendment, and after all discovery and in the face of a trial setting, Plaintiff Denby acts in bad faith in pursuing an

---

[6] Standing was raised in the Answer as a defense, and discovery on the issue was exchanged. The Rules require nothing further from Defendants to raise and preserve the standing issue, and Plaintiff Denby's Motion contains no authority to the contrary.

amendment at this stage. *See, Aloe Vera, supra.*

"Undue delay is a valid reason for denying leave to amend." *Contact Lumber Co. v. P.T. Moges Shipping Co.,* 918 F.2d 1446, 1454 (9th Cir.1990). In evaluating undue delay, the Ninth Circuit states the question is "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson,* 902 F.2d at 1388; *see also AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006); *Sierra Club v. Union Oil Co. of California,* 813 F.2d 1480, 1492–93 (9th Cir.1987), vacated on other grounds by *Union Oil Co. of California v. Sierra Club,* 485 U.S. 931 (1988). The Ninth Circuit has held that an eight-month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable. *See Texaco, Inc. v. Ponsoldt,* 939 F.2d 794, 799 (9th Cir. 1991) (citing *Jackson,* 902 F.2d at 1388). Indeed, in *Jackson,* 902 F.2d at 1388, an eight-month delay from time of obtaining facts until filing amended complaint was also held unreasonable. Plaintiff Denby's undue delay problem is far more troublesome than the Ninth Circuit faced in *Texaco* or *Jackson.* The delay in this case is beyond anything found acceptable by the Ninth Circuit – nearly eleven years after the subject incident; nearly nine years after the original Complaint, over six years since this Court's Order allowing a Third Amended Complaint, and nearly four years after the last deadline to amend the pleadings. The delay here is not only undue, it is obscene; and, Plaintiff offers no good explanation for it.

Finally, as frequently noted above, Plaintiff amended his complaint twice, and made a conscious, tactical decision to avoid filing a Third Amended Complaint to add Ms. Torres - even when this Court offered it up in 2019.[7]

### IV.   **CONCLUSION**

Because Plaintiff Denby has failed to cite or argue Rule 16(b)(4) or 16(e), and the associated standards for relief under these rules, this Court may exercise its discretion to

---

[7] Defendants cannot assess "futility" on the fact of the proposed amended complaint, but would need, as a matter of due process, to conduct discovery on the new allegations and claims made on behalf of Ms. Torres.

reject Plaintiff Denby's sole arguments under Rule 15(a). This Court should exercise that discretion for all of the reasons cited above. If, however, this Court undergoes a Rule 15(a) analysis, it is apparent that Plaintiff Denby's request does not meet the Rule's elements, even under the liberal standard of Rule 15. In either case, Denby's Motion for Leave to Amend should be denied.

RESPECTFULLY SUBMITTED this 21st day of August, 2025.

JELLISON LAW OFFICES, PLLC

s/ *James M. Jellison*
James M. Jellison, Esq.
*Counsel for Defendants*

## **CERTIFICATE OF FILING & SERVICE**

I hereby certify that on August 21, 2025. I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing with service on the following registrants, or by mail if not a registrant:

Sean A. Woods, Esq.
Robert T. Mills, Esq.
MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
T: 480.999.4556
E: docket@millsandwoods.com
E: swoods@millsandwoods.com
 *Counsel for Plaintiff*


By: s/ *Rebecca L. Craft*
     (rebecca@jellisonlaw.com)

14