Sean A. Woods (Arizona Bar #028930)
Robert T. Mills (Arizona Bar #018853)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| James W. Denby; *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> City of Casa Grande; *et al.*, <br><br> Defendants. | Case No.: 2:17-CV-00119-SPL <br><br> **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT** <br><br> Oral Argument Requested <br><br> (Assigned to the Hon. Steven P. Logan) |

Through counsel undersigned, Plaintiff James W. Denby ("Plaintiff") hereby replies in support of his Motion for Leave to Amend Complaint (the "Motion to Amend"). This Reply is supported by the Motion to Amend, the relevant parts of the record in this matter, and the Memorandum of Points and Authorities that follows.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    THE MOTION TO AMEND SHOULD NOT BE DENIED ON THE BASIS OF RULE 16(B).**

Defendants' Response notes that where, as here, a party seeks to amend after the expiration of the applicable deadline contained in a scheduling order, there must be "good cause" for such relief pursuant to Rule 16(b). *See* Defs.' Resp. 5:17-19 (first citing Fed. R. Civ. P. 15(a)(2); then citing *Acosta v. Austin Elec. Servs. LLC*, 325 F.R.D. 325, 328 (D. Ariz. 2018); and then citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992)). As a threshold matter, Plaintiff notes that he seeks leave to amend in

response to the Court's explicit invitation to do so, *see* Order 9:19-21, July 21, 2025, ECF No. 248, and not in order to modify a (now expired) Scheduling Order, *see* Rule 16 Case Mgmt. Order, Oct. 26, 2021, ECF No. 151. Therefore, Rule 16 (whether 16(b) or, as discussed in Section **II** below, 16(e)) is irrelevant to the Motion to Amend. Nevertheless, Plaintiff will address Rule 16 in this Reply out of caution.

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* (citing *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). Establishing diligence under Rule 16(b)'s good cause standard generally requires a movant to show:

> (1) that [he] was diligent in assisting the Court in creating a workable Rule 16 [O]rder; (2) that [his] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [his] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he] was diligent in seeking amendment of the Rule 16 [O]rder, once it became apparent that [he] could not comply with the [O]rder.

*Taylor ex rel. Estate of Thomson v. Zurich Am. Ins. Co.*, CV 11-08110-PCT-JAT, at *6 (D. Ariz. April 01, 2013) (quoting *Triquint Semiconductor, Inc. v. Avago Techs. Ltd.*, 2010 WL 3034880, at 6-7).

Though Defendants cite the above standard for establishing diligence, they do not even argue, let alone offer any analysis to support, that Plaintiff has not been diligent under that standard. For this reason alone, they have waived any such argument. *See Doria v. Yavapai Coll. Dist. Governing Bd.*, CV-25-08043-PCT-MTL, at *4 (D. Ariz. Aug. 20, 2025) (arguments not raised or addressed in a party's response are waived) (first citing *John-Charles v. California*, 646 F.3d 1243, 1247 n.4 (9th Cir. 2011) (deeming issue waived where party "failed to develop any argument"); and then citing *U.S. Aviation Underwriters, Inc. v. WesAir, LLC*, No. 2:08-CV-00891-PMP-LRL, at *2 (D. Nev. Apr. 12, 2010)

(arguments are deemed waived if "they were available but not raised in [the party's] response")).

Instead of arguing that Plaintiff has not been diligent under Rule 16(b), Defendants assert that *Plaintiff* is barred from addressing this issue in this Reply merely because he did not bring up Rule 16(b) in the Motion to Amend. Defs.' Resp. 6:19-28. This contention is absolutely baseless. As anyone with experience in motion practice is aware, while it is true that "[g]enerally, parties are not permitted to raise new arguments in a reply brief," *Alaska Local 375 Plumbers & Pipefitters Tr. Funds v. Wolf Creek Fed. Servs.*, 2:22-cv-00141-TL, at *5 (W.D. Wash. Feb 21, 2023) (citing *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007)), nevertheless they "[are] allowed to raise 'new' arguments in a reply that directly address arguments raised in an opponent's response," *id.* (citing *ACLU of Nev. v. City of Las Vegas*, 333 F.3d 1092, 1106 n.14 (9th Cir. 2003)). Because Defendants' Response newly raised the argument that Plaintiff must satisfy the good cause standard in Rule 16(b) to obtain leave to amend, Plaintiff may therefore directly address that argument in this Reply.

And regardless, Plaintiff *was* diligent under the standard set forth above. *See Taylor*, CV 11-08110-PCT-JAT, at *6. First, "[he] was diligent in assisting the Court in creating a workable Rule 16 [O]rder," *see id.*; *see also* Rule 16 Case Mgmt. Order 1:15-18, Oct. 26, 2021, ECF No. 151, and there is certainly no evidence to the contrary.

Second, "[Plaintiff's] noncompliance with [the applicable] Rule 16 deadline occurred . . . notwithstanding [his] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference . . . ." *See Taylor*, CV 11-08110-PCT-JAT, at *6. Here, as set forth in detail in the Motion to Amend, at the time of the Rule scheduling conference in or around October 2021, and despite having filed multiple appeals and dispositive motions in this matter, Defendants had never raised the argument that Plaintiff lacked standing due to his lack of ownership of his home (the "Home") in December 2014. In fact, Defendants' multiple appeals and dispositive motions all concerned the issue of

3

qualified immunity, a complex issue that would have been completely unnecessary to litigate if Plaintiff had no standing to sue to begin with. And as also set forth in detail in the Motion to Amend, in or around October 2021 Plaintiff reasonably believed, as he has since he initiated this action and still does today, that despite his lack of technical ownership of his home in December 2014 he nevertheless has sufficient standing, whether first-party or third-party, under applicable law to bring claims for Defendants' damage thereto. In sum, at the time of the Rule 16 scheduling conference Plaintiff could not have reasonably foreseen or anticipated that nearly four years later, after Defendants had exhausted their nearly nine-year unsuccessful campaign to obtain dismissal via qualified immunity, that they would suddenly inject the issue of Plaintiff's alleged lack of ownership of his home into this matter for the first time at the eleventh hour, in pre-trial briefing.

Third, Plaintiff "was diligent in seeking amendment of the Rule 16 [O]rder, once it became apparent that [he] could not comply with the [O]rder." *See Taylor*, CV 11-08110-PCT-JAT, at *6. It did not become apparent to Plaintiff that he should seek leave to amend to rejoin Torres as a party after the expiration of the applicable Rule 16 deadline until July 2025. As set forth above, Defendants first raised the issue of his standing vis-a-vis his lack of ownership of his home in June 2025 at the pre-trial briefing stage. Plaintiff quickly responded on June 13, 2025 by filing a motion in limine seeking to exclude all argument, discussion, and evidence relating to said ownership. However, this Court ultimately denied that Motion on July 21, 2025 on the grounds that it was effectively requesting dispositive relief, which was not appropriate for a motion in limine. *See* Order 8:8-15, ECF No. 248. It then invited Plaintiff to move for leave to amend to add Torres back into this action to resolve standing concerns, *see id.* 9:16-22, which is exactly what Plaintiff did only two-and-a-half weeks later. And though as written the Motion to Amend seeks leave to amend the operative Complaint but not the operative Scheduling Order, nevertheless if necessary a court treats a motion for leave to amend pleadings after the scheduling order deadline as a motion to modify the scheduling order. *Livingston Hearing Aid Ctr., Inc. v. Insound*

*Med., Inc.*, No. 5:11-CV-01965 EJD, at *2 (N.D. Cal. Apr 03, 2012) (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000)).

For all the foregoing reasons, the Motion to Amend should not be denied on the basis of Rule 16(b).

## II. THE MOTION TO AMEND SHOULD NOT BE DENIED ON THE BASIS OF RULE 16(E).

Defendants also note that a "court may modify the order issued after a final pretrial conference *only to prevent manifest injustice*." Defs.' Resp. 7:7-9 (emphasis in original) (quoting Fed. R. Civ. P. 16(e)). Implicit in Defendants' reference is an argument that modification of the operative Trial Order would somehow be needed should the Court grant the Motion to Amend. However, Defendants do not argue, let alone offer any analysis for, such a contention. Accordingly, they have waived any such argument. *See Doria*, CV-25-08043-PCT-MTL, at *4; *John-Charles*, 646 F.3d at 1247 n.4; *U.S. Aviation Underwriters, Inc.*, No. 2:08-CV-00891-PMP-LRL, at *2.

Even if they had not waived such an argument, there is no reason to think that allowing Plaintiff to amend to rejoin his sister to this action would require modification of the Trial Order. That Order merely sets the dates on which trial will be held, and does so beginning in March 2026, approximately six-and-a-half months in the future. *See* Am. Trial Order, Aug. 12, 2025, ECF No. 250. It sets no other deadlines. *See id.* Allowing Ms. Torres back in as a Plaintiff because of her technical ownership of the Home in December 2014 would not delay the trial because no further discovery or motion practice would be needed. Ms. Torres has standing purely because of such ownership – her name on the deed, and has no other connection to the case. She did not even reside in the Home in December 2014, let alone witness any of the events at issue. Moreover, as Defendants concede that the relevant deed documents have already been exchanged during discovery, *see* Defs.' Resp. 11:19-20, her status as one of the titled homeowners in December 2014 is established and is not contested. Simply put, there is no need for Plaintiff to satisfy Rule

16(e)'s "manifest injustice" standard because the Trial Order does not require modification if Plaintiff is allowed to amend.

Nevertheless, should the Trial Order somehow require modification if Plaintiff is permitted to rejoin Ms. Torres as a party, Plaintiff still need not show that such modification is necessary to prevent manifest injustice because Defendants do not argue, let alone set forth any supporting analysis, that Plaintiff cannot show manifest injustice. As such, Defendants have also waived any such argument. *See Doria*, CV-25-08043-PCT-MTL, at *4; *John-Charles*, 646 F.3d at 1247 n.4; *U.S. Aviation Underwriters, Inc.*, No. 2:08-CV-00891-PMP-LRL, at *2.

Instead, and just as with their discussion of Rule 16(b), Defendants simply contend that *Plaintiff* is barred from arguing that manifest injustice supports any necessary modification of the Trial Order because he did not bring up Rule 16(e) in the Motion to Amend. And just as above, because a party may "raise 'new' arguments in a reply that directly address arguments raised in an opponent's response," *Alaska Local*, 2:22-cv-00141-TL, at *5 (citing *ACLU of Nev.*, 333 F.3d at 1106 n.14), Defendants' contention is baseless.

Regardless, Plaintiff *can* show that any required modification to the Trial Order following Ms. Torres' rejoinder as a Plaintiff would be necessary to prevent manifest injustice. In determining whether a trial order should be modified to prevent manifest injustice, "[t]he Ninth Circuit instructs its district courts generally to 'allow amendments of pretrial orders when no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight.'" *Cutler v. Cnty. of Pima*, No. CV-18-00383-TUC-JCH, at *2 (D. Ariz. Nov. 17, 2022) (quoting *Campbell Industries v. M/V Gemini*, 619 F.2d 24, 27-28 (9th Cir. 1980)).

Here, all three elements of the above standard are met. First, Defendants will not suffer substantial injury should the Trial Order need modification. Ms. Torres is connected to the events at issue in this case solely because she was a named owner of the Home at the

6

time of the incident. The deeds establishing her ownership have already been exchanged through discovery and are not in dispute. She did not witness the events in question. As a result, no or very little new discovery need be conducted. Should the Trial Order require some modification as a result, any injury to Defendants (and there would be none) would be slight. This action has been pending for nearly nine years already, but that delay has almost entirely been due to Defendants' multiple interlocutory appeals to the Ninth Circuit on the issue of qualified immunity.

Second, refusal to allow modification of the Trial Order should it be needed would result in injustice to Plaintiff. If Ms. Torres' ability to prosecute her claims for Defendants' destruction of the home she was a co-owner of is hindered due to such refusal, she will be left with no or diminished recourse for that destruction. That would surely not be just. Moreover, if Plaintiff is also prevented from recovery due to an (incorrect) determination that he does not have sufficient standing, then it is possible that *no* party may ultimately be compensated by Defendants for their destruction. That also would surely not be just.

Third, the inconvenience to the Court from any needed modification would be slight. As argued above, no modification, or only slight modification, of the Trial Order would be needed should Ms. Torres be rejoined as a Plaintiff. Again, allowing her as a plaintiff would not inject any complex legal or factual issues requiring wholesale revision of the Trial Order. There is nothing to add to the documentary record. Defendants did not even depose James Denby. At worst, some limited discovery may need to be permitted, but nothing that would affect any of the trial dates.

For all the foregoing reasons, the Motion to Amend Should Not Be Denied on the basis of Rule 16(e).

### III. THE MOTION TO AMEND SHOULD NOT BE DENIED ON THE BASIS OF RULE 15(A).

In their discussion of Rule 15(a), Defendants first contend, citing *Johnson*, that "this Court can sidestep a Rule 15 analysis entirely because Plaintiff made no effort to argue Rule 16 issues." Defs.' Resp. 8:19-21. But *Johnson* never holds that a court can summarily

7

deny a motion to amend merely for failure to argue Rule 16 in the motion proper. Rather, and as Defendants themselves admit, "*Johnson* recognizes that in those situations a court may decline to consider Rule 15 *where Rule 16 has not been met*." *Id.* 8:15-17 (emphasis added). Here, in contrast, and as set forth in detail above, Plaintiff has shown that denial of the Motion to Amend is not appropriate under either a Rule 16(b) or 16(e) analysis.

Regardless, the Motion to Amend easily satisfies Rule 15(a)'s "very liberal" standard. *See id.* 8:26-27 (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). We take the factors in the order argued by Defendants. First, as to prejudice – which Defendants concede is by far the most important factor, *see* Defs.' Resp. 9:9-11; *see also Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) – the prejudice to Defendants, if any, from allowing Ms. Torres back in as a plaintiff would be minimal or nonexistent. As set forth in detail above, she is connected to the case purely because she was a named owner of the home at the time at issue. The deed documents establishing that ownership, and thus her standing, have already been exchanged and are not in dispute. The legal theory underlying her claims is not complex or novel. It is difficult to imagine that anything more than a minimal amount of discovery, if at all, would be necessary if she were brought back in, let alone additional motion practice as Defendants contend. Defendants also complain as to Plaintiff's assertion that his mother's understanding and intention was that he was the sole owner of the home, and correctly note that she is now deceased. But this relates to the issue of *Plaintiff's* standing, not Torres'. As such, it is already a potential issue in this case, regardless of whether Torres is rejoined. Defendants then complain about the prejudice they would suffer due to the delay adding Torres may possibly cause, stating "such a burden on Defendants at this late stage is inherently unfair and prejudicial." Defs.' Resp. 10:4-6. But as set forth above, the addition of Torres would not necessitate *any* delay in this case as the trial is set for over six months from this date. No new documents exist. The entire universe of any documentary evidence has already been exchanged. Moreover, Defendants do not explain why any delay, should it occur, would be unfair or prejudicial to them. Finally, it is arguable that it is actually Defendants

8

who have caused this case to languish for close to nine years. It was Defendants' decision, not Plaintiff's, to file multiple interlocutory appeals to the Ninth Circuit over the issue of qualified immunity that transformed this action into a nearly nine-year marathon. They can hardly complain now about a comparatively minimal amount of additional delay in order for a named owner of the Home who was an original Plaintiff who was dismissed without prejudice to obtain justice.

Defendants next contend, without any evidence, that Plaintiff's request to amend is made in bad faith, claiming that "Plaintiff's desire to amend is more tactical than substantive." Defs.' Resp. 10:28-11:1. They further assert that "[d]uring April 2019, however, Plaintiff Denby, Torres, and their counsel, made a tactical choice to entirely exclude Ms. Torres from the case." *Id.* 11:8-10. These are strange assertions, as it is difficult to imagine what sort of tactical advantage Plaintiff somehow hoped to gain by not seeking to rejoin Torres back in April 2019 and instead doing so in August 2025. Defendants do not explain what litigation advantage(s) such conduct would or did bring, or what nefarious intention Plaintiff may have had. That is because there was no such advantage or nefarious intention. Plaintiff's reasons for seeking to amend at this stage, and not earlier, are sufficiently detailed in the Motion to Amend and are perfectly above board. Simply put, that Motion was not the product of bad faith.

Finally, Defendants address the issue of undue delay. They dramatically complain that the delay at issue "is not only undue, it is obscene," Defs.' Resp. 12:18-19, and further contend that "Plaintiff offers no good explanation for it," *id.* 12:19. Plaintiff acknowledges that his August 2025 request to amend his operative Complaint in order to rejoin his sister as a plaintiff, made nearly four years after the Rule 16 deadline to amend pleadings expired, comes late in these proceedings. However, as set forth in detail in the Motion to Amend, Plaintiff's reasons for not doing so until now are legitimate and grounded upon the overall litigation posture of this case. Most importantly, and as Defendants gloss over, throughout the nearly nine-year history of this action Defendants *never* raised the issue of Plaintiff's standing due to his lack of ownership of the Home at the time of the incident *until* June

9

2025, at the pre-trial briefing stage. They failed to do so despite filing multiple interlocutory appeals and dispositive motions on the issue of qualified immunity, appeals and motions which would have been unnecessary if Defendants had actionable grounds to dispute Plaintiff's standing. Plaintiff's counsel acknowledges that standing is a threshold issue. However, Torres was dismissed without prejudice as a footnote argument, and because of the myriad appeals, it was purely an oversight not to request amendment earlier – an amendment that would have required and still only requires one sentence to correct – e.g.: "As of December 17, 2014, Torres was listed on the deed of the house." This was an oversight of counsel at the beginning of this action. However, until June 2025 Plaintiff reasonably and legitimately believed that it was a non-issue. Moreover, as also set forth in detail in the Motion to Amend, from the beginning of this action and continuing to the present Plaintiff reasonably and legitimately has believed he has sufficient standing on his own, either first-party or third-party, to recover for Defendants' damage to the Home. *See, e.g., Coal. of Clergy, Lawyers, & Professors v. Bush*, 310 F.3d 1153, 1166 n.1 (9th Cir. 2002).

Regardless of any delay on Plaintiff's part (and any delay was legitimate, not undue) the Court should permit him to amend in order to rejoin his sister as a Plaintiff. The lack of any real prejudice to Defendants, which is the crucial factor at play, should carry the day here. "[T]he district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions . . . will not be disturbed unless they evidence a clear abuse of discretion." *U.S. v. Dang*, 488 F.3d 1135, 1143 (9th Cir. 2007) (quoting *Johnson*, 975 F.2d at 607). The Court should exercise that broad discretion and permit Plaintiff's sister to be rejoined as a plaintiff due to the absence of prejudice and in the interests of justice.

### IV.     CONCLUSION

For all the foregoing reasons, the Court should grant the Motion to Amend and permit Plaintiff to file the proposed Third Amendment which rejoins his sister, a named owner of the Home at the time of the incident, as a plaintiff in this action.

2025, at the pre-trial briefing stage. They failed to do so despite filing multiple interlocutory appeals and dispositive motions on the issue of qualified immunity, appeals and motions which would have been unnecessary if Defendants had actionable grounds to dispute Plaintiff's standing. Plaintiff's counsel acknowledges that standing is a threshold issue. However, Torres was dismissed without prejudice as a footnote argument, and because of the myriad appeals, it was purely an oversight not to request amendment earlier – an amendment that would have required and still only requires one sentence to correct – e.g.: "As of December 17, 2014, Torres was listed on the deed of the house." This was an oversight of counsel at the beginning of this action. However, until June 2025 Plaintiff reasonably and legitimately believed that it was a non-issue. Moreover, as also set forth in detail in the Motion to Amend, from the beginning of this action and continuing to the present Plaintiff reasonably and legitimately has believed he has sufficient standing on his own, either first-party or third-party, to recover for Defendants' damage to the Home. *See, e.g., Coal. of Clergy, Lawyers, & Professors v. Bush*, 310 F.3d 1153, 1166 n.1 (9th Cir. 2002).

Regardless of any delay on Plaintiff's part (and any delay was legitimate, not undue) the Court should permit him to amend in order to rejoin his sister as a Plaintiff. The lack of any real prejudice to Defendants, which is the crucial factor at play, should carry the day here. "[T]he district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions . . . will not be disturbed unless they evidence a clear abuse of discretion." *U.S. v. Dang*, 488 F.3d 1135, 1143 (9th Cir. 2007) (quoting *Johnson*, 975 F.2d at 607). The Court should exercise that broad discretion and permit Plaintiff's sister to be rejoined as a plaintiff due to the absence of prejudice and in the interests of justice.

**IV.     CONCLUSION**

For all the foregoing reasons, the Court should grant the Motion to Amend and permit Plaintiff to file the proposed Third Amendment which rejoins his sister, a named owner of the Home at the time of the incident, as a plaintiff in this action.

**RESPECTFULLY SUBMITTED** this 2nd day of September 2025.

                                      **MILLS + WOODS LAW, PLLC**

By  */s/ Sean A. Woods*
      Sean A. Woods
      Robert T. Mills
      5055 North 12th Street, Suite 101
      Phoenix, AZ 85014
      *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2025, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

James M. Jellison, Esq.
jim@jellisonlaw.com
**JELLISON LAW OFFICES, PLLC**
admin@jellisonlaw.com
18801 N Thompson Peak Parkway, Ste. D235
Scottsdale, AZ 85255
*Attorneys for Defendants David and Jane Doe Engstrom, Jacob H. Robinson, Christopher and Jane Doe Lapre, Sgt. Gragg and Jane Doe Gragg, and Rory Skedel*

     /s/ Ben Dangerfield