**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James W Denby, et al., | No. CV-17-00119-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| City of Casa Grande, et al., | |
| Defendants. | |

Before the Court is Plaintiff James W. Denby's Motion for Leave to Amend Complaint (Doc. 249), Defendants Engstrom, Robinson, Lapre, Gragg, and Skedel's Response in Opposition to Plaintiff's Motion for Leave to Amend Complaint (Doc. 251), and Plaintiff's Reply (Doc. 253). After considering the parties' briefing, the Court now rules as follows.

**I.  BACKGROUND**

This action arises from a December 2014 incident at the residence where Plaintiff James W. Denby ("Plaintiff" or "Plaintiff Denby") lived in Casa Grande, Arizona (the "Residence"). (Doc. 82 at 6). The Court provided a detailed summary of the factual background of this case in its July 21, 2025 Order on Plaintiff's Motions in Limine. (*See* Doc. 248 at 1–3). In this Motion, Plaintiff requests leave to file a Third Amended Complaint ("TAC") to add his sister, Elizabeth J. Torres, as a plaintiff in this action. (*See* Doc. 249).

This case was initially filed in state court by Plaintiffs Denby, Elizabeth J. Torres,

and Wilma J. Logston. (Doc. 1-1 at 2). Defendants removed the case to federal court on January 13, 2017. (Doc. 1). Since then, the original plaintiffs amended their complaint twice. (*See* Docs. 31, 82). Both the First and Second Amended Complaints included all three original Plaintiffs: Plaintiff Denby, his sister Elizabeth Torres, and their mother Wilma Logston. (*See id.*). However, on March 29, 2019, the Court granted Defendants' motion to dismiss Elizabeth Torres for lack of standing. (Doc. 106 at 6–7). The Court explained: "The only fact alleged as to Elizabeth Torres in the Second Amended Complaint is that she is a resident of Maricopa County, Arizona (Doc. 82 at ¶ 6). Without more, Plaintiffs have failed to satisfy the Article III standing requirements." (*Id.* at 7). In that Order, the Court granted Plaintiffs leave to amend the complaint as to Elizabeth Torres' standing, but Plaintiffs did not do so. (*Id.*). Now, Plaintiff Denby is the only remaining Plaintiff.[1]

On July 8, 2025, the Court held the Final Pretrial Conference in this matter and set a jury trial beginning on March 17, 2026. (ME 250). In advance of the Final Pretrial Conference, the parties prepared a Joint Proposed Final Pretrial Order. (Doc. 237). During that process, Defendants raised the fact that Plaintiff did not own the Residence at the time of the incident and argued that as a result, he lacks standing to obtain damages. (Doc. 237-1 at 4, 12–13). Plaintiff first filed a Motion in Limine to address the issue, asking the Court to exclude all argument, discussion, and evidence relating to the ownership of the Residence. (Doc. 240). The Court denied that request, explaining that a motion in limine "is not the appropriate channel to request the addition of a party." (Doc. 248 at 9).

Plaintiff acknowledges that he was not listed as an owner on the deed to the Residence. (Doc. 249 at 3). However, Plaintiff asserts that he was the intended owner of the property and was omitted from the deed because of an oversight. (*Id.*). Even though he was not on the deed, Plaintiff maintains that he has standing to bring the suit because he "had a full and unlimited right to possess, use and enjoy the Residence on the date

---

[1]   The Court dismissed Wilma Logston from this action on July 15, 2022. (Doc. 188).

Defendants destroyed it[.]" (*Id.* at 2). He argues that he also paid the property taxes, was the insured on the homeowner's insurance policy, and paid all premiums on that policy. (*Id.*). Even though he believes he has standing, he "seeks to re-add Elizabeth out of an abundance of caution and in the interests of justice." (*Id.* at 4–5).

## II.     LEGAL STANDARD

### A. Amendment under Rule 16

After a court enters a scheduling order under Federal Rule of Civil Procedure 16, "which establishe[s] a timetable for amending pleadings[,] that rule's standards control[]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Federal Rule of Civil Procedure 16(b)(4) provides that: "A schedule may be modified only for good cause and with the judge's consent." The analysis under Rule 16 "is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Johnson*, 975 F.2d at 609 (citation omitted). The "'good cause' standard primarily concerns the diligence of the party seeking the amendment." *Id.*

### B. Amendment under Rule 15

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint should be "freely give[n] . . . when justice so requires." The policy in favor of amendment "is to be applied with extreme liberality." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (internal quotation marks omitted). Still, courts consider the following factors in deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff had amended the complaint before. *Id.* The prejudice factor carries the most weight. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* The party opposing amendment bears the burden to show that leave to amend should be denied. *See New Enters. Ltd. v. SenesTech Inc.*, No. CV-18-08033-PCT-JAT, 2019 WL 1505898, at *2 (D. Ariz. Apr. 5, 2019).

//

### III. DISCUSSION

Plaintiff now asks the Court for leave to amend the complaint to re-add his sister, Elizabeth Torres, as a plaintiff. The Court will consider the request under both Rule 16 and Rule 15.

#### A. Rule 16 Good Cause Standard

This Court initially entered a Rule 16 Case Management Order on July 18, 2017 (Doc. 60), which has been amended several times over the last eight years. Because that order already issued, the Court will assess whether there is good cause under Rule 16.

Plaintiff asserts that until now he did not have reason to believe standing would be at issue. (Doc. 249 at 4). He explains that the case has been ongoing for ten years, and Defendants never argued that he did not have standing. (*Id.*). Instead, the Defendants' motions to dismiss, motions for summary judgment, and appeals all focused on qualified immunity, "an issue which would have been unnecessary to raise if [Plaintiff] did not have standing to begin with." (*Id.*). This is not a case in which Plaintiff ignored legal theories previously raised by Defendants or failed to raise a fact or theory known at the time of filing. *See Johnson*, 975 F.2d at 610 (explaining that the plaintiff had the burden to prosecute their case and the defendant previously raised the issue about which plaintiff sought to amend the complaint); *see also Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) ("We have also noted that late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action."). Plaintiff asserts that he genuinely believed that he had standing and that the issue would not be contested. (Doc. 249 at 4–5).

The Court finds that Plaintiff's failure to re-add Elizabeth Torres as a Plaintiff earlier in the case does not reflect a lack of diligence. Indeed, upon learning that Defendants would challenge his standing, he promptly attempted to remedy the issue through a Motion in Limine (Doc. 240) and now, through this Motion. (Doc. 249). Because Plaintiff has been diligent, there is good cause to amend the scheduling order and allow for the amendment

under Rule 16.

### B. Rule 15 Factors Test

Leave to amend the complaint is also warranted under Rule 15. The Court will address each factor in turn. *See Eminence Cap., LLC*, 316 F.3d at 1052. First, there is no evidence of bad faith. Defendants argue that by waiting to amend the Complaint, rather than doing so in 2019 when Elizabeth Torres was dismissed, Plaintiff gains an unfair advantage. (Doc. 251 at 10–11). There is no evidence that Plaintiff purposefully waited over six years after Elizabeth Torres was dismissed to re-add her as a plaintiff. Instead, the information before the Court suggests that Plaintiff did not anticipate the ownership of the house, or standing, would be contested at trial. (Doc. 253 at 4). Indeed, it is not clear what tactical advantage Plaintiff would have gained through this inaction. Therefore, the first factor weighs toward granting leave to amend.

To assess the second factor, undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). Plaintiff avers that because standing had not been raised until the pretrial conference stage, he did not know, and did not have reason to believe, standing would be a contested issue. (Doc. 249 at 4–5). Plaintiff could have considered standing and requested leave to amend the complaint at any time after Elizabeth Torres was dismissed in 2019. However, after realizing that ownership of the house would be at issue, Plaintiff quickly attempted to address it through a Motion in Limine. (*See* Doc. 240). Plaintiff has now promptly requested leave in accordance with the Court's Order on the Motions in Limine. (Docs. 248, 249 at 4–5). Arguably, Plaintiff should have assessed his own standing, even though the other side did not challenge it. Nevertheless, "delay cannot be individually decisive." *Schwartz v. Miller*, --F.4th---, 2025 WL 2473008, at *9 (9th Cir. Aug. 8, 2025).

Third, and most important, is prejudice to the opposing party. *Eminence Cap., LLC*, 316 F.3d at 1052. Plaintiff asserts that Defendants will not be prejudiced because "[n]o new discovery is needed, Elizabeth [Torres] was previously a plaintiff, and the legal theory

under which she is added is not complex." (*Id.* at 6). Plaintiff also notes that if additional discovery is needed, there is still ample time before trial. (*Id.*). On the other hand, Defendants counter that they will be prejudiced because Elizabeth Torres was not involved in the final pretrial conference and pretrial order. (Doc. 251 at 9). Defendants also assert that they would need additional time for discovery and motion practice, and such a burden is unfair at this point in the case. (*Id.*).

The Court does not find prejudice. Elizabeth Torres will not raise any new claims and adding her as party would not change the nature of the case. (*See* Doc. 249-2 at 2–30); *see Crossfirst Bank v. Vieste SPE LLC*, No. CV-18-01637-PHX-DLR, 2022 WL 504473, at *2 (D. Ariz. Feb. 18, 2022) (finding no prejudice to the defendants when the new plaintiffs were "not raising new individual claims"). As Plaintiff asserts, "her name [was] on the deed, and [she] has no other connection to the case." (Doc. 253 at 5). Therefore, Defendants would not be required to "undertake[], at a late hour, an entirely new course of defense." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Moreover, Defendants have been on notice of Elizabeth Torres' role in the case because she was originally a party to this action.[2] (*See* Docs. 1, 31, 82). Also, Defendants raised the issues regarding home ownership and standing, and the deed documents were exchanged during discovery. (Doc. 251 at 10). Plaintiff has conceded that Elizabeth Torres has "no other connection to the case" besides her ownership of the house. (Doc. 253 at 5). Should there be a need for limited discovery and a deposition, this could be accomplished within a short period of time. The parties could even agree on the scope of her testimony prior to trial.[3] The lack of prejudice to Defendants weighs toward granting leave to amend.

---

[2] When Elizabeth Torres was a party, she was represented by the same counsel as Plaintiff Denby, as shown on CM/ECF electronic docket for this case. The proposed TAC also indicates that Elizabeth Torres and Plaintiff Denby will be jointly represented. (Doc. 249-2 at 3). Therefore, there is no concern regarding her lack of appearance at the Final Pretrial Conference.

[3] Plaintiff writes in the Motion for Leave to Amend the Complaint that "Elizabeth will testify that it was her and their mother's understanding and intention at the time that Jim was the sole owner." (Doc. 249 at 3). In response, Defendants argue that this is "a new assertion" that cannot be proved due to Wilma Logston's death in 2022. (Doc. 251 at 9–10). Defendants assert that this presents and unfair and prejudicial burden. (*Id.*).

6

The fourth factor, futility, also weighs toward granting leave to amend.[4] Defendants assert that a claim by Elizabeth Torres "may not even pass muster under the statutes of limitation." (Doc. 251 at 9). However, it is possible that the relation-back doctrine applies. An amendment to a complaint adding a new plaintiff relates back to the original complaint when: "1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; 2) the relation back does not unfairly prejudice the defendant; and 3) there is an identity of interests between the original and newly proposed plaintiff." *Immigrant Assistance Project of Los Angeles Cnty. Fed'n of Lab. (AFL-CIO) v. I.N.S.*, 306 F.3d 842, 857 (9th Cir. 2002). Moreover, there is a clear purpose to re-adding Elizabeth Torres as a plaintiff in this action: establishing standing through ownership of the house. The Court finds that the amendment likely is not futile.

Fifth and finally, the Complaint has already been amended twice. However, because the proposed amendment focuses on a narrow issue only recently disputed, the fifth factor weighs toward granting leave to amend. On balance, though the amendment is delayed, all four other factors weigh toward leave to amend. Leave to amend is warranted under Rule 15.

**IV.   CONCLUSION**

Based on the reasoning above, the Court will grant Plaintiff's Motion for Leave to Amend Complaint. (Doc. 249). First, there is good cause under Rule 16 because Plaintiff's request to amend the complaint does not result from a lack of diligence. Once Plaintiff realized that he may lack standing, he moved to resolve the issue. Second, the Rule 15

---

Defendants raise an evidentiary issue which does not depend on whether Elizabeth Torres is added as a plaintiff. Whether or not she is a party to the case, she may still testify as a witness. Indeed, she was listed as a witness in the joint pretrial order. (Doc. 371-1 at 20). However, adding Elizabeth to the case would streamline the ownership issue at trial, preventing the need for testimony about who was believed to own the house.

[4] Defendants write that they cannot assess futility because they need "to conduct discovery on the new allegations and claims made on behalf of Ms. Torres." (Doc. 251 at 12, n.7). The proposed TAC does not bring any new claims. (Doc. 249-2 at 2–30). The new allegations in the TAC surround the deed to the Residence and the family's belief that Plaintiff Denby was the sole owner of the Residence. (*Id.* at 7–8). Although the analysis cannot be fully fleshed out at this stage, the Court must assess futility of amendment under the factors test. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

factors also weigh toward granting leave to amend. Rule 15 provides that "leave shall be freely given when justice so requires." *Eminence Cap., LLC*, 316 F.3d at 1051. This amendment will not change the nature of the litigation, and any prejudice to Defendants could be cured by giving them an opportunity to exchange discovery and depose Elizabeth Torres, should they choose to do so. The time needed is minimal because Elizabeth Torres' role in the case is so limited. Moreover, re-adding Elizabeth Torres as a plaintiff will streamline the standing issue and eliminate the need to litigate evidentiary issues relating to the deeds and the ownership of the house. Thus, the amendment serves the interests of justice.

Accordingly,

**IT IS THEREFORE ORDERED granting** Plaintiff's Motion for Leave to Amend Complaint (Doc. 249).

**IT IS FURTHER ORDERED** Plaintiff must file the Third Amended Complaint on the docket by **October 10, 2025**.

Dated this 7th day of October, 2025.

Honorable Steven P. Logan
United States District Judge