**JELLISON LAW OFFICES, PLLC**
18801 North Thompson Peak Parkway
Suite D235
Scottsdale, Arizona 85255
Telephone:  480.659.4244
JAMES M. JELLISON, ESQ., #012763
E: jim@jellisonlaw.com
E: admin@jellisonlaw.com
Attorney for Defendants David Engstrom, Jacob Robinson, Christopher Lapre, Brian Gragg, and Rory Skedel

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James W. Denby, *et. al.*, | Case No.:  2:17-cv-00119-SPL |
| Plaintiffs, | **DEFENDANTS' MOTION FOR RULE 16 CASE MANAGEMENT CONFERENCE** |
| vs. | |
| City of Casa Grande, et. al., | |
| Defendants. | |

Defendants, by and through undersigned counsel, respectfully request that the Court set a supplemental Rule 16 case management and scheduling conference pursuant to Federal Rule of Civil Procedure 16(a) and LRCiv 16.1.   The purpose of the supplemental case management conference is to 1) set a schedule to conduct discovery raised by the presence of Ms. Torres as a plaintiff and the factual issues newly raised by Plaintiffs, and relied upon by this Court for Rule 12(b) purposes; 2) establish a deadline for Rule 56 motions practice as related to the new plaintiff and/or any issues appropriate for Rule 56 consideration based on the new discovery; and 3) address the following additional issues stated below.

I.      **RECITALS**.

1.      On July 8, 2025, a final pretrial conference was held in this matter, with a trial setting announced.   (Doc. 247).

2.      On August 8, 2025, Plaintiff filed a Motion for Leave to Amend to file a Third Amended Complaint, adding Elizabeth Torres as a plaintiff.   (Doc. 249).

1

3. On August 21, 2025, Defendants objected to the amended complaint based on, among other things, Plaintiff's failure to demonstrate "good cause" under Rule 16(b), failure to demonstrate "manifest injustice" under Rule 16(e), and noting that if Torres were added now, so too would the Pretrial Order need to be changed, discovery re-opened, and a reasonable and meaningful period of time allowed for the Defendants, and the Court, to consider appropriate motions; failure to Torres to meet the statutes of limitation, including the fact that Torres had been an original plaintiff who was dismissed six (6) years earlier, failed to seek an amended complaint by the court-imposed deadline, has never been subject to discovery, and re-appeared in this case upon the request of Plaintiff Denby and not upon a request by Plaintiff Torres.  (Doc. 251).

4. On October 8, 2025, the Court granted leave to amend noting, among other things, the option for a period of discovery.  (Doc. 255, pg. 6).

5. On October 28, 2025, the case was reassigned to Judge Michael T. Liburdi.  (Doc. 258).

6. On November 12, 2025, District Judge Liburdi reset the trial date during a status conference in which Judge Liburdi discussed the need for additional discovery should the anticipated motion to dismiss be denied.  (Docs. 261, 262).

7. On November 19, 2025, Defendants filed their Motion to Dismiss the Third Amended Complaint, which was responded and replied to.  (Docs. 264, 269, and 274).

8. On December 12, 2025, the case was reassigned back to Judge Steven P. Logan.  (Doc. 271).

9. On January 14, 2026, the Court entered an Order denying Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint and directing the parties to update pretrial documents to reflect the addition of Plaintiff Elizabeth Torres.  In that Order, the Court further ordered the parties to jointly file updated pretrial documents by February 2, 2026, and indicated that previously decided issues will not be revisited, but did not set a schedule for additional discovery necessitated by the introduction of a new party, or the insertion of new

legal and factual issues raised in the Third Amended Complaint, and addressed in the Court's January 14, 2026 Order under the Rule 12(b) standard of review.

## II.  REQUESTS UNDER RULE 26(f)

In addition to those tasks contained in this Court's January 14, 2025 Order, Defendants request a Rule 16 Case Management Conference, making the following requests:

1. Order the parties to confer pursuant to Rule 26(f) to create a discovery plan which ensures Defendants right to due process under the civil rules of procedures, addressing:

   (A) the timing, form or requirement of additional disclosures and discovery in light of the legal and factual issues raised under the Third Amended Complaint;

   (B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or limited to or focused on particular issues; and

   (C) deadlines for Rule 56 dispositive motions which may be appropriate after additional discovery has been completed, and based on the injection of a new plaintiff to the case.

2. Require the parties to meet and confer no less than 21 days prior to the setting of the Rule 16 Case Management Conference;

3. Require the parties to submit a discovery plan addressing the issues described in paragraph (1) above to be filed no less than 14 days after the parties' conference.

4. At the Rule 16 Conference, obtain information concerning whether the currently assigned District Judge's earlier recusal was based on any conflict with the parties or any attorney of record; or interactions creating an appearance of impropriety regarding any of the parties or any attorney of record, or their law firms or other attorneys in their firms.

5. At the Rule 16 Conference:

   o Confirm the scope of issues remaining for trial;

1. o   Clarify pretrial deadlines related to discovery and dispositive motions; and
2. o   Ensure efficient administration of the Court's pretrial and trial schedule.

Defendants believe a short case management conference will assist the Court and the parties in streamlining the remaining proceedings and avoiding unnecessary motion practice.

WHEREFORE, Defendants respectfully request that the Court set a Rule 16 case management and/or scheduling conference at the Court's convenience.

DATED this 21st day of January, 2026.

JELLISON LAW OFFICES, PLLC

s/ *James M. Jellison*
James M. Jellison
*Attorney for Defendants Engstrom, Robinson, Lapre, Gragg, and Skedel*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on January 21, 2026 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing with service on the following registrants, or by mail if not a registrant:

Sean A. Woods
Robert T. Mills
Mills + Woods Law PLLC
5055 North 12th Street
Suite 101
Phoenix, AZ 85014
*Attorneys for Plaintiffs*

s/ *Valerie Hall*