**JELLISON LAW OFFICES, PLLC**
18801 North Thompson Peak Parkway
Suite D235
Scottsdale, Arizona 85255
Telephone: (480) 659-4244
Facsimile: (480) 659-4255
E-mail: jim@jellisonlaw.com
JAMES M. JELLISON, ESQ. #012763
Attorney for Defendants Engstrom, Robinson, Lapre, Gragg, and Skedel (the individual Defendants are referred to by name, or collectively as the "City and County Defendants" or "Defendants")

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| James W. Denby, a single man ; Elizabeth J. Torres, a single woman,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>David Engstrom; Jacob H. Robinson; Christopher Lapre; Sgt. Gragg; Rory Skedel; Abram Ochoa, a single man,<br><br>　　　　　　　Defendants. | Case No.: 2:17-cv-00119-SPL<br><br>**DEFENDANTS' ENGSTROM, ROBINSON, LAPRE, GRAGG, AND SKEDEL'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Defendants Engstrom, Robinson, Lapre, Gragg, and Skedel (collectively herein, "Defendants"),[1] through undersigned counsel, hereby submit their Answer to Plaintiffs' Third Amended Complaint (the "Complaint") admitting, denying and alleging as follows:

1.　Defendants deny the allegations contained in the following paragraphs of the Complaint: **16, 17, 18, 20, 52, 69, 70, 71, 72, 73, 96, 128, 130, 131, 134, 136, 141, 142, 143, 145, 146, 147, 148, 149, 150, 151, 153, 154, 155, 156, 158, 159, 160, 161, 162, 163, and 164.**

2.　Defendants are without sufficient information to admit or deny the allegations contained in the following paragraphs of the Complaint and, on that basis, deny the

---

[1] Defendants dismissed from the Second Amended Complaint include the City of Casa Grande, Pinal County, all Doe spouses, Paul Babeu, Francisco X. Lujan, Kent Horn, Mark McCabe, C. Western, Michael Wilson, JJ Ybarra, and Garric Berry.

allegations: **5, 6, 12, 13, 14, 19, 21, 22, 23, 42, 43, 44, 45, 46, 47, 50, 53, 60, 64, 94, 101, 106, 108, 109, 110, 111, 112, 113, 114, 115, 116, 129, 132, 133, 135, 166, 171, and 172.**

3. Defendants contend the allegations contained in the following paragraphs of the Complaint are legal conclusions, and not statements of fact, and therefore are subject to neither admission nor denial: **1, 2, 3, 4, 138, 139, 140, 144, and 152.** To the extent any of the allegations are deemed factual or are intended to allege, or serve as a basis for, any liability or wrongdoing on the part of the Answering Defendants, the allegations are denied. Notwithstanding the responses contained herein as to paragraphs **1, 2, 3, and 4** of the Complaint, Defendants agree this Court has jurisdiction over federal questions pursuant to 28 U.S.C. § 1331, that venue is proper pursuant to 28 U.S.C. § 1391, and affirmatively allege this matter is a Phoenix Division case pursuant to LRCiv. 77.1(a).

4. As to the allegations contained in the following paragraphs of the Complaint: **7, 8, 9, 10, and 11,** Defendants admit only that Engstrom was employed by the City of Casa Grande as a Sergeant working under its police department, Robinson was employed by the City of Casa Grande as an Officer working under its police department, Lapre was employed by the Pinal County Sheriff as a Sergeant; Skedel was employed by the Pinal County Sheriff as a Sergeant; and Gragg was employed by the City of Casa Grande as a Sergeant working under its police department, and deny all other allegations contained in paragraphs **7, 8, 9, 10, and 11.**

5. As to the allegations contained in paragraph **15** of the Complaint, Defendants admit that the recorded deed operative on December 17, 2014 states that Elizabeth Torres and Wilma Logston were the titled owners of the residence referred to in paragraph 13 of the Complaint, and does not identify Plaintiff James Denby as an owner of the real property or residence.

6. Defendants contend the allegations contained in the following paragraphs of the Complaint are described and defined by documents generated in response to the incident involving the execution of the arrest and/or search warrants on fugitive Defendant Ochoa, deny the allegations are correctly described by Plaintiffs, and affirmatively allege that the documentation contained in the various documents, themselves, accurately and fully describes their content in this matter: **24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 48, 49, 51, 54, 55, 56, 57, 58, 59, 61, 62, 63, 65, 66, 67, 68, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 95, 97, 98, 99, 100, 102, 103, 104, 105, 107, 117, 118, 119, 120, 121, 122, and 123.** Defendants deny that Plaintiffs' characterization of the events as described in the documentation underlying the allegations in the above paragraphs is true, complete, or accurate; or that each individual Defendant observed the actions of other persons involved in the subject incident. Notwithstanding the responses above, Defendants admit that Engstrom observed Ochoa attempting to leave the residence and then immediately returning into the residence, and informed others of his observations (**¶¶ 33-34**), and that Officer Wilson also observed Ochoa attempt to exit the residence, but return into the residence instead. (**¶ 36, second sentence**).

7. Defendants contend the allegations contained in the following paragraphs of the Complaint are directed at other parties, dismissed parties and/or dismissed claims and, therefore, require no admission or denial from the Answering Defendants: **124, 125, 126, and 127.** To the extent any of the allegations are deemed factual or are intended to allege, or serve as a basis for, any liability or wrongdoing on the part of the Answering Defendants, the allegations are specifically denied.

8. Defendants admit the allegations contained in the following paragraphs of the Complaint: **167, 168, and 169.** As to the allegations contained in paragraph **170** of the

1  Complaint, Defendants admit only that the physical invasion by Ochoa upon the property directly and proximately resulted in damage to the property.

9. Defendants re-allege and incorporate all of the responses above as to the allegations contained in the following paragraphs of the Complaint: **137, 157, and 165.**

10. Defendants deny any and all factual allegations not expressly admitted to herein.

11. Defendants demand trial by jury on all triable issues and, in making this demand, incorporate all prior Defendants' jury demands made in this case.

## AFFIRMATIVE DEFENSES

1. Although not an affirmative defense, Defendants assert Plaintiffs do not state claims upon which relief may be granted.

2. Defendants assert failure to mitigate damages.

3. Defendants assert offset or application of amounts received from other sources.

4. Defendants assert statute of limitations, and the absence of entitlement to relation-back related to the Complaint, or as to this case.

5. Defendants assert entitlement to all immunities and justifications applicable under federal or state law including, without limitation, all immunities afforded public entities and/or public employees, absolute or qualified, including, but not necessarily limited to, those immunities and/or justifications afforded pursuant to A.R.S. §§ 12-820.01, -820.02, -820.03, -820.05, 13-401 to -413, and common law.  Defendants further assert punitive damages are not authorized and/or are barred pursuant to authorities which include *City of Newport v. Fact Concerts, Inc.*, 101 S.Ct. 2478 (1981), A.R.S. § 12-820.04 and § 14-3110, and/or any other constitutional, statutory, regulatory, and/or common law principle.  Defendants further assert that none of the acts, omissions, or other conduct alleged as to them rise to the level authorizing an award of punitive damages, even if allowed.

6.    Defendants assert Plaintiffs are wholly, comparatively, and/or contributorily at fault.

7.    Defendants assert that other parties, either named or not named, are wholly, comparatively, and/or contributorily at fault.

8.    Defendants assert they each acted lawfully at all times.

9.    Defendants assert the absence of respondeat superior, the absence of other forms of vicarious liability, or any form of joint and several liability, as to the conduct of any other party or person.

10.   Defendants plead intervening and/or superseding causes.

11.   Defendants assert failure to exhaust administrative remedies including, but not limited to, those administrative remedies and/or notices required by A.R.S. § 12-821.01.

12.   Defendants assert all presumptions available under A.R.S. §§ 12-711, -712, and -716.

13.   Defendants assert Plaintiffs' lack of standing to raise certain claims, or to seek certain relief.

14.   Defendants assert reasonable suspicion, probable cause, and/or judicial authorization as defenses to claims.

15.   Defendants assert the benefit and applications of all prior rulings and orders issued in this action, and any issues of claims or issue preclusion arising therefrom.

16.   Defendants do not presently have specific facts in support of the following defenses, but wish to put Plaintiffs on notice that they raise these defenses which, through subsequent discovery may, indeed, be supported by the facts: lack of jurisdiction over the subject matter, lack of jurisdiction over the person, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel and/or waiver, set-off, failure to join an indispensable party, failure of consideration, fraud, illegality, laches, license, payment, release, *res judicata*, collateral estoppel or issue preclusion, and statute of frauds.

DATED this 29th day of January, 2026.

JELLISON LAW OFFICES, PLLC

s/James M. Jellison
James M. Jellison
*Attorney for Defendants Engtrom, Robinson, Lapre, Skedel, and Gragg*

I hereby certify that on January 29, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.

Robert T. Mills
Sean A. Woods
Mills + Woods Law PLLC
5055 North 12th Street
Suite 101
Phoenix, AZ 85014
*Attorneys for Plaintiffs*

s/James M. Jellison