Sean A. Woods (Arizona Bar #028930)
Robert T. Mills (Arizona Bar #018853)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| James W. Denby, a single man; Elizabeth J. Torres, a single woman,<br><br>Plaintiffs,<br><br>vs.<br><br>David Engstrom; Jacob H. Robinson; Christopher Lapre; Sgt. Gragg; Rory Skedel; Abram Ochoa, a single man,<br><br>Defendants. | Case No.: CV-17-00119-PHX-SPL<br><br>**PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**<br><br>(Assigned to the Hon. Steven P. Logan) |

Through counsel undersigned and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiffs James W. Denby ("Jim") and Elizabeth J. Torres ("Elizabeth") (collectively, "Plaintiffs") hereby respectfully move for a protective order excusing Plaintiffs from the undue burden and expense of preparing, and sitting, for precipitously noticed and unnecessary depositions at this late stage of the proceedings.

At a status conference on February 18, 2026, the Court permitted some "limited" additional discovery on an extremely short (twelve-day) timeframe. Order 1:18-19, Feb. 19, 2026, ECF No. 282. At that conference, Plaintiffs' counsel discussed on the record that he imagined a few Interrogatories would suffice.

Two days later and in response, Defendants David Engstrom, Jacob H. Robinson, Christopher Lapre, Sgt. Gragg, and Rory Skedel (collectively, "Defendants") then unleashed a fusillade of additional discovery requests and demands upon Plaintiffs, including: sixteen (16) Requests for Admission; twenty-seven (27) Requests for Production; thirteen (13) Interrogatories; Requests for signed medical authorizations, and; two (2) Notices of Deposition (to Jim and Elizabeth). All of that was on top of Defendants' previous twenty-four (24) Requests for Production and eighteen (18) Interrogatories served back in December 2021 and eighteen (18) Interrogatories and nineteen (19) Requests for Production on November 22, 2017. Defendants requested the additional discovery be provided by February 25, only five days later. Elizabeth's deposition was noticed for February 27, and Jim's for March 2, only seven (7) and ten (10) days later respectively.

Despite the voluminous nature of the requests, the fact that they grossly exceed written discovery permitted by this Court's Scheduling Order, and the extremely short time frame for compliance, Plaintiffs submitted Responses to those requests on the evening of February 24. In connection with those responses, they provided two hundred and eighty-one (281) pages of additional documents to Defendants, which are all remaining documents in Plaintiffs' possession. Plaintiff's counsel made a public records request to Pinal County and received an additional thirty-seven (37) pages of documents produced to Defendants' Counsel contemporaneously with this Motion.

Defendants' noticed depositions go far beyond the scope of the limited discovery authorized by this Court. Notably, Defendants did not previously seek to depose Jim Denby or Elizabeth Torres at any point over the ten-year history of this case, despite the fact that

Jim and Elizabeth were named Plaintiffs in the original Complaint and were both listed as witnesses in every disclosure statement and supplemental disclosure statement served by Plaintiffs in this case. Defendants seek to throw discovery wide open simply because Elizabeth has been re-added as a named Plaintiff. This is an abuse of this Court's ruling. Requiring Jim and Elizabeth to sit for depositions at this late date, forty (40) months after the close of discovery in October 2022, and on the eve of the Final Pretrial, is neither necessary nor appropriate.

Moreover, Plaintiffs are unable to sit for the noticed depositions, as both of their counsel have prior conflicts in other matters on the scheduled dates and times and it would be impossible for counsel to meet with and prepare Plaintiffs for a deposition on such short notice. Plaintiffs' counsel informed Defense counsel of these conflicts.

The only new issue raised by the recent addition of Elizabeth as a party is the extent each Plaintiff had an ownership interest in the home at issue at the time of the incident, and she is not a typical new party, she was a party to this case for years previous. The additional discovery sought by Defendants and responded to by Plaintiffs has more than sufficiently addressed that issue.

For all of the above reasons, Plaintiffs respectfully request that a protective order be entered excusing them from compliance with Defendants' recently-noticed depositions, in accordance with the [Proposed] Order attached hereto.

///

///

///

3

## CERTIFICATION OF CONFERRAL

By Plaintiffs' counsel's signature below, he hereby certifies that in good faith he conferred with Defendants' counsel in an effort to resolve the dispute without court action, but was unable to do so.

**RESPECTFULLY SUBMITTED** this 26th day of February 2026.

**MILLS + WOODS LAW, PLLC**

By  */s/ Sean A. Woods*
Sean A. Woods
Robert T. Mills
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

James M. Jellison, Esq.
jim@jellisonlaw.com
**JELLISON LAW OFFICES, PLLC**
admin@jellisonlaw.com
18801 N Thompson Peak Parkway, Ste. D235
Scottsdale, AZ 85255
*Attorneys for Defendants David and Jane Doe Engstrom, Jacob H. Robinson, Christopher and Jane Doe Lapre, Sgt. Gragg and Jane Doe Gragg, and Rory Skedel*

Abram Ochoa
Tuc.Rita.library@azadc.gov
*Defendant*

   */s/ Ben Dangerfield*

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28