1  **JELLISON LAW OFFICES, PLLC**
2  18801 North Thompson Peak Parkway
   Suite D235
3  Scottsdale, Arizona 85255
   Telephone: (480) 659-4244
4  Facsimile: (480) 659-4255
   E-mail: jim@jellisonlaw.com
5  JAMES M. JELLISON, ESQ. #012763
   Attorney for Defendants Engstrom, Robinson, Lapre, Gragg, and Skedel (the individual
6  Defendants are referred to by name, or collectively as the "City and County Defendants" or
   "Defendants")

7  **IN THE UNITED STATES DISTRICT COURT**

8  **FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| James W. Denby, a single man ; Elizabeth J. Torres, a single woman,<br><br>    Plaintiffs,<br><br>vs.<br><br>David Engstrom; Jacob H. Robinson; Christopher Lapre; Sgt. Gragg; Rory Skedel; Abram Ochoa, a single man,<br><br>    Defendants. | Case No.: 2:17-cv-00119-SPL<br><br>**DEFENDANTS' ENGSTROM, ROBINSON, LAPRE, GRAGG, AND SKEDEL'S EMERGENCY MOTION FOR A 30-DAY EXTENSION OF THE DISCOVERY AND FINAL PRETRIAL DOCUMENTS DEADLINES** |

Defendants Engstrom, Robinson, Lapre, Gragg, and Skedel (collectively herein, "Defendants"), through undersigned counsel, respectfully move, on an emergency basis, for a 30-day extension of the discovery deadlines found in the Court's Order at Doc. 282.

During the February 18, 2026 status conference, the Court set strict deadlines (8 business days) for discovery based on the inclusion of Plaintiff Elizabeth Torres over six years after she had been dismissed from this case and new fact allegations that appear in the Third Amended Complaint. Plaintiffs did not object to the shortened discovery and did not raise any scheduling issues that would prevent compliance. Plaintiffs did not request any limitation on discovery during the 8-day period. Defendants objected that the 8-day period was too short to accomplish necessary discovery tasks. The Court stated an intention to ensure Defendants were afforded the opportunity to obtain the information necessary to the addition of a party and the new factual and legal issues raised by the Third Amended

Complaint. To further this, the Court directed Defendants to submit a motion for extension if discovery could not be accomplished. In ordering further discovery, this Court did not preclude, or limit, discovery by of the means identified in Federal Rules of Civil Procedure 26 or 30-36.. On February 19, 2026, this Court issued its written minute entry confirming the February 28, 2026 Order that was verbally conveyed.

Defendants acted on or before February 20, 2026 by 1) seeking a disclosure statement from the Third Amended Complaint; 2) creating and delivering written discovery requests to Plaintiffs proportional to the inclusion of Torres and the new issues; and 3) sending notices of deposition for Torres and Denby to take place on February 28 and March 2, 2026, respectively. On February 24, 2026, just before 7:00 p.m., Plaintiffs provided an email message with their discovery responses which contained significant objections, refusals to answer, and/or submitted vague statements which only created additional fact issues. In that same email, Plaintiffs announced, for the first time, that they would not appear at depositions because of their unilateral conclusion this Court's orders precluded deposition discovery and because counsel's schedules did not allow attendance at the depositions. Plaintiffs' counsel did not then, and still has not, provided any details of the claimed scheduling conflict.

On February 25, 2026, Defendants offered a stipulated extension of the discovery deadline to accommodate Plaintiffs' counsels' scheduling issues, indicating that in the absence of an extension or signed protective order, this Court's insistence on completing discovery no later than March 2, 2026 made proceeding with the depositions a necessity. Plaintiffs' counsel refused any stipulation to extend discovery, and on February 27, 2026, just before 7:00 p.m., filed their Motion for Protective Order regarding the depositions set for February 28, 2026 and March 2, 2026. In the absence of a signed Protective Order, Defendants proceeded with the Torres deposition, but Ms. Torres did not appear. Plaintiffs' Motion for Protective Order, and email messages from counsel, suggest Plaintiff Denby will not appear for his deposition scheduled for today.

Defendants respectfully seek a 30-day extension of the March 2, 2026 discovery deadline to review discovery responses provided by Plaintiffs, determine the scope of any discovery disputes, follow the procedures required by this Court to resolve discovery disputes, re-schedule the depositions of newly added Plaintiff Elizabeth J. Torres and James W. Denby (if he declines to appear today), and provide a timely response in opposition to Plaintiffs' Motion for Protective Order. A 30-day extension would reset the discovery deadline to April 1, 2026.[1]

Defendants raise this motion respectfully and do not seek delay for delay's sake. Defendants made every reasonable effort to complete discovery within the 8-day period allotted by this Court but were met with resistance. Defendants accept this Court's invitation to seek an extension. In doing so, Defendants seek minimal procedural protections necessary to ensure that trial proceeds on a complete and fairly-developed record, with the due process provided by the federal and local rules being available to Defendants in light of the last-minute changes to this action, through the Third Amended Complaint, that were caused by no fault of Defendants. Defendants move that a change in the discovery deadline will naturally require a corresponding change in the deadline to submit final pretrial documents as that task requires the development of the arising factual and legal issues that were not present when the original pretrial documents were filed and considered by this Court last year.

Counsel for Plaintiffs, was asked to, but would not stipulate to this request..

A Proposed Order is attached hereto as Exhibit "A".

DATED this 2nd day of March, 2026.

JELLISON LAW OFFICES, PLLC

s/ *James M. Jellison*
James M. Jellison
*Attorney for Defendants Engtrom, Robinson, Lapre, Skedel, and Gragg*

---

[1] Defendants' counsel will not be able to conduct discovery during the week starting March 9, 2026 due to a prepaid, non-refundable family trip with counsel's minor daughter.

**CERTIFICATE OF FILING AND SERVICE**

  I hereby certify that on March 2, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing with service on the following registrants:

Robert T. Mills
Sean A. Woods
Mills + Woods Law PLLC
5055 North 12th Street
Suite 101
Phoenix, AZ 85014
*Attorneys for Plaintiffs*


s/ *Valerie Hall*