Sean A. Woods (Arizona Bar #028930)
Robert T. Mills (Arizona Bar #018853)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| James W. Denby, a single man; Elizabeth J. Torres, a single woman,<br><br>Plaintiffs,<br><br>vs.<br><br>David Engstrom; Jacob H. Robinson; Christopher Lapre; Sgt. Gragg; Rory Skedel; Abram Ochoa, a single man,<br><br>Defendants. | Case No.: CV-17-00119-PHX-SPL<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' ENGSTROM, ROBINSON, LAPRE, GRAGG, AND SKEDEL'S EMERGENCY MOTION FOR A 30-DAY EXTENSION OF THE DISCOVERY AND FINAL PRETRIAL DOCUMENTS DEADLINES**<br><br>(Assigned to the Hon. Steven P. Logan) |

Through counsel undersigned, Plaintiffs James W. Denby ("Jim") and Elizabeth J. Torres ("Elizabeth") (collectively, "Plaintiffs") hereby respond in opposition to "Defendants' Engstrom, Robinson, Lapre, Gragg, and Skedel's Emergency Motion for a 30-Day Extension of the Discovery and Final Pretrial Documents Deadlines" ("Defendants' Motion") filed by Defendants Engstrom, Robinson, Lapre, Gragg, and Skedel (collectively, "Defendants").

Plaintiffs believe – as discussed in their recently-filed Motion for Protective Order, ECF No. 286 – that depositions of Plaintiffs at this late stage are inappropriate and

overburdensome. This Court ordered "Limited Discovery." As stated in the Motion for Protective Order, Plaintiffs' Counsel discussed at the last hearing that perhaps some interrogatories would be sufficient. There was no discussion regarding permitting a large-scale discovery, including voluminous requests for admission, interrogatories, requests for production, and depositions. Despite the above, Plaintiffs attempted to answer Defendants' requests in good faith and to the best of their ability. In fact, Plaintiffs' Counsel even submitted a public records request for Jim's divorce documents from Pinal County.

Defendants are asking for voluminous discovery at this late stage, much of which they could have requested, but failed to do so during the normal course of this case. Defendants did not take Jim's, Elizabeth's, or (the now-deceased) Ms. Logston's, depositions during the normal course of discovery in this case, despite knowing as early as 2018 they raised a standing issue as to Ms. Torres, *see* Defs.' MTD 2d Am. Compl. at 4, n.2, May 1, 2018, ECF No. 83. As a reminder, Plaintiffs requested an extension to the discovery deadlines in early 2022, *see* Pls.' Mot. Ext. Disc. Deadlines, March 25, 2022, ECF No. 163, but Defendants opposed that request, *see* Defs.' Resp. Mot. Ext. Disc. Deadlines, March 30, 2022, ECF No. 165.

Allowing Defendants another (large) bite at the apple is neither necessary nor appropriate. Defendants request a wholesale re-opening of discovery when firm trial dates have been set. Furthermore, a thirty-day extension puts discovery completion after the final trial management documents are due.

Plaintiffs' counsel attempted on multiple occasions to schedule meet and confers with Defendants' counsel on Plaintiffs' objection to the new depositions and the

sufficiency of Plaintiffs' responses to the new discovery requests. Yet each time, Plaintiffs' counsel was rebuffed – each time, Defendants' counsel stated he was too busy or could only meet directly before, during, or after the depositions that Plaintiffs' counsel had already informed Defendants' counsel he could not attend.

With regard to the depositions Defendants noticed for Elizabeth and Jim on February 27 and March 2, respectively, Plaintiffs' counsel already had depositions in other matters scheduled for each of those days. Furthermore, Plaintiffs' counsel had an in-person, oral argument on multiple motions for summary judgment in another matter on February 27.

If the Court deems that the new depositions are appropriate, Plaintiffs' counsel proposes a minimal extension, and affirms he can find appropriate dates in the next ten (10) days. However, in truth Plaintiffs' Counsel does not believe such an outcome will resolve Defendants' counsel's thirst for extending this case. If history is any guide, Plaintiffs' counsel believes that following such depositions, Defendants' counsel will attempt to request further motion practice, as counsel has sought every opportunity, no matter how small, to extend this action.

**RESPECTFULLY SUBMITTED** this 3rd day of March 2026.

**MILLS + WOODS LAW, PLLC**

By  */s/ Sean A. Woods*
    Sean A. Woods
    Robert T. Mills
    5055 North 12th Street, Suite 101
    Phoenix, AZ 85014
    *Attorneys for Plaintiffs*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

James M. Jellison, Esq.
jim@jellisonlaw.com
**JELLISON LAW OFFICES, PLLC**
admin@jellisonlaw.com
18801 N Thompson Peak Parkway, Ste. D235
Scottsdale, AZ 85255
*Attorneys for Defendants David and Jane Doe Engstrom, Jacob H. Robinson, Christopher and Jane Doe Lapre, Sgt. Gragg and Jane Doe Gragg, and Rory Skedel*

Abram Ochoa
Tuc.Rita.library@azadc.gov
*Defendant*

          */s/ Ben Dangerfield*