**JELLISON LAW OFFICES, PLLC**
18801 North Thompson Peak Parkway
Suite D235
Scottsdale, Arizona 85255
Telephone: (480) 659-4244
Facsimile: (480) 659-4255
E-mail: jim@jellisonlaw.com
JAMES M. JELLISON, ESQ. #012763
Attorney for Defendants Engstrom, Robinson, Lapre, Gragg, and Skedel (the individual Defendants are referred to by name, or collectively as the "City and County Defendants" or "Defendants")

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James W. Denby, a single man ; Elizabeth J. Torres, a single woman,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>David Engstrom; Jacob H. Robinson; Christopher Lapre; Sgt. Gragg; Rory Skedel; Abram Ochoa, a single man,<br><br>　　　　　Defendants. | Case No.: 2:17-cv-00119-SPL<br><br>**DEFENDANTS' ENGSTROM, ROBINSON, LAPRE, GRAGG, AND SKEDEL'S REPLY IN SUPPORT OF EMERGENCY MOTION FOR A 30-DAY EXTENSION OF THE DISCOVERY AND FINAL PRETRIAL DOCUMENTS DEADLINES** |

Defendants Engstrom, Robinson, Lapre, Gragg, and Skedel (collectively herein, "Defendants"), through undersigned counsel, respectfully submit this Reply in support of their Emergency Motion for a 30-Day Extension of the Discovery and Final Pretrial Documents Deadlines.

**I.     Plaintiffs Mischaracterize the Court's Order**

Plaintiffs' response rests largely on the assertion that the Court authorized only minimal written discovery and did not contemplate depositions. That characterization is incorrect.

During the February 18, 2026 status conference, the Court authorized limited discovery in light of the Third Amended Complaint and the addition of Plaintiff Elizabeth Torres, who had previously been dismissed from this action. The Court did not restrict the

1

methods of discovery available to Defendants. The Federal Rules of Civil Procedure permit discovery through depositions and written discovery under Rules 26 and 30–36, and nothing in the Court's directive prohibited Defendants from using any of those mechanisms. Now, we are in a position whether Plaintiffs simply did not appear at their scheduled depositions in reliance on a late-filed motion for protective order, made wholesale objections to written discovery which have not yet been the subject of a good faith discovery dispute conference.

Plaintiffs' unilateral decision to refuse to appear for noticed depositions, and object to written discovery requests (yet produce over 300 pages of new documents) have prevented Defendants from completing discovery within the eight-day window. On February 18, 2026, this Court stated that the eight-day window, if not achievable, could be followed by a motion for extension. This Court also stated that it did not intend to deprive the Defendants to engage in additional, appropriate discovery. Defendants now take this Court up on that offer of an extension so that discovery can be accomplished.

**II. The Need for Discovery Arises from the Newly Added Claims and Plaintiff**

Plaintiffs argue Defendants should have conducted depositions years ago. This argument ignores the procedural posture of the case.

Plaintiff Elizabeth Torres was dismissed earlier in the litigation and was only recently reintroduced through the Third Amended Complaint, which also includes new factual allegations. Discovery directed at Ms. Torres and the new claims could not have been conducted previously because those issues were not part of the operative case. In fact, the court record will reflect that prior to Ms. Torres' dismissal, neither side engaged in deposition discovery as we worked through the pending motions to dismiss, motion for summary judgment, and appeals. It was not until *well-after* Torres dismissal that either side engaged in deposition discovery for the first time.

Here is the real timeline:
- Torres dismissed with leave to file amended complaint by April 12, 2019 (Doc. 106; 3-29-19);

2

- Plaintiffs Denby and Logston file first Notice of Service of 1st NUIs and RPDs (Doc. 116; 6-25-19);
- Defendants Skedel, Lapre, Gragg, Engstrom and Robinson file Notice of Service of 1st NUIs and RPDs to Denby and Logston (Doc. 153, 12-15-21);
- Notice of Death of Wilma Logston (Doc. 161; 3-22-22);
- First Notice of Deposition filed in case by either side (Doc. 172; 5-18-22).

This timeline shows that Torres was out of the case before the individual Defendants in this case submitted written discovery, and that she was out of the case before any party conducted depositions. Ms. Logston died before depositions commenced by either party. James Denby was not deposed because he had given his account of the arrest and search execution in a separate deposition that was obtained by Defendants.

Plaintiffs' assertion that Defendants had conducted discovery as to Torres, or have had any time to discover new allegations in the Third Amended Complaint is a fallacy. The limited discovery period ordered by the Court was specifically intended to allow Defendants to address these newly asserted claims and parties

Plaintiffs' Third Amended Complaint alleges that Plaintiff Torres owns the home allegedly damaged because she is the owner of record on the title, *and* that Plaintiff Denby owns the home because he has done things like paid property taxes, insurance, and performed maintenance, *and* both of them are the owners of the home as December 17, 2014. This Court allowed these new allegations to pass for purposes of Rule 12(b), but they have not been vetted for purposes of Rule 56, nor has Plaintiffs explicitly disclosed any legal theory that supports who is the owner of the real property for purposes of standing to assert a Fourth Amendment claim. Arizona's Statute of Frauds prohibit any action to enforce an agreement "for the sale of real property or an interest therein" unless the agreement "is in writing and signed by the party to be charged" or there is a written and signed memorandum of the agreement. A.R.S. § 44-101(6). By its terms, the Statute of Frauds is "absolute." *Owens v. M.E. Schepp Ltd. P'ship*, 218 Ariz. 222, 225–26, ¶ 14, 182 P.3d 664, 667–68 (2008). There

is no written agreement upon which Denby's claim of ownership rests. Whether Denby's "parole evidence" is sufficient to establish his ownership in allegedly damaged real property has not been discovered, nor considered under Rule 56. Indeed, Plaintiffs have offered no factual or legal theory supporting that an oral agreement, payment of taxes and insurance, and handling maintenance is sufficient under Arizona law to confer standing on Denby to obtain damages related to real property loss. Moreover, Denby's ownership has *always* been in question because his standing was alleged as an affirmative defense in the Answer, and the parties exchanged the Deed information on the residence during discovery. Yet, on February 24, 2026 through March 2, 2026, Plaintiffs have produced over 300 pages of documentation in an attempt to establish Denby's ownership.

The trial setting may be close, but that is insufficient reason to short-change Defendants on their right to engage in discovery; particularly where Denby and Torres opted to forego an amended complaint that could have been filed nearly seven years ago.

### III. Defendants Acted Diligently

Defendants immediately acted after the Court's directive by requesting updated disclosures, serving written discovery tailored to the new allegations, and noticing depositions of both Plaintiffs. Despite these efforts, Plaintiffs provided heavily objected-to written responses and refused to appear for the noticed depositions. Plaintiffs' counsel also declined to stipulate to a reasonable extension that would have resolved the scheduling issues raised in their opposition.

Defendants therefore sought the Court's assistance, exactly as the Court indicated they should if discovery could not reasonably be completed within the expedited timeframe.

### IV. The Requested Extension Is Modest and Necessary

Defendants do not seek to reopen discovery broadly or delay trial. Rather, Defendants request a brief 30-day extension so that they may review Plaintiffs' discovery responses, address discovery disputes through the Court's procedures, reschedule the depositions of

Plaintiffs Torres and Denby, and consider whether the new issues may necessitate the disclosure of an expert regarding the process to obtain ownership of real property in Arizona.

Without this modest extension, Defendants would be forced to proceed toward trial without the opportunity to obtain discovery related to newly asserted claims and a newly added Plaintiff.

**V. Conclusion**

For these reasons, Defendants respectfully request that the Court grant their Emergency Motion and extend the discovery deadline to April 1, 2026, with corresponding adjustment of the final pretrial deadlines.

DATED this 6th day of March, 2026.

JELLISON LAW OFFICES, PLLC

s/ *James M. Jellison*
James M. Jellison
*Attorney for Defendants Engstrom, Robinson, Lapre, Skedel, and Gragg*

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on March 6th, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing with service on the following registrants:

Robert T. Mills
Sean A. Woods
Mills + Woods Law PLLC
5055 North 12th Street
Suite 101
Phoenix, AZ 85014
*Attorneys for Plaintiffs*

s/ *Valerie Hall*