**JELLISON LAW OFFICES, PLLC**
18801 North Thompson Peak Parkway
Suite D235
Scottsdale, Arizona 85255
Telephone: (480) 659-4244
Facsimile: (480) 659-4255
E-mail: jim@jellisonlaw.com
JAMES M. JELLISON, ESQ. #012763
Attorney for Defendants Engstrom, Robinson, Lapre, Gragg, and Skedel (the individual Defendants are referred to by name, or collectively as the "City and County Defendants" or "Defendants")

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James W. Denby, a single man ; Elizabeth J. Torres, a single woman,<br><br>                    Plaintiffs,<br><br>vs.<br><br>David Engstrom; Jacob H. Robinson; Christopher Lapre; Sgt. Gragg; Rory Skedel; Abram Ochoa, a single man,<br><br>                    Defendants. | Case No.: 2:17-cv-00119-SPL<br><br>**DEFENDANTS ENGSTROM, ROBINSON, LAPRE, GRAGG, AND SKEDEL'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER** |

Defendants Engstrom, Robinson, Lapre, Gragg, and Skedel (collectively herein, "Defendants"), through undersigned counsel, respectfully submit their Response in opposition to Plaintiffs' Motion for Protective Order.   Through their Motion, Plaintiffs seek to completely bar Defendants from deposing Plaintiffs, after they were given leave to file a Third Amended Complaint with the reintroduction of a plaintiff who had been dismissed in 2019 and new factual allegations related to standing, damages, and damage entitlement.   As Plaintiffs resist sitting for their own depositions, they simultaneously admit having recently provided 318-pages of documents never before produced,[1] but allegedly relevant to the claims as they have always existed in this matter.   According to Plaintiffs, this production comes without the right to even speak with the Plaintiffs in deposition.

---

[1] Some on February 24, 2026 and the rest on March 2, 2026.

1

Notably, Plaintiffs offer no rule, or case-based, authority that allows a district court to completely deny one party the ability to depose another party after the filing of a new complaint with new fact allegations, and a corresponding new, and significantly large, production of allegedly relevant documents.

## I.     Plaintiffs Do Not Meet (Or Even Argue) the Rule 26(c) Standard

First and foremost, Plaintiffs do not argue the standard for entitlement to a protective order.  Courts have the discretion to grant protective orders pursuant to Fed.R.Civ.P. 26(c) which states in relevant part: "Upon motion by a party or by the person from who discovery is sought ... the court ... may [for good cause shown] make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense ..." Generally, courts have "broad latitude to grant protective orders to prevent disclosure of materials for many types of information ..." *See Phillips ex rel. Estates of Byrd v. General Motors Corp.,* 307 F.3d 1206, 1211–1212 (9th Cir. 2002). A court's ruling on a motion for a protective order is reviewed for an abuse of discretion. *Id.* at 1209. "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Id.* 1210–1211; *See also Beckman Indus. Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992) ("broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.").

Plaintiffs fail to meet that burden. Their motion relies largely on generalized claims that Defendants' discovery is "voluminous" and that depositions occur "late in the case." These generalized, hyperbolic claims do not meet the Ninth Circuit's specificity requirement. *See, Beckman, id.*   Such arguments do not establish good cause under Rule 26(c), particularly where the discovery arises from new claims and the reintroduction of a previously dismissed plaintiff through the Third Amended Complaint.  Because Plaintiff's motion fails to establish good cause to "bar Defendants from taking [their] deposition[s]," the motion must be denied. *See, Baker v. Midland Funding LLC*, No. CV-13-08169-PCT-SPL, 2019 WL 10255026, at *2 (D. Ariz. Nov. 25, 2019).

Moreover, Plaintiffs' Motion must be denied as untimely. The notices of deposition were filed on February 20, 2026, with the Torres deposition set for February 27, 2026 and Denby's for March 2, 2026 – the last day of discovery. Defendants did not have the luxury to pick alternate dates on this Court's restrictive schedule. Plaintiffs, on the other hand, although aware of the notices on February 20, 2026, waited to file their Motion for Protective Order on February 26, 2026, just before 7:00 p.m. This was the day before Torres' deposition was to commence, at the filing occurred outside of business hours, with not request to stay the depositions or expedite a ruling. As a result, Defendants commenced both depositions which were no-shows. Plaintiffs' Motion for Protective Order was untimely. *See generally Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964) ("[The prior version of Rule 26(b)] places the burden on the proposed deponent to get an order, not just to make a motion. And if there is not time to have his motion heard, the least that he can be expected to do is to get an order postponing the time of the deposition until his motion can be heard."); *Nationstar Mortgage, LLC v. Flamingo Trails No. 7 Landscape Maintenance Ass'n*, 316 F.R.D. 327, 336 (D. Nev. 2016) (party seeking protective order in relation to deposition must "obtain[ ] either a protective order or an order staying the deposition pending resolution of the motion for protective order").

Finally, a motion for protective order regarding depositions is still a discovery motion. *Tomar Elecs., Inc. v. Whelen Techs., Inc.*, 819 F. Supp. 871, 878 (D. Ariz. 1992). LRCiv. 7.2(j) states: "No discovery motion will be considered or decided unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter. Any discovery motion brought before the Court without prior personal consultation with the other party and a sincere effort to resolve the matter, may result in sanctions." On this basis, the Court must also deny Plaintiffs' motion. *Id.*

## II.    The Court Authorized Discovery and Did Not Preclude Depositions

Plaintiffs' motion is premised on the incorrect, unilateral assertion that the Court's Order extending discovery deadlines in this matter precluded deposition discovery.  That is not true.

On January 21, 2026, shortly after the Court's denial of the motion to dismiss the Third Amended Complaint, Defendants requested the Court set deadlines on additional discovery and dispositive motions.  Doc. 277.   On January 30, 2026, this Court granted Defendants' Motion and set the February 18, 2026 status conference.   Doc. 280.  At the February 18, 2026 status conference, this Court queried counsel on the factual and legal issues that were newly introduced by the Third Amended Complaint, and the introduction of Ms. Torres as a party.   The Court recognized the need for discovery, providing an 8-day window to complete discovery.  The Court, at no time, stated that any particular method of discovery authorized by Fed.R.Civ.P. 26, 30-36, was prohibited or limited.   This Court certainly did not prohibit the depositions of Plaintiffs.  Likewise, Plaintiffs' counsel did not seek any limitation on discovery under Fed.R.Civ.P. 26, 30-36, and did not advise this Court, or defense counsel, that their schedules were limited during the 8-day period.   On February 19, 2026, this Court issued its Order that, likewise, contained no limits on discovery under Fed.R.Civ.P. 26, 30-36.

The Court permitted additional discovery following the filing of the Third Amended Complaint and the reintroduction of Plaintiff Elizabeth Torres. Nothing in the Court's order restricted the methods of discovery available to Defendants under the Federal Rules of Civil Procedure. Rules 26 and 30 expressly authorize depositions as a standard discovery tool. Plaintiffs' attempt to redefine "limited discovery" as excluding depositions finds no support in the Court's order or the Federal Rules.   Moreover, Plaintiffs' Motion contains no authority that a district court acts within its discretion through a wholesale denial of deposition discovery of an opposing party after an amended complaint is filed which raises new fact

issues, and after that opposing party produces a significant amount of documentary evidence on those newly raised fact issues.

Indeed, in denying Rule 12(b) relief, this Court took as true Plaintiffs' allegations that Denby had standing to seek relief for alleged real property damage because of an intention that Denby be considered the "sole owner" of the residence, notwithstanding the deed, as evidenced by his procurement of insurance, and alleged payment of maintenance and property taxes. *See,* Doc. 275, pg. 10, lls. 11-24.    Defendants are entitled to discover the underlying facts of these new allegations, and assess the legal significance of them. Providing Defendants with hundreds of documents last week, but denying any opportunity to discuss those documents with Plaintiffs, is not supported by the rules of procedure or any case authority.

### III.    Depositions of Plaintiffs Are Routine, Appropriate, and Necessary

Depositions of parties are among the most fundamental discovery tools in federal litigation. Plaintiffs offer no authority suggesting that parties may avoid deposition merely because discovery previously closed in the case. Here, depositions are particularly appropriate because: Plaintiff Elizabeth Torres has been reintroduced as a party after previously being dismissed from the case; the Third Amended Complaint asserts new factual allegations; and Defendants are entitled to examine Plaintiffs regarding the factual bases of those allegations.  Plaintiffs' assertion that the "only issue" raised by Ms. Torres's addition concerns ownership of the property is a unilateral characterization of the case and does not limit Defendants' ability to conduct discovery permitted by the Federal Rules.

"A party may, by oral questions, depose any person, including a party, *without leave of court* except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45." Fed. R. Civ. P. 30 (emphasis added).[2]  "The court may impose an

---

[2] Plaintiffs' Motion does not argue that any provision of Fed.R.Civ.P. 30(a)(2) requires leave of court to depose either Denby or Torres.

appropriate sanction--including the reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). "A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to: attend and proceed with the deposition . . . ." Fed.R.Civ.P. 30(g)(1). There can be no dispute that the importance of depositions is made clear by the rules.

The importance is also clear from the many federal rules decisions. "[A party] does have the right, however, to take the oral deposition of a party or witness before trial." *Leve v. Gen. Motors Corp.*, 43 F.R.D. 508, 511 (S.D.N.Y. 1967). "It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." *In re Arthur Treacher's Franchisee Litig.*, 92 F.R.D. 429, 437 (E.D. Pa. 1981). "Among the purposes and objectives of the Federal Rules of Civil Procedure are the elimination of the element of surprise and the narrowing of the issues for the trial." *Pierce v. Pierce*, 5 F.R.D. 125, 125 (D.D.C 1946) "A main purpose of Rule 26(a) is to promote full disclosure of the facts during discovery in order to prevent surprise or ambush at trial." *ACT Grp., Inc. v. Hamlin*, No. CV-12-567-PHX-SMM, 2016 WL 7634679, at *6 (D. Ariz. May 11, 2016), citing *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002) (stating that the purpose of [Rule 26] is to avoid "surprise" or "trial by ambush."). The oral examination of witnesses is usually favored, however, because it allows cross-examination of 'evasive, recalcitrant or hostile' witnesses. *In re China Merchants Steam Nav. Co.*, 259 F. Supp. 75, 78 (S.D.N.Y. 1966).

That we are dealing with these issues now is no fault of Defendants. Plaintiff Denby's late realization over his own standing issues – which were raised by Defendants in their answer – are also no fault of Defendants. Since the Third Amended Complaint was filed, discovery has been closed *until* February 18, 2026. When this Court authorized discovery, Defendants moved expeditiously to do follow written discovery and set

6

depositions within this Court's narrow timeframe.    That we did not conclude is also not the fault of Defendants.  This Court should consider that discovery is now closed, and we are not even at the stage where Plaintiffs have declared whether they will use their 300+ newly disclosed documents in this case, and Defendants have not yet had the opportunity to sift through them, or depose Plaintiffs to discuss the relevance of any of these documents.  Rule 26(a)(1)(A)(ii) requires a party to identify documents that it may use to support its claims. The obvious purpose of the rule is to *enable* the opposing party to prepare to meet the disclosed documents at trial. *See Robert Kubicek Architects & Associates, Inc. v. Bosley*, No. CV-11-1945, 2013 WL 998222, at *1 (D. Ariz. Mar. 13, 2013) (stating that the purpose of Rule 26(a)(1)(A)(ii) is to tell the opposing party which documents may be used at trial so that the opposing party may anticipate the use of such documents and prepare to meet that use during discovery); *see also Johnson v. United Parcel Serv., Inc.*, 236 F.R.D. 376, 378 (E.D. Tenn. 2006) (stating that "Defendant is correct in its argument [that] it is not required to sift through every document in its possession that might possibly be relevant to Plaintiffs' claims and assume they all will be presented at trial[.] Rule 26 puts the burden on the party intending to present a document to notify the other party of its intent to do so.").

This Court would have to re-open discovery for Plaintiffs to make that disclosure, which would also further necessitate the need for depositions of the Plaintiffs.   Defendants understand this case is headed to trial, but Defendants are unfairly punished if they are unable to do discovery to meet the new issues raised by the Third Amended Complaint.

## IV.    Plaintiffs' Scheduling Conflicts Do Not Justify a Protective Order

Plaintiffs also rely on counsel's scheduling conflicts as grounds for relief. Scheduling conflicts, however, are typically resolved through cooperation between counsel and minor adjustments to deposition dates—not through a protective order barring depositions entirely.

Indeed, Plaintiffs acknowledge elsewhere that deposition dates could be scheduled within approximately ten days. This concession confirms that the issue is not undue burden

but simply scheduling.  A protective order is not the proper mechanism for resolving such routine scheduling matters.

### V.    Conclusion

In substance, Plaintiffs' motion seeks to prevent Defendants from conducting discovery that the Court authorized following the Third Amended Complaint. Granting the requested relief would deprive Defendants of the opportunity to examine Plaintiffs regarding newly asserted claims and the addition of a previously dismissed party. Such a result would be inconsistent with the Federal Rules' strong preference for resolving cases on a fully developed factual record.

Accordingly, for all of the foregoing reasons, Defendants request this Court deny Plaintiffs' Motion for Protective Order, and grant Defendants' pending Motion for Extension of Time to complete discovery, including the taking of Plaintiffs' depositions.

### VI.    Conclusion

Plaintiffs have not demonstrated good cause under Rule 26(c), and their objections amount to routine scheduling disagreements and disagreements with the scope of discovery permitted by the Court.

In substance, Plaintiffs' motion seeks to prevent Defendants from conducting discovery that the Court authorized following the Third Amended Complaint. Granting the requested relief would deprive Defendants of the opportunity to examine Plaintiffs regarding newly asserted claims and the addition of a previously dismissed party. Such a result would be inconsistent with the Federal Rules' strong preference for resolving cases on a fully developed factual record.

Accordingly, for all of the foregoing reasons, Defendants request this Court deny Plaintiffs' Motion for Protective Order, and grant Defendants' pending Motion for Extension of Time to complete discovery, including the taking of Plaintiffs' depositions.

DATED this 6th day of March, 2026.

JELLISON LAW OFFICES, PLLC

s/ *James M. Jellison*
James M. Jellison
*Attorney for Defendants Engstrom, Robinson,*
*Lapre, Skedel, and Gragg*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on March 6, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing with service on the following registrants:

Robert T. Mills
Sean A. Woods
Mills + Woods Law PLLC
5055 North 12th Street
Suite 101
Phoenix, AZ 85014
*Attorneys for Plaintiffs*


s/ *Valerie Hall*