**JELLISON LAW OFFICES, PLLC**
18801 North Thompson Peak Parkway
Suite D235
Scottsdale, Arizona 85255
Telephone: (480) 659-4244
Facsimile: (480) 659-4255
E-mail: jim@jellisonlaw.com
JAMES M. JELLISON, ESQ. #012763
Attorney for Defendants Engstrom, Robinson, Lapre, Gragg, and Skedel (the individual Defendants are referred to by name, or collectively as the "City and County Defendants" or "Defendants")

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James W. Denby, a single man ; Elizabeth J. Torres, a single woman,<br><br>  Plaintiffs,<br><br>vs.<br><br>David Engstrom; Jacob H. Robinson; Christopher Lapre; Sgt. Gragg; Rory Skedel; Abram Ochoa, a single man,<br><br>  Defendants. | Case No.: 2:17-cv-00119-SPL<br><br>**DEFENDANTS' ENGSTROM, ROBINSON, LAPRE, GRAGG, AND SKEDEL'S MOTION TO MODIFY THE SCHEDULING ORDER AND REOPEN EXPERT DISCOVERY** |

Defendants Engstrom, Robinson, Lapre, Gragg, and Skedel (collectively herein, "Defendants"), through undersigned counsel, respectfully move to modify the Scheduling Order pursuant to Rule 16(b)(4) and to reopen expert discovery. Good cause exists because Plaintiffs recently-filed Third Amended Complaint reintroduced a Plaintiff who was dismissed from this action more than seven (7) years ago and asserts claims concerning real property ownership at the time of the incident.

Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Defendants have acted diligently and bring this motion promptly following the receipt of marital dissolution and divorce documentation received from Plaintiffs on the discovery deadline of March 2, 2026. This requested relief is narrowly tailored to address only the

newly asserted real estate ownership claims and is necessary to ensure fundamental fairness and orderly trial preparation.

The existing expert disclosure deadlines expired under a case structure that did not include claims related to real estate ownership, title history, valuation or property interests. Those issues require specialized expert analysis, including but not limited to title examination, chain-of-title reconstruction, valuation analysis, and potentially damages tied to real estate ownership interests. Defendants could not reasonably have anticipated the need to retain such an expert while the reinstated Plaintiff was not a party and real property claims were not at issue. Before, it was sufficient that Denby was not on the deed. Now, Denby makes a claim based on an alleged oral agreement and other forms of parole evidence to assert real property ownership. Whether ownership in real property can be obtained in this manner in Arizona is beyond the normal understanding of a jury and, in the absence of this Court strictly applying the Statute of Frauds and declaring Denby ineligible to assert real property ownership, Defendants are entitled to an expert that can explain to the jury why an oral agreement and Denby's parole evidence are insufficient. Indeed, this point was argued, and rejected, by this Court based on the allegations of the Third Amended Complaint which allegations have neither been factually discovered or the subject of review by an expert.

Proceeding to trial next month without reopening expert discovery would substantially prejudice Defendants. They would be deprived of the opportunity to conduct expert depositions and present expert testimony necessary to analyze title history, evaluate ownership claims at the time of the incident, and respond to any property-based damages theories asserted. This prejudice results solely from Plaintiffs' late amendment.

Plaintiffs' counsel has already refused any extension of case deadlines.

A Proposed Order is attached hereto as Exhibit "A".

DATED this 6th day of March, 2026.

JELLISON LAW OFFICES, PLLC

s/ *James M. Jellison*
James M. Jellison
*Attorney for Defendants Engtrom, Robinson, Lapre, Skedel, and Gragg*

## **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on March 6, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing with service on the following registrants:

Robert T. Mills
Sean A. Woods
Mills + Woods Law PLLC
5055 North 12th Street
Suite 101
Phoenix, AZ 85014
*Attorneys for Plaintiffs*


s/ *Valerie Hall*