Sean A. Woods (Arizona Bar #028930)
Robert T. Mills (Arizona Bar #018853)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| James W. Denby, a single man; Elizabeth J. Torres, a single woman,<br><br>Plaintiffs,<br><br>vs.<br><br>David Engstrom; Jacob H. Robinson; Christopher Lapre; Sgt. Gragg; Rory Skedel; Abram Ochoa, a single man,<br><br>Defendants. | Case No.: CV-17-00119-PHX-SPL<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**<br><br>(Assigned to the Hon. Steven P. Logan) |

Through counsel undersigned, Plaintiffs James W. Denby ("Jim") and Elizabeth J. Torres ("Elizabeth") (collectively, "Plaintiffs") hereby reply in support of their Motion for Protective Order excusing them from the undue burden and expense of preparing and sitting for depositions noticed less than a couple months away from trial.

Defendants Engstrom, Robinson, Lapre, Gragg, and Skedel's (collectively, "Defendants'") Response to Plaintiffs' Motion (the "Response") begins by arguing that Plaintiffs "do not argue the standard for entitlement to a protective order." Defs.' Resp. 2:5-7, March 6, 2026, ECF No. 291. This is simply incorrect. Plaintiffs correctly, and prominently, noted in their Motion they seek a Protective Order "pursuant to Rule 26(c) of the Federal Rules of Civil Procedure," Pls.' Mot. 1:16-18, Feb. 26, 2026, ECF No. 286,

which explicitly provides that "[t]he court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense" resulting from a discovery request. Plaintiffs then specifically reference "the undue burden and expense of preparing, and sitting, for precipitously noticed and unnecessary depositions at this late stage of the proceedings," Pls. Mot. 1:20-22, satisfying their "burden of showing [the] specific . . . harm [that] will result if no protective order is granted," Defs.' Resp. 2:14-16 (first quoting *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); and then citing *Beckman Indus. Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)).

Defendants' protestation that Plaintiffs merely "rel[y] largely on generalized claims that Defendants' discovery is 'voluminous' and that depositions occur 'late in the case'" mischaracterizes Plaintiffs' Motion. Plaintiffs' contention is simple and straightforward – that Jim and Elizabeth should not be required to expend the additional time, energy, and attorney expense that inevitably comes with preparing, planning for, traveling to, and sitting for, depositions in this matter. They should especially not be required to do so only weeks before the start of trial, years after the close of regular discovery during which Defendants already had every opportunity to depose them, on the eve of the deadline for revised trial documents, and pursuant to an allowance for merely "limited" discovery over a brief twelve-day time period.

Contrary to Defendants, the recently-amended and now-operative Complaint certainly did not add any "new claims." *See* Defs.' Resp. 2:21-22. In reality, the Complaint was recently amended solely to add Elizabeth back in as a Plaintiff for purposes of standing,

given her name was on the deed of the residence at issue at the relevant time. Such in no way justifies the wholesale reopening of discovery Defendants apparently envision, especially for the purpose of having another bite at the deposition apple.

Defendants also argue that Plaintiffs' Motion is untimely, but they are wrong on this as well. "A motion for protective order is timely if made prior to the date set for the discovery." *Clare v. Clare*, No. 4:18-cv-05045-SAB, at *5 (E.D. Wash. Jun 11, 2021) (quoting *Seminara v. City of Long Beach*, Nos. 93-56395, 93-56512, at *3 (9th Cir. Oct. 6, 1995)). Here, Plaintiffs' Motion was filed on February 26, 2026, prior to the dates noticed for both Jim's and Elizabeth's depositions.

Defendants next complain that Plaintiffs' Motion was filed without a certificate of conferral. This is also baldly incorrect. Plaintiffs attached such a Certificate at the end of their Motion. *See* Pls.' Mot. 4:1-5. That Certificate is based on, and documented by, the email chain between counsel attached as "**Exhibit 1**" hereto. That thread demonstrates that Plaintiffs' counsel first notified Defendants' counsel about his objections to the depositions, and the reasons therefore, on February 24, 2026, three days prior to the first-noticed deposition. *See* **Ex. 1** at 3-4. It further demonstrates that on the morning of February 26, 2026, Plaintiffs' counsel reiterated those objections and the reasons therefore, and attempted in good faith to arrange for a meeting with Defendants' counsel to further discuss and hopefully resolve them, but was told by counsel's assistant that he was unavailable that entire day. *See* **Ex. 1** at 1-2. Given the first of the noticed depositions was the very next morning, Plaintiffs had no choice but to file their Motion prior to a phone

conferral. Nevertheless, sincere and good faith consultation on Plaintiffs' counsel's part did in fact occur via email. *See* **Ex. 1**.

Defendants then argue that the Court's order allowing for a brief twelve-day period of additional but "limited" discovery did not, by its terms, necessarily preclude the taking of depositions. While this is technically correct, so is the converse – it also did not expressly authorize the taking of depositions. Defendants similarly complain that Plaintiffs offer no authority in support of their position on the scope of the "limited" discovery authorized by the Court, but the same could be said of Defendants' Response. At bottom, what the Court contemplated when it permitted "limited" discovery over such a brief period of time is not readily addressed by the Rules or caselaw, but is within its own knowledge and awareness. Plaintiffs submit that, based on the discussion that occurred at the last hearing, wherein their counsel discussed on the record that with regard to additional discovery perhaps a few interrogatories would suffice, and based on the late timing and very brief duration of discovery authorized, the evidence supports their position that the Court did not imagine or envision a wholesale reopening of discovery, including the taking of depositions, especially when no new claims have been introduced and Defendants had the opportunity to examine both Plaintiffs during normal discovery, but chose not to.

In sum, and in light of the foregoing and for all the reasons in Plaintiffs' Motion, the Court should enter an order excusing Jim and Elizabeth from being deposed at this late stage of the proceedings.

///

///

4

**RESPECTFULLY SUBMITTED** this 9th day of March 2026.

**MILLS + WOODS LAW, PLLC**

By  */s/ Sean A. Woods*
     Sean A. Woods
     Robert T. Mills
     5055 North 12th Street, Suite 101
     Phoenix, AZ 85014
     *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

James M. Jellison, Esq.
jim@jellisonlaw.com
**JELLISON LAW OFFICES, PLLC**
admin@jellisonlaw.com
18801 N Thompson Peak Parkway, Ste. D235
Scottsdale, AZ 85255
*Attorneys for Defendants David and Jane Doe Engstrom, Jacob H. Robinson, Christopher and Jane Doe Lapre, Sgt. Gragg and Jane Doe Gragg, and Rory Skedel*

Abram Ochoa
Tuc.Rita.library@azadc.gov
*Defendant*

     */s/ Ben Dangerfield*