Sean A. Woods (Arizona Bar #028930)
Robert T. Mills (Arizona Bar #018853)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| James W. Denby, a single man; Elizabeth J. Torres, a single woman,<br><br>Plaintiffs,<br><br>vs.<br><br>David Engstrom; Jacob H. Robinson; Christopher Lapre; Sgt. Gragg; Rory Skedel; Abram Ochoa, a single man,<br><br>Defendants. | Case No.: CV-17-00119-PHX-SPL<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER AND REOPEN EXPERT DISCOVERY**<br><br>(Assigned to the Hon. Steven P. Logan) |

Through counsel undersigned, Plaintiffs James W. Denby ("Jim") And Elizabeth J. Torres ("Elizabeth") (collectively, "Plaintiffs") hereby respond in opposition to the Motion to Modify the Scheduling Order and Reopen Expert Discovery (the "Motion to Reopen Expert Discovery") filed by Defendants Engstrom, Robinson, Lapre, Gragg, and Skedel (collectively, "Defendants"). That Motion should be denied for the following reasons.

The Motion to Reopen Expert Discovery comes not only late, but precipitously close to the eve of the four-week trial in this action. That four-week trial has been scheduled for Spring 2026 since as early as July 8, 2025. *See* Order Re Final Pretrial Conf., July 8, 2025, ECF No. 247. It was reset to its current schedule (from April 28 through May 22) back on November 12, 2025, Order, Nov. 12, 2025, ECF No. 262, more than four months ago. It

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

is simply too late for additional discovery – in particular for expert discovery, which would require retention of expert witnesses, preparation of detailed expert reports, and even additional depositions.

As stated by Defendants, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Defs.' Mot. 1:22-23 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Defendants simply were not diligent. They had many years during the pendency of this matter within which to obtain expert opinions on the relevant issues. Though they claim that "real estate ownership, title history, valuation or property interests" were not at issue under the now-expired Scheduling Order, Defs.' Mot. 2:3-4, they do not adequately explain why. After all, damages for injury to, or diminution of the value of, the real property at issue have been central to this case from the beginning.

Moreover, to the extent that Defendants seek to introduce expert testimony on legal matters, that is absolutely improper. "[A]n expert witness cannot give an opinion as to h[is] legal conclusion, i.e., an opinion on an ultimate issue of law." *Sw. Fair Hous. Council v. WG Scottsdale LLC*, No. CV-19-00180-TUC- RM, at *9 (D. Ariz. Oct. 13, 2021) (quoting *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008); *see also, e.g., Wichansky v. Zowine*, No. CV- 13-01208-PHX-DGC, at *10 (D. Ariz. Mar. 22, 2016) ("[A]pplication of the law to the facts is the province of the jury and [is] impermissible legal expert testimony.") Troublingly, and in particular, the Motion to Reopen Expert Discovery states the following:

> Now, Denby makes a claim based on an alleged oral agreement and other forms of parole evidence to assert real property ownership. Whether

ownership in real property can be obtained in this manner in Arizona is beyond the normal understanding of a jury and, in the absence of this Court strictly applying the Statute of Frauds and declaring Denby ineligible to assert real property ownership, Defendants are entitled to an expert that can explain to the jury why an oral agreement and Denby's parole evidence are insufficient.

Defs.' Mot. 2:8-15.  Bringing in an expert witness to opine on such matters of law is precisely the sort of legal expert testimony that is prohibited.

For all the foregoing reasons, Defendants' Motion to Reopen Expert Discovery should be denied and seen for what it is – a last ditch effort to delay the start of the long-awaited trial of this matter.

**RESPECTFULLY SUBMITTED** this 20th day of March 2026.

**MILLS + WOODS LAW, PLLC**

By    /s/ Sean A. Woods
          Sean A. Woods
          Robert T. Mills
          5055 North 12th Street, Suite 101
          Phoenix, AZ 85014
          *Attorneys for Plaintiffs*

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

3

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

James M. Jellison, Esq.
jim@jellisonlaw.com
**JELLISON LAW OFFICES, PLLC**
admin@jellisonlaw.com
18801 N Thompson Peak Parkway, Ste. D235
Scottsdale, AZ 85255
*Attorneys for Defendants David and Jane Doe Engstrom, Jacob H. Robinson, Christopher and Jane Doe Lapre, Sgt. Gragg and Jane Doe Gragg, and Rory Skedel*

Abram Ochoa
Tuc.Rita.library@azadc.gov
*Defendant*


        /s/ Ben Dangerfield

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556