**JELLISON LAW OFFICES, PLLC**
18801 North Thompson Peak Parkway
Suite D235
Scottsdale, Arizona 85255
Telephone:  (480) 659-4244
E-mail:  jim@jellisonlaw.com
JAMES M. JELLISON, ESQ.  #012763
Attorney for Defendants Engstrom, Robinson, Lapre, Gragg, and Skedel (the individual Defendants are referred to by name, or collectively as the "City and County Defendants" or "Defendants")

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James W. Denby, a single man ; Elizabeth J. Torres, a single woman,<br><br>          Plaintiffs,<br><br>vs.<br><br>David Engstrom; Jacob H. Robinson; Christopher Lapre; Sgt. Gragg; Rory Skedel; Abram Ochoa, a single man,<br><br>          Defendants. | Case No.: 2:17-cv-00119-SPL<br><br>**DEFENDANTS' ENGSTROM, ROBINSON, LAPRE, GRAGG, AND SKEDEL'S APPLICATION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM FOR ADCRR INMATE ABRAM OCHOA** |

Pursuant to 28 U.S.C. § 2242, Defendants Engstrom, Robinson, Lapre, Gragg, and Skedel (collectively herein, "Defendants"), respectfully apply for issuance of an Application for Writ of Habeas Corpus Ad Testificandum for Arizona Department of Corrections, Rehabilitation and Reentry ("ADCRR") Inmate Abram P. Ochoa (and named Defendant in this case) to appear and provide necessary and relevant testimony in the trial for this matter (Denby, et al. v. Engstrom, et al.; Case No. 2:17-cv-00119-SPL) between April 28, 2026 – May 22, 2026.  Defendants' Application is supported by the following Memorandum of Points & Authorities.

//

//

//

1

### MEMORANDUM OF POINTS AND AUTHORITIES

#### A. *Jurisdiction and Venue*

This Court has jurisdiction and is the proper venue pursuant to 28 U.S.C. § 2241 because both custody and custodian are found within the territorial jurisdiction of the Court. *Sholars v. Matter*, 491 F.2d 279, 281 (9th Cir. 1974).

#### B. *Necessity*

Pursuant to 28 U.S.C. § 2241(c)(5), it is necessary to bring Mr. Ochoa to testify as a witness and Defendant in this trial.  In deciding whether to issue a writ of habeas corpus ad testificandum the court should consider the following factors: "[1] whether the prisoner's presence will substantially further the resolution of the case, [2] the security risks presented by the prisoner's transportation and safekeeping, and [3] whether the suit can be stayed until the prisoner is released without prejudice to the case asserted.  *See* 28 U.S.C. § 1651(a)('The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.')" *Atkins v. City of New York,* 856 F.Supp. 755, 757 (E.D.N.Y. 1994)(internal citations omitted).

The Ninth Circuit Court recognizes the district court's power to issue a writ of habeas corpus ad testificandum to secure a prisoner's testimony. *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983)(per curiam).  While "imprisonment can suspend" the usual right to be personally present, the decision is handled through the court's discretion. *Hernandez v. Whiting*, 881 F.2d 768, 770 (9th Cir. 1989). The Supreme Court ruled that issuing a writ to produce a prisoner is a discretionary call exercised with "best interests" of the prisoner and government in mind and is appropriate where presence is "reasonably necessary in the interest of justice." *Price v. Johnson*, 334 U.S. 266, 284-85 (1948).

In this case, there was law enforcement's December 17, 2014 entry into a residence located at 116 West 10th Street, Casa Grande, Arizona, pursuant to valid arrest and search

warrants for Abram P. Ochoa. Consistent with the warrants, the regional SWAT team used progressively escalating means to apprehend the felon, who had fled into the residence. The final step was a tactical entry into the residence, with Abram Ochoa ultimately being located in the backyard.

Mr. Ochoa's testimony is vital to this case. He is a named Defendant, has answered Plaintiffs' Complaint and will provide his recollection of the facts surrounding this case and answer why he was present at the Denby residence on December 17, 2014.

### C. Custodian and Respondent

Mr. Abram P. Ochoa is presently an inmate (Inmate No. 201115) in the custody of the ADCRR, being held at the ASPC Tucson, Santa Rita Unit.

Physical Address:
10000 South Wilmot Road
Tucson, AZ 85734
Mailing Address:
P.O. Box 24401
Tucson, AZ 85734

(Exhibit "A" – ADCRR Inmate Data Sheet.) ASPC Tucson, Santa Rita Unit is under the supervision of Warden Jorge Martinez. (Exhibit "B" – Arizona Department of Corrections, Rehabilitation and Reentry webpage printout.) *Rumsfield v. Padilla,* 542 U.S. 426, 427 (2004)(Warden of penological facility is the proper custodian and respondent to whom writ should be directed); *Zhen Ye Gon v. D.C. Ofc. Of Atty. Gen.*, 825 F.Supp.2d 271, 274 (immediate physical custodian and person who exercises day-to-day control over facility and prisoner).

Mr. Ochoa is committed to ADCRR custody until his anticipated release date of December 10, 2031 on the basis of a criminal conviction and sentence imposed in Pinal County Superior Court and has a "Custody Class" of "Medium". (*See* Exhibit "A").

### D. Trial

The trial in this case is set to begin on April 28, 2026 at 9:00 a.m. at the Sandra Day O'Connor U.S. Courthouse, District of Arizona, Phoenix Division located at 401 West

Washington Street, Phoenix, Arizona 85003 in Courtroom 501. The trial is set to end on May 22, 2026 (with no trial being held on Mondays during that time frame).

### E. Materiality of Testimony

Mr. Ochoa's testimony is material and necessary to the presentation of this case, as he is a named Defendant and has firsthand knowledge of the facts giving rise to this case (e.g., why was he at the Denby residence; why was he hiding, etc.). Further, Plaintiff seeks damages against Ochoa and has contended in their Third Amended Complaint that the City and County Defendants were acting on Plaintiff's behalf to extract Ochoa from their residence. The City and County Defendants agree that the removal of Ochoa was Court mandated, and a service performed in the interest of removing Ochoa, a wanted felon, dangerous person, and trespasser from the residence. The testimony cannot be adequately obtained by alternative means, and live testimony is necessary for the fair adjudication of this matter.

### F. Transportation, Security, Costs and Expenses

Mr. Ochoa is currently in the custody of the ADCRR located at the Santa Rita Unit in Tucson, Arizona. The requesting party will coordinate with the Arizona Department of Corrections, Rehabilitation and Reentry and/or the custodial agency regarding transportation and security arrangements as directed by the Court.

As an inmate with a custody class of "medium", the costs, expenses and burden attributable to security are expected to be quite low, as compared to other inmates presenting higher security risks. *C.F. Silver v. Dunbar*, 264 F.Supp. 177 (S.D. Cal. 1967) (court would not issue writ where production of the prisoner would be both expensive and inconvenient and could be potentially dangerous since he was imprisoned under convictions for attempted murder and escape from prison).

Mr. Ochoa's appearance and testimony are not expected to require his appearance for more than a portion of one day at trial. Therefore, transportation of Mr. Ochoa will require one day and approximately 400 miles, roundtrip. *Green v. Prunty*, 938 F.Supp. 637 (S.D.

Cal. 1996) (Possibility that lack of transportation funds or personnel will develop is not a justification for refusing to issue write of habeas corpus ad testificandum, once district court has determined that prisoner's presence is essential and not outweighed by security concerns.)

**G. *Distribution/Apportionment of Costs***

Pursuant to *Wiggins v. Alameda Cnty.,* 717 F.2d 466, 469 (9th Cir. 1983) (distinguished on other grounds by *Jackson v. Vasquez,* 1 F.3d 885, 889, n. 4 (9th Cir. 19983)), the Court "has the discretion to allocate the costs of compliance with a writ *ad testificandum* in any number of combinations.: *Id.* Defendants propose the Court consider the "clearly preferrable sharing of costs" methods provided by *Ballard v. Spradley*, 557 F.2d 476 (4th Cir. 1977) and *Story v. Robinson*, 689 F.2d 1176 (3rd Cir. 1982). *Wiggins*, 717 F.2d at 469.

**H. *Prayer for Relief***

Pursuant to 28 U.S.C. §§ 2241 *et seq.* and for the foregoing reasons, Defendants respectfully request this Court issue a Writ commanding the presence of Mr. Ochoa during the trial to provide testimony necessary to the accurate resolution of this matter.

A proposed draft Order is attached hereto as Exhibit "C".

DATED this 23rd day of March, 2026.

JELLISON LAW OFFICES, PLLC


s/*James M. Jellison*
James M. Jellison
*Attorney for Defendants Engtrom, Robinson, Lapre, Skedel, and Gragg*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on March 23, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing with service on the following registrants:

Robert T. Mills
Sean A. Woods
Mills + Woods Law PLLC
5055 North 12th Street
Suite 101
Phoenix, AZ 85014
*Attorneys for Plaintiffs*


s/*Valerie Hall*