## PLAINTIFFS' PROPOSED VERDICT FORM

## FOURTH AMENDMENT

## UNREASONABLE SEARCH AND SEIZURE

With respect to Plaintiff's claim that Defendant David Engstrom violated Plaintiffs **Fourth Amendment Rights – Unreasonable Search and Seizure**, we the jury, duly empaneled and sworn in the above-entitled action, unanimously find in favor of: (mark one line)

James Denby          _____

David Engstrom          _____

[If you find in favor of James Denby, please continue on this page.  If you did not find in favor of James Denby, please go to the next page].

We, the jury, do hereby find James Denby's compensatory damages to be: $_____.  [If only nominal damages are awarded, they cannot exceed $1.00].

We, the jury, do hereby find punitive damages to be appropriate on this claim and award punitive damages against this Defendant on his claim in the amount of: $_____.  [If no punitive damages are awarded, leave blank].

By:    _____

Presiding Juror Number

Date:    _____

**DEFENDANTS' OBJECTION:**
**The law of the case, as detailed by the Ninth Circuit at DktEntry 40 is that Denby has two remaining claims: "(1) that Defendants violated his Fourth and Fourteenth Amendment rights by using *unnecessary force* when executing a search warrant *resulting in the destruction of property*, and (2) that Defendant violated his constitutional rights because they had an opportunity to intercede to stop the *destruction of his property*, but failed to do so."  DktEntry 40, pg. 2 (emphasis added). Plaintiff's proposed verdict forms, and his jury instructions on the case elements, seek**

to expand this case beyond what the Ninth Circuit has recognized it to be – a case of Fourth Amendment excessive force resulting in property destruction and failure to intercede to stop the destruction of property.   Accordingly, Defendants offer verdict forms that focus on the remaining claims as recognized by the Ninth Circuit Court of Appeals.   The failure to intercede claims can be addressed by Defendants' verdict forms in the context of deciding whether each individual Defendant engaged in conduct that resulted in the Fourth Amendment unreasonable destruction of property.

# PLAINTIFFS' PROPOSED VERDICT FORM
# FOURTH AMENDMENT
# UNREASONABLE SEARCH AND SEIZURE

With respect to Plaintiff's claim that Defendant Rory Skedel violated Plaintiffs **Fourth Amendment Rights – Unreasonable Search and Seizure**, we the jury, duly empaneled and sworn in the above-entitled action, unanimously find in favor of: (mark one line)

James Denby     _____

David Engstrom     _____

[If you find in favor of James Denby, please continue on this page.  If you did not find in favor of James Denby, please go to the next page].

We, the jury, do hereby find James Denby's compensatory damages to be: $_____.  [If only nominal damages are awarded, they cannot exceed $1.00].

We, the jury, do hereby find punitive damages to be appropriate on this claim and award punitive damages against this Defendant on his claim in the amount of: $_____.  [If no punitive damages are awarded, leave blank].

By: _____
Presiding Juror Number

Date: _____

**DEFENDANTS' OBJECTION:**
**The law of the case, as detailed by the Ninth Circuit at DktEntry 40 is that Denby has two remaining claims: "(1) that Defendants violated his Fourth and Fourteenth Amendment rights by using *unnecessary force* when executing a search warrant *resulting in the destruction of property*, and (2) that Defendant violated his constitutional rights because they had an opportunity to intercede to stop the *destruction of his property*, but failed to do so." DktEntry 40, pg. 2 (emphasis added). Plaintiff's proposed verdict forms, and his jury instructions on the case elements, seek to expand this case beyond what the Ninth Circuit has recognized it to be – a case of**

**Fourth Amendment excessive force resulting in property destruction and failure to intercede to stop the destruction of property.   Accordingly, Defendants offer verdict forms that focus on the remaining claims as recognized by the Ninth Circuit Court of Appeals.   The failure to intercede claims can be addressed by Defendants' verdict forms in the context of deciding whether each individual Defendant engaged in conduct that resulted in the Fourth Amendment unreasonable destruction of property.**

## PLAINTIFFS' PROPOSED VERDICT FORM

## FOURTH AMENDMENT

## UNREASONABLE SEARCH AND SEIZURE

With respect to Plaintiff's claim that Defendant Christopher Lapre violated Plaintiffs **Fourth Amendment Rights – Unreasonable Search and Seizure**, we the jury, duly empaneled and sworn in the above-entitled action, unanimously find in favor of: (mark one line)

James Denby            _____

David Engstrom         _____

[If you find in favor of James Denby, please continue on this page.  If you did not find in favor of James Denby, please go to the next page].

We, the jury, do hereby find James Denby's compensatory damages to be: $_____.  [If only nominal damages are awarded, they cannot exceed $1.00].

We, the jury, do hereby find punitive damages to be appropriate on this claim and award punitive damages against this Defendant on his claim in the amount of: $_____.  [If no punitive damages are awarded, leave blank].

By: _____
Presiding Juror Number

Date: _____

**DEFENDANTS' OBJECTION:**
**The law of the case, as detailed by the Ninth Circuit at DktEntry 40 is that Denby has two remaining claims: "(1) that Defendants violated his Fourth and Fourteenth Amendment rights by using *unnecessary force* when executing a search warrant *resulting in the destruction of property*, and (2) that Defendant violated his constitutional rights because they had an opportunity to intercede to stop the *destruction of his property*, but failed to do so."  DktEntry 40, pg. 2 (emphasis added). Plaintiff's proposed verdict forms, and his jury instructions on the case elements, seek to expand this case beyond what the Ninth Circuit has recognized it to be – a case of**

Fourth Amendment excessive force resulting in property destruction and failure to intercede to stop the destruction of property.   Accordingly, Defendants offer verdict forms that focus on the remaining claims as recognized by the Ninth Circuit Court of Appeals.   The failure to intercede claims can be addressed by Defendants' verdict forms in the context of deciding whether each individual Defendant engaged in conduct that resulted in the Fourth Amendment unreasonable destruction of property.

**PLAINTIFFS' PROPOSED VERDICT FORM**

**FOURTH AMENDMENT**

**UNREASONABLE SEARCH AND SEIZURE**

With respect to Plaintiff's claim that Defendant Brian Gragg violated Plaintiffs **Fourth Amendment Rights – Unreasonable Search and Seizure**, we the jury, duly empaneled and sworn in the above-entitled action, unanimously find in favor of: (mark one line)

James Denby              _____

David Engstrom           _____

[If you find in favor of James Denby, please continue on this page.  If you did not find in favor of James Denby, please go to the next page].

We, the jury, do hereby find James Denby's compensatory damages to be: $_____.  [If only nominal damages are awarded, they cannot exceed $1.00].

We, the jury, do hereby find punitive damages to be appropriate on this claim and award punitive damages against this Defendant on his claim in the amount of: $_____.  [If no punitive damages are awarded, leave blank].

By:    _____
         Presiding Juror Number

Date:  _____

**DEFENDANTS' OBJECTION:**
**The law of the case, as detailed by the Ninth Circuit at DktEntry 40 is that Denby has two remaining claims: "(1) that Defendants violated his Fourth and Fourteenth Amendment rights by using *unnecessary force* when executing a search warrant *resulting in the destruction of property*, and (2) that Defendant violated his constitutional rights because they had an opportunity to intercede to stop the *destruction of his property*, but failed to do so."  DktEntry 40, pg. 2 (emphasis added). Plaintiff's proposed verdict forms, and his jury instructions on the case elements, seek to expand this case beyond what the Ninth Circuit has recognized it to be – a case of Fourth Amendment excessive force resulting in property destruction and failure to**

intercede to stop the destruction of property.    Accordingly, Defendants offer verdict forms that focus on the remaining claims as recognized by the Ninth Circuit Court of Appeals.    The failure to intercede claims can be addressed by Defendants' verdict forms in the context of deciding whether each individual Defendant engaged in conduct that resulted in the Fourth Amendment unreasonable destruction of property.

## PLAINTIFFS' PROPOSED VERDICT FORM

## FOURTH AMENDMENT

## UNREASONABLE SEARCH AND SEIZURE

With respect to Plaintiff's claim that Defendant Jacob H. Robinson violated Plaintiffs **Fourth Amendment Rights – Unreasonable Search and Seizure**, we the jury, duly empaneled and sworn in the above-entitled action, unanimously find in favor of: (mark one line)

James Denby          _____

David Engstrom       _____

[If you find in favor of James Denby, please continue on this page.  If you did not find in favor of James Denby, please go to the next page].

We, the jury, do hereby find James Denby's compensatory damages to be: $_____.  [If only nominal damages are awarded, they cannot exceed $1.00].

We, the jury, do hereby find punitive damages to be appropriate on this claim and award punitive damages against this Defendant on his claim in the amount of: $_____.  [If no punitive damages are awarded, leave blank].

By: _____
    Presiding Juror Number

Date: _____

**DEFENDANTS' OBJECTION:**
**The law of the case, as detailed by the Ninth Circuit at DktEntry 40 is that Denby has two remaining claims: "(1) that Defendants violated his Fourth and Fourteenth Amendment rights by using *unnecessary force* when executing a search warrant *resulting in the destruction of property*, and (2) that Defendant violated his constitutional rights because they had an opportunity to intercede to stop the *destruction of his property*, but failed to do so."  DktEntry 40, pg. 2 (emphasis added). Plaintiff's proposed verdict forms, and his jury instructions on the case elements, seek**

to expand this case beyond what the Ninth Circuit has recognized it to be – a case of Fourth Amendment excessive force resulting in property destruction and failure to intercede to stop the destruction of property.   Accordingly, Defendants offer verdict forms that focus on the remaining claims as recognized by the Ninth Circuit Court of Appeals.   The failure to intercede claims can be addressed by Defendants' verdict forms in the context of deciding whether each individual Defendant engaged in conduct that resulted in the Fourth Amendment unreasonable destruction of property.

**DEFENDANTS' PROPOSED VERDICT FORM**

**FOURTH AMENDMENT**

**EXCESSIVE FORCE AGAINST PROPERTY**

With respect to Plaintiff's claim that Defendant David Engstrom violated the Fourth Amendment – Excessive Force Against Property, we the jury, duly empaneled and sworn in the above-entitled action, unanimously find in favor of: (mark one line)

James Denby            _____

David Engstrom            _____[If you find in favor of James Denby against David Engstrom please continue on this page.  If you did not find in favor of James Denby, please go to the next page].

We, the jury, do hereby find James Denby's compensatory damages against Engstrom to be: $_____. [If only nominal damages are awarded, they cannot exceed $1.00].

We, the jury, do hereby find punitive damages to be appropriate on this claim and award punitive damages against David Engstrom on Denby's  claim for punitive damages in the amount of: $_____.  [If no punitive damages are awarded, leave blank].[1]

By:    _____

Presiding Juror Number

Date:    _____

**PLAINTIFFS OBJECTION:**

---

[1] By inserting a punitive damages option on the verdict forms, Defendants do not concede that the facts of this case will support a punitive damages instruction, or that punitive damages are appropriate for the final verdict form.

**The claim in this case is for unreasonable search and seizure. While excessive force is a consideration, the necessity for the actions or the unreasonableness of the actions taken by Defendants is the question for the jury.**

**DEFENDANTS' PROPOSED VERDICT FORM**

**FOURTH AMENDMENT**

**EXCESSIVE FORCE AGAINST PROPERTY**

With respect to Plaintiff's claim that Defendant Brian Gragg violated the Fourth Amendment – Excessive Force Against Property, we the jury, duly empaneled and sworn in the above-entitled action, unanimously find in favor of: (mark one line)

James Denby                      _____

Brian Gragg                      _____[If you find in favor of James Denby against Brian Gragg, please continue on this page.  If you did not find in favor of James Denby, please go to the next page].

We, the jury, do hereby find James Denby's compensatory damages against Gragg to be: $_____.  [If only nominal damages are awarded, they cannot exceed $1.00].

We, the jury, do hereby find punitive damages to be appropriate on this claim and award punitive damages against Brian Gragg on Denby's claim for punitive damages in the amount of: $_____.  [If no punitive damages are awarded, leave blank].[2]

By:      _____
         Presiding Juror Number

Date:    _____

**PLAINTIFFS OBJECTION:**
**The claim in this case is for unreasonable search and seizure. While excessive force is a consideration, the necessity for the actions or the unreasonableness of the actions taken by Defendants is the question for the jury.**

---

[2] By inserting a punitive damages option on the verdict forms, Defendants do not concede that the facts of this case will support a punitive damages instruction, or that punitive damages are appropriate for the final verdict form.

**DEFENDANTS' PROPOSED VERDICT FORM**
**FOURTH AMENDMENT**

**EXCESSIVE FORCE AGAINST PROPERTY**


With respect to Plaintiff's claim that Defendant Christopher Lapre violated the Fourth Amendment – Excessive Force Against Property, we the jury, duly empaneled and sworn in the above-entitled action, unanimously find in favor of: (mark one line)

James Denby                    _____

Christopher Lapre              _____

[If you find in favor of James Denby against Christopher Lapre, please continue on this page.  If you did not find in favor of James Denby, please go to the next page].

We, the jury, do hereby find James Denby's compensatory damages against Lapre to be: $_____.  [If only nominal damages are awarded, they cannot exceed $1.00].

We, the jury, do hereby find punitive damages to be appropriate on this claim and award punitive damages against Christopher Lapre on Denby's claim for punitive damages in the amount of: $_____.  [If no punitive damages are awarded, leave blank].[3]


By:  _____
     Presiding Juror Number

Date:  _____


**PLAINTIFFS OBJECTION:**
**The claim in this case is for unreasonable search and seizure. While excessive force is a consideration, the necessity for the actions or the unreasonableness of the actions taken by Defendants is the question for the jury.**

---

[3] By inserting a punitive damages option on the verdict forms, Defendants do not concede that the facts of this case will support a punitive damages instruction, or that punitive damages are appropriate for the final verdict form.

**DEFENDANTS' PROPOSED VERDICT FORM**

**FOURTH AMENDMENT**

**EXCESSIVE FORCE AGAINSTPROPERTY**


With respect to Plaintiff's claim that Defendant Jacob Robinson violated the Fourth Amendment – Excessive Force Against Property, we the jury, duly empaneled and sworn in the above-entitled action, unanimously finds in favor of: (mark one line)

James Denby                    _____

Jacob Robinson                _____

[If you find in favor of James Denby against Jacob Robinson, please continue on this page.  If you did not find in favor of James Denby, please go to the next page].

We, the jury, do hereby find James Denby's compensatory damages against Robinson to be: $_____.  [If only nominal damages are awarded, they cannot exceed $1.00].

We, the jury, do hereby find punitive damages to be appropriate on this claim and award punitive damages against Jacob Robinson on Denby's claim for punitive damages in the amount of: $_____.  [If no punitive damages are awarded, leave blank].[4]

By:    _____
       Presiding Juror Number

Date:  _____


**PLAINTIFFS OBJECTION:**
**The claim in this case is for unreasonable search and seizure. While excessive force is a consideration, the necessity for the actions or the unreasonableness of the actions taken by Defendants is the question for the jury.**

---

[4] By inserting a punitive damages option on the verdict forms, Defendants do not concede that the facts of this case will support a punitive damages instruction, or that punitive damages are appropriate for the final verdict form.

**DEFENDANTS' PROPOSED VERDICT FORM**

**FOURTH AMENDMENT**

**EXCESSIVE FORCE AGAINST PROPERTY**

With respect to Plaintiff's claim that Defendant Rory Skedel violated the Fourth Amendment – Excessive Force Against Property, we the jury, duly empaneled and sworn in the above-entitled action, unanimously find in favor of: (mark one line)

James Denby            _____

Rory Skedel            _____

[If you find in favor of James Denby against Rory Skedel, please continue on this page. If you did not find in favor of James Denby, please go to the next page].

We, the jury, do hereby find James Denby's compensatory damages against Skedel to be: $_____. [If only nominal damages are awarded, they cannot exceed $1.00].

We, the jury, do hereby find punitive damages to be appropriate on this claim and award punitive damages against Rory Skedel on Denby's claim for punitive damages in the amount of: $_____. [If no punitive damages are awarded, leave blank].[5]

By:    _____
       Presiding Juror Number

Date:  _____

**PLAINTIFFS OBJECTION:**
**The claim in this case is for unreasonable search and seizure. While excessive force is a consideration, the necessity for the actions or the unreasonableness of the actions taken by Defendants is the question for the jury.**

---

[5] By inserting a punitive damages option on the verdict forms, Defendants do not concede that the facts of this case will support a punitive damages instruction, or that punitive damages are appropriate for the final verdict form.

**DEFENDANTS' PROPOSED VERDICT FORM**

**TRESPASS**

With respect to Plaintiff's claim that Defendant Abram Ochoa committed a Trespass, we the jury, duly empaneled and sworn in the above-entitled action, unanimously find in favor of: (mark one line)

James Denby                    _____

Abram Ochoa                    _____

[If you find in favor of James Denby against Abram Ochoa, please continue on this page.  If you did not find in favor of James Denby, please go to the next page].

We, the jury, do hereby find James Denby's compensatory damages against Ochoa to be: $_____.  [If only nominal damages are awarded, they cannot exceed $1.00].

We, the jury, do hereby find punitive damages to be appropriate on this claim and award punitive damages against Ochoa on Denby's claim for punitive damages in the amount of: $_____.  [If no punitive damages are awarded, leave blank].

## PLAINTIFFS' PROPOSED VERDICT FORM

## FOURTH AMENDMENT

## UNREASONABLE SEARCH AND SEIZURE

With respect to Plaintiff's claim that Defendant David Engstrom violated Plaintiffs **Fourth Amendment Rights – Unreasonable Search and Seizure**, we the jury, duly empaneled and sworn in the above-entitled action, unanimously find in favor of: (mark one line)

Elizabeth Torres            _____

David Engstrom            _____

[If you find in favor of Elizabeth Torres, please continue on this page.  If you did not find in favor of Elizabeth Torres, please go to the next page].

We, the jury, do hereby find Elizabeth Torres's compensatory damages to be: $_____.  [If only nominal damages are awarded, they cannot exceed $1.00].

We, the jury, do hereby find punitive damages to be appropriate on this claim and award punitive damages against this Defendant on his claim in the amount of: $_____.  [If no punitive damages are awarded, leave blank].

By:    _____
Presiding Juror Number

Date:    _____

**DEFENDANTS' OBJECTION:**
**The law of the case, as detailed by the Ninth Circuit at DktEntry 40 is that Denby has two remaining claims: "(1) that Defendants violated his Fourth and Fourteenth Amendment rights by using *unnecessary force* when executing a search warrant *resulting in the destruction of property*, and (2) that Defendant violated his constitutional rights because they had an opportunity to intercede to stop the *destruction of his property*, but failed to do so."  DktEntry 40, pg. 2 (emphasis added). Plaintiff's proposed verdict forms, and his jury instructions on the case elements, seek**

to expand this case beyond what the Ninth Circuit has recognized it to be – a case of Fourth Amendment excessive force resulting in property destruction and failure to intercede to stop the destruction of property.    Accordingly, Defendants offer verdict forms that focus on the remaining claims as recognized by the Ninth Circuit Court of Appeals.    The failure to intercede claims can be addressed by Defendants' verdict forms in the context of deciding whether each individual Defendant engaged in conduct that resulted in the Fourth Amendment unreasonable destruction of property.

## PLAINTIFFS' PROPOSED VERDICT FORM

## FOURTH AMENDMENT

## UNREASONABLE SEARCH AND SEIZURE

With respect to Plaintiff's claim that Defendant Rory Skedel violated Plaintiffs **Fourth Amendment Rights – Unreasonable Search and Seizure**, we the jury, duly empaneled and sworn in the above-entitled action, unanimously find in favor of: (mark one line)

Elizabeth Torres          _____

David Engstrom          _____

[If you find in favor of Elizabeth Torres, please continue on this page.  If you did not find in favor of Elizabeth Torres, please go to the next page].

We, the jury, do hereby find Elizabeth Torres's compensatory damages to be: $_____.  [If only nominal damages are awarded, they cannot exceed $1.00].

We, the jury, do hereby find punitive damages to be appropriate on this claim and award punitive damages against this Defendant on his claim in the amount of: $_____.  [If no punitive damages are awarded, leave blank].

By:   _____

       Presiding Juror Number

Date:   _____

**DEFENDANTS' OBJECTION:**
**The law of the case, as detailed by the Ninth Circuit at DktEntry 40 is that Denby has two remaining claims: "(1) that Defendants violated his Fourth and Fourteenth Amendment rights by using *unnecessary force* when executing a search warrant *resulting in the destruction of property*, and (2) that Defendant violated his constitutional rights because they had an opportunity to intercede to stop the *destruction of his property*, but failed to do so." DktEntry 40, pg. 2 (emphasis added). Plaintiff's proposed verdict forms, and his jury instructions on the case elements, seek to expand this case beyond what the Ninth Circuit has recognized it to be – a case of**

**Fourth Amendment excessive force resulting in property destruction and failure to intercede to stop the destruction of property.   Accordingly, Defendants offer verdict forms that focus on the remaining claims as recognized by the Ninth Circuit Court of Appeals.   The failure to intercede claims can be addressed by Defendants' verdict forms in the context of deciding whether each individual Defendant engaged in conduct that resulted in the Fourth Amendment unreasonable destruction of property.**

**PLAINTIFFS' PROPOSED VERDICT FORM**

**FOURTH AMENDMENT**

**UNREASONABLE SEARCH AND SEIZURE**

With respect to Plaintiff's claim that Defendant Christopher Lapre violated Plaintiffs **Fourth Amendment Rights – Unreasonable Search and Seizure**, we the jury, duly empaneled and sworn in the above-entitled action, unanimously find in favor of: (mark one line)

Elizabeth Torres            _____

David Engstrom             _____

[If you find in favor of Elizabeth Torres, please continue on this page. If you did not find in favor of Elizabeth Torres, please go to the next page].

We, the jury, do hereby find Elizabeth Torres's compensatory damages to be: $_____. [If only nominal damages are awarded, they cannot exceed $1.00].

We, the jury, do hereby find punitive damages to be appropriate on this claim and award punitive damages against this Defendant on his claim in the amount of: $_____. [If no punitive damages are awarded, leave blank].

By:      _____
         Presiding Juror Number

Date:    _____

**DEFENDANTS' OBJECTION:**
**The law of the case, as detailed by the Ninth Circuit at DktEntry 40 is that Denby has two remaining claims: "(1) that Defendants violated his Fourth and Fourteenth Amendment rights by using *unnecessary force* when executing a search warrant *resulting in the destruction of property*, and (2) that Defendant violated his constitutional rights because they had an opportunity to intercede to stop the *destruction of his property*, but failed to do so." DktEntry 40, pg. 2 (emphasis added). Plaintiff's proposed verdict forms, and his jury instructions on the case elements, seek to expand this case beyond what the Ninth Circuit has recognized it to be – a case of**

Fourth Amendment excessive force resulting in property destruction and failure to intercede to stop the destruction of property.    Accordingly, Defendants offer verdict forms that focus on the remaining claims as recognized by the Ninth Circuit Court of Appeals.    The failure to intercede claims can be addressed by Defendants' verdict forms in the context of deciding whether each individual Defendant engaged in conduct that resulted in the Fourth Amendment unreasonable destruction of property.

**PLAINTIFFS' PROPOSED VERDICT FORM**

**FOURTH AMENDMENT**

**UNREASONABLE SEARCH AND SEIZURE**

With respect to Plaintiff's claim that Defendant Brian Gragg violated Plaintiffs **Fourth Amendment Rights – Unreasonable Search and Seizure**, we the jury, duly empaneled and sworn in the above-entitled action, unanimously find in favor of: (mark one line)

Elizabeth Torres            _____

David Engstrom            _____

[If you find in favor of Elizabeth Torres, please continue on this page.  If you did not find in favor of Elizabeth Torres, please go to the next page].

We, the jury, do hereby find Elizabeth Torres's compensatory damages to be: $_____.  [If only nominal damages are awarded, they cannot exceed $1.00].

We, the jury, do hereby find punitive damages to be appropriate on this claim and award punitive damages against this Defendant on his claim in the amount of: $_____.  [If no punitive damages are awarded, leave blank].

By:    _____
        Presiding Juror Number

Date:    _____

**DEFENDANTS' OBJECTION:**
**The law of the case, as detailed by the Ninth Circuit at DktEntry 40 is that Denby has two remaining claims: "(1) that Defendants violated his Fourth and Fourteenth Amendment rights by using *unnecessary force* when executing a search warrant *resulting in the destruction of property*, and (2) that Defendant violated his constitutional rights because they had an opportunity to intercede to stop the *destruction of his property*, but failed to do so." DktEntry 40, pg. 2 (emphasis added). Plaintiff's proposed verdict forms, and his jury instructions on the case elements, seek to expand this case beyond what the Ninth Circuit has recognized it to be – a case of Fourth Amendment excessive force resulting in property destruction and failure to**

intercede to stop the destruction of property.    Accordingly, Defendants offer verdict forms that focus on the remaining claims as recognized by the Ninth Circuit Court of Appeals.    The failure to intercede claims can be addressed by Defendants' verdict forms in the context of deciding whether each individual Defendant engaged in conduct that resulted in the Fourth Amendment unreasonable destruction of property.

# PLAINTIFFS' PROPOSED VERDICT FORM

# FOURTH AMENDMENT

# UNREASONABLE SEARCH AND SEIZURE

With respect to Plaintiff's claim that Defendant Jacob H. Robinson violated Plaintiffs **Fourth Amendment Rights – Unreasonable Search and Seizure**, we the jury, duly empaneled and sworn in the above-entitled action, unanimously find in favor of: (mark one line)

Elizabeth Torres                _____

David Engstrom                _____

[If you find in favor of Elizabeth Torres, please continue on this page.  If you did not find in favor of Elizabeth Torres, please go to the next page].

We, the jury, do hereby find Elizabeth Torres's compensatory damages to be: $_____.  [If only nominal damages are awarded, they cannot exceed $1.00].

We, the jury, do hereby find punitive damages to be appropriate on this claim and award punitive damages against this Defendant on his claim in the amount of: $_____.  [If no punitive damages are awarded, leave blank].

By:   _____
Presiding Juror Number

Date:   _____

**DEFENDANTS' OBJECTION:**
**The law of the case, as detailed by the Ninth Circuit at DktEntry 40 is that Denby has two remaining claims: "(1) that Defendants violated his Fourth and Fourteenth Amendment rights by using *unnecessary force* when executing a search warrant *resulting in the destruction of property*, and (2) that Defendant violated his constitutional rights because they had an opportunity to intercede to stop the *destruction of his property*, but failed to do so."  DktEntry 40, pg. 2 (emphasis added). Plaintiff's proposed verdict forms, and his jury instructions on the case elements, seek**

to expand this case beyond what the Ninth Circuit has recognized it to be – a case of Fourth Amendment excessive force resulting in property destruction and failure to intercede to stop the destruction of property.    Accordingly, Defendants offer verdict forms that focus on the remaining claims as recognized by the Ninth Circuit Court of Appeals.    The failure to intercede claims can be addressed by Defendants' verdict forms in the context of deciding whether each individual Defendant engaged in conduct that resulted in the Fourth Amendment unreasonable destruction of property.

# DEFENDANTS' PROPOSED VERDICT FORM
# FOURTH AMENDMENT
# EXCESSIVE FORCE AGAINST PROPERTY

With respect to Plaintiff's claim that Defendant David Engstrom violated the **Fourth Amendment – Excessive Force Against Property**, we the jury, duly empaneled and sworn in the above-entitled action, unanimously find in favor of: (mark one line)

Elizabeth Torres    _____

David Engstrom    _____

[If you find in favor of Elizabeth Torres and against David Engstrom, please continue on this page.  If you did not find in favor of Elizabeth Torres, please go to the next page].

We, the jury, do hereby find James Denby's compensatory damages against David Engstrom to be: $_____. [If only nominal damages are awarded, they cannot exceed $1.00].

We, the jury, do hereby find punitive damages to be appropriate on this claim and award punitive damages against David Engstrom on Denby's  claim for punitive damages in the amount of: $_____. [If no punitive damages are awarded, leave blank].[6]

By:    _____
Presiding Juror Number

Date:    _____

---

[6] By inserting a punitive damages option on the verdict forms, Defendants do not concede that the facts of this case will support a punitive damages instruction, or that punitive damages are appropriate for the final verdict form.

**<u>PLAINTIFFS OBJECTION:</u>**
**The claim in this case is for unreasonable search and seizure. While excessive force is a consideration, the necessity for the actions or the unreasonableness of the actions taken by Defendants is the question for the jury.**

**DEFENDANTS' PROPOSED VERDICT FORM**

**FOURTH AMENDMENT**

**EXCESSIVE FORCE AGAINST PROPERTY**


With respect to Plaintiff's claim that Defendant Brian Gragg violated the Fourth Amendment – Excessive Force Against Property, we the jury, duly empaneled and sworn in the above-entitled action, unanimously find in favor of: (mark one line)

Elizabeth Torres          _____

Brian Gragg               _____

[If you find in favor of Elizabeth Torres and against Brian Gragg, please continue on this page.  If you did not find in favor of Elizabeth Torres, please go to the next page].

We, the jury, do hereby find Torres' compensatory damages against Brian Gragg to be: $_____.  [If only nominal damages are awarded, they cannot exceed $1.00].

We, the jury, do hereby find punitive damages to be appropriate on this claim and award punitive damages against Brian Gragg on Torres' claim for punitive damages in the amount of: $_____.  [If no punitive damages are awarded, leave blank].[7]

By:    _____
       Presiding Juror Number

Date:  _____


**PLAINTIFFS OBJECTION:**
**The claim in this case is for unreasonable search and seizure. While excessive force is a consideration, the necessity for the actions or the unreasonableness of the actions taken by Defendants is the question for the jury.**

---

[7] By inserting a punitive damages option on the verdict forms, Defendants do not concede that the facts of this case will support a punitive damages instruction, or that punitive damages are appropriate for the final verdict form.

**DEFENDANTS' PROPOSED VERDICT FORM**
**FOURTH AMENDMENT**
**EXCESSIVE FORCE AGAINST PROPERTY**

With respect to Plaintiff's claim that Defendant Christopher Lapre violated the Fourth Amendment – Excessive Force Against Property, we the jury, duly empaneled and sworn in the above-entitled action, unanimously find in favor of: (mark one line)

Elizabeth Torres        _____

Christopher Lapre        _____

[If you find in favor of Elizabeth Torres and against Christopher Lapre, please continue on this page. If you did not find in favor of Elizabeth Torres, please go to the next page].

We, the jury, do hereby find Torres compensatory damages against Christopher Lapre to be: $_____. [If only nominal damages are awarded, they cannot exceed $1.00].

We, the jury, do hereby find punitive damages to be appropriate on this claim and award punitive damages against Christopher Lapre on Torres' claim for punitive damages in the amount of: $_____. [If no punitive damages are awarded, leave blank].[8]

By: _____
    Presiding Juror Number

Date: _____

**PLAINTIFFS OBJECTION:**
**The claim in this case is for unreasonable search and seizure. While excessive force is a consideration, the necessity for the actions or the unreasonableness of the actions taken by Defendants is the question for the jury.**

---

[8] By inserting a punitive damages option on the verdict forms, Defendants do not concede that the facts of this case will support a punitive damages instruction, or that punitive damages are appropriate for the final verdict form.

## DEFENDANTS' PROPOSED VERDICT FORM
## FOURTH AMENDMENT
## EXCESSIVE FORCE AGAINST PROPERTY

With respect to Plaintiff's claim that Defendant Jacob Robinson violated the Fourth Amendment – Excessive Force Against Property, we the jury, duly empaneled and sworn in the above-entitled action, unanimously finds in favor of: (mark one line)

Elizabeth Torres            _____

Jacob Robinson             _____

[If you find in favor of Elizabeth Torres and against Jacob Robinson, please continue on this page. If you did not find in favor of Elizabeth Torres, please go to the next page].

We, the jury, do hereby find Torres compensatory damages against Jacob Robinson to be: $_____. [If only nominal damages are awarded, they cannot exceed $1.00].

We, the jury, do hereby find punitive damages to be appropriate on this claim and award punitive damages against Jacob Robinson on Torres' claim for punitive damages in the amount of: $_____. [If no punitive damages are awarded, leave blank].[9]

By:     _____

Presiding Juror Number

Date:   _____

**PLAINTIFFS OBJECTION:**
**The claim in this case is for unreasonable search and seizure. While excessive force is a consideration, the necessity for the actions or the unreasonableness of the actions taken by Defendants is the question for the jury.**

---

[9] By inserting a punitive damages option on the verdict forms, Defendants do not concede that the facts of this case will support a punitive damages instruction, or that punitive damages are appropriate for the final verdict form.

**DEFENDANTS' PROPOSED VERDICT FORM**

**FOURTH AMENDMENT**

**EXCESSIVE FORCE AGAINST PROPERTY**


With respect to Plaintiff's claim that Defendant Rory Skedel violated the Fourth Amendment – Excessive Force Against Property, we the jury, duly empaneled and sworn in the above-entitled action, unanimously find in favor of: (mark one line)

Elizabeth Torres          _____

Rory Skedel               _____

[If you find in favor of Elizabeth Torres and against Rory Skedel, please continue on this page.  If you did not find in favor of Elizabeth Torres, please go to the next page].

We, the jury, do hereby find Torres compensatory damages against Rory Skedel to be: $_____.  [If only nominal damages are awarded, they cannot exceed $1.00].

We, the jury, do hereby find punitive damages to be appropriate on this claim and award punitive damages against Rory Skedel on Torres' claim for punitive damages in the amount of: $_____.  [If no punitive damages are awarded, leave blank].[10]

By:    _____
       Presiding Juror Number

Date:  _____


**PLAINTIFFS OBJECTION:**
**The claim in this case is for unreasonable search and seizure. While excessive force is a consideration, the necessity for the actions or the unreasonableness of the actions taken by Defendants is the question for the jury.**

---

[10] By inserting a punitive damages option on the verdict forms, Defendants do not concede that the facts of this case will support a punitive damages instruction, or that punitive damages are appropriate for the final verdict form.

**DEFENDANTS' PROPOSED VERDICT FORM**

**TRESPASS**

With respect to Plaintiff's claim that Defendant Abram Ochoa committed a Trespass, we the jury, duly empaneled and sworn in the above-entitled action, unanimously find in favor of: (mark one line)

Elizabeth Torres          _____

Abram Ochoa               _____

[If you find in favor of James Denby against Abram Ochoa, please continue on this page.  If you did not find in favor of James Denby, please go to the next page].

We, the jury, do hereby find Torres' compensatory damages against Ochoa to be: $_____.  [If only nominal damages are awarded, they cannot exceed $1.00].

We, the jury, do hereby find punitive damages to be appropriate on this claim and award punitive damages against Ochoa on Torres' claim for punitive damages in the amount of: $_____.  [If no punitive damages are awarded, leave blank].

**Plaintiffs' Objections:** This is irrelevant to the remaining issues in this case. Ochoa was not in the Plaintiff's residence on the day of the incident. Even if he was, that did not justify the destruction of Plaintiff's residence by Defendants. Defendants' conduct was an intervening and superseding cause.