**JELLISON LAW OFFICES, PLLC**
18801 North Thompson Peak Parkway
Suite D235
Scottsdale, Arizona 85255
Telephone:  (480) 659-4244
Facsimile:  (480) 659-4255
E-mail:  jim@jellisonlaw.com
JAMES M. JELLISON, ESQ.  #012763
Attorney for Defendants Engstrom, Robinson, Lapre, Gragg, and Skedel (the individual Defendants are referred to by name, or collectively as the "City and County Defendants" or "Defendants")

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James W. Denby, a single man ; Elizabeth J. Torres, a single woman,<br><br>Plaintiffs,<br><br>vs.<br><br>David Engstrom; Jacob H. Robinson; Christopher Lapre; Sgt. Gragg; Rory Skedel; Abram Ochoa, a single man,<br><br>Defendants. | Case No.: 2:17-cv-00119-SPL<br><br>**DEFENDANTS ENGSTROM, ROBINSON, LAPRE, GRAGG, AND SKEDEL'S RULE 17 MOTION TO SET COMPETENCY HEARING FOR PLAINTIFF TORRES** |

Pursuant to Fed.R.Civ.P. 17, Defendants Engstrom, Robinson, Lapre, Gragg and Skedel, through counsel, request this Court set a competency hearing to determine the competency and consent of Plaintiff Elizabeth Torres to be a party to this action, assist in the prosecution of her civil claim, and to participate in the trial of this action and provide testimony under oath in this case.  Ms. Torres currently resides in a "memory care" facility and suffers from diagnosed Dementia, Alzheimer's disease, and the effects of one or more strokes.

### I.    FACTS DETERMINED RECENTLY BY DEFENDANTS

On March 18, 2026, Defendants' counsel was informed by a process server that an attempt to serve a witness subpoena on Plaintiff Torres at her last known address could not be

1

completed.   The resident, Torres' daughter Natalie Torres, stated she would be willing to provide an update on Torres' condition and gave the process server a telephone number.

On March 20, 2026 and March 22, 2026, Defendants' investigator interviewed Torres' two daughters, Natalie and Suzanne Jackson, the second of whom holds a power of attorney for Torres related to financial and medical issues.  The daughters confirmed Torres has been living in a "memory-care" facility since 2024, and that they were unaware Torres had been brought into this litigation as a party.  Ms. Jackson stated that her first contact with Denby's counsel was approximately 3 months ago during which Plaintiffs' counsel stated he would like Ms. Torres to testify.  Plaintiff's counsel was informed, at least at that time, about Torres' residency in a memory care facility.  The sisters confirmed Ms. Torres' dementia and Alzheimer's diagnoses.  During Defendants' March 20 and 22, 2026 interviews they also were asked the pointed question of whether Torres was capable of testifying at trial responding that, depending on the day, her long-term memory could be good, but that only her doctors could answer the question about her competency to participate in the litigation and/or competently and accurately testify.  The sisters willingly participated in the investigator interviews, provided their contact information, and under circumstances where the investigator and witnesses were polite and professional.

Prior to Defendants' investigation as described above, Plaintiffs' counsel did not disclose any of the above circumstances to Defendants' counsel or the Court.   Written discovery on the issue of Torres' mental health was served by Defendants' prior to her dismissal from the case in 2019, and, again, in 2026, with no records provided to suggest she had one or more conditions impacting her competency. (Exhibit A hereto).[1]  The information about Torres' condition would have been important for Defendants and the Court to know

when Plaintiff Denby requested Torres' addition to the case in 2025 because, if she was not competent to testify, that would have been important on the issue of Rule 15 prejudice to Defendants.   Likewise, the issue of Torres' competency would have been important for the parties, and Court, to address at the status conference, when Torres absented herself from her recently noticed deposition, and in assessing the Motion for Protective Order.  Indeed, it will not be possible to adequately defend against Torres' claims if she is not competent to testify at a pre-trial deposition, or at trial.  Yet, Plaintiffs, and counsel, withheld this information from Defendants and the Court.

Whether Ms. Torres was contacted or consulted about being a party in this case, has been actively involved in preparing for trial, was involved at all in answering recent written discovery, or is competent to appear at trial, or to testify, remains unanswered.   These issues cannot be ignored, and must be addressed and evaluated thoroughly by the Court and the parties. Again, if Torres is not competent to give testimony in deposition, or trial, Defendants cannot adequately prepare for, or defend, against her claims in this case.

Defendants did not sit on the information in silence.  The information was presented, *by Defendants,* immediately when it was discovered, and was included in the Proposed (Revised) Joint Pretrial Order.   Plaintiffs, apparently with pre-knowledge of Torres' conditions, only disclosed their knowledge of Torres' condition in response to the Defendants' statement on the subject in the Proposed (Revised) Joint Pretrial Order.   Had Defendants not discovered and disclosed Torres' situation this week, there is nothing to suggest that information would have been voluntarily shared.

---

[1] The relevant medical and/or mental health information is subject to both voluntary and

## II.    LEGAL ANALYSIS

"[A]n incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). The Court "***must*** appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." *Id*. (emphasis added). The purpose of this rule "is to protect an incompetent person's interests in prosecuting or defending a lawsuit." *Harris v. Mangum*, 863 F.3d 1133, 1138 (9th Cir. 2017) (quoting *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014)). The court's obligation to appoint a guardian ad litem or to issue another appropriate order under Rule 17(c) does not arise "until after a determination of incompetence has been made by the court in which the issue is raised." *Forte v. Cnty. of Merced*, 2013 WL 3282957, at *3 (E.D. Cal. June 27, 2013) (*citing Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir.2003)) (emphasis omitted).

The procedure for determining competency is set by federal law, but the court looks to state law for competency standards. *See* Fed. R. Civ. P. 17(b)(1); *In re County of Orange*, 784 F.3d 520, 523-24 (9th Cir. 2015). In Arizona, a party is incompetent if he or she is unable to understand the nature and object of the proceeding. *See* A.R.S. § 13– 4501(3) ("'Incompetent to stand trial' means that as a result of a mental illness, defect or disability a defendant is unable to understand the nature and object of the proceeding or to assist in the defendant's defense."). A person is incompetent when "as a result of a mental illness, defect or disability a [litigant] is unable to understand the nature and object of the proceeding or to assist in the [case]." A.R.S. § 13-4501(2); *see also Kelly R. v. Ariz. Dep't of Econ. Sec.*, 137 P.3d 973, 978 (Ariz. App. 2006).

supplemental disclosure pursuant to the MIDP rules, as well as Fed.R.Civ.P. 26.

A party "proceeding *pro se* in a civil lawsuit is entitled to a competency determination when substantial evidence of incompetence is presented." *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005). "Substantial evidence" is evidence that "a reasonable mind might accept as adequate to support a conclusion." *Kyung Park v. Holder*, 572 F.3d 619, 624 (9th Cir. 2009) (quoting *Turcios v. INS*, 821 F.2d 1396, 1398 (9th Cir.1987)). The Ninth Circuit has specifically found substantial evidence of incompetence in the habeas[1] context where the movant "(1) [s]he had a lengthy medical history demonstrating severe mental health issues; (2) there was witness testimony indicating severe mental impairment, hallucinations, and multiple commitments to a psychiatric ward; and (3) [the movant] was missing a piece of his brain the size of a grapefruit.' " *United States v. Dreyer*, 705 F.3d 951, 970 (9th Cir. 2013) (quoting *Odle v. Woodford*, 238 F.3d at 1088–90 (9th Cir. 2001)).

When there is substantial evidence of a *pro se* plaintiff's incompetency, the court typically holds a competency hearing to determine if a guardian ad litem should be appointed. *See Harris*, 863 F.3d at 1138. Once the court determines that a *pro se* litigant is incompetent, the court should generally appoint a guardian ad litem under Rule 17(c). However, "the Rule does not make such an appointment mandatory. If another order would sufficiently protect the incompetent person's interests in the litigation in lieu of a guardian, the court may enter such an order." *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014). In *Zolnierz v. Arpaio*, 2013 WL 68608, at *3 (D. Ariz. Jan. 7, 2013) the court determined that the plaintiff's evidence was sufficient to trigger the court's duty to have a Rule 17 competency hearing where they submitted (1) a report that they suffered paranoia, persecutory ideations, auditory hallucinations, manic episodes, depression, pressured speech, racing thoughts, little sleep, and mood liability; (2) a physician's notes that the plaintiff's psychotic features were becoming more evident and problematic; and (3) a record that the plaintiff was placed on suicide watch); *see also Odle*, 238 F.3d at 1088–90.

The Ninth Circuit "read[s] Rule 17(c) to require a district court to take whatever measures it deems proper to protect an incompetent person during litigation." *Davis*, 745 F.3d at 1311. "Although the court has broad discretion and need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected, it is under a legal obligation to consider whether the person is adequately protected." *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). Having counsel is "likely ...sufficient" to adequately protect the interests of such a person, and a determination that able representation by competent counsel is sufficient will "satisf[y] the court's obligations under Rule 17(c)." *Davis*, 745 F.3d at 1311. *Cf. Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989) ("[T]he court may find that the incompetent person's interests would be adequately protected by the appointment of a lawyer."). However, that is not always the case.

There is little indication that Ms. Torres is being ably and vigorously represented by the team of attorneys that have represented Denby through the years.  First, Torres was dismissed in 2019 from this action, rendering her a non-party to the case.  This Court afforded an opportunity to submit an amended complaint on behalf of Torres in April, 2019 which would have required little more than the allegation that Torres was the deeded owner of the subject property on December 17, 2014.  Instead, nothing was filed and Torres was gone from the case for over six (6) years, missing discovery, expert disclosures and depositions, motions and appeals.  Second, the re-introduction of Torres in the case was not made by Torres, but rather, by Denby.  This was for Denby's benefit, not Torres'.  In fact, Torres was not individually consulted by Denby's counsel to ascertain her consent, or interest, in being a party to the case.  Moreover, Plaintiff Denby, and counsel, have hidden the fact of Torres' condition from the Court and Defendants while, at the same time, purporting to answer written discovery on behalf of Torres without her consent or participation.  (Exhibit A).

6

Finally, with only a month before trial, there is little indication that Plaintiffs' counsel has had any meaningful contact with Torres over the last seven (7) months to prepare her for the upcoming four-week trial.

Only "[s]ometimes . . . the appointment of counsel may be sufficient. If a district court concludes that counsel can sufficiently protect the interests of his incompetent client under Rule 17, then the court should make such a finding." *See, e.g., Mondelli v. Berkeley Heights Nursing & Rehabilitation Ctr.*, 1 F.4th 145, 151 n.8 (3d Cir. 2021). Courts have found that, the qualifying word "unrepresented" in Rule 17(c) notwithstanding, "the mere presence of an attorney representing" an incompetent person may be "insufficient of itself to protect her personal interests in [an] action." *See Noe v. True*, 507 F.2d 9, 12 (6th Cir. 1974) (stating that, in the case of a 14-year-old seeking an abortion, "ultimate responsibility for determinations made on behalf of the child" is "a role not ordinarily contemplated by the simple attorney-client relationship"). Indeed, in a non-habeas civil action, this Court held that if an "incompetent person is unrepresented, the court should not enter a judgment which operates as a judgment on the merits without complying with Rule 17(c)." *Krain v. Smallwood,* 880 F.2d 1119, 1121 (9th Cir. 1989) (citation omitted). Here, there is ample information that Plaintiffs' counsel has actively and vigorously advocated for Denby, but little evidence they have done so for Torres.

Moreover, Torres and Denby are at odds. Torres is the deeded property owner as of December 17, 2014 which counsel should have asserted to provide her with Fourth Amendment standing to claim real property damages. Yet, at the same time, counsel is required to advocate that Denby, although not the deeded owner, should be the party treated as the homeowner based on extrinsic, parol evidence. The approach does not honor Torres' interests in the same manner as if she had been represented by independent counsel. In short,

that Denby's lawyers also represent Torres is not, itself, sufficient to avoid a competency hearing, or consider whether it is appropriate to appoint a guardian ad litem.[2]

### III.    THE PARTIES HAVE MET AND CONFERRED ON THIS ISSUE

On March 25, 2026, the Parties met and conferred on this issue through video teleconference and agreed that Ms. Torres is in a memory-care facility, and has, at the very least, been diagnosed with Alzheimer's disease and dementia and that, according to her closest family members, there is uncertainly about her competency.   Counsel also agreed that they, as attorneys, do not possess the education or experience to arrive at a conclusion about Torres' Rule 17 competency without obtaining medical and/or mental health documentation. Plaintiffs' counsel indicated that he is in the process of requesting those records, but no date for receipt was discussed at the meeting.   The Parties agreed it is appropriate for this Court to set a competency hearing related to Ms. Torres, and for the Parties to evaluate whether that hearing is necessary after receiving records relevant to her mental and mental health conditions, and the impact of those conditions on competency; as well as the reasonable scope of that hearing based on the content of the records.

Defendants believe that the necessity and scope of the hearing will be first guided by the Torres records.   However, Defendants assert, at a minimum, that such a hearing must include Ms. Torres, and may likely require the appearance of Torres' daughters, other family members, and/or Torres' treating medical providers.

A proposed Order effecting this Motion, and the Parties agreement on how to proceed is attached hereto as Exhibit B.

---

[2] Torres' daughters have confirmed that Ms. Torres has no appointed guardian at this time

8

DATED this 25th day of March, 2026.

JELLISON LAW OFFICES, PLLC


s/ *James M. Jellison*
James M. Jellison
*Attorney for Defendants Engstrom, Robinson, Lapre, Skedel, and Gragg*

and, again, have been uninvolved in the litigation on behalf of their Mother.

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on March 25, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing with service on the following registrants:

Robert T. Mills
Sean A. Woods
Mills + Woods Law PLLC
5055 North 12th Street
Suite 101
Phoenix, AZ 85014
*Attorneys for Plaintiffs*


s/ *Valerie Hall*