# EXHIBIT A

Sean A. Woods (Arizona Bar #028930)
Robert T. Mills (Arizona Bar #018853)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| James W. Denby, a single man; Elizabeth J. Torres, a single woman,<br><br>Plaintiffs,<br><br>vs.<br><br>David Engstrom; Jacob H. Robinson; Christopher Lapre; Sgt. Gragg; Rory Skedel; Abram Ochoa, a single man,<br><br>Defendants. | Case No.: CV-17-00119-PHX-SPL<br><br>**PLAINTIFFS' RESPONSES TO DEFENDANTS' NEW DISCOVERY REQUESTS**<br><br>(Assigned to the Hon. Steven P. Logan) |

Through counsel undersigned and pursuant to Rules 33 through 36 of the Federal Rules of Civil Procedure and the Court's Order, ECF No. 282, authorizing new and limited discovery in this action, Plaintiffs James W. Denby and Elizabeth J. Torres (collectively, "Plaintiffs") hereby respond to the new discovery requests served upon them by Defendants David Engstrom, Jacob H. Robinson, Christopher Lapre, Sgt. Gragg, and Rory Skedel (collectively, "Defendants") as set forth below.

## DEFENDANTS' REQUESTS FOR ADMISSION ("RFAs")

**RFA 1 – Admit that on December 17, 2014, Plaintiff Elizabeth Torres and Wilma Logston were the only named owners on the deed of the subject property.**

**RESPONSE – Admit**

**RFA 2 – Admit that on December 17, 2014, Plaintiff Elizabeth Torres and Wilma Logston were identified as having an equal ownership interest of the subject property on the deed then-existing on that date.**

RESPONSE – Cannot admit nor deny. The operative deed had two people listed but did not delineate ownership percentages or type of ownership.

**RFA 3 – Admit that prior to December 17, 2014, Plaintiff James W. Denby was not named as an owner on any version of the deed or deeds of the subject property.**

RESPONSE – Deny

**RFA 4 - Admit that there are no documents created or existing on or prior to December 17, 2014 that show the transfer of, or intent to transfer, all, or any portion, of the ownership of the subject property to Plaintiff James W. Denby.**

RESPONSE – Deny

**RFA 5 – Admit that there are no documents created or existing on or prior to December 17, 2014 that show an understanding between Elizabeth Torres, Wilma Logston, and/or James W. Denby that James W. Denby was, or was intended to be, the sole owner of the subject property.**

RESPONSE – Deny. See LDWILLIDA_000001-000007; LDTRASH_000001-000011; LDHOMEINS_000001-000281; LDPROPTAX_000001-000117.

2

**RFA 6 – Admit that there are no documents created or existing on or prior to December 17, 2014 that show an understanding between Elizabeth Torres, Wilma Logston, and/or James W. Denby that James W. Denby was, or was intended to be, the sole grantee named in the deed to the subject property.**

RESPONSE – Deny. See LDWILLIDA_000001-000007; LDTRASH_000001-000011; LDHOMEINS_000001-000281; LDPROPTAX_000001-000117.

**RFA 7 - Admit that there is currently no existing deed that reflects Plaintiff James W. Denby as the sole owner of the subject property on December 17, 2014.**

RESPONSE – Admit

**RFA 8 – Admit that Plaintiff James W. Denby never procured a homeowners policy identifying 116 West 10th Street, Casa Grande, Arizona as the insured property.**

RESPONSE – Objection, any insurance information or documents are inadmissible at trial. Subject to that objection, Deny. See previously produced documents and LDHOMEINS_000001-000276.

**RFA 9 - Admit that Plaintiff Elizabeth Torres, and/or her spouse, and Wilma Logston, and/or her spouse, procured one or more homeowner's insurance policy/policies for the subject property prior to December 17, 2014.**

RESPONSE – Objection. This property has existed for many decades and owned by Plaintiffs' family. Asking for information for an indeterminate amount of time is beyond

3

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

the needs of this case. Certainly when Ms. Torres or Ms. Logston were newborns they could not have obtained an insurance policy on the property. Because the time period is so far beyond the needs of the case, Plaintiffs cannot neither admit nor deny this RFA. Plaintiff Denby has maintained a homeowners policy on the property for decades.

**RFA 10 - Admit that one or more persons other than Plaintiff James W. Denby was responsible to maintain, or did maintain, the subject property prior to December 17, 2014**

**RESPONSE** – Objection. This property has existed for many decades and owned by Plaintiffs' family. Asking for information for an indeterminate amount of time is beyond the needs of this case. Certainly when Mr. Denby was a newborn he could not have maintained the property. Through his teenage years, he likely mowed the lawn or assisted with repairs. Mr. Denby has lived at the property since the early 1970s, and has maintained the property his entire adult life to the present. Subject to the foregoing, Mr. Denby can only Admit that when he was a child, he was not primarily responsible for the maintenance of the property.

**RFA 11 – Admit that one or more persons other than Plaintiff James W. Denby paid property tax bills on the subject property prior to December 17, 2014.**

**RESPONSE** – Objection. This property has existed for many decades and owned by Plaintiffs' family. Asking for information for an indeterminate amount of time is beyond the needs of this case. Certainly when Mr. Denby was a newborn he could not have paid

4

property taxes on the property. For at least the last 40 years, Mr. Denby believes he has paid the property taxes on the property, therefore based on time limitations, Plaintiffs deny this RFA.

**RFA 12 – Admit that Elizabeth Torres was not the owner of any personal property alleged to have been damaged by law enforcement on December 17, 2014.**

**RESPONSE** – Deny.

**RFA 13 – Admit that there was no probate case, estate, or trust in the name of Wilma Logston after her death.**

**RESPONSE** – Deny to the extent that intestacy laws govern.

**RFA 14 – Admit that the estate, or trust, in the name of Wilma Logston would be entitled to 50% of the damages, if awarded, related to damage to real property alleged to have occurred on December 17, 2014.**

**RESPONSE** – Deny. It was always the understanding and intention of both Ms. Torres and Ms. Logston that the real property was solely owned by Mr. Denby. Mr. Denby had a clearly defined possessory interest in the subject property.

**RFA 15 – Admit that the estate, or trust, in the name of Wilma Logston would be entitled to damages, if awarded, related to damage to some, or all, personal property alleged to have occurred on December 17, 2014.**

Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

5

RESPONSE – Deny.

RFA 16 – **Admit that extrinsic or parol evidence may not be used at trial to prove ownership of real property where an unambiguous deed exists that names the property owners as of a certain date.**

RESPONSE – Deny. Mistakes happen. Ms. Torres and Ms. Logston always intended to record a deed showing Mr. Denby as sole owner, they believed he was the sole owner, they relied on him to take care of maintenance, homeowner's insurance, and tax bills. Mr. Denby has lived on the property nearly his entire life, and one hundred percent of his adult life. Mr. Denby had a clearly defined possessory interest in the subject property.

## INTERROGATORY RE RFAs ("ROG")

ROG 1 - **For any denial, or partial denial, to each of the following requests, please provide a full and complete factual and legal explanation supporting each denial**

RESPONSE – Defendants were allowed 25 interrogatories in this case. Defendants submitted 18 interrogatories to "Plaintiffs" on November 22, 2017 which were responded to. Defendants submitted another 18 "NUIs" to Plaintiffs James Denby and Elizabeth Torres which were also responded to.

## INTERROGATORIES TO PLAINTIFF TORRES ONLY ("ROGs")

ROG 1 – **Provide the full "criminal history" (as defined above in Section I) for Plaintiff Elizabeth J. Torres.**

RESPONSE – This has been previously answered and never objected to.

6

**ROG 2 – Provide the full "civil history" (as defined above in Section J) for Plaintiff Elizabeth J. Torres.**

**RESPONSE** – This has been previously answered and never objected to.

**ROG 3 – Provide the full "employment history" (as defined above in Section K) for Plaintiff Elizabeth J. Torres.**

**RESPONSE** –This has been previously answered and never objected to.

**ROG 4 – Provide the full "marital history" (as defined above in Section L) for Plaintiff Elizabeth J. Torres.**

**RESPONSE** – Plaintiffs object to Interrogatory No. 4 on the basis that it seeks information that is not relevant to any issue in this action. Subject to that objection, this was previously answered.

**ROG 5 – Provide the full "educational history" (as defined above in Section M) for Plaintiff Elizabeth J. Torres.**

**RESPONSE** – Plaintiffs object to Interrogatory No. 4 on the basis that it seeks information that is not relevant to any issue in this action.

**ROG 6 – State specifically each and every item of damage and calculation of such, including but not limited to physical, emotional, mental, wages or financial losses**

7

alleged by Plaintiff Elizabeth Torres to have been caused or aggravated as a result of the alleged actions of any Defendant.

RESPONSE – This was previously answered and never objected to. Subject to these objections, Plaintiff Torres supplements the previous response with the following. The harms caused without limitation are emotional harm from the loss of her family home, heirlooms, photographs, the loss of the ability to gather at the ancestral home, depression and anxiety, and the pain of seeing her family deal with the same issues as well as watching Plaintiffs' mother's health degrade having to spend the last of her years away from her childhood home.

ROG 7 – Provide a full description of any medical or mental health treatment provided to Plaintiff (as defined above in Sections E and N) for any medical, mental health, or other emotion or distress injury she alleges was caused by, or related to, the action of any named Defendant.

RESPONSE – Defendants were allowed 25 interrogatories in this case. Defendants submitted 18 interrogatories to "Plaintiffs" on November 22, 2017 which were responded to. Defendants submitted another 18 "NUIs" to Plaintiffs James Denby and Elizabeth Torres which were also responded to.

ROG 8 – Provide the names and contact information of all mental health providers of Plaintiff Elizabeth J. Torres for the previous 15 years.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

8

**RESPONSE** – Defendants were allowed 25 interrogatories in this case. Defendants submitted 18 interrogatories to "Plaintiffs" on November 22, 2017 which were responded to. Defendants submitted another 18 "NUIs" to Plaintiffs James Denby and Elizabeth Torres which were also responded to.

**ROG 9 - Provide the names and contact information of all medical treatment providers for Plaintiff Elizabeth J. Torres for the previous 15 years.**

**RESPONSE** – Defendants were allowed 25 interrogatories in this case. Defendants submitted 18 interrogatories to "Plaintiffs" on November 22, 2017 which were responded to. Defendants submitted another 18 "NUIs" to Plaintiffs James Denby and Elizabeth Torres which were also responded to.

**ROG 10 – Identify all social media sites/accounts (as defined above in Sections H above) Plaintiff Elizabeth Torres has maintained and used to engage in communications or other postings or blogs from January 1, 2014, to the present.**

**RESPONSE** – Defendants were allowed 25 interrogatories in this case. Defendants submitted 18 interrogatories to "Plaintiffs" on November 22, 2017 which were responded to. Defendants submitted another 18 "NUIs" to Plaintiffs James Denby and Elizabeth Torres which were also responded to. Subject to those objections, this was previously answered and not objected to.

MILLS+WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

9

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

**ROG 11 - Identify and describe in detail any interactions, meetings, or discussions (including the substance of any discussions) between Plaintiff and any and all Pinal County or Casa Grande personnel concerning the incidents giving rise to this litigation.**

RESPONSE – Defendants were allowed 25 interrogatories in this case. Defendants submitted 18 interrogatories to "Plaintiffs" on November 22, 2017 which were responded to. Defendants submitted another 18 "NUIs" to Plaintiffs James Denby and Elizabeth Torres which were also responded to.

**ROG 12 - Identify with particularity all pharmacies from which Plaintiff Elizabeth J. Torres has obtained prescription medication over the last 15 years.**

RESPONSE – Defendants were allowed 25 interrogatories in this case. Defendants submitted 18 interrogatories to "Plaintiffs" on November 22, 2017 which were responded to. Defendants submitted another 18 "NUIs" to Plaintiffs James Denby and Elizabeth Torres which were also responded to.

**ROG 13 - If Plaintiff Elizabeth J. Torres has applied for any federal or state assistance programs such as, but not limited to, social security, disability benefits, welfare, unemployment, housing benefits, or the like since January 1, 2014 to the present, identify each and every government help or benefits that Plaintiff Elizabeth J. Torres has applied for, received, or been denied.**

**RESPONSE** – Defendants were allowed 25 interrogatories in this case. Defendants submitted 18 interrogatories to "Plaintiffs" on November 22, 2017 which were responded to. Defendants submitted another 18 "NUIs" to Plaintiffs James Denby and Elizabeth Torres which were also responded to.

## REQUESTS FOR PRODUCTION TO DENBY AND TORRES ("RFPs")

**RFP 1 - Provide true and correct copies of all homeowners insurance policies, past and present, for the subject residence**

**RESPONSE** – Objection. This property has existed for many decades and owned by Plaintiffs' family. Asking for information for an indeterminate amount of time is beyond the needs of this case. Defendants were allowed 25 RFPs in this case. Defendants submitted 19 RFPs to "Plaintiffs" on November 22, 2017 which were responded to. Defendants submitted another 18 RFPs to Plaintiffs James Denby and Elizabeth Torres which were also responded to. Subject to that objection, Plaintiff supplements the record – assuming this is a request to supplement with documents BATES Labeled LDHOMEINS_000001-000281.

**RFP 2 - Provide true and correct copies of all deeds or other title documents, past and present, for the subject residence.**

**RESPONSE** – Objection. This property has existed for many decades and owned by Plaintiffs' family. Asking for information for an indeterminate amount of time is beyond the needs of this case. Defendants were allowed 25 RFPs in this case. Defendants submitted

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

11

19 RFPs to "Plaintiffs" on November 22, 2017 which were responded to. Defendants submitted another 18 RFPs to Plaintiffs James Denby and Elizabeth Torres which were also responded to. Subject to that objection, Plaintiff has already produced these documents that were also readily available to Defendants.

**RFP 3 - Provide true and correct copies of all documents shows an understanding and/or intent on the part of Elizabeth Torres, Wilma Logston, and James W. Denby that James W. Denby was the sole owner of the subject property.**

**RESPONSE** – Objection. This property has existed for many decades and owned by Plaintiffs' family. Asking for information for an indeterminate amount of time is beyond the needs of this case. Defendants were allowed 25 RFPs in this case. Defendants submitted 19 RFPs to "Plaintiffs" on November 22, 2017 which were responded to. Defendants submitted another 18 RFPs to Plaintiffs James Denby and Elizabeth Torres which were also responded to. Subject to that Objection Please see response to RFAs # 5, 6.

**RFP 4** – **Provide true and correct copies of all documents shows an understanding and/or intent on the part of Elizabeth Torres, Wilma Logston, and James W. Denby that James W. Denby was supposed to be the sole grantee named in the deed to the subject property.**

**RESPONSE** – *See* response to RFP # 3.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

**RFP 5 - Provide true and correct copies of all documents showing that for years prior to December 17, 2014 to the present date that Plaintiff James W. Denby was solely responsible for maintaining the subject residence.**

**RESPONSE** – *See* response to RFP # 3. *See also* LDPROPTAX_000001-000117, LDTRASH_000001-000011.

**RFP 6 - Provide true and correct copies of all documents showing that for years prior to December 17, 2014 to the present date that any other person or persons performed maintained on, or paid for maintenance, on the subject residence.**

**RESPONSE** – Objection. This property has existed for many decades and owned by Plaintiffs' family. Asking for information for an indeterminate amount of time is beyond the needs of this case. Certainly when Plaintiffs were newborns they could not have maintained the property. Defendants were allowed 25 RFPs in this case. Defendants submitted 19 RFPs to "Plaintiffs" on November 22, 2017 which were responded to. Defendants submitted another 18 RFPs to Plaintiffs James Denby and Elizabeth Torres which were also responded to.

**RFP 7 – Provide true and correct copies of all documents showing that for years prior to December 17, 2014 to the present date, Plaintiff James W. Denby paid all property tax bills for the subject residence.**

**RESPONSE** – See LDPROPTAX_000001-000117

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

13

**RFP 8 - Provide true and correct copies of all documents showing that for years prior to December 17, 2014 to the present date, that any other person or persons paid property tax bills for the subject residence.**

RESPONSE – Objection. This property has existed for many decades and owned by Plaintiffs' family. Asking for information for an indeterminate amount of time is beyond the needs of this case. Defendants were allowed 25 RFPs in this case. Defendants submitted 19 RFPs to "Plaintiffs" on November 22, 2017 which were responded to. Defendants submitted another 18 RFPs to Plaintiffs James Denby and Elizabeth Torres which were also responded to. Subject to those objections, no documents exist known to Plaintiffs.

**RFP 9 - Provide true and correct copies of all documents showing any agreement or understanding between Plaintiff James W. Denby and Plaintiff Elizabeth Torres regarding a plan, method, or concept of how to divide or allocate damages between them.**

RESPONSE – Objection. This property has existed for many decades and owned by Plaintiffs' family. Asking for information for an indeterminate amount of time is beyond the needs of this case. Defendants were allowed 25 RFPs in this case. Defendants submitted 19 RFPs to "Plaintiffs" on November 22, 2017 which were responded to. Defendants submitted another 18 RFPs to Plaintiffs James Denby and Elizabeth Torres which were also responded to.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

14

**RFP 10 - Provide true and correct copies of all documents showing any communications, whether physical or electronic, between Plaintiff Elizabeth Torres and Plaintiff James W. Denby, regarding the incident of December 17, 2014, remediation efforts arising from the incident, and the decision to cease, end or terminate those remediation efforts.**

RESPONSE – Objection. Defendants were allowed 25 RFPs in this case. Defendants submitted 19 RFPs to "Plaintiffs" on November 22, 2017 which were responded to. Defendants submitted another 18 RFPs to Plaintiffs James Denby and Elizabeth Torres which were also responded to. Furthermore, Defendants already have documents in their possession regarding the remediation efforts and Mr. Denby's communications with the City, the County, Insurance, contractors, and Plaintiffs' expert witnesses.

**RFP 11 - Provide true and correct copies of all documents showing any communication involving Plaintiff Elizabeth Torres and any other person regarding the incident of December 17, 2014, remediation efforts arising from the incident, and the decision to cease, end or terminate those remediation efforts.**

RESPONSE – Objection. Defendants were allowed 25 RFPs in this case. Defendants submitted 19 RFPs to "Plaintiffs" on November 22, 2017 which were responded to. Defendants submitted another 18 RFPs to Plaintiffs James Denby and Elizabeth Torres which were also responded to. See response to RFP # 10.

**RFP 12 - Provide true and correct copies of all documents showing any communication involving Plaintiff James W. Denby and any other person regarding the incident of December 17, 2014, remediation efforts arising from the incident, and the decision to cease, end or terminate those remediation efforts**

RESPONSE – Objection. Defendants were allowed 25 RFPs in this case. Defendants submitted 19 RFPs to "Plaintiffs" on November 22, 2017 which were responded to. Defendants submitted another 18 RFPs to Plaintiffs James Denby and Elizabeth Torres which were also responded to. See response to RFP # 10. See LDHOMEINS_000001-000281.

**RFP 13 – Provide true and correct copies of any probate, will or trust documents for Wilma Logston**

RESPONSE – Objection. Defendants were allowed 25 RFPs in this case. Defendants submitted 19 RFPs to "Plaintiffs" on November 22, 2017 which were responded to. Defendants submitted another 18 RFPs to Plaintiffs James Denby and Elizabeth Torres which were also responded to. Subject to those objections, no documents are known to Plaintiffs. However, Ms. Logston's mother had a will. See LDWILLIDA_000001-000007

**NEW REQUESTS FOR PRODUCTION TO TORRES ONLY ("RFPs")**

**RFP 1 – All documents identified in Plaintiff's answers to Non-Uniform Interrogatories.**

16

**RESPONSE** – Objection. Defendants were allowed 25 RFPs in this case. Defendants submitted 19 RFPs to "Plaintiffs" on November 22, 2017 which were responded to. Defendants submitted another 18 RFPs to Plaintiffs James Denby and Elizabeth Torres which were also responded to. Subject to these objections, any documents responsive would have been listed in the responses to any interrogatories.

**RFP 2 - Copies of all documents in Plaintiff's possession that relate to or support any allegation contained in Plaintiffs' Third Amended Complaint.**

**RESPONSE** – Objection. Defendants were allowed 25 RFPs in this case. Defendants submitted 19 RFPs to "Plaintiffs" on November 22, 2017 which were responded to. Defendants submitted another 18 RFPs to Plaintiffs James Denby and Elizabeth Torres which were also responded to. Subject to these objections, any documents responsive have already been provided or supplemented through other discovery requests.

**RFP 3 - All written, recorded, and/or signed statements of any person, including the Plaintiff, Defendants, witnesses, investigators, or any agent, representative, or employee of the parties, concerning the subject matter of this action.**

**RESPONSE** – Objection. Defendants were allowed 25 RFPs in this case. Defendants submitted 19 RFPs to "Plaintiffs" on November 22, 2017 which were responded to. Defendants submitted another 18 RFPs to Plaintiffs James Denby and Elizabeth Torres which were also responded to. Subject to these objections, any documents responsive have already been provided or supplemented through other discovery requests.

17

**RFP 4 - All documents constituting or relating to any communication between Plaintiff and any witness or potential witness in this action related to any of the allegations in Plaintiffs' Third Amended Complaint.**

RESPONSE – Objection. Defendants were allowed 25 RFPs in this case. Defendants submitted 19 RFPs to "Plaintiffs" on November 22, 2017 which were responded to. Defendants submitted another 18 RFPs to Plaintiffs James Denby and Elizabeth Torres which were also responded to. Subject to these objections, any documents responsive have already been provided or supplemented through other discovery requests.

**RFP 5 - Any documents which support Plaintiff's damage claims, including but not limited to, physical, emotional, mental, wage or financial loss alleged to have been caused or aggravated by the events giving rise to this lawsuit.**

RESPONSE – Objection. Defendants were allowed 25 RFPs in this case. Defendants submitted 19 RFPs to "Plaintiffs" on November 22, 2017 which were responded to. Defendants submitted another 18 RFPs to Plaintiffs James Denby and Elizabeth Torres which were also responded to. Subject to these objections, any documents responsive have already been provided or supplemented through other discovery requests.

**RFP 6 - Any mental health records for Plaintiff Elizabeth J. Torres for the last 15 years.**

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

**RESPONSE** – Objection. Defendants were allowed 25 RFPs in this case. Defendants submitted 19 RFPs to "Plaintiffs" on November 22, 2017 which were responded to. Defendants submitted another 18 RFPs to Plaintiffs James Denby and Elizabeth Torres which were also responded to. Furthermore, this RFP is irrelevant and/or beyond the needs of the case.

**RFP 7 - The names, addresses and phone number of all mental health providers for Plaintiff Elizabeth J. Torres.**

**RESPONSE** – Objection. Defendants were allowed 25 RFPs in this case. Defendants submitted 19 RFPs to "Plaintiffs" on November 22, 2017 which were responded to. Defendants submitted another 18 RFPs to Plaintiffs James Denby and Elizabeth Torres which were also responded to. Furthermore, this RFP is irrelevant and/or beyond the needs of the case.

**RFP 8 - Any medical records for the previous 15 years for Plaintiff Elizabeth J. Torres.**

**RESPONSE** – Objection. Defendants were allowed 25 RFPs in this case. Defendants submitted 19 RFPs to "Plaintiffs" on November 22, 2017 which were responded to. Defendants submitted another 18 RFPs to Plaintiffs James Denby and Elizabeth Torres which were also responded to. Furthermore, this RFP is irrelevant and/or beyond the needs of the case.

MILLS+WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

19

**RFP 9 - The names, addresses and phone numbers of all medical providers for the last 15 years for Plaintiff Elizabeth J. Torres.**

RESPONSE – Objection. Defendants were allowed 25 RFPs in this case. Defendants submitted 19 RFPs to "Plaintiffs" on November 22, 2017 which were responded to. Defendants submitted another 18 RFPs to Plaintiffs James Denby and Elizabeth Torres which were also responded to. Furthermore, this RFP is irrelevant and/or beyond the needs of the case.

**RFP 10 - A list of all prescribed medications taken by Plaintiff Elizabeth J. Torres over the last 15 years.**

RESPONSE – Objection. Defendants were allowed 25 RFPs in this case. Defendants submitted 19 RFPs to "Plaintiffs" on November 22, 2017 which were responded to. Defendants submitted another 18 RFPs to Plaintiffs James Denby and Elizabeth Torres which were also responded to. Furthermore, this RFP is irrelevant and/or beyond the needs of the case.

**RFP 11 - Any documentation related to any prior criminal charges against Plaintiff Elizabeth J. Torres.**

RESPONSE – Objection. Defendants were allowed 25 RFPs in this case. Defendants submitted 19 RFPs to "Plaintiffs" on November 22, 2017 which were responded to. Defendants submitted another 18 RFPs to Plaintiffs James Denby and Elizabeth Torres

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

20

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

which were also responded to. Furthermore, this RFP is irrelevant and/or beyond the needs of the case.

**RFP 12 - Copies of all federal and state tax returns, including all attached schedules and other supporting attachments, filed by Plaintiff Elizabeth J. Torres for the previous 15 years.**

RESPONSE – Objection. Defendants were allowed 25 RFPs in this case. Defendants submitted 19 RFPs to "Plaintiffs" on November 22, 2017 which were responded to. Defendants submitted another 18 RFPs to Plaintiffs James Denby and Elizabeth Torres which were also responded to. Furthermore, this RFP is irrelevant and/or beyond the needs of the case.

**RFP 13 - All profiles, postings, messages, or other communications (including status updates, videos or photographs) by Plaintiff Elizabeth J. Torres on any social media site, including but not limited to Facebook, Instagram, Twitter, TicToc, and Linkedin, that relate to any of the allegations in Plaintiff's Third Amended Complaint.**

RESPONSE – Objection. Defendants were allowed 25 RFPs in this case. Defendants submitted 19 RFPs to "Plaintiffs" on November 22, 2017 which were responded to. Defendants submitted another 18 RFPs to Plaintiffs James Denby and Elizabeth Torres which were also responded to. Furthermore, this RFP is irrelevant and/or beyond the needs of the case. Subject to those objections, there are no responsive documents.

21

**RFP 14 - A properly and fully signed and dated copy of the draft HIPAA release attached hereto as Exhibit A.**

**RESPONSE** – Objection. Defendants were allowed 25 RFPs in this case. Defendants submitted 19 RFPs to "Plaintiffs" on November 22, 2017 which were responded to. Defendants submitted another 18 RFPs to Plaintiffs James Denby and Elizabeth Torres which were also responded to. Furthermore, this RFP is irrelevant and/or beyond the needs of the case.

**RESPECTFULLY SUBMITTED** this 24th day of February 2026.

**MILLS + WOODS LAW, PLLC**

By   */s/ Sean A. Woods*
        Sean A. Woods
        Robert T. Mills
        5055 North 12th Street, Suite 101
        Phoenix, AZ 85014
        *Attorneys for Plaintiffs*

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

22

**CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2026, I electronically transmitted the foregoing document to the following via email:

James M. Jellison, Esq.
jim@jellisonlaw.com
valerie@jellisonlaw.com
kaytlin@jellisonlaw.com
**JELLISON LAW OFFICES, PLLC**
18801 N Thompson Peak Parkway, Ste. D235
Scottsdale, AZ 85255
*Attorneys for Defendants David and Jane Doe Engstrom, Jacob H. Robinson, Christopher and Jane Doe Lapre, Sgt. Gragg and Jane Doe Gragg, and Rory Skedel*

Abram Ochoa
Tuc.Rita.library@azadc.gov
*Defendant*


           /s/ Ben Dangerfield

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

23

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James W. Denby, a single man ; Elizabeth J. Torres, a single woman,<br><br>     Plaintiffs,<br><br>vs.<br><br>David Engstrom; Jacob H. Robinson; Christopher Lapre; Sgt. Gragg; Rory Skedel; Abram Ochoa, a single man,<br><br>     Defendants. | Case No.: 2:17-cv-00119-SPL<br><br>**[PROPOSED] ORDER RE: DEFENDANTS ENGSTROM, ROBINSON, LAPRE, GRAGG, AND SKEDEL'S RULE 17 MOTION TO SET COMPETENCY HEARING FOR PLAINTIFF TORRES** |

HAVING REVIEWED Defendants Engstrom, Robinson, Lapre, Gragg and Skedel's motion to set competency hearing to determine the competency and consent of Plaintiff Elizabeth Torres to be a party to this action, assist in the prosecution of her civil claim, and to participate in the trial of this action and provide testimony under oath in this case, and for good cause shown, the motion is GRANTED;

IT IS HEREBY ORDERED that Plaintiffs' counsel will obtain all medical and/or mental health records relevant to Torres' treatment at her "memory care" facility and in response to her diagnoses of Dementia, Alzheimer's disease, and the effects of one or more strokes (or any other relevant conditions) to determine her Rule 17 competency and consent of Plaintiff Elizabeth Torres to be a party to this action, assist in the prosecution of her civil

1

claim, and to participate in the trial of this action and provide testimony under oath in this case, whether the appointment of a guardian ad litem is appropriate, and whether any issues of Torres' competency may support additional defense motions based on inability to prepare for and defend against Torres' claims.

IT IS FURTHER ORDERED THAT the Parties shall prepare a joint report within a week of obtaining all relevant records regarding an appropriate date and time for the competency hearing including an assessment of the scope of that hearing, including the number and identify of witnesses and/or other participants necessary to the hearing.