Sean A. Woods (Arizona Bar #028930)
Robert T. Mills (Arizona Bar #018853)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| James W. Denby, a single man; Elizabeth J. Torres, a single woman, | Case No.: CV-17-00119-PHX-SPL |
|---|---|
| Plaintiffs, | **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO SET COMPETENCY HEARING FOR PLAINTIFF TORRES** |
| vs. | |
| David Engstrom; Jacob H. Robinson; Christopher Lapre; Sgt. Gragg; Rory Skedel; Abram Ochoa, a single man, | (Assigned to the Hon. Steven P. Logan) |
| Defendants. | |

Through counsel undersigned, Plaintiffs James W. Denby ("Jim") and Elizabeth J. Torres ("Elizabeth") (collectively, "Plaintiffs") hereby respond to "Defendants Engstrom, Robinson, Lapre, Gragg, and Skedel's Rule 17 Motion to Set Competency Hearing for Plaintiff Torres," ECF No. 302 ("Defendants' Motion") filed by Defendants Engstrom, Robinson, Lapre, Gragg, and Skedel (collectively, "Defendants").

At the outset, Plaintiffs note that they do not necessarily oppose holding a competency hearing for Elizabeth. Indeed, as Defendants state at the end of their Motion:

> On March 25, 2026, the Parties met and conferred on this issue through video teleconference and agreed that Ms. Torres is in a memory-care facility, and has, at the very least, been diagnosed with Alzheimer's disease and dementia and that, according to her closest family members, there is uncertainly [*sic*] about her competency. Counsel also agreed that they, as attorneys, do not

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014-2555
480.999.4556

possess the education or experience to arrive at a conclusion about Torres' Rule 17 competency without obtaining medical and/or mental health documentation. Plaintiffs' counsel indicated that he is in the process of requesting those records, but no date for receipt was discussed at the meeting. The Parties agreed it is appropriate for this Court to set a competency hearing related to Ms. Torres, and for the Parties to evaluate whether that hearing is necessary after receiving records relevant to her mental and mental health conditions, and the impact of those conditions on competency; as well as the reasonable scope of that hearing based on the content of the records.

Defs.' Mot. 8:4-16. Plaintiffs merely believe that a decision on whether or not to hold such a hearing should not be made until the parties have evaluated the relevant medical records and documents, documents which Plaintiffs have requested and are in the process of obtaining.

At that same meeting, Plaintiffs' counsel also indicated to Defendants' counsel that, pending the parties' evaluation of her medical records, he would be open to the idea of Defendants deposing Elizabeth – with her eldest daughter Suzanne, who holds a power of attorney for her, present – in lieu of having Elizabeth testify at trial.

In addition to recounting the details of the parties' meet-and-confer, Defendants also offer much authority pertaining to the issue of when a competency hearing is required or appropriate, authority which applies only to cases involving unrepresented or *pro se* parties. Such authority is obviously inapplicable to the circumstances here, as Elizabeth is, and has been since the beginning of this lawsuit, represented by undersigned counsel, even during the period where she was not a named Plaintiff. Elizabeth's daughters, including the daughter holding a power of attorney for her, do not object, and never have objected, to undersigned counsel's representation, or to her participation in this action.

Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

Defendants also attempt to drive a wedge between Plaintiffs, claiming that Elizabeth's interests in this action are somehow adverse to Jim's. If the two genuinely disagreed about who was the intended owner of the property at issue at the time of Defendant's destruction, that might have been the case. But the two do not disagree, and have never disagreed at any point. Both Elizabeth and Jim believe, and will testify, that at all relevant times they considered, and intended for, Jim to be the true owner thereof. Their interests are aligned.

Regardless, as stated above Plaintiffs are not necessarily opposed to a competency hearing being held for Elizabeth, so long as her relevant records, once obtained, indicate such to be appropriate.

**RESPECTFULLY SUBMITTED** this 31st day of March 2026.

**MILLS + WOODS LAW, PLLC**

By  */s/ Sean A. Woods*
 Sean A. Woods
 Robert T. Mills
 5055 North 12th Street, Suite 101
 Phoenix, AZ 85014
 *Attorneys for Plaintiffs*

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

James M. Jellison, Esq.
jim@jellisonlaw.com
**JELLISON LAW OFFICES, PLLC**
admin@jellisonlaw.com
18801 N Thompson Peak Parkway, Ste. D235
Scottsdale, AZ 85255
*Attorneys for Defendants David and Jane Doe Engstrom, Jacob H. Robinson, Christopher and Jane Doe Lapre, Sgt. Gragg and Jane Doe Gragg, and Rory Skedel*

Abram Ochoa
Tuc.Rita.library@azadc.gov
*Defendant*


    /s/ Ben Dangerfield

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556