**JELLISON LAW OFFICES, PLLC**
18801 North Thompson Peak Parkway
Suite D235
Scottsdale, Arizona 85255
Telephone: (480) 659-4244
E-mail: jim@jellisonlaw.com
JAMES M. JELLISON, ESQ. #012763
Attorney for Defendants Engstrom, Robinson, Lapre, Gragg, and Skedel (the individual Defendants are referred to by name, or collectively as the "City and County Defendants" or "Defendants")

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James W. Denby, a single man ; Elizabeth J. Torres, a single woman,<br><br>                Plaintiffs,<br>vs.<br><br>David Engstrom; Jacob H. Robinson; Christopher Lapre; Sgt. Gragg; Rory Skedel; Abram Ochoa, a single man,<br><br>                Defendants. | Case No.: 2:17-cv-00119-SPL<br><br>**DEFENDANTS ENGSTROM, ROBINSON, LAPRE, GRAGG, AND SKEDEL'S REPLY IN SUPPORT OF RULE 17 MOTION TO SET COMPETENCY HEARING FOR PLAINTIFF TORRES** |

Defendants Engstrom, Robinson, Lapre, Gragg and Skedel ("Defendants"), through undersigned counsel, hereby submit their Reply in Support of Rule 17 Motion to Set Competency Hearing for Plaintiff Torres, as follows:

## I. INTRODUCTION

Plaintiffs' response confirms the core premises of Defendants' Motion - that Plaintiff Elizabeth Torres suffers from Alzheimer's disease and Dementia; she resides in a memory-care facility; and her competency is at issue. While these are complex conditions, the DSM5-TR describes Neurocognitive Disorder due to Alzheimer's disease as including "an insidious onset and gradual progression of cognitive and behavioral symptoms (Criterion B)… [t]he typical presentation is amnestic (i.e., wit impairment in memory and learning) . . . [a]t the mild NCD phase, Alzheimer's disease manifest typically with impairment in memory and learning, sometimes accompanied by deficits in executive function. At the major NCD phase,

1

visuoconstructional/perceptual-motor ability and language (e.g., word retrieval) will also be impaired, particularly when the NCD is moderate to severe." *See,* DSM5-TR, pg. 691.

Plaintiffs ask the Court to delay action pending the speculative future receipt of medical records, requested from some unknown person(s) or entity, for which there is no expected response date. With the soon-to-arrive trial date, that "wait and see" approach is untenable. Federal Rule of Civil Procedure 17(c) and controlling authority, impose an affirmative obligation on this Court to address competency once substantial evidence of incompetence is presented. See, e.g., *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005) (holding that a district court must conduct a competency inquiry where substantial evidence of incompetence exists); *Harris v. Mangum* 863 F.3d 1133, 1138 (9th Cir. 2017)(requiring courts to take protective measures under Rule 17(c)); *Davis v. Walker*, 745 F.3d 1303, 1310-11 (9th Cir. 2014) (recognizing the court's obligation to take appropriate action once incompetence is implicated).

Here, the Parties agree that Plaintiff Torres is in a memory-care facility, suffers from conditions that are well-known to affect the ability to handle complex tasks including preparation and participation in making a constitutional civil claim and testifying under oath, and that obtaining and reviewing her treatment records to assist in understating the progression of her conditions is necessary.

Because this issue is already before the Court upon agreement of the parties, a competency determination – and corresponding necessary measures that may logically follow from the determination – cannot be deferred.

## II.   PLAINTIFFS DO NOT MEANINGFULLY OPPOSE THE RELIEF REQUESTED

Defendants request that the Court hold a competency hearing pursuant to Federal Rule of Civil Procedure 17(c). The only real disagreement is timing, and Plaintiffs offer no authority permitting delay once substantial evidence of incompetence exists. Rule 17 does not establish a burden of proof for either party in a competency proceeding. *Goodin v. Vercoe*,

No. 2:18-CV-0392-TOR, 2020 WL 8921003, at *1 (E.D. Wash. Jan. 13, 2020). Instead, Rule 17 "requires a court to take whatever measures it deems proper to protect an incompetent person during litigation." *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986).

"Federal courts in this circuit have found that a broad range of evidence may inform the court's decision [on a Rule 17 competency determination]: a report of mental disability by a government agency, ... the sworn declaration of the person or those who know him, ... the representations of counsel, ... diagnosis of mental illness, ... a review of medical records, ... the person's age, illnesses, and general mental state, ... and the court's own observations of the person's behavior, including the person's 'manner and comments throughout the case' that suggest he does not 'have a grasp on the nature and purpose of the proceedings' ...." *Goodin, supra.; citing AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1050 (E.D. Cal. 2015) (internal citations omitted). Here, Plaintiffs have offered nothing; despite informing this Court of requests asking for medical and mental health records.

Certainly, the need to hold a competency hearing can be undercut by reference to other facts and evidence. In *McElroy v. Cox,* 2009 WL 4895360 (E.D.Cal. Dec.11, 2009), for example, the Court determined a § 1983 plaintiff was not entitled to a competency hearing because there was no nexus between the plaintiff's mental disorder and his ability to articulate his claims. *Id.* at *3. The Court found the plaintiff's medical records indicated he functioned well when properly medicated. *Id.* The Court also stated the plaintiff's claimed incompetence was undercut by his pleadings. The Court noted he had successfully opposed Defendants' motion to dismiss and filed two motions for appointment of counsel with clarity and proper arguments. *See also Thompson v. Virga,* 2012 WL 1154473 (S.D.Cal. April 4, 2012) (finding habeas petitioner failed to present substantial evidence of incompetence, and noting that despite being diagnosed with schizophrenia, Petitioner had effectively litigated the case without counsel); *Lavery v. Singh,* 2011 WL 5975934 (S.D.Cal. Nov.29, 2011) (finding no

3

substantial evidence of incompetence where habeas petitioner's declaration that he was incompetent was refuted by his current medical records).

In contrast to cases like *McElroy*, neither this Court nor Defendants have ever seen or met Torres.   Plaintiffs' counsel offers no explanation of:

- Whether Torres understood she had been dismissed from this case in 2019;
- Why Plaintiffs' counsel did not file a simple amended complaint to keep her in the case;
- Whether Torres was consulted about, and expressly agreed to, return to the case as a party;
- Whether Torres has participated with, or is capable of participating with, counsel to prepare her case;
- Whether Torres has participated with, or is capable of participating with, counsel to prepare answers provided in response to written discovery;
- Whether Torres understands and can make appropriate decisions based on the inherent conflict between her claim and Plaintiff Denby, i.e., who is the true homeowner with standing to make a Fourth Amendment claim for real property damage;
- Whether Torres has a basic understanding of her claims;
- Whether Torres is capable of appearing in Court;
- Whether Torres is capable of testifying at deposition or trial in a manner faithful to the oath, and accurately enough to assist the fact-finder through reliance on credible and accurate facts.

Most critical is the question of why we are learning about Ms. Torres' condition now when under the MIDP rules, the information should have been supplemented when the idea of introducing Torres into the case was first raised, when the parties attended this Court's status hearing in February, 2026, when Torres allegedly "responded" to written discovery in March, 2026, and when Torres' deposition was noticed.

While Defendants agree it is critical to obtain and review Torres' medical and/or mental health records to assess and develop the competency issue, Defendants cannot understand how, or why, these records were not produced back in August or September of 2025, and, instead, this Court and Defendants are being told only that "records" have been "requested." From whom a request has been made, the scope of the request, and the expected receipt of the records, remains a mystery after reviewing Plaintiffs' Response at Doc. 308.

### III.      PLAINTIFFS MISTATE THE LAW REGARDING REPRESENTATION

Plaintiffs argue that Rule 17 authority is limited to pro se litigants. That is not correct. The Ninth Circuit has expressly held that the presence of counsel does not eliminate the Court's duty to evaluate competency or ensure adequate protection. See, *Davis v. Walker*, 745 F.3d 1303 (9th Cir. 2014) (a court may take many protective actions, including appointment of a guardian ad litem). Indeed, courts must determine whether representation is sufficient, not assume it. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986) (if it should appear during the course of proceedings that a party may be suffering from a condition that materially affects his ability to represent himself (if *pro se* ), to consult with his lawyer with a reasonable degree of rational understanding, [citations omitted], or otherwise to understand the nature of the proceedings, [citations omitted], that information should be brought to the attention of the court promptly"), Indeed, for purposes of Rule 17(c)(1), an incompetent person is considered represented if suing through 1) a general guardian; 2) committee; 3) conservator; or 4) a like fiduciary. If not represented, Rule 17(c)(2) requires appointed "next friend" or "guardian ad litem."

Here, there is agreement, that there is a substantial basis that incompetence is present, and yet no person fitting the above categories has been appointed or even considered for appointment. In this instance, the record raises serious concerns regarding whether Ms. Torres' interests are being independently protected, including: her absence from the case for over six years; her reintroduction by a co-plaintiff, not by her own action; the absence of

5

evidence she consented to participate; and the lack of any demonstrated ability to assist counsel in discovery or trial preparation. These facts, individually, justify Court intervention which may include the appointment of a guardian to assist both Torres, and counsel, whether that remains the Woods firm, or another.

## IV. PLAINTIFFS FAILED TO DISCLOSE TORRES' CONDITION

Plaintiffs' Response notably avoids addressing one of Defendants' central concerns, that Plaintiffs and their counsel failed to disclose critical information regarding Ms. Torres' mental condition despite clear and ongoing disclosure obligations. See Fed.R.Civ.P. 26(a),(e).

As set forth in Defendants' Motion, Plaintiffs were aware – well before Defendants independently discovered the issue – that Ms. Torres was a resident in a memory-care facility and suffered from Alzheimer's disease and Dementia. This information goes directly to her competency under Rule 17, her ability to participate in discovery, her availability and reliability as a trial witness, and the fundamental fairness of proceeding to trial on her claims. See, *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d at 1106 (holding that Rule 37(c)(1) gives "teeth" to Rule 26's disclosure requirements and permits exclusion where nondisclosure is neither substantially justified nor harmless).

### A. Plaintiffs Violated Their Rule 26 and MIDP Disclosure Obligations

Under Federal Rule Civil Procedure 26(a) and (e), and the District of Arizona's Mandatory Initial Discovery Pilot (MIDP), Plaintiffs had an affirmative, continuing obligation to disclose information relevant to the identity and condition of parties and witnesses and facts bearing on claims and defenses. See *Hoffman v. Construction Protective Services, Inc.,* 541 F.3d at 1179-80.

Ms. Torres' cognitive condition plainly falls within the scope of required disclosure, yet no supplementation was made, no medical or competency-related information was produced, and Defendants were forced to discover the issue through a failed service attempt and independent investigation. This is precisely the type of "trial by ambush" that the federal rules are designed to prevent.

6

**B. The Nondisclosure is Neither Substantially Justified nor Harmless**

Plaintiffs offer no justification for withholding this information. Nor could they. The nondisclosure is not harmless. It has materially prejudiced Defendants by preventing the meaningful deposition of Ms. Torres, obstructing discovery into her claims, undermining trial preparation and allowing Plaintiffs to advance claims on behalf of a party whose competency is, at the very least, substantially in doubt. This prejudice is acute given the proximity to trial.

**C. The Nondisclosure Underscores the Need for a Competency Determination Now**

Plaintiffs' request to delay a competency determination until after they obtain records is particularly problematic in light of their prior nondisclosure. Having failed to timely disclose Ms. Torres' condition, Plaintiffs should not now be permitted to control the timing of the Court's inquiry or delay necessary protections under Rule 17. The Court – not Plaintiffs – must determine how and when competency is evaluated.

**V.    DELAY WOULD PREJUDICE DEFENDANTS AND UNDERMINE TRIAL PREPARATION**

Trial in this case is imminent, with a start date of Tuesday, April 28, 2026. Plaintiffs' proposal to defer a competency determination until unspecified medical records from unspecified medical providers are obtained creates substantial prejudice. Defendants cannot evaluate testimony, assess credibility or formulate a trial strategy without knowing whether Ms. Torres is competent to testify or even proceed as a party.

Plus, the receipt of medical records does not resolve the issue. The Parties cannot declare Ms. Torres as competent, and the medical records, alone, may not answer the question. Substantial evidence of incompetence is already present here, and only the Court can act to set the necessary competency hearing which may include not only records, but treating providers and Ms. Torres herself.

Moreover, Plaintiffs' alternative suggestion that Ms. Torres might be deposed in lieu of trial testimony does not resolve the core issue of competency and further underscores the

need for immediate Court guidance.  Indeed, it is difficult to understand how Defendants can now depose Ms. Torres if she is not competent to be a witness in a deposition, or why Plaintiffs would resist a deposition so vociferously last month, only to eagerly offer it this month.

## VI.    A COMPETENCY HEARING IS THE APPROPRIATE AND NECESSARY NEXT STEP

Defendants do not move for an immediate finding of incompetence.  Rather, they seek precisely what Rule 17 contemplates – a structured, Court-supervised determination of competency.

## VII.    CONCLUSION

Plaintiffs' Response confirms the existence of substantial evidence placing Ms. Torres' competency at issue.  Under Rule 17(c), the Court must act.

Accordingly, Defendants respectfully request that the Court grant their Motion, set a competency hearing to determine Ms. Torres' capacity to proceed and whether appointment of a guardian ad litem or other protective measure is warranted, and authorize discovery to allow the parties to present the necessary evidence and witnesses at that hearing.

DATED this 3rd day of April, 2026.

JELLISON LAW OFFICES, PLLC


s/ *James M. Jellison*
James M. Jellison
*Attorney for Defendants Engstrom, Robinson, Lapre, Skedel, and Gragg*

8

## **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on April 3, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing with service on the following registrants:

Robert T. Mills
Sean A. Woods
Mills + Woods Law PLLC
5055 North 12th Street
Suite 101
Phoenix, AZ 85014
*Attorneys for Plaintiffs*


s/ *Valerie Hall*

9