IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

James W. Denby, et al.,                  )   No.  CV-17-00119-PHX-SPL
                                         )
                     Plaintiffs,         )
                                         )   **ORDER**
vs.                                      )
                                         )
City of Casa Grande, et al.,             )
                                         )
                     Defendants.         )
                                         )
                                         )

        Before the Court is Defendants' Application for Writ of Habeas Corpus ad Testificandum for ADCRR Inmate Abram Ochoa (Doc. 296) as well as the parties' Joint Notice (Doc. 305). In the Application, Defendants request that Defendant Ochoa[1] be transported to testify during the trial. (Doc. 296). In the Notice, Plaintiffs clarify that they do not oppose the Application and request that Defendant Ochoa testify during their case in chief. (Doc. 305). Defendants request that Defendant Ochoa testify during Plaintiffs' case in chief or their own. (*Id.*). The parties clarify that they will work cooperatively to minimize the length of time Defendant Ochoa's presence is required, but state they cannot specify a date for his testimony at this time. (*Id.*).

        "The district court's power to issue a writ of habeas corpus ad testificandum to secure the testimony of a state prisoner witness is beyond dispute." *Wiggins v. Alameda Cnty.*, 717 F.2d 466, 468 n.1 (1983). "The Ninth Circuit has directed courts to weigh the

---

[1]     Default was entered against Defendant Ochoa on August 1, 2017. (Doc. 67).

following four factors when determining whether to issue a writ of habeas corpus ad testificandum: (1) whether the prisoner's presence will substantially further the resolution of the case; (2) the security risks presented by the prisoner's presence; (3) the expense of the prisoner's transportation and safekeeping; and (4) whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted." *Brooks v. Centurion of Ariz. LLC*, No. CV-21-00265-TUC-JCH, 2022 WL 625728, at *1 (D. Ariz. Feb. 2, 2022) (citing *Wiggins*, 727 F.2d at 468 n.1). "The standards guiding the court's discretion are the same regardless of whether the inmate in question is the plaintiff, or a non-party witness." *Cummings v. Adams*, No. CV F 03 5294 DLB, 2006 WL 449095, at *3 (E.D. Cal. Feb. 21, 2006).

After weighing the above factors, the Court finds that the benefit of Defendant Ochoa's testimony warrants granting the Application. Both parties seek to call Defendant Ochoa as a witness based on the importance of his testimony to the claims and defenses at issue in this matter. (*See* Docs. 300-1, 305). Defendant Ochoa is classified as Medium/Moderate Custody and Class. *See Arizona Inmate Data Search*, https://corrections.az.gov/inmate-data-search (last accessed April 8, 2026). The Court is not aware of any security risks presented by the transportation of Defendant Ochoa beyond those inherent risks associated with transporting a witness who is in custody. Although the expense of transportation is minimal, as Defendant Ochoa is in custody in Tucson, there is also expense in making him available for pendency of the trial. The Court will order that the parties be jointly responsible for the costs of transporting Defendant Ochoa. Finally, it is not possible to stay the case until Defendant Ochoa's projected release in 2031. *See Arizona Inmate Data Search*, https://corrections.az.gov/inmate-data-search (last accessed April 8, 2026). On balance, the Court finds that the benefit of Defendant Ochoa's testimony outweighs the expense and risk of bringing him to Court.

Accordingly,

**IT IS ORDERED** that Defendants' Application for Writ of Habeas Corpus ad Testificandum for ADCRR Inmate Abram Ochoa (Doc. 296) is **granted**.

2

**IT IS FURTHER ORDERED** that Plaintiffs and Defendants will be equally responsible for the costs of transporting Defendant Ochoa for the trial.

**IT IS FURTHER ORDERED** that the Clerk of this Court is hereby instructed to issue a Writ of Habeas Corpus to the Warden, ASPC Tucson, Santa Rita Unit, 10000 S. Wilmot Road, Tucson, Arizona, 85734, to bring Abram P. Ochoa, #201115, to the United States Courthouse in Phoenix, Arizona, for a jury trial on **Tuesday, April 28, 2026 at 9:00 a.m.**, and for each subsequent day of trial until proceedings have concluded or as ordered by the Court. Upon completion of the trial or Court order, Abram P. Ochoa shall be returned to the custody of ASPC Tucson.

Dated this 8th day of April, 2026.

Honorable Steven P. Logan
United States District Judge

3