IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| James W. Denby, et al., | ) | No. CV-17-00119-PHX-SPL |
|---|---|---|
| Plaintiffs, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| City of Casa Grande, et al., | ) | |
| Defendants. | ) | |

Pending before the Court is Defendants' Motion to Modify the Scheduling Order and Reopen Expert Discovery (Doc. 292), Plaintiffs' Response (Doc. 295), and Defendants' Reply (Doc. 303). The Court now rules as follows.[1]

This is Defendants' third request to reopen discovery. At a hearing on February 18, 2026, the Court allowed the parties until March 2, 2026 to complete limited discovery. (Doc. 282). Defendants later filed a Motion seeking to extend the discovery deadlines, which the Court denied. (Doc. 294). Now, Defendants move to reopen expert discovery, less than two months before trial, and after the Court has already heard argument and allowed limited discovery. (Doc. 292). The Court will deny the request, largely for the same reasons it denied Defendants' previous request to extend the discovery period.

Defendants assert that there is good cause to modify the scheduling order under Rule

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motions are suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

16 to allow for expert discovery. (*Id.*). Defendants argue that the case involves new claims "related to real estate ownership, title history, valuation [and] property interests." (*Id.* at 2). Specifically, Defendants assert that they are "entitled to an expert that can explain to the jury why an oral agreement and [Plaintiff Denby's] parole evidence are insufficient" to show Plaintiff Denby owned the Residence at issue in this case. (*Id.*). In their Reply, Defendants state "that the relief sought in [this Motion] would be applicable only if the Court rejects the Jury Instructions. If that occurs, a real estate expert will be essential for the jury to address facts newly raised in Plaintiffs' Third Amended Complaint."[2] (Doc. 303).

The Court does not find good cause to further modify the scheduling order. As stated above, the Court has already allowed for a period of limited discovery. (*See* Doc. 282). Defendants have not shown good cause to allow for expert discovery at this very late stage in the case. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (The "'good cause' standard primarily concerns the diligence of the party seeking the amendment."). Having found that this request does not reflect diligence, the Court will deny the Motion to Reopen Expert Discovery.

In addition, the issue Defendants seek to address through expert discovery is not appropriate for expert testimony. "[A]n expert cannot testify to a matter of law amounting to a legal conclusion." *United States v. Tamman*, 782 F.3d 543, 552 (9th Cir. 2015) (citing Fed. R. Evid. 702(a)). It appears that Defendants seek to develop expert testimony to instruct the jury on the law—a point that is underscored by Defendants' statement that expert testimony will not be necessary if the Court adopts their proposed jury instruction. (Doc. 303 at 1). Because Defendants have not shown good cause to reopen discovery, and the Court finds that this issue is not appropriate for expert testimony, the Motion will be denied.

///

---

[2]    Defendants are likely referring to the Proposed Jury Instruction regarding "Fourth Amendment violations as personal and relation to damages." (Doc. 299 at 64).

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Modify the Scheduling Order and Reopen Expert Discovery (Doc. 292) is **denied**.

Dated this 8th day of April, 2026.

Honorable Steven P. Logan
United States District Judge