**EXHIBIT F**

Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
Jordan C. Wolff (Arizona Bar #034110)
**ANGELINI MILLS WOODS + ORI LAW**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@amwolawaz.com
*Attorneys for Plaintiffs*



RECEIVED
JAN 8 2018
By_____

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James W. Denby, et al., | Case No.: 2017-0119-SPL |
| Plaintiffs, | **PLAINTIFFS' RESPONSES TO DEFENDANTS CITY OF CASA GRANDE AND PINAL COUNTY'S FIRST SET OF NON-UNIFORM INTERROGATORIES** |
| vs. | |
| City of Casa Grande, et al., | |
| Defendants. | |

Plaintiffs James Denby ("Denby"), Elizabeth J. Torres ("Torres"), and Wilma J. Logston ("Logston") (collectively referred to as "Plaintiffs"), by and through undersigned counsel, hereby responds to Defendants City of Casa Grande and Pinal County's First Set of Non-Uniform Interrogatories.

## PRELIMINARY STATEMENT

Plaintiffs have not completed its discovery, investigation, research, and pretrial preparation. The following objections and responses are based on records and information reasonably available to and located by Plaintiff as of the date of this response. Plaintiff expressly reserves the right to complete its investigation and discovery of the facts and to rely, at the time of trial or in other proceedings, upon documents and evidence in addition to the information provided regardless of whether such information is newly discovered or currently in existence.

Plaintiffs may, in the future, obtain or locate additional documents and materials responsive to the Requests for Production. Plaintiff therefore reserves the right, at any time, to revise, amend, correct, supplement, modify, or clarify their objections and responses to these Requests for Production, or production made pursuant thereto, as

additional facts are ascertained, analyses are made, legal research is completed, contentions are made, and/or as a result of the court's legal determination of the issues. Plaintiff does not undertake to revise, amend, correct, supplement, modify, or clarify their objections and responses to these Requests for Production except to the extent required by Federal Rule of Civil Procedure 26(e).

Plaintiffs' objections and responses are made without in any way waiving or intending to waive, but on the contrary preserving and intending to preserve: all questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the responses or subject matter thereof, in any subsequent proceeding in or the trial of this or any other action; the right to object on any ground to the use of said objections and responses, or the subject matter thereof, in any subsequent proceeding in or the trial of this or any other action; and the right to object on any ground at any time to other interrogatories, requests for production, requests for admission, or other discovery procedures involving or relating to the subject matter of these Requests for Production.

## NON-UNIFORM INTERROGATORIES

**INTERROGATORY NO. 1:** Provide the complete criminal history (as defined in Instruction I above) for each Plaintiff.

**RESPONSE:**

**Objection:** Plaintiffs object to Interrogatory No. 1 on the basis that it seeks information that is not relevant to any issue in this action.

**INTERROGATORY NO. 2:** Provide the complete civil history (as defined in Instruction J above) for each Plaintiff.

**RESPONSE:**

**Objection:** Plaintiffs object to Interrogatory No. 2 on the basis that it seeks information that is not relevant to any issue in this action.

2

**INTERROGATORY NO. 3:** List all depositions or testimony each Plaintiff has given in their lives in any civil, administrative, or judicial proceeding.

**RESPONSE:**

**Objection:** Plaintiffs object to Interrogatory No. 3 on the basis that it seeks information that is not relevant to any issue in this action.

Subject to and without waiving any objections, Plaintiffs respond as follows: All Plaintiffs gave testimony during a workers' compensation hearing in or around 1996 before the Arizona Industrial Commission.

Plaintiff Torres gave testimony during a divorce proceeding in 1971 in Maricopa County.

**INTERROGATORY NO. 4:** Identify each and every medical practitioner or health care provider who has treated *any* Plaintiff during the period of January 1, 2012 to the present including the date(s) of treatment, and the nature of the treatment, either related or not related to the incident described in your Complaint. For each provided, sign the attached medical authorization(s).

**RESPONSE:**

**Objection:** Plaintiffs object to Interrogatory No. 4 on the basis that it seeks information that is not relevant to any issue in this action.

Subject to and without waiving any objection, Plaintiffs did not allege nor claim medical damages due to the Defendants' acts on December 17, 2014. Plaintiff Denby only alleged that he had to go to the emergency room as a result of being exposed to the various chemical agents from the chemical munitions Defendants deployed in the residence. Plaintiff Denby was treated at Banner Casa Grande Medical Center on January 4, 2015.

**INTERROGATORY NO. 5:** Provide the complete employment history (as defined in Instruction K above) for each Plaintiff from the age of eighteen (18) to the present.

**RESPONSE:**

3

**Objection:** Plaintiffs object to Interrogatory No. 5 on the basis that it seeks information that is not relevant to any issue in this action. Plaintiffs also object on the basis that it is overly broad and unduly burdensome.

**INTERROGATORY NO. 6:** For each named Plaintiff state specifically each and every item of damage and calculation of such, including but not limited to physical, emotional, mental, property damage, property loss, or other financial damage alleged to have been caused or aggravated as a result of the alleged actions of Defendants as stated in the Plaintiffs' Complaint.

**RESPONSE:**

Plaintiffs' family first settled on this property in the early 1900s. In fact, Plaintiffs' family acquired ownership in the land through homestead. During this time, Plaintiffs' family built a house on the property, the same house the Defendants' destroyed on December 17, 2014. The Plaintiffs and their family were able to maintain and live on the property for over 100 years without issue. The Plaintiffs and their family took so much pride in the house and the family history and memories it had, that the family never sold it. Instead, the property, including the house, was passed down from generation to generation—Plaintiff Denby's children were the fifth generation to live on the property.

The family did not only pass down the property, but also family heirlooms. However, due to Defendants' acts and omissions on December 17, 2014, over one hundred years of irreplaceable family history was destroyed. The house had to be completely gutted due to the abundance of harmful and potentially deadly chemicals that remained after Defendants detonated over twenty-two chemical canisters. Countless family pictures, and irreplaceable and priceless items were destroyed either from the chemicals or due to the actions of the Defendants ransacking the house. The property is now only a mere shell of what it used to be and the memories within.

Astonishingly, after the Defendants deployed over twenty-two chemical munitions in the house, they did not inform Plaintiffs of the associated hazardous conditions the

4

munitions created. In fact, the Defendants did not put any signage or visual indicators of the dangers of the chemicals that were deployed in the house. As a result, Plaintiff Denby entered the house without any protective gear, and after being exposed to the chemicals for a short period, was forced to go to the hospital to seek treatment.

Plaintiffs are all on fixed incomes and do not have the financial means to repair the house. As a direct result of Defendants' acts on December 17, 2017, the house *remains* uninhabitable. Plaintiff Denby, who is currently the only person living on the property, is forced to live in a small shack on the property.

Plaintiffs reserve the right to supplement this Response when and if, additional information is discovered. Plaintiffs will provide Defendants with an expert damages report in accordance with the scheduling order in this case.

Furthermore, see bates numbered documents DENBY001482-DENBY001482; DENBY001434-DENBY00148; DENBY001385-DENBY001426; DENBY001252-DENBY001384; DENBY001227-DENBY001235; DENBY001218-DENBY001218; DENBY000946-DENBY000948; DENBY000794-DENBY000804; DENBY000493-DENBY000509; DENBY000255-DENBY000355. The documents speak for themselves as to the calculations.

**INTERROGATORY NO. 7:** Provide a full title history (as defined in Instruction L above) for the subject property referred to in paragraphs 29-30 of the First Amended Complaint (hereinafter "the subject property") from the time that *any* Plaintiff first acquired title to the subject property up through the present.

**RESPONSE:**

**Objection:** Plaintiffs object to Interrogatory No. 7 on the on the basis that it seeks information that is not relevant to any issue in this action.

Subject to and without waiving any objections, see BATES stamped docs DENBY001483-DENBY001513.

5

**INTERROGATORY NO. 8**: Provide a full sales/price history for the subject property from the time that *any* Plaintiff first acquired title to property up through the present.

**RESPONSE:**

**Objection:** Plaintiffs objects to Interrogatory No. 8 on the on the basis that it seeks information that is not relevant to any issue in this action.

Subject to and without waiving any objections, Plaintiffs' family first settled on the land in the 1900s and acquired the land through homestead. The property has never been purchased or sold or transferred to a non-family member.

**INTERROGATORY NO. 9:** Has *any* Plaintiff ever applied for any federal or state assistance programs such as but not limitation to social security, disability benefits, welfare, unemployment, housing benefits since January 1, 2012 to the present? If so, identify each and every government help or benefits that each Plaintiff has applied for, received, or been denied.

**RESPONSE:**

Plaintiff Denby has not applied for any federal or state assistance programs since January 1, 2012.

Plaintiff Torres has not applied for any federal or state assistance programs since January 1, 2012.

Plaintiff Logston has not applied for any federal or state assistance programs since January 1, 2012.

**INTERROGATORY NO. 10:** Has any Plaintiff received any monies from an insurance claim or claims for, or related to, the subject property? If so, state the following:

A. How much money was received

B. How the money was distributed amongst the owners, and

C. How it was used or spent.

**RESPONSE:**

6

**Objection:** Plaintiffs objects to Interrogatory No. 10 on the basis that it seeks information that is not relevant to any issue in this action.

**INTERROGATORY NO. 11:** Provide the complete marital history (as defined in Instruction M above) for each Plaintiff.

**RESPONSE:**

**Objection:** Plaintiffs objects to Interrogatory No. 11 on the basis that it seeks information that is not relevant to any issue in this action.

**INTERROGATORY NO. 12:** Provide the complete educational history (as defined in Instruction N above) for each Plaintiff.

**RESPONSE:**

**Objection:** Plaintiffs objects to Interrogatory No. 12 on the basis that it seeks information that is not relevant to any issue in this action.

**INTERROGATORY NO. 13:** For each Plaintiff, list all residences, and the dates of residency in each such residence, for all periods of time between age eighteen (18) to the present.

**RESPONSE:**

**Objection:** Plaintiffs objects to Interrogatory No. 13 on the basis that it seeks information that is not relevant to any issue in this action.

**INTERROGATORY NO. 14:** State each and every bank and bank account(s) that each Plaintiff holds or has held since January 1, 2012, to the present.

**RESPONSE:**

**Objection:** Plaintiffs objects to Interrogatory No. 14 on the basis that it seeks information that is not relevant to any issue in this action.

**INTERROGATORY NO. 15:** Provide the names of all telephone/text carriers and each and every telephone/text phone numbers associated with each carrier, that each Plaintiff used during December, 2014.

**RESPONSE:**

**Objection:** Plaintiffs objects to Interrogatory No. 15 on the basis that it seeks information that is not relevant to any issue in this action. Subject to and without waiving any objections, Plaintiffs respond as follows:

    602.843.1368/ Cox Communication

    520.431.2783/ Straight Talk

    The investigation into this information is ongoing. Plaintiffs will supplement this response when, and if, further information becomes available.

**INTERROGATORY NO. 16:** Provide the names of all social media (as defined in Instruction O above) accounts that each Plaintiff has held or maintained, for any period of time, between December 1, 2014 to the present.

**RESPONSE:**

**Objection:** Plaintiffs objects to Interrogatory No. 13 on the basis that it seeks information that is not relevant to any issue in this action.

    Subject to and without waiving any objections, Plaintiffs have never held or maintained any social media account.

**INTERROGATORY NO. 17:** For each Plaintiff, describe in full and specific detail all efforts made from December 14, 2014 to the present to repair, rectify, remediate, or replace any or all individual items of claims real property or personal property damage as alleged in paragraphs 125 and 137 of the First Amended Complaint.

**RESPONSE:**

    Plaintiff Denby filed an insurance claim with his homeowner's insurance.

**INTERROGATORY NO. 18:** For each individual item of personal property claimed to have been damaged as result of the December 14, 2014 incident, provide 1) the identity of the property owner for each item; 2) the date, location of purchase for each item; 3) the seller of each item; and 4) the purchase price of each item.

**RESPONSE:**

**Objection:** Plaintiff objects to Interrogatory No. 18 on the basis that it is overly broad and unduly burdensome as to 2) the date, location of purchase for each item; 3) the seller of each item; and 4) the purchase price of each item. There were thousands of individual items damaged and/or destroyed due to the Defendants on December 17, 2014.

Subject to and without waiving any objections, see BATES stamped docs DENBY001482-DENBY001482; DENBY001434-DENBY001481; DENBY000794-DENBY000804; DENBY000786-DENBY000793; DENBY000493-DENBY000509; DENBY000380-DENBY000383; DENBY000255-DENBY000355.

**RESPECTFULLY SUBMITTED** this 3rd day of January 2018.

ANGELINI MILLS WOODS + ORI LAW

By___/s/ Sean A. Woods_____
Robert T. Mills
Sean A. Woods
Jordan C. Wolff
5055 N 12th Street, Suite 101
Phoenix, AZ 85014
*Attorneys for Plaintiffs*

9

Robert T Mills (Arizona Bar #018853)
Sean A Woods (Arizona Bar #028930)
Jordan C. Wolff (Arizona Bar #034110)
**ANGELINI MILLS WOODS + ORI LAW**
5055 North 12th Street, Suite 101
Phoenix, Arizona, 85014
Telephone (480) 999-4556
docket@amwolawaz.com
*Attorneys for Plaintiffs*


RECEIVED
JAN 8  2018
By_____

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

James W. Denby, Elizabeth J. Torres, and Wilma J. Logston,

Plaintiffs,

vs.

City of Casa Grande, et al.,

Defendants.

Case No.: 2017-0119-SPL

**PLAINTIFFS' RESPONSE TO DEFENDANTS CITY OF CASA GRANDE AND PINAL COUNTY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiffs James Denby ("Denby"), Elizabeth J. Torres ("Torres"), and Wilma J. Logston ("Logston") (collectively referred to as "Plaintiffs"), by and through undersigned counsel, hereby submits its objections and responses to Defendants City of Casa Grande and Pinal County's First Set of Requests for Production.

## PRELIMINARY STATEMENT

Plaintiffs have not completed their discovery, investigation, research, and pretrial preparation. The following objections and responses are based on records and information reasonably available to and located by Plaintiffs as of the date of this response. Plaintiffs expressly reserves the right to complete its investigation and discovery of the facts and to rely, at the time of trial or in other proceedings, upon documents and evidence in addition to the information provided regardless of whether such information is newly discovered or currently in existence.

Plaintiffs may, in the future, obtain or locate additional documents and materials responsive to the Requests for Production. Plaintiffs therefore reserves the right, at any time,

to revise, amend, correct, supplement, modify, or clarify their objections and responses to these Requests for Production, or production made pursuant thereto, as additional facts are ascertained, analyses are made, legal research is completed, contentions are made, and/or as a result of the court's legal determination of the issues. Plaintiffs do not undertake to revise, amend, correct, supplement, modify, or clarify their objections and responses to these Requests for Production except to the extent required by Federal Rule of Civil Procedure 26(e).

Plaintiffs' objections and responses are made without in any way waiving or intending to waive, but on the contrary preserving and intending to preserve: all questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the responses or subject matter thereof, in any subsequent proceeding in or the trial of this or any other action; the right to object on any ground to the use of said objections and responses, or the subject matter thereof, in any subsequent proceeding in or the trial of this or any other action; and the right to object on any ground at any time to other interrogatories, requests for production, requests for admission, or other discovery procedures involving or relating to the subject matter of these Requests for Production.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Copies of any and all documents reviewed or considered in responding to Nonuniform Interrogatories filed here with.

**ANSWER:**

**Objection:** The Plaintiffs object to Request No. 1 on the basis that it: seeks information that is privileged by virtue of the "attorney client privilege," and seeks information that is protected by the "work product" privilege. The Request calls for disclosure of information or materials prepared in anticipation of litigation and/or trial preparation material without the showing required by the Federal Rules of Civil Procedure. The "work product" privilege includes information which has been acquired or prepared in anticipation of litigation or for trial by or on behalf of a party or its attorneys as well as information relating to the mental impressions, conclusions, opinions or legal theories of any attorney.

2

Subject to and without waiving any objections, see BATES stamped documents DENBY00001-DENBY001513 and CC-Denby- 001 – CC-Denby- 071.

**REQUEST FOR PRODUCTION NO. 2:** Copy of all documents relative to any health, medical, or mental health care provided to any Plaintiff from January 1, 2012 to the present as referred to in Nonuniform Interrogatory #4 filed herewith.

**ANSWER:**

**Objection:** Plaintiffs object to Request for Production on the basis that it seeks information that is not relevant to any issue in this action. In the Complaint, Plaintiff Denby only alleged that he had to go to the emergency room because he inhaled the chemical fumes inside the residence after Defendants detonated over twenty-two chemical canisters in the residence. Plaintiffs further object to this Request on the basis it is overly broad and unduly burdensome.

Subject to and without waiving any objection, see BATES stamped documents DENBY000946-DENBY000948.

**REQUEST FOR PRODUCTION NO. 3:** Copy of all documents, including but not limited to any receipts, invoices, contracts, or other proofs of purchase, relating to any item of damage claimed by any Plaintiff as set forth in Answers to Non-uniform Interrogatories #6, 18, and 18 (sic) filed herewith, or as claimed in Plaintiffs' First Amended Complaint and/or Plaintiff's 26(a) Disclosure Statement(s).

**ANSWER:**

**Objection:** Plaintiffs object to Request for Production No. 3 on the grounds it is vague, overly broad, and unduly burdensome.

Subject to and without waving any objection, all documents located in the house on December 17, 2014 were destroyed due to the acts or omissions of the Defendants as alleged in the Complaint. Further, see BATES stamped documents DENBY001434-DENBY001481;

3

DENBY000794-DENBY000804; DENBY000763-DENBY000785; DENBY000493-DENBY000509.

**REQUEST FOR PRODUCTION NO. 4:** Copy of all federal and state income tax returns, including all attached schedules and other supporting documents, submitted by any and all Plaintiffs for the calendar years 2012 to the present.

**ANSWER:**

**Objection:** Plaintiffs object to Interrogatory No. 4 on the basis that it seeks information that is not relevant to any issue in this action.

**REQUEST FOR PRODUCTION NO. 5:** Copies of all documents in any Plaintiff's possession that relate to or support any allegation contained in Plaintiff's First Amended Complaint.

**ANSWER:**

**Objection:** Plaintiffs object to Request No. 5 on the grounds that is grossly overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 6:** Any and all recordings, videos, or documents constituting or relating to any form of communications between any Plaintiff and any witnesses or potential witnesses in this action related to any of the allegations in the First Amended Complaint.

**ANSWER:**

**Objection:** Plaintiffs object to Request for Production No. 6 on the grounds that is grossly overly broad and unduly burdensome. The Plaintiffs object to Request No. 6 on the basis that it seeks information that is privileged by virtue of the "attorney client privilege," and seeks information that is protected by the "work product" privilege. The Request calls for disclosure of information or materials prepared in anticipation of litigation and/or trial preparation

material without the showing required by the Federal Rules of Civil Procedure. The "work product" privilege includes information which has been acquired or prepared in anticipation of litigation or for trial by or on behalf of a party or its attorneys as well as information relating to the mental impressions, conclusions, opinions or legal theories of any attorney.

Subject to and without waiving any objections, Plaintiffs' counsel is in possession of 49 audio files recorded by Plaintiff Denby of conversations had relating to his property. These recordings were made by Plaintiff as he is hard of hearing. Counsel has not had the opportunity to review these audio files yet. Counsel will supplement this response upon completion of their review. Additionally, see BATES stamped documents DENBY00001-DENBY001482.

**REQUEST FOR PRODUCTION NO. 7:** Copies of all documents related to each Plaintiffs' criminal history as referred to in Non-uniform Interrogatory #1 filed herewith.

**ANSWER:**

**Objection:** Plaintiffs object to Request for Production No. 7 on the basis that it seeks information that is not relevant to any issue in this action.

**REQUEST FOR PRODUCTION NO. 8:** Copies of all documents related to each Plaintiffs' civil history as referred to in Non-uniform Interrogatory #2 filed herewith.

**ANSWER:**

**Objection:** Plaintiffs object to Request for Production No. 8 on the basis that it seeks information that is not relevant to any issue in this action.

**REQUEST FOR PRODUCTION NO. 9:** Copies of all depositions or other testimony for each Plaintiff as referred to in Non-uniform Interrogatory #3 filed herewith.

**ANSWER:**

**Objection:** Plaintiffs object to Request for Production No. 9 on the basis that it seeks information that is not relevant to any issue in this action.

5

Subject to and without waiving any objections, the investigation into this Request is ongoing. Plaintiffs will supplement this response when, and if, the information becomes available.

**REQUEST FOR PRODUCTION NO. 10:** Copies of all documents related to the property title history as referred to in Non-uniform Interrogatory #7 filed herewith.

**ANSWER:**

**Objection:** Plaintiffs object to Request for Production No. 10 on the basis that it seeks information that is not relevant to any issue in this action.

Subject to and without waiving any objections, Plaintiffs provide BATES stamped documents DENBY001483-DENBY001513.

**REQUEST FOR PRODUCTION NO. 11:** Copies of all documents related to the sales/price history as referred to in Non-uniform Interrogatory #7 filed herewith.

**ANSWER:**

**Objection:** Plaintiffs object to Request for Production No. 11 on the basis that it seeks information that is not relevant to any issue in this action. Plaintiffs further object to Request No. 11 because it is confusing. Non-uniform Interrogatory #7 does not reference sales/price history. Plaintiffs will presume Defendants were referring to Non-uniform Interrogatory #8.

Subject to and without waiving any objections, Plaintiffs' family first settled on the land in the 1900s and acquired the land through homestead. The property has never been purchased or sold or transferred to a non-family member.

**REQUEST FOR PRODUCTION NO. 12:** Copies of all documents related to any insurance claim or claims as referred to in Non-uniform Interrogatory #10 filed herewith.

**ANSWER:**

6

**Objection:** Plaintiffs object to Request for Production No. 12 on the on the basis that it seeks information that is not relevant to any issue in this action.

**REQUEST FOR PRODUCTION NO. 13:** Copies of all documents related to any repair, remediate, or replacement efforts as referred to in Non-uniform Interrogatory #17 filed herewith.

**ANSWER:**

See BATES stamped documents DENBY001432-DENBY001433.

**REQUEST FOR PRODUCTION NO. 14:** Copies of all documents related to any divorce or dissolution proceedings between Plaintiff James Denby and any former spouse.

**ANSWER:**

**Objection:** Plaintiffs object to Request for Production No. 14 on the on the basis that it seeks information that is not relevant to any issue in this action.

**REQUEST FOR PRODUCTION NO. 15:** All profiles, postings, messages, or other communications (including status updates, wall comments, videos, or photographs) by any Plaintiff on any social media site, including but not limited to Facebook, MySpace, LinkedIn, Twitter, Instagram, blog, or like electronic platform, that relates to any of the allegations in Plaintiffs' First Amended Complaint; any Plaintiffs' medical, mental health, or financial condition; and/or any insurance claim or insurance claim proceedings related to any claim real or personal property damage claimed in this matter.

**ANSWER:**

**Objection:** Plaintiffs object to Request for Production No. 15 on the basis that it seeks information that is not relevant to any issue in this action. Plaintiffs also object on the grounds that this request is overly broad and unduly burdensome. Subject to and without waiving any objections, Plaintiffs have no responsive documents or posts.

**REQUEST FOR PRODUCTION NO. 16:** Copies of any and all documents between Plaintiff James Denby and other persons (including but not limited to the other named Plaintiffs and/or any former spouse of Plaintiff James Denby) regarding ownership or titling of the subject property.

**ANSWER:**

**Objection:** Plaintiffs object to Request for Production No. 16 on the on the basis that it seeks information that is not relevant to any issue in this action.

Subject to and without waiving this objection, see BATES stamps documents DENBY001483-DENBY001513.

**REQUEST FOR PRODUCTION NO. 17:** Copies of all documents produced or disclosed by Plaintiff James Denby or his counsel, or received by James Denby or his counsel, in CV2017-003557, now Case No.2:17-cv-02648-DKD, *Denby v. American Family Insurance.*

**ANSWER:**

**Objection:** Plaintiffs object to Request for Production No. 17 on the basis that it seeks information that is not relevant to any issue in this action. Plaintiffs also object to this Request because it is overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 18:** Any communications with James Denby Jr. (the son) about Ochoa, concerning the events of December 14, 2014, or claims of damages.

**ANSWER:**

**Objection:** Plaintiffs object to Request for Production No. 10 on the grounds it is vague, overly board, and unduly burdensome.

Subject to and without waiving any objections, James Denby, Jr. passed away prior to the events on December 17, 2014, making it impossible for any party to communicate with him about Ochoa, concerning the events of December 17, 2014, or claims of damages.

8

**REQUEST FOR PRODUCTION NO. 19:** Any documents reflecting any agreement or understanding concerning the use of the subject property by any non-plaintiff at any time from January 1, 2012 to the present.

**ANSWER:**

**Objection:** Plaintiffs object to Request for Production No. 19 on the grounds it is vague, overly board, and unduly burdensome.

Subject to and without waiving any objections, Plaintiffs do not recall any such documents; however, all documents located in the house on December 17, 2014 were destroyed due to the acts or omissions of the Defendants as alleged in the Complaint.

**RESPECTFULLY SUBMITTED** this 3rd day of January 2018.

ANGELINI MILLS WOODS + ORI LAW

By____*/s/ Sean A. Woods*_____
     Robert T. Mills
     Sean A. Woods
     Jordan C. Wolff
     5055 N 12th Street, Suite 101
     Phoenix, AZ 85014
     *Attorneys for Plaintiffs*

9