Sean A. Woods (Arizona Bar #028930)
Robert T. Mills (Arizona Bar #018853)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| James W. Denby, a single man; Elizabeth J. Torres, a single woman, <br><br> Plaintiffs, <br><br> vs. <br><br> David Engstrom; Jacob H. Robinson; Christopher Lapre; Sgt. Gragg; Rory Skedel; Abram Ochoa, a single man, <br><br> Defendants. | Case No.: CV-17-00119-PHX-SPL <br><br> **PLAINTIFFS' MOTION TO APPOINT SUZANNE JACKSON AS REPRESENTATIVE OF PLAINTIFF ELIZABETH TORRES PURSUANT TO FED. R. CIV. P. 17(C)** <br><br> (Assigned to the Hon. Steven P. Logan) |

Through counsel undersigned, Plaintiffs James W. Denby ("Denby") and Elizabeth J. Torres ("Torres") (collectively, "Plaintiffs") hereby respectfully move this Court, pursuant to Federal Rule of Civil Procedure 17(c) and this Court's Order, ECF No. 320, to appoint Suzanne Jackson as the representative of Torres for purposes of prosecuting Torres' claims in this action. In support of this Motion, Plaintiffs state as follows:

**I. BACKGROUND**

On April 15, 2026, Plaintiffs filed a Motion to Vacate the Competency Hearing set for April 22, 2026. ECF No. 316. In that Motion, Plaintiffs conceded that Torres is not competent to testify at trial, based on a letter from her treating Nurse Practitioner, Zyrine Calucer, NP, who determined on March 30, 2026 that Torres "lacks the capacity to

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

understand or participate in court proceedings" and is "medically incapacitated and unable to manage personal or legal matters." *See* ECF No. 316-1 at TORRESMED_001187. The Court granted that Motion and vacated the Competency Hearing. ECF No. 317.

Plaintiffs also submitted the Declaration of Suzanne Jackson, Torres' eldest daughter, who holds the durable medical, financial, and legal decision-making Power of Attorney for her mother.  ECF No. 316-2, ¶ 3.

On April 20, 2026, the Court entered an Order noting that "Ms. Jackson does not have status in this case, and Plaintiff Torres currently remains unrepresented within the meaning of Federal Rule of Civil Procedure 17(c)." ECF No. 320 at 1. The Court ordered Plaintiffs to inform the Court how they will proceed with Torres' claims by April 21, 2026 at 5:00 P.M. *Id.* at 2. Plaintiffs file this Motion in compliance with that Order.

## II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 17(c) governs the representation of incompetent persons in federal litigation. The Rule provides, in relevant part:

> (1) With a Representative. The following representatives may sue or defend on behalf of a minor or an incompetent person:
>
>    (A) a general guardian;
>    (B) a committee;
>    (C) a conservator; or
>    (D) a like fiduciary.
>
> (2) Without a Representative. A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c).

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

The Ninth Circuit has held that the "purpose of Rule 17(c) is to protect an incompetent person's interests in prosecuting or defending a lawsuit." *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014). While the Rule requires the Court to act, it provides broad discretion in how to do so: a guardian ad litem appointment is not mandatory "if another order would sufficiently protect the incompetent person's interests in the litigation . . . ." *Id.*

Where an incompetent person already has a representative—such as "a general guardian," "a committee," "a conservator," or "*a like fiduciary*" – that representative "may sue or defend" on behalf of the incompetent person. Fed. R. Civ. P. 17(c)(1)(D) (emphasis added). The Supreme Court has further established that a "next friend" may appear on behalf of an incompetent person where (1) the next friend provides "an adequate explanation"—such as "mental incompetence"—for why the real party in interest "cannot appear on h[er] own behalf," and (2) the next friend "must be truly dedicated to the best interests of the person on whose behalf [s]he seeks to litigate . . . ." *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

## III. ARGUMENT

### A. Suzanne Jackson Is an Appropriate Representative Under Rule 17(c).

Suzanne Jackson should be appointed as the representative of Torres under Rule 17(c) for the following reasons.

#### 1. Ms. Jackson qualifies as a "like fiduciary" under Rule 17(c)(1)(D).

Rule 17(c)(1) enumerates the types of representatives who may sue on behalf of an incompetent person: "a general guardian," "a committee," "a conservator," or "a like

fiduciary." Fed. R. Civ. P. 17(c)(1)(A)-(D). Ms. Jackson holds a durable medical, financial, and *legal decision-making* Power of Attorney over her mother's affairs. *See* ECF No. 316-2, ¶ 3). Under Arizona law, "[a] durable power of attorney is a written instrument by which a principal designates another person as the principal's agent," A.R.S. § 14-5501(A), and "[a]ll acts done by an agent pursuant to a durable power of attorney during any period of disability or incapacity of the principal have the same effect and inure to the benefit of and bind the principal and the principal's successors in interest as if the principal were not incapacitated or a person with a disability," A.R.S. § 14-5502.

An agent holding a durable power of attorney with legal decision-making authority is a fiduciary who owes duties of loyalty and care to the principal. *See* A.R.S. § 41-603 (A) (noting "fiduciary matters" include "power of attorney"); A.R.S. § 14-5106(A)(4) (noting one who acts pursuant to a power of attorney acts "in a fiduciary capacity"); *Haymes v. Rogers*, 70 Ariz. 257, 259-61 (Ariz. 1950) (noting fiduciary owes duty of loyalty to principal). Ms. Jackson's authority encompasses precisely the type of representative role contemplated by Rule 17(c)(1)(D)'s "like fiduciary" category—she has been legally delegated authority to act on Torres's behalf in all legal matters, including during any period of incapacity.

**2. Alternatively, Ms. Jackson satisfies the requirements for appointment as "next friend."**

Even if the Court determines that a power-of-attorney holder does not constitute a "like fiduciary" under Rule 17(c)(1), Ms. Jackson clearly satisfies the requirements for appointment as Torres' "next friend" under Rule 17(c)(2). The Supreme Court's two-part test for next-friend standing requires: (1) an adequate explanation for why the real party in

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

4

interest cannot appear on her own behalf, and (2) a showing that the proposed next friend is truly dedicated to the best interests of the person she seeks to represent. *Whitmore*, 495 U.S. at 163.

*The first requirement is met.* Torres treating Nurse Practitioner has determined that Torres has been diagnosed with "Alzheimer's dementia and other chronic medical conditions causing significant cognitive impairment," that she "lacks the capacity to understand or participate in court proceedings," and that she is "medically incapacitated and unable to manage personal or legal matters." ECF No. 316-1 at TORRESMED_001187. Plaintiffs' counsel, Denby, and Torres' own daughter are all in agreement that Torres is not competent to testify or participate in this litigation. ECF No. 316 2:21-25. Torres is plainly unable to appear on her own behalf due to mental incapacity.

*The second requirement is met.* Ms. Jackson is Torres' eldest daughter. ECF No. 316-2, ¶ 2. She holds durable Power of Attorney over all of her mother's affairs. *See id.* ¶ 3. She has been aware of this lawsuit for the last decade and has always supported it. *See id.* ¶¶ 4, 11. She declared under penalty of perjury that she "wholeheartedly agree[s] with the decision" to pursue the lawsuit, and that her mother "always told [her] that what happened to her brother Jim Denby's house in Casa Grande was a travesty and that Jim should get justice for the damage." *Id.* ¶¶ 5, 11. She has reviewed the Third Amended Complaint and confirmed there is nothing in it contrary to her mother's interests. *See id.* ¶ 12. Ms. Jackson has no conflict of interest with Torres – their interests are fully aligned. She is dedicated to the best interests of her mother in this litigation.

**3. Torres treating medical provider recommends this appointment.**

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

5

Nurse Practitioner Calucer's letter expressly states: "I recommend that the court allow the designated Power of Attorney (POA) or legal representative to act on her behalf." ECF No. 316-1 at TORRESMED_001187. This is precisely the relief Plaintiffs now request.

### B. The Court Has Broad Discretion to Fashion an Appropriate Order.

Rule 17(c)(2) directs that the Court "must appoint a guardian ad litem – *or issue another appropriate order* – to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2) (emphasis added). The Ninth Circuit has confirmed that a guardian ad litem appointment is not the only option: "if another order would sufficiently protect the incompetent person's interests in the litigation in lieu of a guardian, the court may enter such an order." *Davis*, 745 F.3d at 1310. The "decision to appoint a guardian ad litem under Rule 17(c) is normally left to the sound discretion of the trial court . . . ." *Id.* The Court should exercise that discretion here by appointing Ms. Jackson – who already holds legal authority over Torres' affairs and is intimately familiar with this case – rather than a stranger to the litigation.

Appointing Ms. Jackson serves Rule 17's protective purpose. Her appointment ensures Torres' interests are represented by someone who (a) has legal authority to act on her behalf under Arizona law, (b) is her closest family member and fiduciary, (c) has no conflicting interests, (d) has been recommended by Torres' treating medical provider to serve in this role, and (e) is already familiar with and supportive of her claims in this action.

///

///

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

## C. **This Appointment Will Not Cause Prejudice or Delay.**

Trial is set to begin on April 28, 2026. That Torres is not competent to testify is no longer in dispute. *See* ECF No. 316 2:21-27. Ms. Jackson's appointment as Torres' representative will not alter the trial schedule, require additional discovery, or prejudice any party. Torres' claims are substantially aligned with co-Plaintiff Denby's claims, and arise from the same set of facts. Ms. Jackson's role will be to authorize counsel to continue prosecuting Torres' claims – not to testify or otherwise disrupt the proceedings. Plaintiffs' counsel, Mills + Woods Law, PLLC, will continue to serve as attorneys of record for both Plaintiffs.

## IV. **CONCLUSION**

For all the foregoing reasons, Plaintiffs respectfully request that this Court enter an Order under Rule 17(c) of the Federal Rules of Civil Procedure appointing Suzanne Jackson as the representative of Plaintiff Elizabeth Torres for purposes of prosecuting Torres' claims in this action. This appointment is supported by the text of Rule 17(c), Ms. Jackson's existing legal authority as Torres' durable power-of-attorney holder under Arizona law, the recommendation of Torres' treating medical provider, Torres' and Denby's attorneys in this action, and the interests of justice.

///

///

///

///

///

7

**RESPECTFULLY SUBMITTED** this 21st day of April 2026.

MILLS + WOODS LAW, PLLC


By    */s/ Sean A. Woods*
    Sean A. Woods
    Robert T. Mills
    5055 North 12th Street, Suite 101
    Phoenix, AZ 85014
    *Attorneys for Plaintiffs*


**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

James M. Jellison, Esq.
jim@jellisonlaw.com
**JELLISON LAW OFFICES, PLLC**
admin@jellisonlaw.com
18801 N Thompson Peak Parkway, Ste. D235
Scottsdale, AZ 85255
*Attorneys for Defendants David and Jane Doe Engstrom, Jacob H. Robinson, Christopher and Jane Doe Lapre, Sgt. Gragg and Jane Doe Gragg, and Rory Skedel*

Abram Ochoa
Tuc.Rita.library@azadc.gov
*Defendant*


    */s/ Ben Dangerfield*