**JELLISON LAW OFFICES, PLLC**
18801 North Thompson Peak Parkway
Suite D235
Scottsdale, Arizona 85255
Telephone: (480) 659-4244
E-mail: jim@jellisonlaw.com
JAMES M. JELLISON, ESQ. #012763
Attorney for Defendants Engstrom, Robinson, Lapre, Gragg, and Skedel (the individual Defendants are referred to by name, or collectively as the "City and County Defendants" or "Defendants")

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James W. Denby, a single man ; Elizabeth J. Torres, a single woman,<br><br>          Plaintiffs,<br>vs.<br><br>David Engstrom; Jacob H. Robinson; Christopher Lapre; Sgt. Gragg; Rory Skedel; Abram Ochoa, a single man,<br><br>          Defendants. | Case No.: 2:17-cv-00119-SPL<br><br>**DEFENDANTS ENGSTROM, ROBINSON, LAPRE, GRAGG, AND SKEDEL'S RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER DISMISSING CASE** |

Pursuant to Fed.R.Civ.P. 59(e), Defendants Engstrom, Robinson, Lapre, Gragg and Skedel, through undersigned counsel, respond to Plaintiffs' motion for relief from dismissal by requesting the motion be denied.[1]  Plaintiffs' motion is a classic attempt to relitigate the serious issues already decided.  That is not what Rule 59(e) is designed for.  The Rule is not an opportunity to reargue issues or present a better narrative after losing.  Yet, that is what Plaintiffs have done, and their motion may be denied on that basis alone.  Despite any attempt

---

[1] Defendants do not respond to Plaintiffs' LRCiv. 7.2 Motion for Reconsideration as this Court has not ordered a response.  *See,* LRCiv. 7.2(g)(2).

1

to create a new narrative, this Court's decision was correct, factually and legally, and is not subject to substantive Rule 59(e) attack.

Plaintiffs' motion is hardly a *mea culpa* for sanctionable behavior but, instead, is a double-down on the misconduct of Plaintiff Denby and his counsel.  Reconsideration under Rule 59(e) is an extraordinary remedy, appropriate only for newly discovered evidence, clear error or manifest injustice, or intervening change in controlling law.  None of these are present here.   In this case, Rule 59(e) relief is not proper for two main reasons:  1) the rule applies to newly discovered evidence or changes in controlling law, not relief based on law, evidence, or argument that could have been presented before, but was not; and 2) this Court's detailed factual recitation, and legal arguments, including its assessment of lesser sanction options and the inappropriateness of lesser sanctions, is both correct and does not represent an abuse of discretion.  Instead, Plaintiffs' Motion is comprised only of disagreement with the Court's ruling, the factual basis that the parties presented to the Court during the sanctions phase, and the Court's findings.  That alone cannot justify relief.  Instead, the content, tone, and tenor of Plaintiffs' Rule 59(e) Motion establishes exactly what this Court predicted; namely, that allowing this case to proceed further will only result in Plaintiff James Denby, and his counsel, perpetrating their plan of concealment and deception aimed at using a vulnerable adult to promote a strategy for Denby's monetary recovery of real property damage on a house that he did not actually own at the time; *and* to accomplish this by surprising both the Court and defense with Ms. Torres' lack of competency to be a party, assist counsel, or to testify *after* a jury was seated.

This Court correctly decided that Plaintiff James Denby's intent was to rely on Plaintiff Torres' ownership of the property to collect damages where his lack of ownership jeopardized the necessary Article III standing. Denby's conduct, and that of his counsel, amounted to a variety of wrongs, including fraud, fraud on the court, concealment, lack of

disclosure, and misrepresentations in court filings that were, in the aggregate, deserving of the sanction of dismissal.  Yet, instead of taking ownership of any of their obvious misconduct, Plaintiffs and counsel "flip-the-script" to blame this Court of harming a vulnerable adult – a disturbing sign that Plaintiffs and counsel just "do not get" the depth and breadth of their own actions, and omissions.

## I.    STANDARD OF REVIEW UNDER RULE 59

Plaintiffs seek relief under Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. 333 at 1).

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." *Id.* "Although the text of Rule 59(e) does not identify the standard for evaluating such a motion, the view prevailing in the circuits is that motions to alter or amend the judgment are generally appropriate only in four situations: (1) to correct a manifest error of fact or law; (2) to incorporate newly discovered and previously unavailable evidence; (3) to prevent manifest injustice; and (4) to address an intervening change in controlling law." *See generally Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111-12 (9th Cir. 2011) (agreeing that these are the "four basic grounds upon which a Rule 59(e) motion may be granted"). At the same time, however, "[a] motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir.2009) (case citation and internal quotation marks omitted) (emphasis in original). Therefore, a party "rais[ing] arguments or present[ing] evidence for the first time when they could reasonably have been raised earlier in the litigation[ ] ... raise[s] the concern that [it] has abused Rule 59(e) [.]" *Herron,* 634 F.3d at 1112 (citation and internal quotation marks omitted). "Ultimately, a party seeking reconsideration must show more than a disagreement with the Court's decision, and

3

recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Cachil Dehe Band of Wintun Indians v. California,* 649 F.Supp.2d 1063, 1070 (E.D.Cal.2009) (citation and internal quotation marks omitted).

A district court does not abuse its discretion when it disregards factual or legal arguments made for the first time on a motion to amend [a judgment], *see Rosenfeld v. U.S. Dep't of Justice,* 57 F.3d 803, 811 (9th Cir.1995), and a party that fails to introduce facts in a motion or opposition cannot introduce them later in a motion to amend by claiming that they constitute "newly discovered evidence" unless they were previously unavailable. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

"[A]mending a judgment after its entry remains an extraordinary remedy[.]" *Herron,* 634 F.3d at 1111 (internal quotation marks and citation omitted). The Ninth Circuit thus has repeatedly cautioned that such an amendment "should be used sparingly." *Id.* (internal quotation marks and citation omitted). Amendment of judgment is sparingly used to serve the dual "interests of finality and conservation of judicial resources." *See Kona Enterprises, Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000). It stands to reason then that plaintiffs, as the moving parties here, have a "high hurdle." *See Weeks v. Bayer,* 246 F.3d 1231, 1236 (9th Cir.2001). Denial of a motion for relief under Rule 59(e) will not be reversed absent a showing of abuse of discretion. *See Herron,* 634 F.3d at 1111.

## II.    LEGAL ANALYSIS

Plaintiffs and counsel neither address, nor meet, the standard necessary for Rule 59(e) relief.   Defendants will start with this, because Plaintiffs, and counsel, cannot show any of the four bases for relief under Rule 59(e).   This, alone, merits dismissal of their Rule 59(e) motion.   Defendants will also discuss the serious misconception that Plaintiffs and counsel

"cling to" as justification for actions that are, without a doubt, inconsistent with duties to this Court and counsel – under the procedural rules, ethical rules, and applicable legal authorities.

### A. **Plaintiffs' Motion Does Not Meet the Rule 59(e) Standard for Relief.**

#### 1. *Plaintiffs' Rule 59(e) Motion Relies on Facts that Were Neither Newly Discovered nor Unavailable at the Time Plaintiffs Responded to the Motion for Sanctions.*

For new evidence, Plaintiffs provide two self-serving (and factually sparse) affidavits from counsel, and several pages from Ms. Torres' medical records that were available to Plaintiffs and their counsel prior to April 24, 2026 which they did not use. In ordering sanctions, this Court's Order correctly noted that "Plaintiffs did not provide any additional medical records or information in their Response [Doc. 325] or in the Motion to Appoint a representative [Doc. 323]," and "Plaintiffs do not dispute Defendants' account of Plaintiff Torres' medical history." *See,* Order, Doc. 329, pg. 8, lls. 6-9. Rule 59(e) is not the vehicle through which to offer new facts that were available at the time of the response but not offered, or to argue factual disputes that could have, but were not, argued before. The additional factual information provided by Plaintiffs in the two Affidavits and additional Torres medical records cannot be introduced now as a basis for Rule 59(e) relief because they are not "newly discovered evidence." *Zimmerman,* 255 F.3d 740.

#### 2. *Plaintiffs' Rule 59(e) Motion Relies on New Arguments that Were Not Made in Plaintiffs' Response to the Motion for Sanctions.*

In addition to offering no supported facts in their Response (Doc. 325), Plaintiffs and counsel made limited arguments in the response including only: 1) they did not commit a fraud on the court, or engage in bad faith (*Id.,* pgs. 5-6, 8-12); 2) counsel had an ethical obligation under ER 1.14 to continue representing Torres (*Id.,* pgs. 6-7); 3) although Ms. Torres is incompetent to "understand or participate in court proceedings" or to "testify," the court could have appointed a guardian (*Id.,* pgs. 7-8); 4) plaintiffs fully complied with

5

discovery obligations (*Id.,* pg. 10); and 5) defendants' sanctions motion was posited in bad faith (*Id.* at pg. 12).   Plaintiffs' Response did not oppose the content or interpretation of Torres' medical records, or the ongoing nature of her condition. (*Id.* at pgs. 3-4).

In the Rule 59(e) Motion, however, Plaintiffs and counsel offer new arguments on the nature and scope of Torres' cognitive disabilities, suggest the plaintiffs' lawyers knew about Torres' cognitive disabilities but had an ethical obligation under ER 1.6 to conceal her condition, and that Torres – after all – is "*not* necessary to prove Mr. Denby's claims." (Doc. 333, pgs. 3-5; 12-23) (emphasis in original filing).  These arguments are completely new or expanded well beyond what had been previously presented.  Even if considered, however, they have nothing to do with whether Plaintiff Denby and counsels' engagement in a deliberate course of action to conceal Torres' cognitive impairments, misrepresent her ability to participate in the case and testify at trial, and that this scheme was for the reason of maximizing Denby's damage claim at Torres' expense and, most importantly, by defrauding the Court in the process.

### 3.   *Plaintiffs Do Not Claim any Intervening Change in Controlling Law.*

Plaintiffs' Motion does not claim any intervening change in controlling law.

### 4.   *Plaintiffs' Rule 59(e) Motion Does Nothing More than Disagree with the Court's Decision on Sanctions.*

For any claim of "manifest" error of fact or law, Plaintiffs merely argue the "facts" as they wish the Court would have found them.  Reality, however, is reality.   In this Court's 27-page Order at Doc. 329, the Court provided a detailed assessment of the facts as they were presented by the parties, and the law correctly applied to those facts; there is no decision requiring correction or reversal.  Yet, Plaintiffs' Motion describes the Court's reliance on the facts provided, and conclusions drawn from the evidence submitted, as improper, or in Ms. Torres' case "highly improper and discriminatory."  Doc. 333, pg. 3.  The Court, however,

relied on what was provided by the parties which, in Plaintiffs' case, was nothing.   As stated above, Rule 59(e) does not give a voice to mere legal and factual disagreements with a court's decision.

**B.**   **Plaintiffs' Are Not Entitled to Rule 59(e) Standard for Relief on the Substantive Issues Raised in their Motion.**

Plaintiffs posit essentially six claims of error: 1) the Court committed manifest error by dismissing Denby's claims; 2) the Court failed to consider alternatives to dismissal; 3) the Court failed to protect Ms. Torres pursuant to Rule 17(c); 4) the Court's decision has the effect of sanctioning plaintiffs' attorneys for complying with their ethical obligations; 5) the Court's factual finding that Torres was incompetent for years is contrary to "law and medicine;" and 6) the Court erred by approving an expedited briefing schedule and not setting a hearing, which was allegedly compounded by the intervening District Judge changes in this case.   Defendants will take each point in order.

### 1. This Court's Sanction Was Not Manifest Error as to Denby's Claims.

Plaintiffs' first argument is a claim of manifest error and, even then, based only on behalf of Denby on the basis he has "independent claims," and there is no nexus between his conduct and the sanction.   The first argument, that Denby's claims are independent and Torres' presence and participation in the case is unnecessary, are irrelevant to manifest injustice, but *at the same time* are the same false and inconsistent facts that led to sanctions against Denby in the first place.   As to the second argument, this Court found, factually, that Denby was complicit in the deceit that permeates this case.

#### a. This Court's Decision is Consistent with the Law and Cannot Constitute Manifest Error

Invoking its inherent power and the authority of Rules 11 and 37 of the Federal Rules of Civil Procedure, the district court granted Defendants' motion to dismiss this case as a

sanction.   In its thorough opinion, this Court found that Plaintiff James Denby, and his counsel, concealed the severe and debilitating cognitive impairments of Ms. Elizabeth Torres at a time when they sought to re-introduce Ms. Torres into the case – and after a six-plus year absence – not for her benefit, but for Plaintiff James Denby's benefit.  To perpetrate this sham both Plaintiff James Denby and his counsel 1) concealed Torres' condition at a time that would have been relevant to this Court's decisions to amend the complaint and in assessing a motion to dismiss based, in part, on statute of limitations; 2) refused to provide documents showing the depth, breadth, and duration of Ms. Torres' impairment – lasting at least two years – until the point when Defendants, on their own, learned of Ms. Torres' condition; 3) failed to take meaningful, or even minimal, steps to represent Ms. Torres as reasonable counsel would normally do for a client; 4)  continuously misrepresented in court documents about Ms. Torres' ability to testify and precisely what they expected her to say; and 5) when confronted by Defendants' motion for sanctions took contrary positions that, when taken together, implicated both Denby and counsel in active deception of this Court, and counsel, for nearly a year.  This Court observed that Plaintiff James Denby, and his counsel, had acted willfully and in bad faith, and determined that their sustained, repetitive behavior led to a conclusion that allowing the matter to continue further would only encourage Plaintiff Denby and counsel to perpetrate the same willful, bad faith conduct in front of a jury. This Court found it had no choice but to dismiss.   These facts are nearly identical to the misconduct addressed in *Anheuser-Busch, Inc. v. Nat. Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995) where the Ninth Circuit held the district court was "well within its discretion in dismissing [the offending party's] counterclaim pursuant to its inherent power."

Dismissal pursuant to the court's inherent power and Rule 37 is reviewed for an abuse of discretion. *Anheuser-Busch,* 13 F.3d at 289, citing *Halaco Eng'g Co. v. Costle,* 843 F.2d 376, 379 (9th Cir.1988). The district court's factual findings may not be set aside unless they

are clearly erroneous. *Anheuser-Busch, id.*; *Burlington Northern, Inc. v. Weyerhaeuser Co.,* 719 F.2d 304, 307 (9th Cir.1983). In particular, the district court's credibility determinations are entitled to special deference. *Anheuser-Busch, id.; EEOC v. Bruno's Restaurant,* 13 F.3d 285, 289 (9th Cir. 1993). These principles only bolster that sanctions were well-within this Court's discretion under the facts of this case. *Anheuser-Busch, id.*.

### b. This Court Found that Denby was Complicit in the Misconduct Supporting the Sanction and his Conduct Bore a Nexus to his Claims.

As to Denby, this Court found the following:

- Plaintiff James Denby visited his sister in the memory care facility on July 31, 2025, one week before Plaintiffs filed the Motion for Leave to Amend;

- Plaintiff Denby's counsel took the position Denby made "regular[ ] and consistent[ ] report[s] to counsel that Torres had capacity and that he had never observed issues with her memory of the events at issue;

- Plaintiff Denby and Plaintiffs' counsel knew or should have known that Plaintiff Torres was not competent to participate in the case at the time they moved to re-add her as a plaintiff;

- At the time Plaintiff Denby filed the Motion to Amend the Complaint on August 8, 2025, Plaintiff Torres had already been living in a memory care facility for over seven months;

- Plaintiff Denby was certainly aware of Plaintiff Torres' residence in the memory care facility and [because of regular reports from Denby about her condition] Plaintiffs' counsel should have known the same;

- Plaintiff Denby and Plaintiffs' counsel were either completely unaware of Plaintiff Torres's condition, or they were less-than-candid with the Court. The Court could not conceive of how Plaintiffs planned to present their case at trial and prosecute Plaintiff Torres' claims, given her reported inability to, at the very least, leave her memory care unit;

- Plaintiff Denby sought to re-add Plaintiff Torres to the Complaint "after Defendants raised the issue of his standing due to his lack of ownership of the Residence at the time of Defendants' siege of and damage to it;"

9

- Denby's assertion he is a separate plaintiff with his own independent claims, and his claims do not depend on Torres' capacity and are not affected by her medical condition "is not true."  Plaintiff Denby has repeatedly argued that Torres will testify as to Plaintiff Denby's possessory interest in the Residence;

- Plaintiff Torres was the only person who could testify to her own belief that Plaintiff Denby owned the house and her intention to have deeded it to him at the time;

- Torres' testimony is central to his argument that he was the true owner of the house and could therefore receive damages based on the destruction of the property;

- The re-addition of Plaintiff Torres looks like it was part of "a plan...to improperly influence the court." [citation omitted] The failure to investigate and inform the Court of her competency or mental condition harmed the integrity of the judicial process;

- Plaintiffs acted with bad faith;[2]

- Based on her medical records, Plaintiff Torres' baseline forgetfulness, lack of orientation, and diminished ability to communicate, sometimes only answering questions with yes or no responses, showed that Plaintiffs' statements misrepresented Plaintiff Torres's ability to participate in her own case, misleading the Court;

- Plaintiff Torres's claims and testimony go to the heart of Plaintiff Denby's Fourth Amendment standing and ability to recover damages. Thus, the deception is closely related to the merits of the case;

- The Court cannot interpret the conduct here in any way that does not amount to deception. By failing to proactively provide any information about Plaintiff Torres' ability to participate in the case—even down to the fact that she lives in a memory care

---

[2] Deception *is* bad faith.  Courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice. *Wyle v. R.J. Reynolds Indus., Inc.,* 709 F.2d 585, 589 (9th Cir. 1983) The sanctions of dismissal or default are generally reserved for those extreme circumstances where deception is willful, in bad faith, or relates to matters in controversy that interfere with rightful decisions of a case. *See Wyle,* 709 F.2d at 589, 591; *Sigliano v. Mendoza,* 642 F.2d 309, 310 (9th Cir. 1981).

facility and would not be able to appear in person at trial—Plaintiffs willfully deceived the Court;

- Even the failure to offer this information until the eve of trial is a deception that impacts the parties' ability to litigate their claims. This deception has certainly undermined the judicial proceedings and administration of justice;

- There is no doubt that the last-minute discovery of Plaintiff Torres' incompetency prejudices Defendants' ability to defend Plaintiffs' claims, which have been premised on Plaintiff Torres's recollection of past events. To require Defendants to defend these claims at trial next week would be highly prejudicial.

- Plaintiff Denby and Plaintiffs' counsel failed to inform the Court of Plaintiff Torres's condition, and as far as the Court is aware, planned to proceed to trial without disclosing this information;

- That is especially important because the facts here involve a vulnerable person whose addition into the litigation, unbeknownst to her, conferred a benefit upon the other Plaintiff;

- These actions combined show a reckless ignorance of obvious facts and an intentional failure to disclose important information to the Court, coupled with the intent to "influence or manipulate the proceedings" by bringing Plaintiff Torres back into the case for the purpose of damages. For these reasons, the Court finds that Plaintiffs' course of conduct reflects bad faith.

This Court has already made factual findings, based on the information provided by both sides, that find that Denby has made alternating and inconsistent assertions that Ms. Torres either is, or is not, essential to Denby's claims and has concluded that according to Denby's own assertion that she is.  More than this, the Court has found Denby engaged in personal, culpable conduct that bears a nexus to his Fourth Amendment claim.   Plaintiffs do not assert the district court's factual findings are clearly erroneous and, therefore, the findings may not be set aside. *Anheuser-Busch, id.*

**2.  This Court Appropriately Considered Lesser Sanctions, and Compellingly Articulated Why Those Lesser Sanctions Were Insufficient Under the**

***Circumstances the Court Faced.***

In determining whether a district court has properly considered the adequacy of less drastic sanctions before dismissing a party's case, the Ninth Circuit considers (1) whether the district court explicitly discussed the feasibility of less drastic sanctions and explained why such alternate sanctions would be inappropriate; (2) whether the district court implemented alternative sanctions before ordering dismissal; and (3) whether the district court warned the party of the possibility of dismissal before ordering dismissal. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412–13 (9th Cir. 1990).

Here, the district court explicitly discussed the feasibility of less drastic sanctions in detail, and explained why an alternative, less-drastic measure was not applicable:

> As to the fifth and final factor, the availability of less drastic sanctions, the Court also finds that this factor weighs toward dismissal. Less drastic sanctions are not available in this case. Defendants propose that as an alternative to dismissal, the Court could deny Plaintiff Torres's claims and award monetary sanctions of their attorneys' fees incurred in opposing Plaintiff Torres's addition to the case and litigating competency. (Doc. 321 at 15). This sanction would eliminate Plaintiff Denby's ability to rely on Plaintiff Torres's ownership of the property to collect damages. However, ***it would not address the fact that Plaintiff Denby and Plaintiffs' counsel failed to inform the Court of Plaintiff Torres's condition, and as far as the Court is aware, planned to proceed to trial without disclosing this information.***
>
> ***Further, the misrepresentations to the Court continued for such a long period of time that "the Court can only anticipate that, if this action were to proceed, Plaintiff's and counsel['s] deceptive misconduct would continue."*** *Bridgepoint*, 2018 WL 4539972, at *11. Those credibility issues would compromise the effective administration of the imminent jury trial. The Court is also concerned that a less drastic sanction would send the message that a party and their counsel might intentionally fail to disclose facts, continue to remain silent when an issue arises, and move forward with their claims nonetheless. It is especially important because the facts here involve a vulnerable person whose addition into the litigation, unbeknownst to her, conferred a benefit upon the other Plaintiff. This decision is not made lightly, but lesser sanctions are not sufficient based on these facts. *See also Henderson*, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore

possible and meaningful alternatives."). The Court will dismiss this action in its entirety.

*Denby v. City of Casa Grande*, No. CV-17-00119-PHX-SPL, 2026 WL 1113352, at *14 (D. Ariz. Apr. 24, 2026) (emphasis added).   This Court correctly found it is appropriate to reject lesser sanctions where the court anticipates, as it did here, continued deceptive misconduct. *See, e.g., TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917 (9th Cir.1987); *Chism v. Nat'l Heritage Life Ins. Co.,* 637 F.2d 1328, 1332 (9th Cir.1981) overruled on other grounds in *Bryant v. Ford Motor Co.,* 844 F.2d 602, 605 (9th Cir. 1987), itself vacated, 886 F.2d 1526 (9th Cir. 1989).

As to the second and third factors for consideration, the actions of Plaintiffs and counsel made it impossible to implement an alternative sanction before dismissal as the case was, literally, on the brink of jury trial.   A warning was unavailable for the same reason. The Ninth Circuit has specifically stated "an explicit warning is not always necessary." *Adriana Int'l Corp.,* 913 F.2d at 1413; *see also Malone v. United States Postal Serv.,* 833 F.2d 128 (9th Cir.1987), *cert. denied,* 488 U.S. 819 (1988).   Based on the conduct of the sanctioned parties, a warning was also unavailable and impractical.   Moreover, this isolated attack on this Court's analysis of the appropriate sanction is a single factor, out of five, that must be weighed.   The weight given by this Court to this single factor is neither manifest error, nor manifest injustice meriting Rule 59(e) relief.

### 3.   This Court's Sanction as to Torres is Unrelated to the Application of Rule 17(c).

Contrary to Plaintiffs' assertions, the Court did not "use" Rule 17 to dismiss Ms. Torres.  This Court held that "Plaintiffs' statements misrepresented Plaintiff Torres's ability to participate in her own case, misleading the Court." *Denby v. City of Casa Grande*, No. CV-17-00119-PHX-SPL, 2026 WL 1113352, at *12 (D. Ariz. Apr. 24, 2026).   Torres had been dismissed from the case for over six years by the time Denby (not Torres) sought her to be re-

added.  The record was undisputed that Torres never consented to be re-added to the case, and why Plaintiffs' counsel did not address her standing issue with an amendment of the complaint in 2019 has never been explained.  In Ms. Torres' current condition, it never will.

It was repeatedly represented to this Court that Torres could testify, when she could not.  Indeed, without medical support, Plaintiffs' counsel now makes the incredible claim that Torres was competent on February 26, 2026 and could have testified, but fell out of competency one month later and could not provide testimony thereafter.  According to Plaintiffs' own position, the defense was deprived of the one-chance to obtain her testimony when Torres did not appear for her February 27, 2026 deposition.  Torres is subject to the sanction of dismissal because Denby and counsel added her to this case under false pretenses and without her consent, then continuously and deliberately misrepresented the extent of her competency, continued to litigate as if she were competent, resisted discovery which would have exposed her incompetence, and represented up-to-the-last-minute that she could testify, even though counsel had been informed in December 2025 that only her doctors could assess her competency.  Counsel admittedly met Torres *in a memory care facility* during February, 2026, but said nothing to the Court or defense, continued to drag their feet on record production, and all the way through the end of March, 2026 filed pleadings professing Torres' competence and what, exactly, she would testify about in support of Denby's dubious claim of home ownership.  On February 26, 2026, Plaintiffs filed a Motion for Protective Order (Doc. 286) seeking to block Torres' February 27, 2026 deposition.  In that Motion, Plaintiffs did not even breathe a word about memory loss or cognitive issues, even though they now claim thet had met Torres *at her memory care facility* on *the same day* the Motion was filed.  Plaintiffs' counsel did not produce Torres' thousand-page-plus medical records until April 14-15, 2026 and did not disclose the identity of her primary care physician until April 17, 2026.

Torres was dismissed because Plaintiffs' counsels' "inaction left the case in a concerning posture, wherein an incompetent Plaintiff, unrepresented in the action within the meaning of Rule 17(c), could not testify at the impending trial and apparently had not been deposed earlier in the case." *Denby v. City of Casa Grande*, No. CV-17-00119-PHX-SPL, 2026 WL 1113352, at \*7 (D. Ariz. Apr. 24, 2026).   Correct information about Torres would have been essential to evaluating whether she should have even been brought back to the case at all, or whether the statute of limitations should have been applied based on her lengthy absence from the case.  In any event, this Court determined that "[t]o require Defendants to defend these claims at trial next week would be highly prejudicial" and that Torres' reintroduction into the case by Denby and his counsel showed "a reckless ignorance of obvious facts and an intentional failure to disclose important information to the Court, coupled with the intent to 'influence or manipulate the proceedings' by bringing Plaintiff Torres back into the case for the purpose of damages." *Denby v. City of Casa Grande*, No. CV-17-00119-PHX-SPL, 2026 WL 1113352, at \*11, 14 (D. Ariz. Apr. 24, 2026).

The suggestion that the Court's decision was an effort to penalize a vulnerable adult is belied by the record before the Court, and the rationale contained in the Court's Order.  That the misconduct of counsel resulted in the conditions resulting in dismissal does not preclude the sanction, as to Torres or Denby.  *Channel Dev., Inc. v. QBE Specialty Ins. Co.*, No. 2:21-CV-08819-MCS-SK, 2022 WL 18359195, at \*4 (C.D. Cal. Dec. 15, 2022), citing *Anheuser-Busch*, 69 F.3d at 352. (Counsel's refusal to correct Simzar's blatantly misleading deposition testimony at the deposition, during the course of litigation, or at the hearing constitutes an egregious pattern of deception rendering it impossible to conduct "trial with any reasonable assurance that the truth would be available").

**4.    This Court's Sanctions Do Not Penalize Counsel for Fulfilling Their Ethical Obligations.**

15

Whether sanctions implicate counsel's compliance with ethical duties is not relevant to Rule 59(e) relief.   Additionally, although Plaintiffs made a cursory reference to ER 1.14 in the response to the motion for sanctions (Doc. 325, pg. 7), counsel's new assertion, that ER 1.6 would prevent counsel from disclosing Torres' cognitive impairment, is new – and should be rejected because it is newly raised.   If not rejected, it is wrong.

First, counsel violated their ethical obligations when they added Torres to the third amended complaint without consent and offered discovery responses while she was incompetent. *In re Moak*, 205 Ariz. 351, 358 (2003) citing Ariz. R. Sup.Ct. 42, ERs 3.3, 4.2, and 8.4(c), (d) (by filing a complaint without consent and forging her name to the verification, the attorney disregarded duties owed to his client and made false statements to the court); *In re Shannon,* 179 Ariz. 52, 63 (1994) (holding an attorney violated his duty of candor to the tribunal by changing his client's interrogatory answers without the client's knowledge); *In re Mahoney,* 59 Wash.2d 255, 367 P.2d 148, 148 (1961) (disbarring an attorney who, without consent, signed his client's name to a complaint).  An attorney violates ER 1.4(b) by failing to explain the litigation to a client to the extent necessary to permit them to make informed decisions regarding the lawyer's continued representation of the client. *See, In re Shannon, id.*

Other ethical rules applicable here were also violated including: ER 3.1 (assertions made without good faith basis in law or fact), ER 3.3(a) (the lawyer's duty of candor toward the tribunal, forbidding false statements of material fact while requiring disclosure of material fact under certain circumstances); ER 3.4(e) (trial tactics unsupported by admissible evidence), and ER 8.4(d) (misconduct prejudicial to the administration of justice).  Plaintiffs' assert that disclosing Torres' cognitive disabilities without her consent would violate ER 1.6. Yet, Plaintiffs' counsel did just that by disclosing Torres' medical records, albeit at a time

when jury trial was around the corner.[3] The argument that Plaintiffs' conduct was consistent with their overall obligations under the ethical rules does not hold water.

**5.    The Court's Prior Orders Were Rendered with Incomplete or Withheld Information.**

The crux of this Court's Order imposing sanctions is the damage to the orderly, efficient, and correct administration of justice. Plaintiffs do not help themselves by pointing out that this Court made earlier rulings in their favor, because those rulings were made without the benefit of information that was being withheld by Plaintiffs and counsel intentionally.

**6.    The Court's Medical Conclusions Were Based on the Medical Records Provided by the Parties.**

Plaintiffs criticize the Court's medical-legal conclusion as being contrary to "law and medicine." This argument is not available to Plaintiffs under Rule 59(e) because the Court's conclusions were based on what was provided and are consistent with the Torres medical record produced. Plaintiff, on the other hand, did not offer a single medical record. (Doc. 325).

**7.    Plaintiffs' "Due Process-based" Arguments Lack Merit.**

Plaintiffs' Rule 59(e) motion raises three completely new "due process-based" arguments: 1) the expedited timeline deprived Plaintiffs of due process; 2) they were prejudiced (somehow) by the judicial reassignments in the case; and 3) the Court should have resolved material fact disputes with an evidentiary hearing. Defendants will bundle these three arguments as best they can. Rule 59(e) does not provide relief from the Court's order as these new arguments are not issues of (1) manifest error of fact or law; (2) newly discovered

---

[3] Last-minute tender of documents does not cure the prejudice to opponents nor does it restore to other litigants on a crowded docket the opportunity to use the courts. *G–K Properties v.*

17

and previously unavailable evidence; (3) manifest injustice; or (4) an intervening change in controlling law. *See, Herron, supra.* Plaintiffs did not object to expedited briefing and did not request a hearing. (Doc. 325). In fact, Plaintiffs did not even request oral argument. (Doc. 325). Aside from the general principle that issues not raised before the district court are waived, *see Scott v. Ross,* 140 F.3d 1275, 1283 (9th Cir. 1998), Rule 59(e) motions are inappropriate for the resolution of issues that could have been raised, but were not, prior to the subject order and judgment. *Marlyn Nutraceuticals, supra.* Here, the need for expedited briefing, and an accelerated decision, was the fault of Plaintiffs and counsel who concealed material information until the last minute. Finally, as to the changes in judicial assignments, Plaintiffs fail to show how judicial assignment changes prevented them from avoiding sanctionable behavior as identified by this Court.

## III.      CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion for Reconsideration of Order Dismissing Case because Plaintiffs are not entitled to relief under Ariz.R.Civ.P. 59(e).

DATED this 22nd day of May, 2026.

JELLISON LAW OFFICES, PLLC


s/ *James M. Jellison*
James M. Jellison
*Attorney for Defendants Engstrom, Robinson,*
*Lapre, Skedel, and Gragg*

---

*Redevelopment Agency,* 577 F.2d 645, 647–48 (9th Cir.1978).

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on May 22, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing with service on the following registrants:

Robert T. Mills
Sean A. Woods
Mills + Woods Law PLLC
5055 North 12th Street
Suite 101
Phoenix, AZ 85014
*Attorneys for Plaintiffs*

s/ *Valerie Hall*