**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James W. Denby, et al., ) | No.  CV-17-00119-PHX-SPL |
| ) | |
| Plaintiffs, ) | **ORDER** |
| vs. ) | |
| ) | |
| City of Casa Grande, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is Plaintiffs James Denby and Elizabeth Torres's Motion for Reconsideration of Order Dismissing Case. (Doc. 335). Defendants Engstrom, Robinson, Lapre, Gragg, and Skedel filed a Response (Doc. 337), and Plaintiffs filed a Reply. (Doc. 338). Plaintiffs ask the Court to reconsider its Order dismissing this matter as a sanction for Plaintiffs' conduct. (Doc. 335). In that Order (Doc. 329), the Court found that Plaintiffs acted in bad faith when they were less-than-candid with the Court about Plaintiff Torres's residence in a memory care facility and her ability to participate in her own case, including testifying at trial. (*See id.*). The Court imposed sanctions based on its inherent authority and determined that dismissal was the only appropriate sanction. (*Id.* at 23–25).

In the Motion for Reconsideration, "Plaintiffs' counsel request the opportunity to clear their names in open court." (Doc. 335 at 5 n.2, 14). The Court finds that oral argument would not assist in resolution of the instant issues, and the pending motion is suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v.*

*Reich*, 141 F.3d 920, 926 (9th Cir. 1998). The Court now rules as follows.

## I.    LEGAL STANDARD

Reconsideration is disfavored and "appropriate only in rare circumstances." *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Motions for reconsideration are "not the place for parties to make new arguments not raised in their original briefs," nor should such motions "be used to ask the Court to rethink what it has already thought." *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003); *see also* LRCiv 7.2(g)(1) ("The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence."). A motion for reconsideration may be brought based on "matters that the movant believes were overlooked or misapprehended by the Court." *Id.*

## II.    DISCUSSION

Plaintiffs identify seven reasons that the Court's decision should be reconsidered:
> (1) it dismisses Denby's independent claims without adequate nexus to any alleged misconduct; (2) even if sanctions were warranted, and they are not, the Court failed to consider any alternative as *required* by Ninth Circuit law; (3) it contravenes Rule 17(c)'s mandate to protect, not punish, incompetent parties; (4) it sanctions counsel for conduct that Arizona's ethical rules required; (5) it imposes the most extreme measure available on an expedited timeline with no prior warning; (6) the Thompson factors, properly analyzed, do not support dismissal of this Section 1983 civil rights action; and (7) the Court resolved material factual disputes which include disputes that Defendants themselves asked to resolve through an evidentiary hearing without permitting live testimony or cross examination.

(Doc. 335 at 2). The Court will address each of these arguments in turn.

### A. Dismissal of Plaintiff Denby's Claims as a Sanction

First, the Court will address what Plaintiffs argue is the "most fundamental error in the Court's Order"—the dismissal of Plaintiff Denby's claims. (Doc. 335 at 6). Plaintiffs argue that Plaintiff Denby had independent standing, Plaintiff Torres's testimony was not

2

necessary to prove his claims, and that the alleged misconduct only relates to Plaintiff Torres's claims. (*Id.* at 6–8). In the April 24, 2026 Order, the Court found that Plaintiff Denby and Plaintiffs' counsel knew or should have known that Plaintiff Torres was not competent to participate in the case. (Doc. 329 at 17). Specifically, Plaintiffs averred that Plaintiff Denby communicated regularly with Plaintiff Torres and "consistently reported to counsel that Torres had capacity." (*Id.*). The Court considered Plaintiff Denby's conduct in determining whether Plaintiffs acted with an improper purpose (*id.* at 19–20) and issued sanctions accordingly.

In addition, the Court already considered Plaintiffs' arguments that Plaintiff Denby's claims are independent from those of Plaintiff Torres. (*Id.* at 20). The Court has previously acknowledged that Plaintiff Denby had sufficiently alleged standing, independent of his sister, to assert Fourth Amendment claims. (Doc. 275 at 9–10). However, he still sought to add Plaintiff Torres to the litigation to streamline the issues for trial and claim damages to the real property, which he did not own at the time of the incident. (*See* Doc. 249). For those reasons, the Court found in its Order that "the deception is closely related to the merits of the case," and dismissed both Plaintiffs' claims. (*Id.* at 24). Even despite Plaintiff Denby's standing to bring claims without Plaintiff Torres, he still failed to inform the Court of Plaintiff Torres's mental capacity. The Court will not grant reconsideration on this basis.

## B. Alternative Sanctions and *Thompson* Factors Analysis

Second, Plaintiffs argue that the Court failed to consider alternative sanctions and misapplied the *Thompson* factors. The Court explicitly considered the availability of less drastic sanctions in consideration of the five factors outlined in *Thompson v. Housing Auth. of Los Angeles*, 782 F.2d 829 (9th Cir. 1986). (Doc. 329 at 25). The Court discussed the possibility of denying only Plaintiff Torres's claims and awarding fees but determined that the lesser sanction would not be adequate. (*Id.*). In addition, the Court explained the challenges of proceeding with litigation, including trial, in light of the credibility issues that arose. (*Id.* at 25–26). Thus, the Court considered meaningful alternatives to dismissal

in its Order. Plaintiffs also assert that the fourth *Thompson* factor disfavors dismissal in § 1983 actions. (Doc. 335 at 10). The Order addressed that the fourth factor weighs against dismissal, but this does not change the outcome nor provide a reason to reconsider the Order. (Doc. 329 at 24). The Court weighed all the *Thompson* factors in its Order and will not grant reconsideration on this basis.

### C. FRCP 17 and Ethical Rules

Next, Plaintiffs argue that the Order contravenes Federal Rule of Civil Procedure 17(c) and sanctions counsel for complying with ethical obligations under the Arizona Rules of Professional Conduct, specifically, Ethical Rules 1.14 and 1.6. (Doc. 335 at 10–19). Plaintiffs contend that the Court should have granted Plaintiffs' motion to appoint a representative for Plaintiff Torres instead of dismissing her claims.[1] (*Id.* at 12). This argument does not account for the fact that Plaintiffs did not raise the issue of Plaintiff Torres's competency and did not request appointment of a representative until prompted to do so by the Court, one week before trial. (Doc. 323). Indeed, the requirements of Rule 17 do not alter the Court's finding that Plaintiff Denby and Plaintiffs' counsel acted in bad faith by failing to investigate Plaintiff Torres's mental state or communicate with Plaintiff Torres.

At the same time as Plaintiffs argue that the Court should have appointed a representative, they also appear to argue that, despite being declared incompetent to testify by her treating medical provider, Plaintiff Torres could have "take[n] the stand and answer[ed] questions." (Doc. 335 at 15). Further, in Declarations attached to the instant Motion for Reconsideration, Plaintiffs' counsel Mr. Woods declares: "It was and continues to be my belief and opinion that despite the opinion of the nurse practitioner, Ms. Torres is

---

[1]    Plaintiffs also state that the "Court's finding that Ms. Torres is an 'unrepresented party' is gross error." (Doc. 335 at 5, n.2). Plaintiffs counsel appears to argue that this is untrue because she is represented by counsel. (*Id.*). The Court's April 24, 2026 Order described that after Plaintiffs conceded Plaintiff Torres lacked capacity to testify at trial, she remained a party but was "unrepresented in the action within the meaning of Rule 17(c)." (Doc. 329 at 12). Plaintiffs also assert that Plaintiff Torres is not represented under Rule 17, and the Court should have granted their Motion.

4

capable of testifying." (Doc. 335-1 at 14, ¶ 16). In addition, Mr. Mills declares: "When Ms. Torres' nurse practitioner issued a written opinion that Ms. Torres is not competent to testify, it didn't change anything other than to establish that perhaps Ms. Torres should not testify." (*Id.* at 18, ¶ 15). Mr. Mills continues to declare that it "*was and continues to be my belief and opinion that if Ms. Torres is capable of testifying, great. If not, it would not adversely affect Plaintiffs' ability to prove their claims.*"[2] (*Id.* at 19, ¶ 16). This is a new argument. Plaintiffs contradict their previous statement to the Court that Plaintiff Torres is incompetent and their own request to vacate the competency hearing. (*See* Doc. 316).[3] They also flatly contradict other arguments made in this Motion.

As to Plaintiffs' counsel's ethical duties, the Court agrees with Defendants that "[w]hether sanctions implicate counsel's compliance with ethical duties is not relevant to Rule 59(e) relief." (Doc. 337 at 16). The Court does not find that compliance Ethical Rules 1.14 or 1.6 explain the conduct at issue here. Ethical Rule 1.14 governs a lawyer's duty to a client with "diminished capacity" and states that the lawyer shall "maintain a normal client-lawyer relationship" as much as possible, "treat the client with attention and respect," and "maintain communication with the client, even if the client has a legal representative or other involved third parties." E.R. 1.14. Ethical Rule 1.6 requires confidentiality with client information. Neither of these Rules required Plaintiffs' counsel to disregard or conceal Plaintiff Torres's ability to prosecute her claims. In fact, Plaintiffs' arguments regarding their ethical duties underscore the Court's concerns that Plaintiffs' counsel never consulted with Plaintiff Torres, or even her daughters, prior to re-adding her back to the case. By all accounts, "February 2026, six months after moving to re-add

---

[2]    Counsel's nonchalance regarding a plaintiff's ability to testify in her own case is surprising.

[3]    In the Motion to Vacate Competency Hearing, Plaintiffs wrote that "in addition to the supporting medical evidence, Plaintiffs' counsel, Plaintiff Denby, Torres' daughter with the power of attorney, and most importantly, Torres' current treating medical professionals, are all in agreement. Plaintiff Torres is no longer competent to testify in this matter. Therefore, the purpose of the Competency Hearing is moot, and it should be vacated accordingly." (Doc. 316 at 2).

Plaintiff Torres to the case, is the only time that Plaintiffs assert that counsel has actually met or spoken with her." (Doc. 329 at 18).

Next, Plaintiffs argue that "the Court's finding that Ms. Torres was incompetent for years is directly contrary to law and medicine." (Doc. 335 at 19).[4] Again, this argument overlooks that Plaintiffs themselves informed the Court of their belief that Plaintiff Torres "is not competent to testify at trial." (Doc. 316 at 1). On April 15, 2026, Plaintiffs filed a Motion to Vacate Competency Hearing, stating that "based on recent medical records and a letter from Torres' treating physician, Plaintiffs concede that Ms. Torres is not competent to testify a trial. Therefore a Hearing to determine her competency is no longer needed." (*Id.*). In the instant Motion, Plaintiffs provide information about dementia's impact on competency, but these are new arguments that were not raised prior to the Court's Order. Similarly, Plaintiffs now provide the Court with records of two cognitive examinations showing only mild cognitive impairments and reflecting that Plaintiff Torres was "only three points short" of scoring within normal limits. (Doc. 335 at 4; Doc. 335-1 at 1–11). Defendants provided the Court with excerpts of Plaintiff Torres's medical records along with the Motion to Dismiss and Motion for Sanctions. (Doc. 321). In response, Plaintiffs chose not to provide the Court with any medical evidence, despite the records being in their possession. (Docs. 325, 323). Thus, the Court cannot grant reconsideration now based on information that could have been submitted earlier and was not.

### D. Due Process Concerns

Lastly, Plaintiffs argue that the expedited briefing schedule and failure to hold an evidentiary hearing violated due process, and that they were prejudiced by the case being assigned to a different Judge between October 28, 2025 (Doc. 258) and December 12, 2025 (Doc. 271). Plaintiff argues that the expedited briefing schedule on the Motion to Dismiss

---

[4] The Court reviewed the medical evidence not to make a specific finding regarding Plaintiff Torres's competency at any given time (the parties had already come to an agreement that Plaintiff Torres was not competent to testify) but to illuminate what information Plaintiffs could have or should have known about Plaintiff Torres's medical condition.

and Motion for Sanctions deprived them of due process because they were only afforded one day to respond to the Motion. (Doc. 335 at 23–24). Indeed, Defendants filed the Motion to Dismiss and Motion for Sanctions on April 21, 2026, Plaintiffs had until 5:00 P.M. on April 22, 2026 to file a Response, and Defendants had until noon on April 23, 2026 to reply. (Docs. 321, 322). The Court appreciates the time and resources that were necessary to resolve this dispute shortly before the scheduled trial, which was set to begin on April 28, 2026. However, Plaintiffs did not object to the briefing schedule or request an extension. (*See* Doc. 325). Thus, this argument is not appropriate for a Motion for Reconsideration.

Nor did Plaintiffs request an evidentiary hearing or oral argument. (*See id.*). Plaintiffs highlight three factual disputes that they assert should not have been resolved without oral argument. First, Plaintiffs argue that the Court credited Defendants' investigator's account of Ms. Suzanne Jackson's statement over Plaintiffs' assertion that counsel met with Ms. Torres in person in February 2026 to develop responses to discovery requests. (Doc. 335 at 25 (citing Doc. 329 at 18:11–15). Defendants' investigator reported that sometime around December 2025, Ms. Jackson told Plaintiffs' attorneys that Plaintiff Torres was in a memory care facility. (*Id.*). But the fact that Ms. Jackson's first contact with Plaintiffs' counsel after Plaintiff Torres was re-added into the case was in December 2025, and she informed them of Plaintiff Torres's residence, does not contradict Plaintiffs' counsel's assertion that they met in person with Plaintiff Torres in February 2026. Moreover, Plaintiffs submitted a Declaration from Ms. Jackson along with their Motion to Vacate Competency Hearing wherein she avows that she did not "talk to [Plaintiff Torres's] attorneys prior to adding her back to the lawsuit[.]" (Doc. 316-2 at 3). There was no factual dispute before the Court on this issue warranting an evidentiary hearing.

Second, Plaintiffs assert that the Court should have held a hearing to determine whether counsel should have known about Plaintiff Torres's competency issues at the time of Plaintiff Denby's July 31, 2025 visit to the memory care facility or upon requesting and receiving the treating medical provider's March 30, 2026 letter stating that Plaintiff Torres

was incompetent. (Doc. 335 at 26). This is not a factual dispute, nor can the issue before the Court be boiled down to a specific date on which Plaintiffs' counsel should have known about her incompetency. The Court's Order cited undisputed medical records showing that Plaintiff moved into a memory care facility on December 19, 2024, and continued to reside in a locked down memory care unit through 2025 and 2026. (Doc. 329 at 8–9). Plaintiffs had the opportunity at any point during their representation of Plaintiff Torres to investigate her mental status and inform the Court of concerns about her ability to prosecute her case. Instead, as is detailed in the Court's Order (Doc. 329), Plaintiffs repeatedly averred that Plaintiff Torres was able to testify, until Defendants suggested that she may lack competency. (*Id.* at 10–12).

Finally, Plaintiffs argue that there should have been an evidentiary hearing to address the authenticity of Nurse Practitioner Calucer's letter stating that Plaintiff Torres lacks capacity to participate in Court proceedings. (Doc. 335 at 26). But Plaintiffs were the ones who submitted this letter to the Court in support of their Motion to vacate the competency hearing. (Doc. 316 at 1–2; Doc. 316-1). The Court will not grant a Motion for reconsideration based on this new argument and attempt to recharacterize the evidence that Plaintiffs themselves submitted to the Court.

In the briefing on the Motion for Sanctions and Motion to Dismiss, Plaintiffs did not present the Court with contradicting facts in the record warranting an evidentiary hearing. Nor did they request such a hearing. Instead, in their Response, Plaintiffs chose not to provide the Court with additional medical records, visitation records, declarations of counsel or the plaintiffs, or other information about Plaintiff Torres's status beyond the assertion that they had no concerns about Plaintiff Torres. Even more telling, Plaintiffs did not aver that counsel consulted with Plaintiff Torres about her re-addition to this action or spoke with her at any time except for the meeting in February 2026. Because Plaintiffs' Response did not contradict the record created by Defendants, the Court did not hold an evidentiary hearing. In addition, Plaintiffs do not explain how the reassignment of this case to the Honorable Michael T. Liburdi created prejudice. (Doc. 335 at 24–25). Plaintiffs note

that Judge Liburdi reset the trial date from March 17, 2026 to April 28, 2026 and that the period of reassignment also coincided with the "the Torres competency issue" and "rapidly approaching deadlines." (*Id.* at 25). There is no apparent connection between the judicial reassignment and the issues here. (*See* Doc. 300).

### E.  Prior Findings and Attorney-Client Relationship

Finally, the Court will address two additional overarching arguments raised by Plaintiffs. The first is that the Court's prior findings in this action negate a finding of bad faith related to Plaintiff Torres's competency now. (Doc. 335 at 18–19). Plaintiff identifies several of the Court's past Orders in this matter as examples. Plaintiff cites the Court's Order granting Plaintiff Denby's Motion to Amend the Complaint and re-add Elizabeth Torres to the action. (*Id.* at 18). In that Order, the Court found there was no evidence of bad faith, the re-addition of Plaintiff Torres did not reflect a lack of diligence, and her re-addition to the action would not prejudice Defendants. (*Id.* (citing Doc. 255)). Plaintiffs assert that the Court is now dealing with the same set of facts and Plaintiffs' conduct was the same, except for the discovery of her condition. (*Id.*). That is not true. At the time Plaintiff Torres was re-added to the case, there was no information before the Court about her competency or lack thereof, either due to counsel's failure to communicate with her directly and investigate or the failure to communicate such facts to the Court. Plaintiffs also point to the Court's Order denying Defendants Motion to Dismiss, in which the Court held that Plaintiff Denby had adequately alleged Fourth Amendment standing and Plaintiff Torres's claims related back to the original Complaint. (*Id.* at 19 (citing Doc. 275)). These Orders have not been "abandoned" as Plaintiffs suggest. But it is unfortunate that after being given every opportunity to pursue their claims, Plaintiffs conduct resulted in the dismissal of this matter.

Plaintiffs also assert that "the Court's dismissal of Plaintiffs' claims is a gross overreach and interference with the attorney-client relationship. Notably the Court has not inquired whether Mr. Jellison communicated personally with each of the individual defendants before he began representing them or, for that matter, whether any of them had

9

any say in who would represent them." (Doc. 335 at 23). But counsels' communication with Plaintiff was not an issue until serious questions arose about her ability to prosecute and participate in her own case arose, and Plaintiffs conceded that she was unable to do so.

## III.    CONCLUSION

In sum, the Court will deny the request to reconsider its April 24, 2026 Order. The Court has considered each of the arguments raised by Plaintiffs, but there are no grounds to reconsider the Order issuing sanctions and dismissing this action.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Reconsideration of Order Dismissing Case (Doc. 335) is **denied**.

Dated this 15th day of July, 2026.

Honorable Steven P. Logan
United States District Judge